IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Douglas Mastriano,<br><br>Plaintiff,<br><br>v.<br><br>James Gregory, III, *et al.*,<br><br>Defendants. | Civil Case no. 5:24-cv-00567-F<br><br>FILED<br>JUL 19 2024<br>JOAN KANE, CLERK<br>U.S. DIST. COURT, WESTERN DIST. OKLA.<br>BY_____, DEPUTY |

**Motion of Prof. Eugene Volokh
to Intervene to Unseal Record Documents**

Douglas Mastriano, a Pennsylvania legislator who is running for reelection, is suing his critics for libel (among other things). Yet he is trying to keep the key documents—the alleged libels—under seal or redacted. As an interested non-party to the case, Eugene Volokh moves to intervene and to unseal both documents. Volokh has attached his motion to unseal as a separate document to this motion to intervene, as required by LCvR7.1(c).

Volokh is an emeritus law professor whose research focuses on free speech law and who has written extensively on libel law. He regularly reports on such topics for the Volokh Conspiracy, a legal blog hosted by Reason Magazine, https://reason.com/volokh/. He wants to write about this case and needs access to the full record to better understand the Plaintiff's allegations of defamation, fraud, antitrust violations, and racketeering.

Volokh therefore moves to intervene in order to move to unseal

1. the 2023 letter written by UNB history instructors concerning Plaintiff's thesis, attached as Exhibit 4 to the Complaint (ECF No. 1-4), and

2. the redacted portions of the October 17, 2022 Inside Higher Ed article written by Katherine Knott, attached as Exhibit 2 to the Complaint (ECF No. 1-2).

## Memorandum

### I. Volokh has Article III standing

The public has both a First Amendment and a common-law right to access court documents. *See Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1264 (10th Cir. 2022); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). As a member of the public, Volokh has this personal right to access. By redacting Exhibit 2 and sealing Exhibit 4, Plaintiff has therefore injured Volokh's rights. This injury is concrete and particularized: "[B]ut for the Sealing Order, Volokh would be able to gather information from the record and disseminate his opinion regarding this litigation through his blog." *Parson v. Farley*, 353 F. Supp. 3d 1141, 1148 (N.D. Okla. 2018) (citation omitted); *see also SanMedica Int'l v. Amazon.com, Inc.*, No. 2:13-CV-00169, 2015 WL 6680222, at *3 (D. Utah Nov. 2, 2015) (law professor satisfied the injury in fact requirement when seeking to unseal redacted portions of summary judgment opinion in order to write a blog post about the case); *Okla. Hosp. Ass'n v. Okla.*

*Publ'g Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984) (publishing company sufficiently alleged injury in fact when moving to vacate protective order in order to publish sealed discovery documents).

And "if this Court lifts the Sealing Order and unseals the requested judicial records, Volokh's injury will be redressed." *Parson,* 353 F. Supp. 3d at 1148 (citation omitted). Unsealing the allegedly defamatory UNB letter (Exhibit 4) would allow Volokh to use its contents to inform the public about a lawsuit brought by an elected official against his critics.

To be sure, when it comes to the article in Exhibit 2, Volokh may be able to find an unredacted version online. But there is no guarantee that this version would be identical to the one referred to in this case, since web pages are sometimes changed after they are first published. Moreover, if Exhibit 2 is ordered to be filed without redactions, then Volokh would be able to freely quote it in his posts about the case: Under the fair report privilege, libel claims may not be brought against any "fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof," Okla. Stat. tit. 12 § 1443.1 (2023), so Volokh benefits from being able to quote material from the court record rather than just from the internet.

The redressability analysis might be different when it comes to attempting to vacate protective orders covering materials produced by litigants during discovery, as in *Okla. Hosp. Ass'n*: In that case, the court held a publishing

company could not satisfy the redressability requirement when seeking to lift such an order, because even if the court had lifted the protective order, the court could not compel the litigants to disseminate these out-of-court materials to the third-party publishing company. *Id.* at 1425. But as the *Parson* court recognized, unsealing exhibits already filed with the court—unlike merely lifting a discovery protective order imposed on the parties—would itself allow third parties access and therefore satisfy the redressability requirement. *Parson*, 353 F. Supp. 3d at 1148 (distinguishing *Okla. Hosp. Ass'n* on these grounds). Here, Plaintiff filed Exhibits 2 and 4 with this Court as part of his complaint. Unsealing Exhibit 4 and an unredacted version of Exhibit 2 would likewise open them to the public and to Volokh.

## II. Volokh is entitled to intervene under Fed. R. Civ. P. 24(b)

"Federal Rule of Civil Procedure 24(b), which governs permissive intervention, is the proper procedural mechanism for a non-party to seek access to judicial documents." *Id.* at 1149 (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)). Parties who file for intervention must "file a timely motion" and must "'ha[ve] a claim or defense that shares with the main action a common question of law or fact.'" *Id.* (quoting Fed. R. Civ. P. 24(b)(1)(B)).

Volokh meets the timeliness requirement. He has filed this motion to intervene before Defendants have responded to Plaintiff's complaint and within

three weeks of Plaintiff's motion to seal. Volokh has filed here even earlier than he filed in *Parson*, where he moved to intervene shortly after the defendant filed a motion for summary judgment. *Parson*, 353 F. Supp. 3d at 1146. Indeed, "courts have granted motions to intervene to unseal documents even after the case is concluded." *Id.* at 1150 (citation omitted); *see also United States v. Pickard,* 733 F.3d 1297, 1300 (10th Cir. 2013) (courts have the "authority to loosen or eliminate any restrictions on the sealed documents . . . even if the case in which the documents were sealed has ended") (citation omitted). It thus follows that a motion to intervene is certainly timely at this early stage of the case.

Volokh's motion to intervene also meets the requirement for a common question of law or fact. "When a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *United Nuclear Corp.*, 905 F.2d at 1427 (citation omitted). This principle also applies to non-party motions to intervene to unseal court documents. *Parson*, 353 F. Supp. 3d at 1149 n.4 ("[I]n the context of third-party claims of access to information generated through judicial proceedings, courts take a flexible approach to the 'common question of law or fact' requirement," citing the passage quoted above from *United Nuclear* in allowing intervention to unseal the allegedly libelous material in a libel case). This "flexible approach to the 'common question of fact or law' prong extends to non-parties seeking to modify protective orders

for purposes of gaining public access to protected or sealed materials." *Reagan v. Okmulgee Cnty. Crim. Just. Auth.*, No. CIV-20-243-RAW, 2023 WL 8025014, at *2 (E.D. Okla. Nov. 20, 2023) (quoting *Young v. Glanz*, No. 13-CV-00315-JED-JFJ, 2018 WL 1588026, at *6 (N.D. Okla. Mar. 31, 2018)). Therefore, Volokh's "interest in the redacted information to educate the public . . ., founded in the public's common law right of access to judicial records, satisfies this legal predicate for intervention," *SanMedica Int'l*, 2015 WL 6680222, at *3 (allowing a different law professor to intervene to unseal records).

Volokh's limited intervention also "will not delay the proceedings or prevent the parties from adjudicating the case on the merits." *Parson*, 353 F. Supp. 3d at 1150. Volokh seeks only to unseal court filings, so "his role in the case will essentially be completed upon entry of this Court's Order and resolution of any objections thereto." *Id.* To the extent that Plaintiff here "argues he will be 'prejudiced' because the contents of the [documents] are libelous and embarrassing, those arguments are properly addressed as part of the 'merits' issue of whether to grant Volokh's motion to unseal." *Id.*

Nor are Volokh's interests adequately represented by Defendants in this case. Volokh "wants to review, understand, and comment on these legal proceedings both due to his interest in First Amendment jurisprudence and to assist the public in checking the integrity of the judicial branch." *Id.* at 1155. This interest in "obtaining public access to judicial documents" differs from

Defendants' interests in their "First Amendment right[s] to publicly criticize a candidate for public office." *Id.* at 1150. As in *Parson*, Defendants here have not "challenged the Sealing Order or otherwise sought to vindicate the principle of public access to judicial records"; and even if they "do[] not oppose Volokh's Motion to Intervene and Unseal," they "lack[] the same incentive to invest time and resources in the 'public access' issue, given that [they] already ha[ve] access to the . . . judicial records." *Id.*

Defendants here additionally have not yet answered Plaintiffs' Complaint or motion to seal, and some of them may decline to do so entirely. They may, for instance, seek to dismiss the case for lack of jurisdiction, and view arguments about unsealing as a distraction. "The most common situation in which courts find representation *adequate* arises when the objective of the applicant for intervention is identical to that of one of the parties," *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986) (alteration in original), and there is no such identity here.

## Conclusion

Volokh has both a First Amendment and common-law right to access court documents. Here, Plaintiff's sealing of Exhibit 4 and redaction of Exhibit 2 have injured this right. Volokh's injury would be easily redressed if the court decided to reverse its decision to grant Plaintiff's motion to seal Exhibit 4 and

decide to order Plaintiff to file an unredacted version of Exhibit 2. Volokh therefore meets the elements of Article III standing.

Volokh also meets Federal Rule of Civil Procedure 24(b)'s requirements to intervene as a non-party. He timely seeks a limited intervention that will not delay the court's proceedings nor prevent the parties from adjudicating the case on the merits. He moves to intervene to protect his personal interest in obtaining access to the judicial record, and Defendants do not share the same interest. Volokh therefore asks the court to grant his motion.

                                                 Respectfully submitted,

                                                 *s/ Eugene Volokh*
                                                 Eugene Volokh
                                                 Pro se
                                                 First Amendment Clinic
                                                 Hoover Institution
                                                 434 Galvez Mall
                                                 Stanford, CA, 94305
                                                 volokh@stanford.edu
                                                 (650) 725-9845

                                                 July 18, 2024

## Certificate of Service

I certify under that a copy of the foregoing (with the attached proposed order) was sent by U.S. Mail today, July 18, 2024, to counsel for Plaintiff at the address:

Daniel L. Cox
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727

and sent by U.S. Mail today to Defendants at the addresses listed in Plaintiff's Summonses (ECF No. 3):

Angela Tozer
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Bonnie Huskins
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Jeff Brown
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Carolyn MacDonald
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Cindy Brown
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Stephen Dutcher
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Elizabeth Mancke
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

James Gregory, III
1509 Vandivort Place
Edmond, OK 73034

Stefanie Hunt-Kennedy
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Jane Doe
1200 Montreal Road, Building M-58
Ottawa, Ontario K1A 0R6

Jane Doe
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Janet Mullin
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

John Doe
1200 Montreal Road, Building M-58
Ottawa, Ontario K1A 0R6

John Doe
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

John Ferris
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Sean Kennedy
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Roland Kuhn
1200 Montreal Road
Ottawa, Ontario K1A 0R6

Lisa Todd
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

David MaGee
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Margaret MacMillan
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Paul Mazerolle
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Erin Morton
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

National Research Council of Canada
1200 Montreal Road, Building M-58
Ottawa, Ontario K1A 0R6

Drew Rendall
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Robert Bothwell
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Sarah-Jane Corke
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Sasha Mullaly
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Matthew Sears
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

University of New Brunswick, Canada
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Lee Windsor
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

s/ *Eugene Volokh*