IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Douglas Mastriano, | Civil Case no. 5:24-cv-00567-F |
| Plaintiff, | FILED |
| v. | JUL 19 2024 |
| James Gregory, III, *et al.*, | JOAN KANE, CLERK<br>U.S. DIST. COURT, WESTERN DIST. OKLA.<br>BY _____, DEPUTY |
| Defendants. | |

**Motion of Prof. Eugene Volokh to Unseal Record Documents**

The defamation portion of this case is "a garden-variety libel case involving a few allegedly false statements about an individual running for office that are embarrassing and potentially injurious to his reputation and business dealings." *Parson v. Farley*, 352 F. Supp. 3d 1141, 1154 (N.D. Okla. 2018). The standard for such libel cases—as for other cases—is to allow the public to access litigants' filings. *Id.* The public has a common-law and constitutional right to review court documents. *See Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1264 (10th Cir. 2022); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Yet the central documents in this case—the allegedly libelous UNB letter and a press article that allegedly echoes the libels—are sealed. And this is so even though public access to both documents is more crucial than usual, given that this case involves allegations that touch on the

1

integrity and competency of an elected public official who continues to run for office.

This case is therefore closely analogous to *Parson*. As in this case, the plaintiff in *Parson* was a candidate for public office who sued a defendant for defamation based on the defendant's letter criticizing the plaintiff. *Parson*, 352 F. Supp. 3d at 1146. As in this case, the plaintiff in *Parson* filed that letter under seal and attached it to his complaint. *Id*. As in this case, the sealed letter in *Parson* played a central role in understanding the plaintiff's defamation claims. *Id.* at 1153. And, as in this case, proposed intervenor Eugene Volokh filed a motion to unseal in *Parson* to protect his interests both as a free speech scholar and as a member of the public. *Id.* at 1147.

Therefore, Volokh moves to unseal

1. the 2023 letter written by UNB history instructors concerning Plaintiff's thesis, attached as Exhibit 4 to the Complaint (ECF No. 1-4), and

2. the redacted portions of the October 17, 2022 Inside Higher Ed article written by Katherine Knott, attached as Exhibit 2 to the Complaint (ECF No. 1-2).

## Memorandum

### I. The public has a strong presumptive right of access to the sealed letter and the redacted article

Under both the First Amendment and common law, Volokh and the public have a right to access civil judicial records. "Access to the judicial system . . . allows the public to 'participate in and serve as a check upon the judicial process—an essential component in our structure of self-government.'" *Courthouse News Serv.*, 53 F.4th at 1265 (citation omitted). Courts have therefore held that members of the public—and especially those who wish to report on cases, such as Volokh—possess this right even when they are not parties to the case. "The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978).

The First Amendment provides one basis for this right of access. "[T]he press and public enjoy a First Amendment right of access to newly filed civil complaints." *Courthouse News Serv.*, 53 F.4th at 1264 (citation omitted). "Because [complaints] allow the public to understand the parties involved in a case, the facts alleged, the issues for trial, and the relief sought, providing public access to complaints . . . is crucial to 'not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary.'" *Id.*

at 1265 (citation omitted). This reasoning squarely applies to the allegedly defamatory UNB letter and article in this case. Plaintiff has attached both as exhibits to his civil complaint. Both exhibits also serve as primary bases for his claims in his complaint. Without access to either, the public cannot fully understand the merits of Plaintiff's claims and this Court's eventual decision.

In addition, "[c]ourts have long recognized a common-law right of access to judicial records." *Mann*, 477 F.3d at 1149 (citing *Nixon*, 435 U.S. at 597). The allegedly defamatory UNB letter and article here qualify as judicial documents to which a common-law right of access attaches. "The 'modern trend' among circuit courts is to classify pleadings in civil litigation as judicial records." *Parson*, 353 F. Supp. 3d. at 1152. Just like the sealed letter in *Parson*, the allegedly defamatory UNB letter and article in this case "are relevant to adjudicating the parties' rights; are relevant to the performance of judicial functions; and will assist Volokh and the public in understanding the reasons for the Court's substantive decisions. Therefore, the requested documents are judicial documents to which a presumption of public access attaches." *Id.* at 1153.

This presumption of open access is particularly strong given the central role that both the letter and the article play in understanding this case. "Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted). "Disclosure is particularly compelling when

the documents at issue are central to the litigation." *Jacobs v. J. Publ'g Co.*, No. 1:21-cv-00690-MV-SCY, 2022 WL 540955, at *1 (D.N.M. Feb. 23, 2022) (citation omitted). Thus, for instance, the Tenth Circuit has *sua sponte* unsealed settlement agreements that contained explicit confidentiality provisions "in light of the centrality of these documents to the adjudication of this case." *Burke*, 698 F.3d at 1242.

Courts have also applied this standard to defamation cases: "Here, the sealed Letter and the sealed dispositive briefs and their attached exhibits, are central to adjudication of the [defamation] controversy . . . . Therefore, . . . the Court finds the sealed materials are the type of 'judicial documents' entitled to a strong presumption of public access." *Parson*, 352 F. Supp. 3d at 1153-54 (citation omitted). "The public maintains a strong interest in access to the content of the alleged defamatory statements. If the information currently redacted remains so, the public will have no means to understand the dispute [the plaintiff] has asked the Court to adjudicate." *Manhattan Telecomm. Corp. v. Granite Telecomm. LLC*, No. 2020-0469-JRS, 2020 WL 6799122, at *5 (Del. Ct. Ch. Nov. 20, 2020). When a document "is at the center of the controversy and forms the basis of [the] legal claims[], the public cannot understand th[e] litigation without access to" the document. *Parson*, 352 F. Supp. 3d at 1153 (citation omitted). "By asking to maintain the [document] under seal

throughout the lawsuit, [Plaintiff] is essentially asking the Court to shield the entire litigation from the public." *Id.* at 1153.

And both documents here are indeed central to Plaintiff's case, as Plaintiff's own complaint shows. The UNB letter is of course the very document that forms the basis for the defamation claim, Compl. ¶ 125, ECF No. 1, and it also forms part of the allegations for the other claims, *id.* ¶¶ 34, 46, 56, 67, 78, 94, 100, 109, 117, 123. Similarly, Plaintiff brings claims against Defendant Gregory for his "repeated fraudulent statements . . . against Col. Mastriano's books and thesis" reported in Exhibit 2. *Id.* ¶¶ 33, 46, 56, 67, 78, 94, 100, 109, 117, 123.

Given the centrality of the letter and the article to the case, "it is difficult to envision a judicial opinion in this matter that could maintain the confidentiality of all the designated material and yet be comprehensible to the reading public." *Manhattan Telecomm. Corp.*, 2020 WL 6799122, at *5 (citation omitted). As this Court must eventually discuss both documents in its opinion, it benefits both this Court and the public to unseal them now, especially since Plaintiff is "in a forum where Plaintiff has . . . the opportunity to respond to the [defamatory] statements." *Holmes v. Grambling*, No. 1:13-CV-04270-HLM, 2014 WL 12905012 at *3 (N.D. Ga, Oct. 17, 2014). And even if this case never reaches the stage of a judicial opinion discussing the merits, the public is entitled to immediate access to the documents. *E.g., United Nuclear Corp. v.*

*Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing intervenors to access previously sealed documents produced during discovery in a case that ultimately settled); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 136 (2nd 2016) (*sua sponte* refusing to seal complaint in a case that was settled shortly after it was filed).

## II. Plaintiff's claimed injuries to his reputation fail to overcome the strong presumption of public access

"Courts have held that injury to one's reputation and potential embarrassment generally do not outweigh the strong presumption of public access attaching to judicial documents." *Parson*, 353 F. Supp. 3d. at 1152 (citing *Mann*, 477 F.3d at 1149). Likewise, potential future harm to Plaintiff's "economic interest, teaching professor status and payment, and value of his books and his speaking fees," Compl. ¶ 84, is also insufficient to justify the requested sealing and redaction.

A party "must show more than mere 'potential for collateral economic consequences'" to overcome the strong presumption of public access. *Manhattan Telecomm. Corp.*, 2020 WL 6799122, at *3 (citation omitted). Holding otherwise would block public access to routine libel cases: "The logical conclusion of Plaintiff's argument [for sealing] is that whenever someone sues for defamation because of potentially embarrassing comments, the plaintiff should be allowed to sue anonymously and with the case under seal." *Holmes*, 2014 WL

12905012 at *2. "[A]ll libel cases would [then] be litigated with the key underlying allegations kept secret." *Parson*, 352 F. Supp. 3d at 1154.

This is an application of the general principle that a party who seeks to seal access to court records must articulate a significant interest that "warrant[s] the drastic remedy of preventing the public from understanding the nature of his lawsuit." *Id.* at 1154-55. The "interests of the public . . . are presumptively paramount" in weighing against the interests of Plaintiff. *Helm v. Kansas*, 656 F.3d 1227, 1292 (10th Cir. 2011) (citation omitted). Therefore, "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann*, 477 F.3d at 1149 (citation omitted).

"[A] generalized allusion to confidential information is woefully inadequate" for parties to overcome the public's strong presumption of access. *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colorado*, 754 F.3d 824, 827 (10th Cir. 2014). Plaintiff has offered only the most general of claims to justify his sealing motion, writing a single sentence: "The letter contains highly defamatory statements and assertions." Mot. to Seal, ECF No. 2. Plaintiff does not cite case law supporting sealing in such cases.

Plaintiff also has not filed a motion to allow the filing of Exhibit 2 with redactions, and therefore has offered no justification for such redactions. Assuming, however, that Plaintiff wishes to similarly argue to that Exhibit 2

8

contained defamatory statements, such a general reference is not also enough. Like in *Parson*, neither the allegedly defamatory UNB letter nor the article in this case appear to include Plaintiff's "private information, such as bank account records, social security numbers, or family members' names. Nor do[] [they] reference or name any third parties or their sensitive information." *Parson,* 352 F. Supp. 3d at 1154.

Plaintiff's interest in protecting his reputation and privacy is especially weak compared to the public's interest because Plaintiff is a current government official. The public therefore has a significant interest in understanding Plaintiff's claims that Defendants used defamatory statements as part of a conspiracy to "commit[] extortion and election interference, so that [Plaintiff] might drop out of the election or lose." Compl. ¶ 63. The public also has an interest in understanding the basis for an elected official's attempt to restrict the speech of his critics—as well as in evaluating whether the critics' allegations may be accurate. As *Parson* concludes, "the Court finds [plaintiff's] privacy interests in the Letter particularly uncompelling, because [plaintiff] was running for public office when the Letter was written and the Letter expressly references his candidacy." *Parson,* 352 F. Supp. 3d at 1155.

The fact that this Court has initially granted Plaintiff's motion to seal Exhibit 4 does not allow Plaintiff to continue to keep both Exhibits 2 and 4 under seal. "[T]he party seeking to keep records sealed bears the burden of justifying

that secrecy, even where, as here, the . . . court already previously determined that those documents should be sealed." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). And, even if Plaintiff overcomes his heavy burden, "any denial of public access to the record must be '*narrowly tailored* to serve th[e] interest' being protected by sealing or restricting access to the record." *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (quoting *Press-Enter. Co. v. Superior Ct. of California*, 478 U.S. 1, 13-14 (1986)) (alteration in original). Plaintiff has redacted broad swaths of the Inside Higher Ed article and has sealed the entire UNB letter. This is not narrow tailoring.

## Conclusion

The public possesses a right to access Exhibits 2 and 4. These exhibits do not contain Plaintiff's sensitive personal information. Sealing such documents that are central to the case just to protect Plaintiff from embarrassment would set a precedent that all garden-variety libel cases should be conducted under the veil of secrecy.

Plaintiff is also an elected official. The allegations over which he is suing implicate his integrity and competence. The public, even more than with a traditional libel case, possesses a weighty interest in supervising the judicial process in this case. Volokh therefore asks the court to lift the seal on Exhibit 4 and to order that Exhibit 2 be filed in unredacted form.

Respectfully submitted,

s/ *Eugene Volokh*
Eugene Volokh
Pro se
First Amendment Clinic
Hoover Institution
434 Galvez Mall
Stanford, CA, 94305
volokh@stanford.edu
(650) 725-9845

July 18, 2024

## Certificate of Service

I certify under that a copy of the foregoing (with the attached proposed order) was sent by U.S. Mail today, July 18, 2024, to counsel for Plaintiff at the address:

Daniel L. Cox
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727

and sent by U.S. Mail today to Defendants at the addresses listed in Plaintiff's Summonses (ECF No. 3):

Angela Tozer
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Bonnie Huskins
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Jeff Brown
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Carolyn MacDonald
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Cindy Brown
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Stephen Dutcher
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Elizabeth Mancke
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

James Gregory, III
1509 Vandivort Place
Edmond, OK 73034

Stefanie Hunt-Kennedy
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Jane Doe
1200 Montreal Road, Building M-58
Ottawa, Ontario K1A 0R6

Jane Doe
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Janet Mullin
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

John Doe
1200 Montreal Road, Building M-58
Ottawa, Ontario K1A 0R6

John Doe
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

John Ferris
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Sean Kennedy
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Roland Kuhn
1200 Montreal Road
Ottawa, Ontario K1A 0R6

Lisa Todd
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

David MaGee
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Margaret MacMillan
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Paul Mazerolle
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Erin Morton
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

National Research Council of Canada
1200 Montreal Road, Building M-58
Ottawa, Ontario K1A 0R6

Drew Rendall
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Robert Bothwell
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Sarah-Jane Corke
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Sasha Mullaly
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Matthew Sears
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

University of New Brunswick, Canada
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

Lee Windsor
Sir Howard Douglas Hall
P.O. Box 4400
Fredericton, New Brunswick
Canada E3B 5A3

s/ *Eugene Volokh*