**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-F |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| James Gregory, III, *et al* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO VOLOKH'S
MOTIONS TO INTERVENE AND UNSEAL**

The Plaintiff, Colonel Mastriano, by and through his undersigned attorneys, hereby responds in Opposition to Eugene Volokh's ("Volokh") motions to intervene and to Unseal Exhibits 2 and 4 of the Complaint, including herewith his accompanying Memorandum of Law, saying in support as follows:

1.  Eugene Volokh has no Article III standing to intervene.  Volokh is not a proper party, is not seeking intervention for mere "limited" purposes "that will not delay…nor prevent the parties from adjudicating on the merits," and he has no standing to intervene here.  Anything of substance he may wish to write about is available to the public and his interest to obtain liability protection as his real motive via this Court's order is improper.

2.  Volokh is not entitled to permissibly intervene under Fed. R. Civ. P. 24(b). He has no statutory, common law, or First Amendment right to intervene.

Nor has he demonstrated his perceived self-interest on behalf of his University and blog – who are not parties – overcomes Col. Mastriano's interest.  Nor has he demonstrated any common law or fact at issue via a companion case mandating his intervention.  He simply has nothing at stake in this matter. There is no common question of law or fact that Volokh seeks in this RICO, SHERMAN ACT and Election Interference case that includes a foreign nation and foreign defendants.  Releasing Exhibits 2 and 4 for Volokh to disseminate under this Court's liability protection by Oklahoma statute will cause irreparable damage the exact nature of which the Colonel is seeking to adjudicate as being what it is: RICO and Sherman Act violations, and malicious, false, and grossly unlawful.

3. According to public records published online at transparentcalifornia.com[1] for the year 2019, Eugene Volokh is paid by the state of California a total pay and benefits package of **nearly half-million annually ($484,655.00)**. Eugene Volokh seeks to intervene *pro se* but does so belied by the fact that he is representing to this Court he is seeking standing for his work with his employer, the California government-funded University paying him a half-

---

[1] Eugene Volokh, Professor, 2019 salary and benefits. "Transparent California: California's largest public pay and pension database."  https://transparentcalifornia.com/salaries/2019/university-of-california/eugene-volokh/
(accessed August 6, 2024 at 4:04 p.m. EST).

million dollars annually, and a private company entitled Reason Magazine paying him an undisclosed amount of money.  He is not representing that he is moving to intervene on behalf of those entities, however.  Such litigation practice is improper.  Neither entity has standing in this matter and Volokh himself has demonstrated no basis in law or fact of any standing he seeks for intervention.

4. Volokh's Motion to Seal Must Also Be Denied.  There is no constitutional and common-law "right" to access court documents, especially not for Volokh's desired liability protection in order to "disseminate" the same free of fear of a libel suit.

5. Colonel Mastriano Has Met His Burden to Seal Exhibits 2 and 4 of his Verified Complaint. Volokh speciously seeks to "unseal" the "redacted portions" of Plaintiff's Exhibit 2, which he acknowledges and identifies as a publicly distributed "Inside Higher Ed article written by Katherine Knott" dated October 17, 2022.  The file is in the public circulation and as such is not unavailable.  Similarly, Exhibit 4 is published on social media by UNB and widely distributed.  However, granting liability protection to Volokh for "dissemination" of the same is not a proper purpose to unseal.

WHEREFORE the Plaintiff requests that the Court DENY Volokh specious requests for intervention and to unseal the Complaint Exhibits 2 and 4.

Respectfully submitted,

By: _____//s//_____

Daniel L. Cox, OKWD Fed. Bar no. 24-90

Attorney for Plaintiff

The Cox Law Center, LLC

P.O. Box 545

Emmitsburg, MD 21727

Ph: 410-254-7000

Fx: 410-254-7220

E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on all counsel of record via CM/ECF and upon Eugene Volokh via his e-mail he provided: volokh@stanford.edu .

_____/s/_____

Daniel L. Cox