IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-24-567-F |
| | ) |
| JAMES GREGORY, III, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

    Eugene Volokh (Volokh), an emeritus law professor, who writes a legal blog hosted by Reason Magazine, has moved to intervene in this case and to unseal two exhibits of the recently filed complaint. Doc. nos. 6 and 7. Plaintiff Douglas Mastriano (Mastriano) has objected to the motion, and Volokh has replied. Doc. nos. 21 and 30. Defendant James Gregory (Gregory) has joined in Volokh's motion to unseal. Doc. no. 32. Upon review, the court finds Volokh's motions should be granted.

I.

    According to the complaint, Mastriano is a retired U.S. Army colonel, a recipient in 2013 of a Ph.D. in military history from the University of New Brunswick, Canada (UNB), a former Army War College professor, a published author of books on Sergeant Alvin York and the World War I conflict in France, and a public speaker on military history. He alleges that he is also a current State Senator for the Commonwealth of Pennsylvania's 33rd District. Doc. no. 1, at 5, ¶ 9. He was the 2022 Republican nominee for Pennsylvania governor and, by his account, at

least, was considered the frontrunner for the 2024 United States Senate seat for Pennsylvania. *Id.*

In his complaint, Mastriano alleges, among other things, claims of civil racketeering, anti-trust violations, fraud, and defamation against the University of New Brunswick (UNB), UNB's president, vice-president, dean of graduate studies, and several history professors, faculty or instructors, the National Research Council of Canada and its research officer, members of an investigatory commission tasked with looking into Mastriano's Ph.D. work, and a graduate student and Ph.D. candidate at the University of Oklahoma.  Mastriano specifically alleges that the graduate student, James Gregory III, made fraudulent statements to the press about Mastriano's books and Ph.D. thesis and filed fraudulent complaints with UNB seeking to debunk his Ph.D. thesis, to cancel his books and to cancel his historical authority in the field of World War I history.  Mastriano also specifically alleges that the UNB professors, faculty or instructors signed and publicly issued a letter defaming Mastriano, depriving him of his intangible property interest in his Ph.D., books and speaking engagements and interfering with his elected position and candidacies.

Exhibit no. 2 to Mastriano's complaint is a redacted Insider Higher Ed article written by Katherine Knott in 2022.  It concerns criticism of Mastriano, who was then running for Pennsylvania governor.  The exhibit is referenced with respect to the allegations of fraudulent statements made by Gregory to the press. Doc. no. 1, ¶ 33.  Exhibit no. 4 to the complaint is the letter signed and publicly issued by UNB professors, faculty or instructors which Mastriano claims defamed him.  It is specifically referenced in paragraphs 17, 24, 34, and 125 of the complaint.  Upon request of Mastriano, exhibit no. 4 was filed under seal.

Volokh seeks to intervene pursuant to Rule 24(b), Fed. R. Civ. P., for the purpose of unsealing exhibit nos. 2 and 4.  According to Volokh, he "wants to write

about this case and needs access to the full record to better understand the Plaintiff's allegations of defamation, fraud, antitrust violations, and racketeering." Doc. no. 6, ECF p. 1.  Mastriano challenges Volokh's standing to intervene and his ability to satisfy the requirements for permissive intervention under Rule 24(b), Fed. R. Civ. P.  He also maintains that Volokh's motion to unseal should be denied because there is no presumption of a right of access to the exhibits and Mastriano has articulated a real and substantial interest that justifies sealing the exhibits.

II.

Initially, the court finds Volokh has Article III standing to intervene in this case.  See, City of Colorado Springs v. Climax Molybdenum Co., 587 F.3d 1071, 1078 (10th Cir. 2009) ("Any party, whether original or intervening, that seeks relief from a federal court must have standing to pursue its claims.") (quotation marks and citations omitted).  To establish Article III standing, Volokh bears the burden of showing that (1) "[he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to the challenged action of [Mastriano];" and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 1079 (quotation marks and citation omitted).  Volokh has plainly satisfied all three prerequisites.

The court finds the Volokh has suffered an injury in fact.  Using increasingly unequivocal language, the Tenth Circuit has recognized a common-law right of access to court documents.  See, Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).[1]  The injury is concrete and particularized and actual and imminent because

---

[1] The court concludes that the exhibits attached to Mastriano's complaint qualify as court documents.  Under Rule 10(c), Fed. R. Civ. P., "an exhibit to a pleading is a part of the pleading for all purposes."  The complaint is a pleading which is allowed by the Federal Rules of Civil

3

if it were not for the exhibits being redacted or under seal in this case, Volokh would be free to write and publish about the exhibits in his blog. *See*, Oklahoma Hosp. Ass'n v. Oklahoma Pub. Co., 748 F.2d 1421, 1425-26 (10th Cir. 1984) (finding injury in fact where parties would be free to gather and publish documents if it were not for entry of protective orders protecting the documents).

Mastriano suggests that Volokh does not have an injury in fact because he is seeking to advance the economic interests of his employer, Stanford University, and his blog host, Reason Magazine. He states that Volokh has not attested under oath that he is seeking to intervene "*pro se.*" In reply, Volokh has submitted a declaration that he has filed his intervention motion on his own behalf and not on behalf of Stanford University or Reason Magazine. He has also filed the motion on his own initiative and not with direction from any organization. The court is satisfied that Volokh has brought this motion on his own behalf.

Mastriano also suggests that Volokh does not have an injury in fact because he has not shown any "right" inhibited. He points out that Volokh has admitted in his motion that the unredacted article of exhibit no. 2 is in the public domain and that he may be able to find it online. He also points out that the complaint indicates that UNB published the letter, exhibit no. 4, online. Additionally, Mastriano asserts that Volokh seeks access to the judicial records to admittedly protect himself from a libel claim based upon Oklahoma's fair report privilege, 12 O.S. § 1443.1. Mastriano contends that Volokh should not be permitted to misuse Oklahoma law to avoid a defamation case.

The court rejects Mastriano's arguments. Although Volokh may be able to find the article and letter on the internet, there is no guarantee, as explained by

---

Procedure. *See*, Rule 7(a), Fed. R. Civ. P. *See*, Colony Ins. Co. v. Burke, 698 F.3d 1222, 1242 (10th Cir. 2012) ("Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.") (alteration omitted).

Volokh, that the article and letter which he may find on the internet is the same article and letter which Mastriano relies upon to support his claims. The court agrees that Volokh, in writing about this case, should be permitted to know precisely what statements form the basis for Mastriano's claims. In the court's view, Volokh has shown that the common-law right to access to court records is impaired because of the redacted article and the sealed letter. Further, assuming without deciding that Volokh would be protected by Oklahoma's fair report privilege if he were to disseminate what is contained in exhibit nos. 2 and 4 in his blog, the court is not convinced that that fact precludes a finding that Volokh does not have an injury in fact. Mastriano has not cited any authority to support that position.

Next, the court finds Volokh's injury in fact is fairly traceable to Mastriano because he redacted exhibit no. 2 and requested and obtained an order sealing exhibit no. 4.

Lastly, the court finds Volokh's injury in fact is likely to be redressed by a favorable decision because if the court requires an unredacted copy of exhibit no. 2 and unseals exhibit no. 4, Volokh will have access to the documents for publication in his blog.

III.

Next, upon review (and mindful that permissive intervention is a matter within the sound discretion of the court, *see*, United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990)), the court concludes that Volokh should be permitted to intervene in this case. Permissive intervention requires a "timely motion" and either "a conditional right to intervene by a federal statute" or "a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1), Fed. R. Civ. P. In addition, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3), Fed. R. Civ. P.

5

Mastriano does not question the timeliness of Volokh's motion. The court finds that it is timely since the complaint and the order granting Mastriano's motion to seal exhibit no. 4 were only recently filed.

Volokh seeks permissive intervention based upon "a claim or defense that shares with the main action a common question of law or fact." The Tenth Circuit has explained that "[w]hen a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." United Nuclear, 905 F.2d at 1427. Courts in this district have applied the same principle to non-party motions to intervene to unseal court documents. *See*, Parson v. Farley, 352 F. Supp. 3d 1141, 1149 n. 4 (N.D. Okla. 2018). The court concludes Volokh has sufficiently shown a common question of law or fact in relation to the underlying action. *See*, SanMedica Intern. v. Amazon.com Inc., No. 2:13-cv-00169, 2015 WL 6680222, at *3 (D. Utah Nov. 2, 2015) (professor's "interest in the redacted information to educate the public regarding interest confusion law, founded in the public's common law right of access to judicial records" satisfies the commonality requirement for permissive intervention); *see also*, Flynt v. Lombardi, 782 F.3d 963, 967 (8th Cir. 2015) ("[I]t is the public's interest in the confidentiality of the judicial records that . . . '[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener].'") (quoting Jessup v. Luther, 227 F.3d 939, 999 (7th Cir. 2000)) (first alteration added).

The court also finds that Volokh's intervention will not unduly delay or prejudice the adjudication of the original parties' rights. This case is in its infancy. And while Mastriano has had to respond to Volokh's motion while also preparing a response to a motion to dismiss by UNB and its administrators and staff members, the court cannot conclude that Mastriano's adjudication rights have any in way been prejudiced. Mastriano has sought and received an extension of time to respond to

the dismissal motion. Doc. nos. 34 and 35. Moreover, the court concludes that Mastriano's increased litigation costs in opposing Volokh's motion do not warrant the denial of Volokh's intervention to unseal exhibit nos. 2 and 4. The court is not convinced that the fees incurred in responding to Volokh's motion will result in Mastriano being prevented from prosecuting his case.

IV.

Although the common-law right to access to court documents is not absolute, *see*, Mann, 477 F.3d at 1149, there is a "strong presumption in favor of public access." *Id*. "This strong presumption of openness can 'be overcome where countervailing interests heavily outweigh the public interests in access' to the judicial record.'" United States v. Bacon, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting Colony Ins., 698 F.3d at 1241). "'The party seeking to overcome the presumption' of public access to the documents 'bears the burden of showing some significant interest that outweighs the presumption.'" Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting Mann, 477 F.3d at 1149). The party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id*.

Although Mastriano has argued that the exhibits contain "highly defamatory statements" and that he has identified in his complaint and motion to seal "massive loss of past, present and future income, including a lucrative movie opportunity worth at least $10 million, and his property interests in the sales of his books, his speaking tours and his career and academic degree," *see*, doc. no. 21-1, ECF p. 14, the court concludes that Mastriano has not satisfied his heavy burden to show a significant or substantial interest that outweighs the strong presumption in favor of public access. First, as the allegations in the complaint reveal, the exhibits are central to the adjudication of some of Mastriano's claims, which Volokh has interest in disseminating to the public in his blog. Indeed, it would be difficult to imagine any

way this action could be adjudicated on its legal and factual merits–which is precisely what Mastriano asks the court to do–without a thorough airing of most, if not all, of the matters Mastriano seeks to keep from the public record. And Mastriano has not demonstrated that the statements at issue involve information that is highly sensitive and personal in nature to him. "[T]he mere presence of allegedly libelous statements is not enough, on its own, to justify keeping matters secret from the public." Jacobs v. Journal Publishing Co., Case No. 1:21-cv-00690-MV-SCY, 2022 WL 540955, at * 2 (D.N.M. Feb. 23, 2022) (citing Parson, 352 F. Supp. 3d at 1154-55 (N.D. Okla. 2018)). Further, as Mastriano has indicated, the exhibits have already been publicly disseminated. Although it is not clear whether the exhibits at issue are in all respects identical to the materials that have been disseminated publicly (which is one reason why Volokh seeks to unseal the exhibits), the fact that Mastriano admits that the information from those exhibits has already been made publicly accessible supports a finding that Mastriano has not met the heavy burden of showing a significant or substantial interest that outweighs the strong presumption in favor of public access to the exhibits. *See*, Mann, 447 F.3d at 1149 (denying the sealing of a complaint and other documents detailing the history of an on-going feud with plaintiff's family and disclosing that her elderly father had been diagnosed with Alzheimer's disease, noting in part that "much of the information contained in [plaintiff's] complaint appears to have been previously disclosed in public probate court proceedings, further undermining her privacy concerns."); In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation, 545 F. Supp. 3d 922, 930 n. 3 (D. Kan. 2021) (declining to seal an order on summary judgment because "a good portion of the factual information is publicly-available through other sources."); Jacobs, 2022 WL 540955, at *3 (denying a motion to seal in part because the documents had been publicly accessible for years).

V.

Accordingly, for the reasons stated, it is hereby **ORDERED** as follows:

The Motion of Prof. Eugene Volokh to Intervene to Unseal Record Documents, filed July 19, 2024 (doc. no. 6), is **GRANTED**.

The Motion of Prof. Eugene Volokh to Unseal Record Documents, filed July 19, 2024 (doc. no. 7), which is joined by defendant James Gregory (doc. no. 32), is also **GRANTED**.

Plaintiff Douglas Mastriano is **DIRECTED** to file, within seven business days from the date of this order, a written notice which attaches an unredacted copy of exhibit no. 2 to the complaint.

The clerk of the court is **DIRECTED** to unseal exhibit no. 4 to the complaint which was filed by permission under seal on July 2, 2024 (doc. no. 5).

DATED this 26th day of August, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0567p010.PO.docx