# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO<br><br>*PLAINTIFF*,<br><br>v.<br><br>James Gregory, III<br>1509 Vandivort Place<br>Edmond, OK 73034<br><br>And<br><br>Roland Kuhn, the National Research Council of Canada, Paul Mazerolle, President and Vice-Chancellor, University of New Brunswick, Canada; David MaGee, Vice-President, Research; Drew Rendall, Dean, Graduate Studies; Jeff Brown; Cindy Brown; Stephen Dutcher; Sean Kennedy; Erin Morton; Mattew Sears; Lee Windsor; Stefanie Hunt-Kennedy; Carolyn MacDonald; Sasha Mullaly; Lisa Todd; Sarah-Jane Corke; Bonnie Huskins; Elizabeth Mancke; Janet Mullin; Angela Tozer; Margaret MacMillan; Robert Bothwell; John Ferris;<br>  - *each in his or her individual capacity*<br><br>And<br><br>University of New Brunswick, Canada,<br><br>And<br><br>John & Jane Doe<br><br>*DEFENDANTS*. | Case No.: 5:24-cv-00567-F<br><br>Assigned to the Hon. Stephen P. Friot<br><br>**COMMITTEE DEFENDANTS' MOTION TO DISMISS AND JOINDER TO CERTAIN DEFENDANTS' MOTION TO DISMISS** |

TABLE OF CONTENTS

Page

I. INTRODUCTION AND BACKGROUND ........................................................... 1

II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMMITTEE DEFENDANTS AND ANY OTHER INDIVIDUAL ALLEGEDLY AFFILIATED WITH UNB ................................................................................... 2

    A. Sovereign Immunity Applies To The Individuals Allegedly Affiliated With UNB Because They Were Sued In Their Official Capacity. ......................... 3

    B. In the Alternative, Sovereign Immunity Applies To UNB, and Claims Against the Individuals Allegedly Affiliated With UNB Cannot Go Forward. ........................................................................................................ 5

III. THIS COURT LACKS PERSONAL JURISDICTION OVER THE COMMITTEE DEFENDANTS ..................................................................................................... 8

IV. THE COMMITTEE DEFENDANTS WERE NOT PROPERLY SERVED ........... 8

V. PLAINTIFF FAILS TO STATE A CLAIM ............................................................ 9

VI. LEAVE TO AMEND WOULD BE FUTILE ........................................................ 10

VII. CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Kentucky v. Graham*,
    473 U.S. 159 (1985) ........................................................................................................ 3

*Mohammadi v. Islamic Republic of Iran*,
    947 F. Supp. 2d 48 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) .......................... 3

*Republic of Philippines v. Pimentel*, 553 U.S. 851 (2008) .............................................. 6-7

*Richardson v. Att'y Gen. of the Brit. Virgin Islands*,
    No. CV 2008-144, 2013 WL 4494975 (D.V.I. Aug. 20, 2013) ................................... 3-4

*Samantar v. Yousuf*, 560 U.S. 305 (2010) ....................................................................... 3, 6

*TJGEM LLC v. Republic of Ghana*, 26 F. Supp. 3d 1 (D.D.C. 2013) .............................. 6-8

*TJGEM LLC v. Republic of Ghana*,
    No. 14-7036, 2015 WL 3653187 (D.C. Cir. June 9, 2015) ........................................ 6-7

**Statutes**

Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq*. ................................... 2, 6-7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 4 .................................................................................................................. 8

Fed. R. Civ. P. 12 ................................................................................................. 1, 2, 5, 8-9

Fed. R. Civ. P. 19 ................................................................................................... 1, 2, 7-8

NOW COME Defendants Margaret MacMillan, Robert Bothwell, and John Ferris (collectively, the "Committee Defendants"), by its undersigned counsel, and respectfully submit this Motion to Dismiss and Joinder to the Motion to Dismiss filed by the University Defendants (the "University Defendants' Motion to Dismiss," Doc. # 12).[1] For the reasons stated in the University Defendants' Motion to Dismiss, which are incorporated by reference, and the additional reasons set forth in this Motion and Joinder, this Court should dismiss Plaintiff's Complaint (the "Complaint," Doc. # 1) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). In the alternative, the Court should dismiss the claims against the individuals allegedly affiliated with the University of New Brunswick pursuant to Fed. R. Civ. P. 19(b).

## I. INTRODUCTION AND BACKGROUND

As alleged in the Complaint, Plaintiff received a Ph.D. from UNB, and years later, questions were raised as to the credibility of Plaintiff's research that served as the basis for his doctoral thesis. (Doc. # 1 at ECF pp. 10, 13). UNB initiated an academic investigation into those same questions. (*Id.*). As part of UNB's investigation, Plaintiff further alleges that the Committee Defendants were asked to serve on a committee that was formed for the purpose of examining the credibility of Plaintiff's research. (Doc. # 1 at ECF p. 13). According to Plaintiff, the investigatory committee's mere existence constitutes a material

---

[1] Unless defined otherwise, terms in this Motion and Joinder are defined in the same way as terms used in the University Defendants' Motion to Dismiss. Additionally, for the purposes of this Motion and Joinder, the Committee Defendants have generally presented the facts as alleged in Plaintiff's Complaint. However, the Committee Defendants do not admit that these facts are true and expressly reserve the right to challenge these facts in this litigation, including in discovery and at trial.

1

breach of agreements between UNB and Plaintiff. (Doc. # 1 at ECF p. 28). Therefore, instead of resolving this issue of academic protocol in front of an educational committee, Plaintiff has brought this lawsuit accusing the Committee Defendants of racketeering, anti-trust violations, and an endless parade of horribles.

On August 6, 2024, UNB and its alleged affiliates filed the University Defendants' Motion to Dismiss. (Doc. # 12). On August 9, 2024, Plaintiff purported to serve the Committee Defendants. The Committee Defendants now move for dismissal and join the arguments set forth in the University Defendants' Motion to Dismiss.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMMITTEE DEFENDANTS AND ANY OTHER INDIVIDUAL ALLEGEDLY AFFILIATED WITH UNB

As discussed in Section III of the University Defendants' Motion to Dismiss, UNB is an instrumentality of Canada and the Canadian Province of New Brunswick. (Doc. # 12 at ECF pp. 15-18). Therefore, UNB is immune from this Court's subject matter jurisdiction pursuant to the terms of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq*. ("FSIA"). (Doc. # 12 at ECF pp. 19-23). For the reasons discussed below, the Committee Defendants are *also* immune from this Court's subject matter jurisdiction, and therefore the claims against them must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, pursuant to Fed. R. Civ. P. 19(b), the claims against the Committee Defendants must be dismissed because they cannot go forward without UNB. Moreover, although the arguments in this section focus on why the claims against the Committee Defendants

2

should be dismissed, but the arguments set forth here apply with equal force to the Individual Defendants identified in Certain Defendants' Motion to Dismiss. (Doc. # 12).[2]

### A.  Sovereign Immunity Applies To The Individuals Allegedly Affiliated With UNB Because They Were Sued In Their Official Capacity.

Sovereign immunity applies to individuals who are sued in their official capacity. *Samantar v. Yousuf*, 560 U.S. 305, 325 (2010). Whereas *personal-capacity* suits seek to impose personal liability upon a government official for actions he takes under color of state law, an *official-capacity* suit is only another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Official-capacity suits against agents of foreign governments should be treated as actions against the foreign state itself, as the state is the real party in interest. *Samantar*, 560 U.S. at 325 (citing *Kentucky*, 473 U.S. at 166); *see also Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 72 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) (where plaintiff alleges that actions taken by individual defendants were actions of a foreign state, case must be dismissed because the foreign state is the real party in interest).

By way of example, in *Richardson v. Att'y Gen. of the Brit. Virgin Islands*, No. CV 2008-144, 2013 WL 4494975, at *1 (D.V.I. Aug. 20, 2013), the plaintiffs were operating a boat when they were stopped by a customs officer of the Government of the British Virgin Islands. The plaintiffs sued the customs officer for actions he allegedly took while arresting

---

[2] Namely, Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, and Angela Tozer.

the plaintiffs, operating their vessel, and operating his government issued vessel. *Id*. at *16. The District Court concluded that the alleged actions that gave rise to the complaint were undertaken within the scope of the customs officers' duties and thus fit neatly within the contours of official-act immunity. *Id*. at *16-17.

In this case, Plaintiff alleges that the Committee Defendants "… are members of the so-called 'investigatory commission' into Col. Douglas Mastriano's PhD work and as such have committed the violations of law alleged herein." (Doc. # 1 at ECF pp. 7-8). Plaintiff identifies the "investigation commission" as "… the University of New Brunswick's 'investigation commission'.…" (Doc. # 1 at ECF p. 13). Later in the Complaint, Plaintiff alleges that "Defendant UNB and the UNB defendants joined and advanced the scheme and enterprise to reopen the fraudulent 'investigation'…." (Doc. # 1 at ECF p. 17). Plaintiff also alleges that "Defendants willful reopening, after 10 years and upon political and professional bias, Col. Mastriano's degree review process by way of the unlawful 'investigation committee' constituted a material breach of the agreements of UNB with Col. Mastriano." (Doc. # 1 at ECF p. 28).

There are no allegations in the Complaint to suggest that the Committee Defendants did anything outside the scope of the official duties assigned to them by UNB in furtherance of what Plaintiff himself calls "… the University of New Brunswick's 'investigation commission'".…" (Doc. # 1 at ECF p. 13).[3] Plaintiff seeks to hold the Committee

---

[3] The same is of course true with respect to the Individual Defendants identified in Certain Defendants' Motion to Dismiss. (Doc. # 12). There are no allegations that any individual allegedly affiliated with UNB did anything outside the scope of their duties to UNB. (See, *e.g.*, Doc. # 1 at ECF pp. 6-8, 17, and 19).

4

Defendants liable only as agents of UNB – there are no causes of action in the Complaint that are plead only against an individual allegedly affiliated with UNB; instead, any action plead against an individual is also plead against UNB. (Doc. # 1 at ECF pp. 16, 18, 23, 26-29). Significantly, Plaintiff does <u>not</u> allege that the Committee Defendants work on the investigation committee constituted a breach of a duty owed by the *Committee Defendants themselves*; instead, Plaintiff alleges that their work constituted a breach of agreements between *UNB* and Plaintiff. (Doc. # 1 at ECF p. 28).

In the same vein, Plaintiff does not seek any damages from any individual allegedly affiliated with UNB that could be distinguished from the damages Plaintiff seeks from UNB itself. (Doc. #1 at ECF pp. 30-31). Accordingly, a ruling against any individual allegedly affiliated with UNB would have the effect of enforcing a rule of law against UNB.

Therefore, this is an *official-capacity* suit in which the claims against the individuals allegedly affiliated with UNB should be treated as actions against UNB – the real party in interest. Common law immunity applies to the individuals allegedly affiliated with UNB, including the Committee Defendants. The individuals allegedly affiliated with UNB are immune from this Court's subject matter jurisdiction, and therefore the claims against them must be dismissed *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(1).

  **B.**  **In the Alternative, Sovereign Immunity Applies To UNB, and Claims Against the Individuals Allegedly Affiliated With UNB Cannot Go Forward.**

Even when a plaintiff names only a foreign official, it may be the case that the foreign state itself, its political subdivision, or an agency or instrumentality is a required party, because that party has an interest relating to the subject of the action and disposing

of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest. *Samantar*, 560 U.S. at 324 (citing Fed. R. Civ. P. 19). If this is the case, and the foreign entity is immune from suit under the FSIA, the District Court may have to dismiss the suit, regardless of whether the official is immune or not under the common law. *Id*. at 324-25. "[W]here sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008).

For example, in *TJGEM LLC v. Republic of Ghana*, 26 F. Supp. 3d 1, 3 (D.D.C. 2013), *aff'd*, No. 14-7036, 2015 WL 3653187 (D.C. Cir. June 9, 2015), the plaintiff was not awarded an anticipated construction contract in Accra, the capital city of the Republic of Ghana. The plaintiff sued, among others, the Republic of Ghana, the Accra Metropolitan Assembly, and two Ghanaian government officials. *Id*. The defendants moved to dismiss. *Id*. at *3-4. The District Court held that the Republic of Ghana and the Accra Metropolitan Assembly were both "foreign states" for the purposes of the FSIA because the Republic of Ghana is a sovereign foreign state, and the Accra Metropolitan Assembly is a political subdivision of the Republic of Ghana. *Id*. at *7. Accordingly, the Republic of Ghana and the Accra Metropolitan Assembly were immune from suit pursuant to the FSIA, and the District Court lacked subject matter jurisdiction over the claims against them. *Id*. at *11.

With respect to the Ghanaian government officials, the District Court noted that there is a comity interest in allowing a foreign state to use its own courts for a dispute if it has a right to do so. *Id*. at *13. The District Court found that the Republic of Ghana and the

Accra Metropolitan Assembly, who could not be joined because they were immune from suit pursuant to the FSIA, had legitimate interests in the issues to be litigated in the case. *Id*. The District Court also found that because a Ghanaian official had been accused of corruption in plaintiff's action, resolution of that matter in an American court could compromise the interests held by the Republic of Ghana and the Accra Metropolitan Assembly. *Id*. Accordingly, the Republic of Ghana and the Accra Metropolitan Assembly were required parties under Fed. R. Civ. P. 19. The District Court held that "where a sovereign is a required party for the purposes of Rule 19, the case must be dismissed." *Id*. (citing *Pimentel*, 553 U.S. at 867). The U.S. Court of Appeals affirmed. *TJGEM LLC v. Republic of Ghana*, No. 14-7036, 2015 WL 3653187, at *2 (D.C. Cir. June 9, 2015).

Here, UNB is an instrumentality of Canada and the Canadian Province of New Brunswick, and therefore immune from this Court's subject matter jurisdiction pursuant to the terms of the Foreign Sovereign Immunities Act. (Doc. # 12 at ECF pp. 15-23). Plaintiff's case against UNB cannot continue. However, UNB is unquestionably a required party under Fed. R. Civ. P. 19(a)(1)(B) because UNB has an interest relating to the subject of the action and disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest. Plaintiff alleges that the Committee Defendants and the other individuals allegedly affiliated with UNB jointly committed racketeering, committed anti-trust violations, aided and abetted the breach of fiduciary duty, and defamed Plaintiff. Resolution of those claims in an American court – without UNB's participation, which cannot continue – could compromise the interests held by UNB, the Province of New Brunswick, and/or Canada.

7

Accordingly, in the alternative, because UNB is required to be joined if feasible and cannot be joined, dismissal *with prejudice* of the claims against the Committee Defendants and the other individuals allegedly affiliated with UNB is warranted under Fed. R. Civ. P. 19(b). *See TJGEM LLC*, 26 F.Supp.3d at 13 ("where a sovereign is a required party for the purposes of Rule 19, the case must be dismissed.").

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER THE COMMITTEE DEFENDANTS

Even if the Committee Defendants are somehow subjected to the subject matter jurisdiction of the Court, Plaintiff's Complaint must still be dismissed as this Court cannot exercise personal jurisdiction of the Committee Defendants. For the same reasons that this Court cannot exercise personal jurisdiction over the Individual Defendants identified in the University Defendants' Motion to Dismiss, this Court cannot exercise personal jurisdiction over the Committee Defendants. On this point, the Committee Defendants hereby join in, adopt, and incorporate by reference the arguments contained in Section IV of the University Defendants' Motion to Dismiss and request the relief sought in that Motion. (Doc. # 12 at ECF pp. 14-22). Accordingly, this Court should dismiss Plaintiff's claims against the Committee Defendants *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(2).

### IV. THE COMMITTEE DEFENDANTS WERE NOT PROPERLY SERVED

Even if subject matter jurisdiction exists and personal jurisdiction would otherwise exist, Plaintiff must demonstrate that the procedure employed by him to effect service on the Committee Defendants satisfied the requirements of Fed. R. Civ. P. 4. As set forth in Section V of the University Defendants' Motion to Dismiss, which is incorporated herein

by reference, to serve the Complaint on individuals in New Brunswick, personal service is generally required. Under proper circumstances, and pursuant to specific rules, service may also be effectuated on an individual at their place of residence, or by leaving the documents at their place of residence, if necessary. Finally, New Brunswick recognizes that, when personal service is impractical, substituted service is permitted, but only in accordance with a court order. (Doc. # 12 at ECF p. 23-24).

Like the attempts at service made on the Individual Defendants identified in the University Defendants' Motion to Dismiss, the Summonses to the Committee Defendants were addressed to a University of New Brunswick administration building, rather than a residence. (Doc. # 3 at ECF pp. 33, 43, and 53). On August 9, 2024, the Committee Defendants were purportedly "served" by delivering the Summonses to the University of New Brunswick's President's Chief of Staff, Melissa Dawes – not by way of personal service. (Doc. # 27 at ECF p. 1, Doc. # 28 at ECF p. 1, and Doc. # 29 at ECF p. 1).

Accordingly, the claims against the Committee Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) or, in the alternative, service should be quashed.

## V.     PLAINTIFF FAILS TO STATE A CLAIM

The Committee Defendants hereby join in, adopt, and incorporate by reference the arguments contained in Section VI of the University Defendants' Motion to Dismiss and request the relief sought in that Motion. (Doc. # 12 at ECF pp. 25-31). Accordingly, this Court should dismiss Plaintiff's claims against the Committee Defendants *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(6).

## VI. <u>LEAVE TO AMEND WOULD BE FUTILE</u>

The Committee Defendants hereby join in, adopt, and incorporate by reference the arguments contained in Section VII of the University Defendants' Motion to Dismiss and request the relief sought in that Motion. (Doc. # 12 at ECF pp. 32-33). Accordingly, this Court should dismiss Plaintiff's claims against the Committee Defendants *with prejudice* and leave to amend should <u>not</u> be permitted.

## VII. <u>CONCLUSION</u>

Defendants Margaret MacMillan, Robert Bothwell, and John Ferris respectfully request that this Court dismiss Plaintiff's claims against them *with prejudice* for the reasons set forth above and incorporated herein by reference, and for such further relief that this Court deems just and proper.

Dated:  August 30, 2024

                                                      Respectfully submitted,

                                                      */s/ William C. Swallow*
                                                      William C. Swallow (IL No. 6293910)
                                                      *Admitted Pro Hac Vice*
                                                      Michael H. Passman (IL No. 6297381)
                                                      *Admitted Pro Hac Vice*
                                                      Emily M. Vanderlaan (CO No. 55293)
                                                      *Admitted Pro Hac Vice*
                                                      CLYDE & CO US LLP
                                                      55 W. Monroe Street, Suite 3000
                                                      Chicago, Illinois 60603
                                                      T: (312) 635-7000
                                                      E: bill.swallow@clydeco.us
                                                      E: michael.passman@clydeco.us
                                                      E: emily.vanderlaan@clydeco.us

Don W. Danz
McATEE & WOODS, P.C.
410 NW 13th Street
Oklahoma City, OK 73103
T: (405) 232-5067
F: (405) 232-0009
E: DonD@McAteeandWoods.com

*Attorneys for the University of New Brunswick, Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, Angela Tozer, Margaret MacMillan, Robert Bothwell, and John Ferris*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 30th day of August, 2024, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

                                                  */s/ William C. Swallow*
                                                  William C. Swallow
                                                  *Admitted Pro Hac Vice*