## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

DOUGLAS MASTRIANO

      *PLAINTIFF*,

v.

James Gregory, III
1509 Vandivort Place
Edmond, OK 73034

And

Roland Kuhn, the National Research Council
of Canada, Paul Mazerolle, President and
Vice-Chancellor, University of New
Brunswick, Canada; David MaGee, Vice-
President, Research; Drew Rendall, Dean,
Graduate Studies; Jeff Brown; Cindy Brown;
Stephen Dutcher; Sean Kennedy; Erin
Morton; Mattew Sears; Lee Windsor; Stefanie
Hunt-Kennedy; Carolyn MacDonald; Sasha
Mullaly; Lisa Todd; Sarah-Jane Corke;
Bonnie Huskins; Elizabeth Mancke; Janet
Mullin; Angela Tozer; Margaret MacMillan;
Robert Bothwell; John Ferris;
   -  *each in his or her individual capacity*

And

University of New Brunswick, Canada,

And

John & Jane Doe

      *DEFENDANTS*.

Case No.: 5:24-cv-00567-F

Assigned to the Hon. Stephen P. Friot

**JANET MULLIN'S
MOTION TO DISMISS, JOINDER
TO CERTAIN DEFENDANTS'
MOTION TO DISMISS AND
COMMITTEE DEFENDANTS'
MOTION TO DISMISS, AND
BRIEF IN SUPPORT**

TABLE OF CONTENTS

Page

I.    INTRODUCTION AND BACKGROUND ................................................................ 1

II.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
      THE COMMITTEE DEFENDANTS AND ANY OTHER INDIVIDUAL
      ALLEGEDLY AFFILIATED WITH UNB ............................................................ 2

      A.    Sovereign Immunity Applies To The Individuals Allegedly Affiliated
            With UNB Because They Were Sued In Their Official Capacity. ................ 3

      B.    In the Alternative, Sovereign Immunity Applies To UNB, and Claims
            Against the Individuals Allegedly Affiliated With UNB Cannot Go
            Forward. ....................................................................................................... 5

III.  THIS COURT LACKS PERSONAL JURISDICTION OVER THE COMMITTEE
      DEFENDANTS ....................................................................................................... 7

IV.   DR. MULLIN WAS NOT PROPERLY SERVED .................................................. 8

V.    PLAINTIFF FAILS TO STATE A CLAIM ............................................................ 9

VI.   LEAVE TO AMEND WOULD BE FUTILE .......................................................... 9

VII.  CONCLUSION ....................................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Kentucky v. Graham*,
   473 U.S. 159 (1985) .................................................................................. 3

*Mohammadi v. Islamic Republic of Iran*,
   947 F. Supp. 2d 48 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) ........................ 3

*Republic of Philippines v. Pimentel*,
   553 U.S. 851 (2008) ................................................................................. 6

*Samantar v. Yousuf*,
   560 U.S. 305 (2010) .............................................................................. 3, 6

*TJGEM LLC v. Republic of Ghana*,
   26 F. Supp. 3d 1 (D.D.C. 2013), *aff'd*, No. 14-7036, 2015 WL 3653187
   (D.C. Cir. June 9, 2015) ............................................................................ 7

**Statutes**

Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq*. ...................................... 2, 6

**Other Authorities**

Fed. R. Civ. P. 4 ...................................................................................... 8

Fed. R. Civ. P. 12 ............................................................................ 1, 3, 5, 8-9

Fed. R. Civ. P. 19 ............................................................................ 1, 3, 6-7

NOW COMES Defendant Janet Mullin, by her undersigned counsel, and respectfully submits this Motion to Dismiss, Joinder to the Motion to Dismiss filed by the University Defendants (Doc. # 12), Joinder to the Motion to Dismiss filed by the Committee Defendants (Doc. # 66), and Brief in Support.[1] For the reasons stated in the University Defendants' Motion to Dismiss and the Committee Defendants' Motion to Dismiss, which are incorporated by reference, and the additional reasons set forth in this Motion and Joinder, this Court should dismiss Plaintiff's Complaint (Doc. # 1) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). In the alternative, pursuant to Fed. R. Civ. P. 19(b), the Court should dismiss the claims against Dr. Mullin and the other individuals allegedly affiliated with the University of New Brunswick ("UNB").

I.    **INTRODUCTION AND BACKGROUND**

As alleged in the Complaint, Plaintiff received a Ph.D. from UNB, and years later, questions were raised as to the credibility of Plaintiff's research that served as the basis for his doctoral thesis. (Doc. # 1 at ECF pp. 10, 13). Dr. Mullin is one of several Defendants who Plaintiff alleges is a history professor, faculty member, or instructor at UNB or was at the time of the allegations contained in Plaintiff's Complaint. (Doc. # 1 at ECF p. 7). Dr. Mullin is also one of several Defendants who Plaintiff alleges signed a "fraudulent letter" that was attached to the Complaint as "Exhibit D." (Doc. # 5). The dispute between Plaintiff

---

[1] Unless defined otherwise, terms in this Motion and Joinder are defined in the same way as terms used in the University Defendants' Motion to Dismiss and the Committee Defendants' Motion to Dismiss. Additionally, for the purposes of this Motion and Joinder, Dr. Mullin has generally presented the facts as alleged in Plaintiff's Complaint. However, Dr. Mullin does not admit that these facts are true and expressly reserves the right to challenge these facts in this litigation, including in discovery and at trial.

and Dr. Mullin is a dispute over academic protocol that has been dressed up as an international conspiracy. Instead of resolving this issue of academic protocol in front of an educational committee, Plaintiff has brought this lawsuit accusing Dr. Mullin of racketeering, anti-trust violations, and an endless parade of horribles.

On July 16, 2024, Plaintiff purported to serve UNB and several other Defendants who allegedly served as history professors, faculty members, or instructors at UNB. However, Dr. Mullin was <u>not</u> one of the individuals purportedly served on that date. On August 6, 2024, UNB and the alleged faculty members that had been served by that date filed the University Defendants' Motion to Dismiss. (Doc. # 12). On August 9, 2024, Plaintiff purported to serve the additional individual Defendants who allegedly served on a UNB committee formed for the purpose of examining the credibility of Plaintiff's research. On August 30, 2024, those individuals filed the Committee Defendants' Motion to Dismiss. (Doc. # 66). On the same day, Plaintiff purported to serve Dr. Mullin.

Accordingly, Dr. Mullin now moves for dismiss and joins the arguments set forth in both the University Defendants' Motion to Dismiss and the Committee Defendants' Motion to Dismiss as if they were set forth verbatim in this brief.

## II.   <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMMITTEE DEFENDANTS AND ANY OTHER INDIVIDUAL ALLEGEDLY AFFILIATED WITH UNB</u>

As discussed in Section III of the University Defendants' Motion to Dismiss, UNB is an instrumentality of Canada and the Canadian Province of New Brunswick. (Doc. # 12 at ECF pp. 15-18). Therefore, UNB is immune from this Court's subject matter jurisdiction pursuant to the terms of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq*.

("FSIA"). (Doc. # 12 at ECF pp. 19-23). For the reasons discussed below, Dr. Mullin is *also* immune from this Court's subject matter jurisdiction, and therefore the claims against her must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, pursuant to Fed. R. Civ. P. 19(b), the claims against Dr. Mullin must be dismissed because they cannot go forward without UNB.[2]

### A. Sovereign Immunity Applies To The Individuals Allegedly Affiliated With UNB Because They Were Sued In Their Official Capacity.

Sovereign immunity applies to individuals who are sued in their official capacity. *Samantar v. Yousuf*, 560 U.S. 305, 325 (2010). Whereas *personal-capacity* suits seek to impose personal liability upon a government official for actions he takes under color of state law, an *official-capacity* suit is only another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Official-capacity suits against agents of foreign governments should be treated as actions against the foreign state itself, as the state is the real party in interest. *Samantar*, 560 U.S. at 325 (citing *Kentucky*, 473 U.S. at 166); *see also Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 72 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) (where plaintiff alleges that actions taken by individual defendants were actions of a foreign state, case must be dismissed because the foreign state is the real party in interest).

---

[2] Although the arguments in this section focus on why the claims against the Dr. Mullin should be dismissed, the arguments set forth here apply with equal force to the Individual Defendants identified in the University Defendants' Motion to Dismiss and the Committee Defendants identified in the Committee Defendants' Motion to Dismiss.

In this case, Plaintiff alleges that Dr. Mullin (and the other Individual Defendants identified in the University Defendants' Motion to Dismiss) are "… each history professors, faculty or instructors at the University of New Brunswick and each have committed the violations of law alleged herein and have signed the fraudulent letter attached and sealed herewith as <u>Exhibit D</u>." (Doc. # 12 at ECF p. 7). Later in the Complaint, Plaintiff links that letter to UNB's "investigation" of Plaintiff's PhD. (Doc. # 1 at ECF p. 9). The letter attached to Plaintiff's Complaint is no longer sealed (see Doc. # 36) and the letter reflects a UNB logo. (Doc. # 5 at ECF p. 2). In other words, according to Plaintiff, Dr. Mullin and the others who allegedly signed the letter are in this lawsuit because they sent a letter with *UNB's* logo in connection with *UNB's* investigation of Plaintiff's PhD.

Plaintiff seeks to hold Dr. Mullin and others liable only as agents of UNB. For example, in connection with racketeering allegations, Plaintiff alleges that Dr. Mullin and other individuals joined in the alleged racketeering scheme to "advance their property interests [and] tuition enrollments." (Doc #1 at ECF p. 9). But individuals do <u>not</u> have "tuition enrollments." Universities like *UNB* have "tuition enrollments." Plaintiff alleges the existence of a contract only between himself and *UNB*. (Doc. # 1 at ECF p. 28). Plaintiff alleges that Dr. Mullin and other individuals allegedly affiliated with UNB owe Plaintiff a duty of care only because *UNB* conferred a degree on Plaintiff and received payment for that degree. (Doc. # 1 at ECF p. 29). Plaintiff alleges that Dr. Mullin and other individuals allegedly affiliated with UNB defamed Plaintiff by signing a letter that Plaintiff himself links to *UNB's* "investigation" of Plaintiff's PhD and which reflects a *UNB* logo. (Doc. #1 at ECF p. 29; see Doc. # 1 at ECF p. 9 and Doc. # 5 at ECF p. 2).

4

There are no allegations in the Complaint to suggest that Dr. Mullin or any other individual did anything outside the scope of the official duties assigned to them by UNB. (See, *e.g.*, Doc. # 1 at ECF pp. 6-8, 17, and 19). In fact, there are no causes of action in the Complaint that are plead only against Dr. Mullin or any other individual allegedly affiliated with UNB; instead, any action plead against an individual is also plead against UNB. (Doc. # 1 at ECF pp. 16, 18, 23, 26-29). UNB is the real party in interest targeted by Plaintiff.

In the same vein, Plaintiff does not seek any damages from any individual allegedly affiliated with UNB that could be distinguished from the damages Plaintiff seeks from UNB itself. (Doc. #1 at ECF pp. 30-31). Accordingly, a ruling against any individual allegedly affiliated with UNB would have the effect of enforcing a rule of law against UNB.

Therefore, this is an *official-capacity* suit in which the claims against Dr. Mullin and the other individuals allegedly affiliated with UNB should be treated as actions against UNB – the real party in interest. Common law immunity applies to the individuals allegedly affiliated with UNB, including Dr. Mullin. The individuals allegedly affiliated with UNB are immune from this Court's subject matter jurisdiction, and therefore the claims against them must be dismissed *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(1).

**B. In the Alternative, Sovereign Immunity Applies To UNB, and Claims Against the Individuals Allegedly Affiliated With UNB Cannot Go Forward.**

Even when a plaintiff names only a foreign official, it may be the case that the foreign state itself, its political subdivision, or an agency or instrumentality is a required party, because that party has an interest relating to the subject of the action and disposing of the action in the person's absence may as a practical matter impair or impede the person's

5

ability to protect the interest. *Samantar*, 560 U.S. at 324 (citing Fed. R. Civ. P. 19). If this is the case, and the foreign entity is immune from suit under the FSIA, the District Court may have to dismiss the suit, regardless of whether the official is immune or not under the common law. *Id.* at 324-25. "[W]here sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008).

Here, UNB is an instrumentality of Canada and the Canadian Province of New Brunswick, and therefore immune from this Court's subject matter jurisdiction pursuant to the terms of the Foreign Sovereign Immunities Act. (Doc. # 12 at ECF pp. 15-23). Plaintiff's case against UNB cannot continue. However, UNB is unquestionably a required party under Fed. R. Civ. P. 19(a)(1)(B) because UNB has an interest relating to the subject of the action and disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest. Plaintiff alleges that the Dr. Mullin and the other individuals allegedly affiliated with UNB jointly committed racketeering, committed anti-trust violations, aided and abetted the breach of fiduciary duty, and defamed Plaintiff. Resolution of those claims in an American court – without UNB's participation, which cannot continue – could compromise the interests held by UNB, the Province of New Brunswick, and/or Canada.

Accordingly, in the alternative, because UNB is required to be joined if feasible and cannot be joined, dismissal *with prejudice* of the claims against Dr. Mullin and the other individuals allegedly affiliated with UNB is warranted under Fed. R. Civ. P. 19(b). *See*

*TJGEM LLC v. Republic of Ghana*, 26 F. Supp. 3d 1, 13 (D.D.C. 2013), *aff'd*, No. 14-7036, 2015 WL 3653187 (D.C. Cir. June 9, 2015) ("where a sovereign is a required party for the purposes of Rule 19, the case must be dismissed.").

## III.  THIS COURT LACKS PERSONAL JURISDICTION OVER THE COMMITTEE DEFENDANTS

Even if Dr. Mullin is somehow subjected to the subject matter jurisdiction of the Court, Plaintiff's claims against Dr. Mullin must still be dismissed as this Court cannot exercise personal jurisdiction over Dr. Mullin. Plaintiff alleges that Dr. Mullin is an individual with an address in Fredericton, New Brunswick, Canada. (Doc. # 1 at ECF p. 7). For the same reasons that this Court cannot exercise personal jurisdiction over the Individual Defendants identified in the University Defendants' Motion to Dismiss, this Court cannot exercise personal jurisdiction over Dr. Mullin. On this point, Dr. Mullin hereby joins in, adopt, and incorporate by reference the arguments contained in Section IV of the University Defendants' Motion to Dismiss and requests the relief sought in that Motion. (Doc. # 12 at ECF pp. 14-22).

Since the University Defendants' Motion to Dismiss was filed, the Court issued its August 26, 2024 Order directing the Cleark of the Court to unseal the letter that Plaintiff alleges was signed by Dr. Mullin and other individuals. (Doc. # 36 at ECF p. 9). Significantly, that unsealed letter attached to Plaintiff's Complaint does <u>not</u> reflect that it was directed to anyone in Oklahoma. (Doc. # 5 at ECF p. 2). In fact, the unsealed letter does <u>not</u> include *any* recipient's name or address. The unsealed letter confirms that there are no allegations that Dr. Mullin or any other individual allegedly affiliated with UNB

directed anything at residents of Oklahoma, had knowledge that their communications were going to Oklahoma, or had information that the brunt of the injury their communications would (allegedly) cause would be felt in Oklahoma, especially when considering that Plaintiff is domiciled in Pennsylvania.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), this Court should dismiss *with prejudice* Plaintiff's claims against Dr. Mullin and the others allegedly affiliated with UNB.

## IV.    DR. MULLIN WAS NOT PROPERLY SERVED

Even if subject matter jurisdiction exists and personal jurisdiction would otherwise exist, Plaintiff must demonstrate that the procedure employed by him to effect service on Dr. Mullin satisfied the requirements of Fed. R. Civ. P. 4. As set forth in Section V of the University Defendants' Motion to Dismiss, which is incorporated herein by reference, to serve the Complaint on individuals in New Brunswick, personal service is generally required. Under proper circumstances, and pursuant to specific rules, service may also be effectuated on an individual at their place of residence, or by leaving the documents at their place of residence, if necessary. Finally, New Brunswick recognizes that, when personal service is impractical, substituted service is permitted, but only in accordance with a court order. (Doc. # 12 at ECF p. 23-24).

The Summons to Dr. Mullin was addressed to a University of New Brunswick administration building, rather than a residence. (Doc. # 3 at ECF p. 25). On August 30, 2024, Dr. Mullin was purportedly "served" by delivering the Summons to the University of New Brunswick's President's Executive Assistant, Cathy Mahboob – not by way of personal service to Dr. Mullin. (Doc. # 73 at ECF p. 1).

Accordingly, the claims against the Committee Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) or, in the alternative, service should be quashed.

## V.    PLAINTIFF FAILS TO STATE A CLAIM

Dr. Mullin hereby joins in, adopts, and incorporates by reference the arguments contained in Section VI of the University Defendants' Motion to Dismiss and requests the relief sought in that Motion. (Doc. # 12 at ECF pp. 25-31). Accordingly, this Court should dismiss Plaintiff's claims against Dr. Mullin *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(6).

## VI.    LEAVE TO AMEND WOULD BE FUTILE

Dr. Mullin hereby joins in, adopts, and incorporates by reference the arguments contained in Section VII of the University Defendants' Motion to Dismiss and requests the relief sought in that Motion. (Doc. # 12 at ECF pp. 32-33). Accordingly, this Court should dismiss Plaintiff's claims against Dr. Mullin *with prejudice* and leave to amend should not be permitted.

## VII.    CONCLUSION

Defendant Janet Mullin respectfully requests that this Court dismiss Plaintiff's claims against her *with prejudice* for the reasons set forth above and incorporated herein by reference, and for such further relief that this Court deems just and proper.

### *** SIGNATURE ON FOLLOWING PAGE ***

Dated:  September 16, 2024

Respectfully submitted,

*/s/ William C. Swallow*
William C. Swallow (IL No. 6293910)
*Admitted Pro Hac Vice*
Michael H. Passman (IL No. 6297381)
*Admitted Pro Hac Vice*
Emily M. Vanderlaan (CO No. 55293)
*Admitted Pro Hac Vice*
CLYDE & CO US LLP
30 S. Wacker Dr., Suite 2600
Chicago, Illinois 60606
T: (312) 635-7000
E: bill.swallow@clydeco.us
E: michael.passman@clydeco.us
E: emily.vanderlaan@clydeco.us

Don W. Danz
McATEE & WOODS, P.C.
410 NW 13th Street
Oklahoma City, OK 73103
T: (405) 232-5067
F: (405) 232-0009
E: DonD@McAteeandWoods.com

*Attorneys for the University of New Brunswick, Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, Angela Tozer, Margaret MacMillan, Robert Bothwell, John Ferris, and Janet Mullin*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 16th day of September, 2024, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s/ William C. Swallow
William C. Swallow
*Admitted Pro Hac Vice*