## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

Douglas Mastriano      :   CIVIL NO. 5:24-cv-00567-F
           :
Plaintiff,         :
       v.     :
           :
James Gregory, III, *et al*    :
           :
Defendants.       :

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT**
## **GREGORY'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

NOW COMES Plaintiff DOUGLAS MASTRIANO, by and through his attorney, Daniel L. Cox, The Cox Law Center, LLC, and opposes Defendant GREGORY's motion to dismiss and brief in support, filing this Response in Opposition and Brief in Support, requesting denial of Defendant's motion and grant of leave for Plaintiff to amend his Complaint, saying:

## TABLE OF CONTENTS

TABLE OF CONTENTS _____ 1

TABLE OF AUTHORITIES _____ 4

I.   INTRODUCTION _____ 5

II.  ARGUMENT _____ 5

   A.  COMPLAINT ALLEGES RICO VIOLATIONS AND CONSPIRACY, AND ANY
INSUFFICIENCY IS REMEDIABLE IN AMENDED COMPLAINT. _____ 5

     *1. Complaint Alleges RICO Conduct, and Any Insufficiency Is Remediable in
Amended Complaint._____ 6*

     *2. Complaint Sufficiently Alleges RICO Enterprise. _____ 7*

     *3. Complaint Sufficiently Alleges RICO Injury, Damages._____ 9*

     *4. Complaint Sufficiently Alleges Gregory's Knowing Joining of RICO
Conspiracy, but Any Insufficiency Is Remediable in Amended Complaint.
_____ 10*

   B.  COMPLAINT ALLEGES 15 U.S.C. § 1 UNREASONABLE RESTRAINT OF TRADE.
_____ 11

     *1. Gregory's Actions Were Anti-Competitive. _____ 11*

     *2. Complaint Sufficiently Pleads Restraint on Trade Generally._____ 12*

     *3. Complaint Sufficiently Defines Market, Showing of Market Control Is Not
Required. _____ 13*

   C.  ANY INSUFFICIENCY IN COMPLAINT ALLEGING DEFAMATION IS REMEDIABLE
IN AMENDED COMPLAINT. _____ 14

     *1. Any Insufficiency in Alleging Gregory's Specific Defamatory Conduct Is
Remediable in Amended Complaint._____ 15*

     *a. Gregory's conduct precludes barring this action based on OCPA statute
of limitations._____ 15*

     *b. Gregory published defamatory statements. _____ 16*

     *c. Exhibit 4 Letter's actionability not required for Gregory's liability. ___ 16*

     *2. Any Insufficiency in Alleging Actual Malice Is Remediable in Amended
Complaint._____ 16*

3.  *Exhibit 4 Letter's Actionability As Alleged Academic Matter Not Required for Gregory's Liability.* _____ *16*

III.   REQUEST FOR LEAVE TO AMEND COMPLAINT. _____ 17

1.  *Proposed Amendment of Complaint.*_____*18*

IV.   CONCLUSION _____ 19

# TABLE OF AUTHORITIES

**Cases**

*Robbins v. Wilkie*, 300 F.3d 1208 (10th Cir. 2002) ............................................. 9

*United States v. Hampton*, 786 F.2d 977 (10th Cir. 1986) ............................... 10

*TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022 (10th Cir. 1992) ............................................................................... 13

*Campfield v. State Farm Mut. Auto Ins. Co.*, 532 F.3d 1111 (10th Cir. 2008) ..... 13

*Bylin v. Billings*, 568 F.3d 1224 (10th Cir. 2009) ............................................ 17

**Statutes**

18 U.S.C. § 1961(1) ............................................................................................. 6

15 U.S.C. § 1 ..................................................................................................... 11

**Rules**

Fed. R. Civ. P. 15(a)(2) ....................................................................................... 5

Fed. R. Civ. P. 15(c)(1)(B) ................................................................................. 15

## I.    INTRODUCTION

Col. Mastriano respectfully requests this Court to deny Gregory's motion to dismiss and to grant Col. Mastriano leave to amend his Complaint to remedy any issues set forth by Defendants in their respective motions to dismiss, not all of which may have been received by Col. Mastriano at this time. This Court should do so because Gregory's arguments regarding certain of Col. Mastriano's claims do not raise sufficient grounds to dismiss those claims, and alternatively, to the extent this Court finds any insufficiencies in the Complaint regarding those claims, Col. Mastriano can amend his Complaint to remedy such insufficiencies and respectfully requests this Court grant him leave to do so. Justice necessitates granting Col. Mastriano leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## II.    ARGUMENT

### A.    Complaint Alleges RICO Violations and Conspiracy, and Any Insufficiency Is Remediable in Amended Complaint

Gregory argues that RICO claims and Sherman Anti-trust claims cannot be sustained in this case because it is a matter of historical debate. However, this mischaracterizes the basis of Col. Mastriano's action against Defendants. Col. Mastriano's action against Defendants does not stem from a mere matter of historical

debate but instead from Defendants wrongful, illegal, election interference and anti-competitive actions against Col. Mastriano and his Ph. D. work in WWI history.

### 1. Complaint Alleges RICO Conduct, and Any Insufficiency Is Remediable in Amended Complaint

Gregory argues that the Complaint does not sufficiently allege predicate RICO acts because it does not allege two predicate acts, does not allege a pattern of racketeering activity, does not support such allegations with sufficient factual content, and does not allege harm to business or property interests.

However, Col. Mastriano does allege at least two RICO predicate acts because the Complaint specifically states that Defendants engaged in multiple acts of mail fraud and wire fraud—both of which constitute RICO predicate acts. Compl. at ¶¶ 39, 42, ECF No. 1; 18 U.S.C. § 1961(1). Further, these RICO acts are alleged with specificity such that they illustrate a demonstrable pattern of racketeering activity. Here, Col. Mastriano specifically alleges in the Complaint that Gregory filed false complaints with UNB in 2019 and 2022 resulting in UNB Defendants' fraudulent series of opened and closed investigations into Col. Mastriano's Ph. D. work, interference with his elections, and reduction of his book printing contracts with University of Kentucky; UNB Defendants signed a fraudulent and defamatory letter regarding Col. Mastriano which they disseminated to universities, students, and the American press via various means including email in 2023; and Defendants, including Gregory, made multiple fraudulent statements to the press regarding Col.

Mastriano and his Ph. D. work from a period spanning from 2022 to 2023. Compl. at ¶¶ 22–50, ECF No. 1. As shown below, this pattern of predicate RICO acts was in furtherance of a RICO enterprise. Further, Col. Mastriano sufficiently alleges that this pattern of racketeering activity has caused harm to his election to the Governor's Office of Pennsylvania and then United States Senate, and his business or property interests, as demonstrated below.

To the extent that the Complaint does not sufficiently allege each element of these predicate acts of mail and wire fraud, Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint as set forth below. The facts set forth in the proposed amendment—namely the specific content and fraudulence or falsity of communications by Defendants and the causal relationship between Gregory's complaints and UNB Defendants' conduct of investigations—sufficiently allege mail and wire fraud predicate acts for RICO violations. *See* discussion *infra* Section III.1.

### 2.    Complaint Sufficiently Alleges RICO Enterprise

Interpersonal relationships among UNB Defendants and Individual Defendants, including Gregory, are specifically alleged in the Complaint. Here, Col. Mastriano alleges in the Complaint that Gregory was at all times relevant an Oklahoma history professor as well as Ph. D. student who communicated with UNB by filing false complaints with UNB in 2919 and 2022, and that as a result of

Gregory's actions, UNB Defendants launched a series of fraudulent investigations into Col. Mastriano's Ph. D. work from 2022 to 2023 and along with Individual Defendants made multiple fraudulent statements to the world through various means regarding Col. Mastriano's Ph. D. work from 2022 to 2023. Compl. at ¶¶ 10, 29–31, 33–34, 41–43, 49–50, ECF No. 1. Further Col. Mastriano alleges in the Complaint that Defendant Kuhn, a self-proclaimed mentor of student interns focusing on academic integrity and sitting on Ph. D. committees, and the University Defendants joined with Gregory to advance the fraudulent scheme against Mastriano, with Kuhn endorsing Gregory as a "respected historian" who falsely claimed to have found instances of fraud in Col. Mastriano's Ph.D. thesis. Compl. at ¶¶ 11, 43, ECF No. 1.

A common purpose among Defendants, including Gregory, has been sufficiently alleged by the Complaint. Here, Col. Mastriano alleges in the Complaint that Defendants joined together in a concerted effort to destroy Col. Mastriano's Ph. D. work and academic reputation in order to defraud him of his Ph. D. property and related interests as well as interfere with his elections in gubernatorial and senatorial races in Pennsylvania. Compl. at ¶¶ 22–26, 33–34, 49, ECF No. 1. Gregory stood to benefit because at the time of this enterprise, he was working to publish a competing historical work for his own Ph. D. Compl. at ¶ 23, ECF No. 1. Implicitly, UNB Defendants stood to benefit from its actions against Col. Mastriano by increased tuition enrollment by their actions against a political figure arguably unpopular in

certain political and academic circles. Compl. at ¶ 26, ECF No. 1. Implicitly, for the same reason, all Defendants stood to benefit through property interests that came from attacking Col. Mastriano. Compl. at ¶ 26, ECF No. 1. Not only did UNB Defendants and Gregory stand to benefit, but at least implicitly, all Defendants also had a common partisan political purpose in that they all joined in interfering with Col. Mastriano's elections through their actions. Therefore, Gregory's arguments that the Complaint does not sufficiently allege a common enterprise under RICO because the Complaint fails to allege interpersonal relationships or a common purpose among Gregory and other Defendants fail. To the extent of any insufficiency in alleging common enterprise in the Complaint, Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint as set forth below. The facts alleged in the proposed amendment—namely the concerted effort among UNB Defendants and Gregory to commit wire fraud by joining together to make false, fraudulent, or defamatory statements about Col. Mastriano on radio around July to August 2023 and the causal relationship between Gregory's complaints and UNB's investigations—sufficiently allege a RICO enterprise among Defendants with common purpose and interpersonal relationships among them. *See* Discussion *infra* Section III.1.

### 3.    Complaint Sufficiently Alleges RICO Injury, Damages

General factual allegations are sufficient to allege damages in a RICO claim at the pleadings stage. *See Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002). Here, Col. Mastriano alleges in the Complaint that as a result of Defendants' RICO violations, he suffered severe damages to his elections by Defendant's unlawful interference, to his property interests in his Ph. D. work and damages to his business interests in relation to economic opportunities stemming from his Ph. D. work and academic reputation—both specifically including loss of international book sales, appearances, speaking opportunities, teaching and professorship opportunities, and movie and television opportunities. Compl. at ¶¶ 22-26, 32-34, 39, 49, 54, ECF No. 1. The factual allegations regarding damages set forth in the Complaint are sufficient at this stage of litigation under *Robbins*. Further, Col. Mastriano alleges in the Complaint facts showing that Gregory and other Defendants' actions set forth above caused these damages. Here, Col. Mastriano alleges in the Complaint that as a direct result of Gregory's complaints to UNB, Col. Mastriano's book sales declined and the University of Kentucky reduced printing of Col. Mastriano's book accordingly. Compl. at ¶ 32, ECF No. 1. Therefore, Gregory's arguments that the Complaint does not sufficiently allege damages or causation for RICO counts fail. Even if the Complaint does not sufficiently allege damages or causation, Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint as set forth below.

### 4. Complaint Sufficiently Alleges Gregory's Knowing Joining of RICO Conspiracy, but Any Insufficiency Is Remediable in Amended Complaint

The element of agreement in a RICO conspiracy may be proven exclusively by circumstantial evidence. *See United States v. Hampton*, 786 F.2d 977, 979 (10th Cir. 1986). Here, Col. Mastriano alleges in the Complaint that UNB released Col. Mastriano's Ph. D. thesis from embargo against his wishes; Gregory filed complaints regarding Col. Mastriano's Ph. D. thesis to UNB in 2019 and 2022; Gregory made fraudulent statements to the press regarding the thesis in 2022 and continuing to the present day; certain UNB Defendants also made fraudulent statements to the press in 2022 regarding the thesis and the launching of an investigation; and Gregory filed complaints regarding the thesis to University of Kentucky using the thesis released by UNB, causing loss sales and reduction of printing of Col. Mastriano's book. Compl. at ¶¶ 28–32, ECF No. 1. Here, the facts alleged in the Complaint present circumstantial evidence from which it may be reasonably inferred that there was an unlawful agreement pursuant to a RICO conspiracy—Gregory filed complaints with UNB about Col. Mastriano's thesis, UNB launched an investigation into the thesis, Gregory and UNB acted in parallel with fraudulent statements to the press about that thesis, and Gregory directly utilized UNB's release of that thesis in filing complaints with University of Kentucky. Compl. at ¶¶ 28–32, ECF No. 1. The agreement in this case involved the commission of numerous RICO predicate acts of wire and mail fraud, which are

established by fraudulent communication to the press, University of Kentucky, and others by Defendants using various media over a period of years. Compl. at ¶¶ 28–34, 38, 42, ECF No. 1. Further, if this Court finds this evidence is insufficient to allege a RICO conspiracy, Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint as set forth below. As noted above, the facts alleged in the proposed amendment—namely the concerted effort among UNB Defendants and Gregory to commit wire fraud by joining together to make false, fraudulent, or defamatory statements about Col. Mastriano on radio around July to August 2023, e-mails and social media publications, and the causal relationship between Gregory's complaints and UNB's investigations—sufficiently allege a RICO conspiracy among Defendants, specifically the requirement of agreement . *See* Discussion *infra* Section III.1.

### B.    Complaint Alleges 15 U.S.C. § 1 Unreasonable Restraint of Trade

Gregory errantly argues that Col. Mastriano's Complaint does not sufficiently allege a violation of the Sherman Anti-trust Act for unreasonable restraint of trade because Gregory's actions were "pro-competitive," the Complaint does not plead a restraint on trade generally, and the Complaint does not sufficiently define the market at issue or show that Defendants control it.

### 1.    Gregory's Actions Were Anti-Competitive

Gregory's wrongful, illegal actions as part of the RICO conspiracy with other Defendants harmed competition in the WWI history market by promoting his own competing historical work and theory at the expense of Col. Mastriano's. Gregory's particular actions of making fraudulent statements to the press about Col. Mastriano's competing historical work (a product in the WWI history market) and filing false complaints with UNB and University of Kentucky about that work harmed competition in the WWI history market because Col. Mastriano's historical work product was destroyed as a result of these actions by Gregory as well as actions by other Defendants in furtherance of the RICO conspiracy. Compl. at ¶¶ 29–30, 32–33, 54, ECF No. 1. This destruction, which harmed competition in the WWI history market through wrongful and illegal actions, occurred through devaluation of Col. Mastriano's historical work from the scandal created by Gregory's and other Defendants' actions in making fraudulent statements and launching fraudulent investigations during his elections, the reduction of book sales and printing through Gregory's false complaints, and the undermining of Col. Mastriano's academic reputation as a WWI historian. Compl. at ¶¶ 23, 28–34, 36–40, 54, 65, 76–77, ECF No. 1.

### 2.    Complaint Sufficiently Pleads Restraint on Trade Generally

The Complaint alleges a significant international market for WWI history products. Compl. at ¶¶ 73–75, ECF No. 1. Not only were Col. Mastriano's

13

own property and business interests harmed, but also the market for WWI history products itself was naturally harmed by a general restraint on trade of WWI history products through the devaluation and reduction of Col. Mastriano's WWI historical work in this market. Compl. at ¶¶ 23, 56, 65, 71–72, 76, ECF No. 1. This is because the market was deprived of a valuable, high-demand product as a result of Gregory's and other Defendant's illegal, anti-competitive actions rather than legitimate consumer demand. Compl. at ¶¶ 70–76, ECF No. 1. Therefore, as alleged by the Complaint, because of these actions, a fraud was perpetrated on the WWI history product market that unreasonably restrained trade generally in this market. Compl. at ¶¶ 23, 72, ECF No. 1. Further, if this Court finds any insufficiency in alleging general restraint of trade, Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint as set forth below.

### 3. Complaint Sufficiently Defines Market, Showing of Market Control Is Not Required

In order to state a claim for a violation of 15 U.S.C. § 1, the plaintiff must allege facts establishing (1) that the defendant contracted, conspired, or combined (2) in a manner that unreasonably restrains trade in the relevant market. *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027 (10th Cir. 1992). The defendant's control of the market is not an element to a 15 U.S.C. § 1 claim. *See id.* To establish a relevant market, the plaintiff must define the product and geographic markets, defining the former in terms of reasonable

interchangeability and cross-elasticity of demand. In doing so, the defined market must not be underinclusive but must reflect the total demand for the plaintiff's product. *Campfield v. State Farm Mut. Auto Ins. Co.*, 532 F.3d 1111, 1118 (10th Cir. 2008). In *Campfield*, the plaintiff glass repair shop asserting a 15 U.S.C. § 1 claim defined the relevant market as "the State Farm insured repairable windshield repair market, in the geographic area of the United States of America." *Campfield*, 532 F.3d at 1118. In reality, the market was much broader, also including consumers without auto glass coverage. While the claim in *Campfield* differs somewhat in factual context given the defendant's status as a consumer rather than competitor, the court's holding and rationale is instructive. The court held that the plaintiff's market was underinclusive because it failed to include the total market demand for the plaintiff's glass repair business.

Here, Col. Mastriano alleges in the Complaint both the product and geographic markets for his WWI historical product, as he describes the market to be residents, educational institutions, and bookstores located across the globe with concentration in Europe and the United States of America. Compl. at ¶ 75, ECF No. 1. Here, unlike the plaintiff's market definition in *Campfield* which was underinclusive for failure to include the total glass repair market demand, Col. Mastriano's market definition is not underinclusive because it includes the total WWI historical product market demand for Col. Mastriano's historical work product

worldwide. *Campfield*, 532 F.3d at 1118; Compl. at ¶ 75, ECF No. 1. Consequently, Col. Mastriano sufficiently defines the relevant market for his 15 U.S.C. § 1 claim. Further, if this Court finds any insufficiency in defining that market, Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint as set forth below.

### C.    Any Insufficiency in Complaint Alleging Defamation Is Remediable in Amended Complaint

As relevant here, Gregory errantly argues that the Complaint does not sufficiently allege defamation against him because Gregory's only alleged defamatory conduct cannot sustain this claim, actual malice is required and has not been sufficiently alleged, and the OCPA requires dismissal for failure to satisfy the clear and specific evidence standard. The facts as pleaded in the Complaint sufficiently support the defamation claim against Gregory, but to the extent the Court finds any insufficiency in the Complaint's alleging of defamation against Gregory, Col. Mastriano respectfully requests this Court grant him leave to amend the Complaint as set forth below. Once the complaint is amended, Gregory's arguments that the defamation count should be dismissed must fail because the amended complaint will sufficiently allege facts establishing defamation.

### 1.    Any Insufficiency in Alleging Gregory's Specific Defamatory Conduct Is Remediable in Amended Complaint

#### a.    Gregory's conduct precludes barring this action based on OCPA statute of limitations

16

Under the facts alleged in the proposed amendment, Gregory joined with Defendant Brown to speak on a radio show in Harrisburg, PA around July to August 2023, wherein both Defendants made defamatory statements regarding Col. Mastriano and his Ph. D. thesis. *See* Discussion *infra* Section III.1.

Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment that asserts a claim arising out of the same transaction, conduct, or occurrence that was set out or attempted to be set out in the original pleading relates back to the date of that pleading. *Fed. R. Civ. P. 15(c)(1)(B)*.

Here, the defamatory statements by Gregory and Brown were a part of the same transaction and conduct alleged as part of the scheme against Col. Mastriano involving RICO conspiracy, RICO violations, and defamation by Gregory and other Defendants. Further, these statements were made less than one year after the filing of the Complaint on May 31, 2024; therefore, under Federal Rule of Civil Procedure 15(c)(1)(B)'s relation back rule, the OCPA statute of limitations does not bar Col. Mastriano's defamation claim against Gregory.

### b.    Gregory published defamatory statements

Under the well-pleaded facts, affidavit and according to the below request to amend, Gregory himself published defamatory statements around July to August 2023 and continues to do so via world-wide social media. Therefore, his arguments premised on the fact that he did not publish any defamatory statements must fail.

### c. Exhibit 4 Letter's actionability not required for Gregory's liability

According to the below request to amend, Gregory's liability does not depend upon whether the defamatory letter in Exhibit 4 is actionable because Gregory made defamatory statements over radio around July to August 2023 and continues to do so via world-wide social media, for which he is liable.

### 2. Any Insufficiency in Alleging Actual Malice Is Remediable in Amended Complaint

As set forth below in the request to amend, Col. Mastriano will allege with particularity facts that Defendants, including Gregory, acted with actual malice—including but not limited to the making of defamatory statements with knowledge of their falsity. Therefore, Gregory's arguments regarding a failure to show actual malice must fail.

### 3. Exhibit 4 Letter's Actionability As Alleged Is Not Required for Gregory's Liability

As previously stated, according to the below request to amend, Gregory's liability does not depend upon whether the defamatory letter in Exhibit 4 is actionable as an academic matter because he is liable for his own defamatory statements over radio around July to August 2023 and which he continues to do via world-wide social media.

### 4. Any Insufficiency in Meeting OCPA Standard of Proof Remediable in Amended Complaint

For the reasons previously stated and relating to the requested amendment, Gregory's argument must fail because the amended complaint will meet the OCPA standard of proof of clear and specific evidence by establishing the specific contents of all defamatory communications by Gregory and Defendant Brown via radio around July to August 2023 as well as their falsity and his ongoing libel on social media.

In conclusion, the requested amendment to the Complaint will address any insufficiencies raised by Gregory's arguments in his motion to dismiss; therefore, the defamation count should not be dismissed.

## III.    REQUEST FOR LEAVE TO AMEND COMPLAINT

Generally, courts should grant a party leave to amend unless there is a showing that doing so would produce "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). There is no such showing here.

As set forth above in detail below, pursuant to Federal Rule of Civil Procedure 15(a)(2), Col. Mastriano respectfully requests this Court to grant him leave to amend the Complaint after Col. Mastriano's receipt of all Defendants' motions to dismiss to remedy any insufficiencies alleged to be identified by those motions. Doing so

would not produce any of the effects warranting denial of such amendment. Indeed, all parties to date have continued to mutually and respectfully consider each other's requests for consent to extend any necessary briefing deadline. An amendment, therefore, will not prejudice any party.

### 1.    Proposed Amendment of Complaint

In the amended complaint, Col. Mastriano will incorporate the entirety of Declaration of Mastriano, attached hereto as Exhibit 1, and will allege with particularity facts therefrom and from other sources, including but not limited to prior exhibits to responses in opposition and the following. First, the amended complaint will allege that Gregory filed a false complaint with UNB in 2019 which was dismissed as without merit. Ex. 1 at ¶ 5. Second, the amended complaint will allege Defendant Mazerolle made defamatory statements about Col. Mastriano on November 3, 2022 to the American media in an interview. Ex. 1 at ¶ 9. Third, the amended complaint will allege the details of UNB Defendants' handling of Gregory's false complaints from 2022 to 2023 as well as the details of UNB Defendants' opening and closing of investigations into Col. Mastriano's Ph. D. thesis at the heights of his political election campaigns and making such investigations public from 2022 to 2023, interfering with U.S. and Pennsylvania elections. Fourth, the amended complaint will allege that Gregory, along with Defendant Brown, spoke on a radio program in Harrisburg, Pennsylvania from

around July to August 2023 at the height of his front-runner status as U.S. Senate candidate, during which both Defendants joined in making false allegations against Col. Mastriano regarding his Ph. D. thesis investigation and his viewpoints as well as denouncing him personally and professionally as a "fraud," all with actual malice to harm him personally and professionally. Ex. 1 at ¶ 16.

Fifth, the amended complaint will specifically allege details of Defendants' actual malice, including knowledge of their communications' falsity when Defendants made them and continuing to the present to so libel Col. Mastriano on social media. Sixth, the amended complaint will specifically allege details including time, place, manner, and content of all statements, complaints, and other communications by Defendants against Col. Mastriano and how they were false, defamatory, or fraudulent. Seventh, the amended complaint will allege continued publication of false, fraudulent, or defamatory communications by Defendants via website or other means, including Defendant Brown's libel on radio in or about July and/or August 2023 at the height of Col. Mastriano's elections. Eighth, to the extent this Court finds any insufficiency, the amended complaint will allege further details of the injuries sustained as a result of Defendants' conduct, damages, and causation; further definition of the relevant market under 15 U.S.C. § 1; and further details regarding Defendants' unreasonable restraint on trade generally under 15 U.S.C. § 1.

## IV.    CONCLUSION

WHEREFORE, Col. Mastriano respectfully requests that this Court deny Gregory's motion to dismiss because Gregory's arguments do not state grounds for dismissal of Col. Mastriano's claims, and to the extent this Court finds any insufficiency in alleging those claims in the Complaint, such insufficiency can be remedied by granting Col. Mastriano leave to amend the Complaint. Col. Mastriano respectfully requests that this Court grant him leave to amend the Complaint to remedy any insufficiency identified by Defendants in their motions to dismiss, not all of which may have been filed at this time.

Respectfully submitted,

The Cox Law Center, LLC
By:
_____//s//_____
Daniel L. Cox, OKWD Bar 2490
Attorney for Plaintiff
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727
Ph: 410-254-7000
Fx: 410-254-7220
E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify on this 14th day of November, 2024, that a copy of the foregoing was served on counsel of record via CM/ECF.
_____/s/_____
Daniel L. Cox