# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DOUGLAS MASTRIANO,

      *Plaintiff*,

  v.

      **CIVIL ACTION NO.:**

JAMES GREGORY III, *et al.*,

      **5:24-cv-00567-F**

      *Defendants*.

---

## DEFENDANT JAMES GREGORY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS ONE, TWO, THREE, FOUR, AND NINE

---

SARA BERINHOUT*
MA Bar No. 703217
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No.
171622015; CA Bar No. 343028; IA Bar
No. 201452
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
sara.berinhout@thefire.org
greg.greubel@thefire.org
* Admitted *Pro Hac Vice*

ROBERT D. NELON, OBA #6610
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

# TABLE OF CONTENTS

I.    Mastriano Offers No Properly Alleged Fact or Precedent That Can Save His Defamation Claim From Rule 12 and OCPA Dismissal. .............................................1

    A.    Mastriano's Opposition confirms he has no plausible claim for defamation and cannot meet his OCPA burden. ................................................................1

    B.    Mastriano cannot overcome the one-year statute of limitations. ...................3

II.   Mastriano's Opposition Points to No Allegation or Legal Standard That Saves His RICO Claims. ...........................................................................................4

III.  Mastriano's Latest Arguments Only Undermine His Sherman Antitrust Act Claim...6

IV.   The Court Should Reject Mastriano's Request for Leave to Amend, Which Fails on Both Procedural and Substantive Grounds. ................................................................7

    A.    Mastriano did not file a proper Rule 15 motion to amend the pleadings or attach his proposed amended complaint. .......................................................8

    B.    Mastriano's Declaration proves that any amendments would be futile. ........9

CONCLUSION.........................................................................................................9

Defendant James Gregory Jr. moved to dismiss Plaintiff Douglas Mastriano's Strategic Lawsuit Against Public Participation (SLAPP) because neither criticizing a public official nor engaging in historical debate is defamation, a RICO conspiracy, or a Sherman Antitrust Act violation. It is the lifeblood of a healthy democracy, which the First Amendment and Oklahoma Citizens Protection Act (OCPA) squarely protect. The law compels the dismissal of Mastriano's defamation claim (count Nine) under Rule 12(b)(6) and the OCPA and of counts One, Two, Three, and Four under Rule 12(b)(6). Mastriano's efforts to avoid dismissal in his Opposition only highlight the many flaws fatal to his lawsuit:

- For defamation, Mastriano fails to identify any clear and specific evidence showing Gregory made a false statement with actual malice about Mastriano that is not subject to dismissal under the OCPA.

- For RICO, Mastriano fails to satisfy *Twombly* and *Iqbal*'s pleading standard, much less the heightened standard for alleging fraud, and tries to paint regular political activity as RICO violations.

- For the Sherman Antitrust Act, Mastriano claims Gregory unreasonably restrained trade by "promoting his own competing historical work and theory," which turns any logical conception of "anti-competitive conduct" on its head.

Unable to support his conclusory statements with factual allegations, Mastriano seeks to extend the chilling effect of his SLAPP by filing an amended complaint. However, he has already had an opportunity to amend his complaint as of right under Rule 15. And now, he has violated the Local Rules by asking for leave to amend based on a declaration rather than a proposed amended complaint. Even if the Court considers the Declaration, it proves any amendment to the Complaint would be futile, as it lacks specific facts that can survive a motion to dismiss under Rule 12(b)(6) or the OCPA.

I.    **Mastriano Offers No Properly Alleged Fact or Precedent That Can Save His Defamation Claim From Rule 12 and OCPA Dismissal.**

Mastriano fails at every turn to overcome Gregory's Rule 12(b)(6) motion, showing that he cannot state a defamation claim based on protected speech that occurred outside the statute of limitations. Similarly, he has no response to Gregory's OCPA argument, confirming that the Court should dismiss his claim under the OCPA, sanction Mastriano for filing this SLAPP, and award Gregory's costs and attorneys' fees.

A.    **Mastriano's Opposition confirms he has no plausible claim for defamation and cannot meet his OCPA burden.**

Mastriano has no answer for Gregory's showing that the Court should dismiss his defamation claim under Rule 12(b)(6) because it targets academic and historical opinions. *See* ECF 89 at 11–12. Nor could he. The First Amendment shields from defamation claims rhetoric, hyperbole, and other statements on public issues that are not verifiable facts. *E.g.*, *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 398 U.S. 6, 14 (1970). Mastriano also has no answer for his lack of allegations of actual malice, another fatal flaw apparent on the face of the Complaint. *Yates v. Gannett Co., Inc.*, 523 P.3d 69, 77 (Okla. Civ. App. 2022); *see also* ECF 89 at 11. Instead, Mastriano says "he will allege" facts on actual malice only if the Court lets him amend. But as Gregory explains below, the Court should not permit Mastriano to defy the rules and backfill his Complaint with futile allegations. *See infra* Section IV(b).

Likewise, the Court should dismiss Mastriano's defamation claim under the OCPA. Mastriano does not refute Gregory's arguments for OCPA dismissal, let alone meet his OCPA burden to establish each element of his defamation claim with clear and convincing

1

evidence. Okla. Stat. tit. 12 § 1434(C). True, Mastriano attaches a declaration to his Opposition. ECF 110-1. In addition to being procedurally improper,[1] it mostly restates the Complaint's vague and conclusory allegations. At best, it asserts that at some point in July or August 2023, Defendant Brown or Gregory called Mastriano a "fraud" on the radio. ECF 110 at 21; ECF 110-1 ¶ 16. This new assertion, which was available to Mastriano when he filed the Complaint, lacks the specificity necessary to give Gregory "fair notice" of the grounds for any defamation claim by failing to identify basic facts like the publication date or whether it was Gregory or Brown who made the still unknown defamatory statement. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013).

Even more critically, Mastriano's Declaration lacks clear and convincing evidence of actual malice, and, again, the First Amendment protects sharing a rhetorical opinion about a politician from defamation claims. *See Greenbelt,* 398 U.S. at 14. As the Supreme Court held in *Greenbelt*, accusing a politician of "blackmail" was "no more than rhetorical hyperbole." *Id.* So even if Gregory called Mastriano a "fraud" on some unknown radio broadcast, he enjoys First Amendment protection. The Constitution requires politicians try to prove they are not frauds by their public actions, not by filing lawsuits to silence critics.

---

[1] It is improper for Mastriano to attempt to defeat a Rule 12(b)(6) motion based on a declaration outside his Complaint, and the Court should refuse to consider the Declaration when considering Gregory's Rule 12(b)(6) motion. *Shields v. Pro. Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 829–30 (10th Cir. 2022).

**B.** **Mastriano cannot overcome the one-year statute of limitations.**

Mastriano fails to refute Gregory's showing that the one-year statute of limitations bars the defamation claim. *See* ECF 89 at 9–13. In fact, Mastriano fails to identify a statement of Gregory's alleged in the Complaint within the statute of limitations. ECF 110 at 16–19. This provides independent grounds for dismissal under Rule 12(b)(6).

It also warrants dismissal under the OCPA. By establishing Mastriano's failure to comply with the statute of limitations, Gregory has shown "by a preponderance of the evidence each essential element of a valid defense," and the court "shall" thus dismiss the claim. Okla. Stat. tit. 12, § 1434(D); ECF 89 at 22. Mastriano does not even respond to this argument. Instead, his Declaration vaguely asserts Gregory defamed him in a 2023 radio broadcast. ECF 110 at 21; ECF 110-1 ¶ 16. But this new allegation does not appear within the Complaint and thus cannot be properly considered on a motion to dismiss.

Even if the Court considers it, Mastriano still fails to satisfy the relation-back standard, which requires "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The 2023 radio interview does not relate back to the faculty letter—*i.e.*, the only defamatory statement Mastriano's Complaint identifies—because it is not part of the same transaction. Compl. ¶ 125; ECF 1–4; *see also* ECF 89 at 16. The Tenth Circuit has rejected the notion that multiple alleged defamatory statements are a continuous transaction, instead holding "each [alleged defamatory] statement" is a "discrete, potentially actionable occurrence." *McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 710 (10th Cir. 2012), *abrogated on other grounds by United States ex rel. Reed v. KeyPoint*

3

*Gov't Sols.*, 923 F.3d 729 (10th Cir. 2019). Courts nationwide agree. *See Verdi v. Dinowitz*, 133 N.Y.S.3d 567, 568 (App. Div. 2020) (holding relation-back doctrine could not save untimely defamation claims because each alleged defamatory statement is treated as distinct); *TV Azteca, S.A.B. de C.V. v. Trevino Ruiz*, 611 S.W.3d 24, 33 (Tex. App. 2020) (same).

The Court should refuse Mastriano's last-ditch effort to avoid the one-year statute of limitations and dismiss his Complaint with prejudice.

## II.     Mastriano's Opposition Points to No Allegation or Legal Standard That Saves His RICO Claims.

As Mastriano's Opposition confirms, his allegations cannot satisfy *Twombly* and *Iqbal*'s most basic pleading standard, much less the heightened standard for alleging fraud. Unsurprisingly, the two cases Mastriano cites in support of his RICO claims long predate *Twombly* and *Iqbal*'s "plausibility" pleading standard. *See* ECF 110 at 10, 11 (first citing *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002); and then citing *United States v. Hampton*, 786 F.2d 977, 979 (10th Cir. 1986)). And Mastriano ignores Rule 9(b)'s additional "particularity" requirement for pleading fraud, which is "especially crucial" in the RICO context "given the threat of treble damages." *Stinson v. Maynard*, No. 07-CV-387-WFD, 2008 WL 4525399, at *2 (W.D. Okla. Sept. 30, 2008), *aff'd sub nom. Stinson ex rel. U.S. v. Maynard*, 341 F. App'x 413 (10th Cir. 2009) (cleaned up); *see also Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) (discussing Rule 9's specificity requirement in the context of RICO).

Mastriano clarifies that mail and wire fraud are the intended bases of his RICO claims, ECF 110 at 6, but he fails to plead the elements of either. *Tal v. Hogan*, 453 F.3d 1244, 1262–63 (10th Cir. 2006) (requiring plaintiffs to sufficiently plead each element of the predicate offense to bring civil RICO claims). Instead, he directs the Court's attention to Complaint paragraphs 39 and 42, claiming they "specifically state[] that Defendants engaged in multiple acts of mail fraud and wire fraud." ECF 110 at 6. But those conclusory statements—which appear throughout his Complaint—are devoid of any alleged facts and thus doom his RICO claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim . . . .").

Nor does Mastriano properly allege the existence of a RICO enterprise or cite a single case in his Opposition to support his theory. ECF 110 at 7–9. His argument seems to be that it is sufficient to allege defendants had "communicated" in the past and "[i]mplicitly . . . stood to benefit" from "[their] actions" due to "a common partisan political purpose." ECF 110 at 7–9. That is nonsense—the political process is, at its core, communication towards a common purpose. If accepted, every losing candidate would have a RICO cause of action against their competitors, ending political association as we know it. Luckily, that is not the law.

Finally, Mastriano simply repeats his claim that his alleged RICO injury consists of reputational harm that ultimately torpedoed his electability. ECF 110 at 9–10. Not only is it unclear whether "injury to reputation can confer RICO standing" under Tenth Circuit precedent, *Amaya v. Bregman*, 149 F. Supp. 3d 1312, 1321 (D.N.M. 2015) (collecting

cases), but Mastriano offers no allegations to support that *Gregory's* alleged conduct was the proximate cause of Mastriano's election loss. *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (explaining that "to state a claim under civil RICO, the plaintiff is required to show" both "but for" and "proximate caus[ation]" (internal quotations omitted)). Nor could he. Mastriano concedes a more plausible reason for his election performance: He is "unpopular in certain political and academic circles."[2] In a contentious gubernatorial race, Mastriano identifies nothing to suggest voters declined to support him because Gregory questioned his qualifications as a WWI scholar.[3]

Because Mastriano's RICO claim lacks any facts and is premised upon lawful political activity, this Court should dismiss it under Rule 12(b)(6).

## III. Mastriano's Latest Arguments Only Undermine His Sherman Antitrust Act Claim.

Accepting each of Mastriano's factual allegations as true, Gregory's alleged conduct does not fall anywhere near the purview of antitrust law. Tellingly, Mastriano once again fails to cite a single case to suggest otherwise. ECF 110 at 12–14. Instead, he insists Gregory engaged in illegal, anti-competitive conduct "by promoting his own *competing*

---

[2] ECF 110 at 8-9. *See, e.g.*, Chris Cillizza, *Republicans Are Doing Everything They Can to Lose the Pennsylvania Governor's Race*, CNN Politics (Sept. 28, 2022), https://www.cnn.com/2022/09/28/politics/pennsylvania-governor-race-mastriano-republican/index.html.

[3] In an analogous case, in which plaintiffs alleged a "vast conspiracy" to interfere in the 2020 Presidential election, the district court denied plaintiffs' request to file an amended complaint and instead imposed Rule 11 sanctions. *O'Rourke v. Dominion Voting Sys. Inc.*, 552 F. Supp. 3d 1168, 1175 (D. Colo. 2021), *modified on reconsideration*, No. 20-CV-03747-NRN, 2021 WL 5548129 (D. Colo. Oct. 5, 2021).

historical work and theory at the expense of Col. Mastriano's." ECF 110 at 13 (emphasis added). But competition is not anti-competitive. And "devaluation of Col. Mastriano's historical work," "reduction of [his] book sales," and "undermining of [his] academic reputation as a WWI historian," ECF 110 at 13, are simply not cognizable harms under antitrust law. *See, e.g.*, *Buccaneer Energy (USA) Inc. v. Gunnison Energy Corp.*, 846 F.3d 1297, 1310 (10th Cir. 2017) (noting that antitrust laws are, by design, "concerned with effects on consumers rather than competitors"). Mastriano's inversion of "anti-competitive," found throughout his Complaint and Opposition, undermines it more than this Reply ever could.

No court has ever agreed with Mastriano's theory that conduct that "devalu[ing] and reduc[ing]" demand for a product in the marketplace constitutes an unreasonable restraint on trade. ECF 110 at 14. This Court should decline Mastriano's invitation to be the first. Rather, it should dismiss his antitrust claim under Rule 12(b)(6).

## IV. The Court Should Reject Mastriano's Request for Leave to Amend, Which Fails on Both Procedural and Substantive Grounds.

Lacking the factual basis to avoid dismissal, Mastriano asks this Court for leave to amend under Rule 15(a)(2), claiming he can cure "any deficiencies alleged to be identified" by the motions to dismiss. ECF 110 at 19. This comes after Mastriano missed not one but five opportunities to amend his complaint as of right under Rule 15(a)(1)(B), following each defendant's motion to dismiss. ECF 12, 66, 85, 89, 105. Still, Mastriano fails to comply with the Federal Rules of Civil Procedure and Local Rule 15.1.

**A.     Mastriano did not file a proper Rule 15 motion to amend the pleadings or attach his proposed amended complaint.**

To start, Mastriano defies Rule 15's prohibition against requesting leave to amend in a brief opposing dismissal, so the Court should reject his request for that reason alone. *Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1231 (10th Cir. 2015); *Davison Design & Dev., Inc. v. LeadVision Media, LLC*, No. CV-14-118-F, 2014 WL 12844157, at *5 (W.D. Okla. July 30, 2014) (Friot, J.). Mastriano also fails to comply with LCvR 15.1, which requires parties seeking leave to amend a pleading to attach the proposed pleading as an exhibit. If the court grants leave to amend, the movant must file the same pleading, unaltered. But Mastriano's Declaration (ECF 110-1) is not a proposed pleading. His clear disregard for these rules is also grounds to deny his request. *West v. Chaparral Energy, LLC*, No. CIV-16-264-F, 2018 WL 8264627, at *5 (W.D. Okla. Aug. 13, 2018) (Friot, J.).

Mastriano's disregard for the rules underscores why his lawsuit is a SLAPP ripe for swift dismissal. At bottom, Mastriano is doing no more than shotgun pleading, piling up general allegations with minimal effort to distinguish one defendant's actions from another. Shotgun pleading is common in SLAPPs, where the purpose of litigation is not to succeed on the merits but to silence critics through the threat of protracted and costly litigation. And the Tenth Circuit has rejected the practice for decades. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (explaining the "law recognizes a significant difference between notice pleading and 'shotgun' pleading").

**B.    Mastriano's Declaration proves that any amendments would be futile.**

Not only does Mastriano disregard procedural rules, nothing in his Opposition or Declaration suggests any amendment to his Complaint would cure its infirmities. Although Mastriano nods at the deficient areas he intends to amend, his Opposition and supporting Declaration do little more than repeat the same conclusory statements from his Complaint. *See, e.g.*, ECF 110-1 at 1–3 (referring repeatedly to Gregory's "malicious" and "false" statements without specifying *what* such statements Gregory is alleged to have made or offering facts to support a finding of actual malice); ECF 110 at 6 (asserting that "the Complaint specifically states that Defendants engaged in multiple acts of mail fraud and wire fraud," while neither the Complaint nor subsequent documents make any attempt to plead the *elements* of mail or wire fraud).

Thus, instead of "specify[ing] the new factual allegations that would correct the defects" in his complaint, *Carroll*, 805 F.3d at 1231, Mastriano relies on a vague offer to "incorporate the entirety of [his] Declaration" into an amended complaint and "allege with particularity facts therefrom and from other sources," ECF 110 at 20. That offer makes clear that Mastriano has no facts to cure his deficient claims and strained legal theories. The Court should not permit him to amend the Complaint and instead dismiss his claims with prejudice.

**CONCLUSION**

Mastriano's latest arguments underscore that he has no intention of succeeding on the merits of his claims. Under such circumstances, granting Mastriano leave to amend is

futile and risks further incentivizing plaintiffs to do what Mastriano did here: Bring a SLAPP to intimidate his critics into silence. The Court should dismiss Mastriano's lawsuit.

Respectfully submitted,

*/s/ Sara Berinhout*

SARA BERINHOUT*
MA Bar No. 703217
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No.
171622015; CA Bar No. 343028; IA Bar
No. 201452
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
sara.berinhout@thefire.org
greg.greubel@thefire.org

ROBERT D. NELON, OBA #6610
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

* Admitted *Pro Hac Vice*

Date: November 22, 2024