UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-567-F |
| | ) |
| JAMES GREGORY, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# DEFENDANT ROLAND KUHN'S
# REPLY BRIEF SUPPORTING HIS MOTION TO DISMISS

Callan G. Stein (*admitted pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
High Street Tower
125 High Street, 19th Floor
Boston, MA 02110
callan.stein@troutman.com

- and -

Matthew J. Lund (*admitted pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
4000 Town Center, Suite 1800
Southfield, MI 48075
248.359.7300
matthew.lund@troutman.com

Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
T: (405) 235-5500
F: (405) 235-2875
Email: gdemilio@gablelaw.com

- and -

R. Trent Shores, OBA No. 19705
Barrett L. Powers, OBA No. 32485
**GABLEGOTWALS**
110 N. Elgin Ave., Ste. 200
Tulsa, Oklahoma 74120-1495
Telephone (918) 595-4800
Facsimile (918) 595-4990
Email: tshores@gablelaw.com
          bpowers@gablelaw.com

*Attorneys for Defendant Roland Kuhn*

I.  **PERSONAL JURISDICTION**

The question of whether personal jurisdiction is appropriate depends upon the claim. Claims subject to a diversity analysis are analyzed differently than claims subject to a federal question analysis. *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015). There is no basis on which jurisdiction over Dr. Kuhn is proper for Counts Three and Four (Sherman Act) and Nine (Defamation). Kuhn Mot. to Dismiss ("Motion"), pp. 6–12 [Dkt. 105]. Plaintiff appears to concede this, as he offers nothing in his Response to support an assertion of personal jurisdiction in relation to those claims. Plaintiff argues only that jurisdiction is appropriate as to Counts One and Two (Civil RICO claims), and upon co-conspirator allegations.

A.  **Plaintiff's Federal Question Analysis Fails.**

The analysis of whether jurisdiction is proper under RICO is comprised of two assessments: (1) whether the ends of justice require exercising jurisdiction over one defendant where personal jurisdiction is established over another; and, (2) whether an exercise of jurisdiction under those circumstances comports with due process.

To meet his burden on the first prong, Plaintiff must point to facts in his Complaint supporting that the "ends of justice" requires jurisdiction. *Hart v. Salois*, 605 F. App'x 694, 699 (10th Cir. 2015). General allegations do not suffice. *Id*. In his Response, Plaintiff points to no facts to support his position, and instead sets forth a conclusory argument that the ends of justice support an exercise of jurisdiction because Congress "enable[d] plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." Pl.'s Resp. Br. ("Response"), p. 11 [Dkt. 120]. Plaintiff fails on this first prong of the

analysis.

Plaintiff's due process arguments are similarly unpersuasive. As an initial matter, Plaintiff relies on an incorrect set of factors, citing those utilized in a diversity analysis. The Tenth Circuit set forth the factors to be considered in the federal question analysis in *Klein,* and they differ from those Plaintiff analyzes here. *Compare Klein*, 786 F.3d at 1318, *with* Response, p. 13 [Dkt. 120].

There is a degree of crossover among two of the relevant factors. However, even as to those, Plaintiff's arguments fail. First, on the issue of burden, Plaintiff appears to concede the point. Instead of refuting Dr. Kuhn's burden arguments, Plaintiff makes a half-hearted argument that burden should not properly be a part of the analysis. Response, p. 13 [Dkt. 120]. Where, as here, a defendant is from another country, considerations of burden are not only a relevant part of the analysis, but the relevance is "heightened[,] and 'great care and reserve should be exercised' before personal jurisdiction is exercised over the defendant." *OMI Holdings, Inc. v Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (citing *Asahi Metal Indus. Co. v Superior Ct. of Cal.*, 480 U.S. 102, 114 (1987)). Plaintiff offers nothing to meet this heightened scrutiny.

The only other applicable factor Plaintiff analyzes is judicial economy. *Klein*, 786 F.3d at 1318; Response, p. 14 [Dkt. 120]. Plaintiff's only argument on this factor is that "America as a whole" has an interest in pursuing RICO violations. *Id*. Be that as it may, the interest of "America as a whole" says nothing about judicial economy in relation to the adjudication of this claim in the state of Oklahoma. As discussed in Dr. Kuhn's Motion, with only one of twenty-seven defendants formerly residing in Oklahoma, considerations

of judicial economy do not point to jurisdiction in this Court. While the other factors Plaintiff assesses are irrelevant to the analysis, they are unpersuasive for the reasons set forth in Dr. Kuhn's principal brief. Motion, pp. 10–12 [Dkt. 105].

Finally, what is notably absent from Plaintiff's analysis is a direct argument related to Dr. Kuhn's contact with the forum state, which is the first of the factors the Court is to consider. *Klein*, 786 F.3d at 1318. As discussed in Dr. Kuhn's principal brief, the complete absence of interaction between Dr. Kuhn and Oklahoma mandates dismissal here.

**B.     Jurisdiction Upon Co-Conspirator Allegations is Improper.**

As discussed in Dr. Kuhn's principal brief, a plaintiff cannot establish jurisdiction by merely alleging conspiracy: he still must show minimum contacts with Oklahoma. *Melea Ltd. v. Jawar SA*, 511 F.3d 1060, 1070 (10th Cir. 2007). Plaintiff fails to do so. Plaintiff acknowledges the evidence submitted by Dr. Kuhn to show that the acts attributed to him in the Complaint (the Abstract and Symposium) were not directed to Oklahoma, and he responds only that the Court must accept Plaintiff's allegations as true. Response, p. 15 [Dkt. 120]. Plaintiff is incorrect. Dr. Kuhn has submitted evidence showing the actions attributed to him were not directed toward Oklahoma. In response Plaintiff may not succeed merely by resting on his allegations. It is a Plaintiff's burden to affirmatively establish jurisdiction. *OMI Holdings*, 149 F.3d at 109. Where a Rule 12(b)(2) motion is resolved upon written submissions, Plaintiff must make a prima facie showing of personal jurisdiction, "demonstrating via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* Plaintiff offers no such evidence here.

Plaintiff then seeks to distance himself from the only allegations in the Complaint

that relate to acts he attributes to Dr. Kuhn, asserting that "the most important facts in proving jurisdiction are not the Abstract or the Symposium." Response, p. 15 [Dkt. 120]. As to what those other facts may be, Plaintiff makes a vague reference: "false complaints with the UNB and possibly other acts like false statements on the press in OK." *Id*. Whatever that assertion may mean, if Plaintiff seeks to base personal jurisdiction upon it, he was required to submit evidence in support of it with his Response. He has not done so.

Finally, Plaintiff makes a request for leave to amend his Complaint, referencing a proposed Amended Complaint, but none is attached. Proposed pleading or not, the issue at this stage is not one that can be corrected by amendment. To survive this Motion, Plaintiff was required to submit evidence to support his allegations, and he has not done so. Plaintiff's claim must be dismissed.

## II.   SERVICE OF PROCESS

Rule 4(f) sets forth the means by which Plaintiff may properly serve an individual in a foreign country. Making the Complaint available via the Court's electronic filing system (Response, p. 16) is not a cognizable means of service. *See* Fed. R. Civ. P. 4(f).

## III.   RICO AND SHERMAN ACT STANDING

In his principal brief, Dr. Kuhn articulated why Plaintiff lacks standing to bring claims under RICO and the Sherman Act—namely, because those statutes contain enhanced standing requirements, which he does not and cannot meet here. Motion, pp. 17–19 [Dkt. 105]. Plaintiff's sole response is that he has standing "as established and outlined in Article III of the United States Constitution." Response, p. 16 [Dkt. 120]. But as Dr. Kuhn has already explained, Article III standing is insufficient; Plaintiff must establish

standing under RICO and the Sherman Act. Thus, Plaintiff's exclusive citation to and reliance upon the three familiar requirements of Article III standing—(1) injury-in-fact; (2) traceability to the alleged unlawful conduct; and (3) redressability by the courts—does not address Dr. Kuhn's entitlement to dismissal for lack of RICO/Sherman Act standing, and is tantamount to an admission that Plaintiff cannot satisfy the applicable enhanced standing requirements.

It is black letter law in the Tenth Circuit that both RICO and the Sherman Act contain standing requirements that are more "rigorous" than the typical Article III standing on which Plaintiff relies. In his principal brief, Dr. Kuhn cited the Tenth Circuit's decision in *Tal v. Hogan,* 453 F.3d 1244 (10th Cir. 2006), which could not have been clearer on this point. In affirming the dismissal of Sherman Act and RICO claims for lack of standing, the Court highlighted those statutes' enhanced standing requirements beyond what is required by Article III:

> In order to have standing under Article III of the Constitution, a plaintiff must allege an "injury-in-fact." However, the standing requirements in the antitrust context are *more rigorous* than that of the Constitution. Thus, "[h]arm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact, but the court must make *a further determination* whether the plaintiff is a proper party to bring a private antitrust action . . . [L]ike the Sherman Act, standing for private individuals under RICO requires a plaintiff to have "been injured in his business or property by the conduct constituting the violation"

*Id.* at 1253 (emphasis added).

Plaintiff's sole reliance on Article III standing is misplaced. Plaintiff does not, because he cannot, even argue that he satisfies the enhanced RICO and Sherman Act standing requirements, thereby admitting those claims should be dismissed.

5

## IV. FAILURE TO STATE A CLAIM

### A. Plaintiff Admits There Is No RICO "Racketeering Activity."

In his principal brief, Dr. Kuhn established Plaintiff does not allege any conduct that constitutes "racketeering activity" as defined by RICO—*i.e.,* he does not allege any violations amongst those Congress enumerated in § 1961(1). Motion, pp. 20–22 [Dkt. 105]. Once again, it is black letter law in the Tenth Circuit that conduct not appearing on the list of violations Congress enumerated in § 1961(1) does not constitute "racketeering activity" and cannot support a RICO claim. *Dalton v. City of Las Vegas,* 282 F. App'x 652, 654–55 (10th Cir. 2008).

In his Response, Plaintiff does nothing to refute this argument. He does not, as one might expect, offer even a single citation to a specific paragraph of his Complaint where he alleges conduct falling within one of the enumerated violations in § 1961(1) that could constitute "racketeering activity." To the contrary: Plaintiff in fact doubles down on allegations clearly falling *outside* that definition. He states only that Dr. Kuhn allegedly "aided the co-defendants in calling into question the truthfulness and validity of [Plaintiff's] book" and "made false and fraudulent media claims." Response, p. 19 [Dkt. 120]. Neither constitutes "racketeering activity." And beyond that, "[s]imply listing a litany of offenses allegedly committed by defendants, without any specification as to which acts . . . qualify as § 1961 predicate acts . . . is insufficient to state a RICO claim." *Dalton,* 282 F. App'x at 655. Plaintiff's Response serves only to confirm that he does not and cannot state a claim for RICO—and, thus, why dismissal is warranted and appropriate here.

### B. Plaintiff Admits There Is No Sherman Act "Antitrust Injury."

In his principal brief, Dr. Kuhn likewise established Plaintiff does not allege an "antitrust injury," as required to state a claim under the Sherman Act. Motion, pp. 26–27 [Dkt. 105]. Rather than asserting an "antitrust injury," Dr. Kuhn argued, Plaintiff merely asserts a series of *personal* injuries, which are excluded. *See Tal*, 453 F.3d at 1253.

Once again, Plaintiff's Response does nothing but confirm this is a proper ground on which the Court should dismiss his claim. As was the case with his lack of "racketeering activity" allegations, Plaintiff does not cite any paragraphs in his Complaint in which he purports to allege an "antitrust injury," but instead doubles down on his alleged *personal* injuries—namely, his allegation that he was unable to "compete in the free market . . . to monetize his life's work." Response, p. 21 [Dkt. 120]. Far from being an "antitrust injury," this is actually a textbook *personal* injury, of the type that is not compensable under the Sherman Act. Indeed, the U.S. Supreme Court is clear that the Sherman Act was enacted for "the protection of *competition,* not *competitors.*" *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 338 (1990). And courts within the Tenth Circuit have applied *Atlantic Richfield* to dismiss Sherman Act claims that, like Plaintiff's, purport to be premised on a *personal* inability to "compete." *See, e.g., Bushnell Corp. v. ITT Corp.,* 973 F. Supp. 1276, 1285 (D. Kan. 1997) ("The logical and stated result of such conduct is plaintiff's inability to compete further in the market. Such injury *is not an antitrust injury*, however, because it does not affect competition in the market generally." (emphasis added)).

### C. Dr. Kuhn Is Entitled to Dismissal and Costs/Fees Per the OCPA.

In his principal brief, Dr. Kuhn invoked the substantial protections of the Oklahoma

7

Citizens Participation Act ("OCPA"), which the Oklahoma Legislature passed to preserve sacrosanct individual rights and to prohibit precisely the type of non-meritorious lawsuit Plaintiff has brought against Dr. Kuhn. Motion, pp. 27–28 [Dkt. 105]. Yet again, in his Response Plaintiff offers nothing by way of refutation or justification for his actions. This is fatal to Plaintiff's claim given that, under the OCPA's burden-shifting framework, it is now incumbent upon Plaintiff to establish by "clear and specific evidence" his prima facie case for defamation. *Id.* at 28. Plaintiff offers no "clear and specific evidence." He does not even identify specific paragraphs of his Complaint where he claims to have even *alleged* the necessary elements of defamation. Response, pp. 22–24 [Dkt. 120].

At most, Plaintiff seems to argue that Dr. Kuhn, as a Canadian citizen, is not entitled to protection under the OCPA because he does not have First Amendment rights. *Id.* at 22. Of course, Plaintiff makes this assertion without citation to *any* authority. None exists. The OCPA contains no such requirement. To the contrary, by its explicit terms the OCPA does *not* define its protections by reference to the First Amendment. Rather, the OCPA applies to legal actions based on "a party's exercise of the right of free speech." 12 O.S. § 1432(A). Under the OCPA, however, the "exercise of the right of free speech" is not limited to First Amendment rights (as Plaintiff seems to argue). Rather, the OCPA defines the phrase "exercise of the right of free speech" far more broadly, as "a communication made in connection with a matter of public concern." 12 O.S. § 1431(3).

Dr. Kuhn has carried his burden to establish the application of the OCPA here. Plaintiff has failed to carry his burden to refute it. Thus, Dr. Kuhn is entitled to dismissal, and he is likewise entitled to recover his "costs, reasonably attorney fees, and other

8

expenses," as the OCPA provides. 12 O.S. § 1438(A)(1).

### D.    Plaintiff Cannot Cure These Deficiencies By Amending

Finally, in his Response Plaintiff requests leave to amend his Complaint. Response, pp. 24–25 [Dkt.120]. But Tenth Circuit precedent is unequivocal: this kind of "drive-by request[] to amend" is insufficient to warrant leave. *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020); *see also Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021). Plaintiff's request also fails to comply with LCvR 15.1, which requires a party seeking leave to file a *separate* motion containing certain, enumerated representations, and to "attach the proposed pleading as an exhibit to the motion." Plaintiff has done neither. Abiding Rule 15.1 is critical, as it enables the Court to assess, *inter alia*, whether an amendment would be futile. *Cf. Castanon v. Cathey*, No. CIV-18-537-R, 2019 WL 13133361, at *8 (W.D. Okla. Sept. 6, 2019), *aff'd*, 976 F.3d 1136 (10th Cir. 2020); *Van Baugh v. Transamerica Life Co.*, No. CIV-21-700-SLP, 2021 WL 6200630, at *2 (W.D. Okla. Nov. 30, 2021). The Circuit has affirmed denials of leave based on failures to follow this and similar rules. *See, e.g., Castanon*, 976 F.3d at 1144–45; *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

Moreover, Plaintiff cannot cure the myriad deficiencies—outlined in Dr. Kuhn's principal brief and above—by repleading. There are no facts Plaintiff can truthfully plead to state a claim for the relief he seeks against Dr. Kuhn. Thus, any amendment by him would be futile, and his request to amend should not stand in the way of the Court dismissing his claims against Dr. Kuhn with prejudice. *See, e.g., Cohen v. Clemens,* 321 Fed. App'x 739, 741 (10th Cir. 2009).

## V.     CONCLUSION

For the reasons stated above and in Dr. Kuhn's principal brief, the Court should dismiss Plaintiff's Complaint against Dr. Kuhn with prejudice.

Dated: December 13, 2024                    Respectfully submitted,

*/s/Gerard M. D'Emilio*
Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
T: (405) 235-5500
F: (405) 235-2875
Email: gdemilio@gablelaw.com

-and-

R. Trent Shores, OBA No. 19705
Barrett L. Powers, OBA No. 32485
**GABLEGOTWALS**
110 N. Elgin Ave., Ste. 200
Tulsa, Oklahoma 74120-1495
Telephone (918) 595-4800
Facsimile (918) 595-4990
Email: tshores@gablelaw.com
bpowers@gablelaw.com

-and-

Callan G. Stein (*admitted pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
High Street Tower
125 High Street, 19th Floor
Boston, MA 02110
callan.stein@troutman.com

-and-

Matthew J. Lund (*admitted pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
4000 Town Center, Suite 1800
Southfield, MI 48075
248.359.7300
matthew.lund@troutman.com

***Attorneys for Defendant Roland Kuhn***

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

*/s/ Gerard M. D'Emilio*
Gerard M. D'Emilio