# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES GREGORY III, *et al.*,<br><br>*Defendants*. | **CIVIL ACTION NO.:**<br>**5:24-cv-00567-F** |

## DEFENDANT JAMES GREGORY'S RESPONSE IN OBJECTION TO PLAINTIFF'S MOTION TO AMEND PLEADINGS

Pursuant to this Court's January 21, 2025 Order (ECF 128), Defendant James Gregory objects to Plaintiff's Motion to Amend Complaint, ECF 126.

**INTRODUCTION**

After months of litigation and briefing on *six* motions to dismiss, Plaintiff Douglas Mastriano seeks to extend this speech-punishing Strategic Lawsuit Against Public Participation by adding years-old factual allegations and a new meritless claim. This Court should not permit him to do so because Mastriano provides no justification for the undue delay in seeking to add alleged facts he knew (or should have known) when he initially filed his complaint.

The Court should also not permit him to amend for the independent reason that his motion is procedurally flawed in merely serving as a sur-reply opposing Defendants' motions to dismiss, instead of showing how amendments can cure the complaint's many deficiencies. In any event, the proposed amendments are futile, as they lack merit and do nothing to further Mastriano's already tenuous theories of liability. Worse, allowing these futile amendments would prejudice Defendants by necessitating yet another round of motions to dismiss and extending the chill on Defendant Gregory's First Amendment rights to share his opinion about a public official's scholarship.

For these reasons, the Court should deny Mastriano's motion to amend, grant Defendants' motions to dismiss, and affirm that the First Amendment and the Oklahoma Citizen Protection Act do not permit such harassing claims based on good faith debate.

**I.    Mastriano's Unexplained Delay Alone Justifies Denying His Motion to Amend.**

Justice does not require leave to amend here because Mastriano has no good explanation for his delay in seeking to amend. *Lundahl v. Pennsylvania Mfrs. Ass'n Ins. Co.*, No. CIV-09-1186-F, 2011 WL 13185814, at *3 (W.D. Okla. Feb. 2, 2011) (Friot, J.),

1

*aff'd sub nom*. *Lundahl v. Pennsylvania Mfg. Ass'n Ins. Co.*, 440 Fed. Appx. 629 (10th Cir. 2011). Importantly, the Court can dispose of Mastriano's motion to amend based solely on undue delay. *Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020) (unexplained delay alone justifies denying a motion to amend).[1]

It is inexplicable that Mastriano does not justify his delay, as all his proposed amendments concern events that occurred months, if not years, before Mastriano filed his original complaint. The 2022 article in *The Independent* he references, in which Gregory criticized the quality of Mastriano's scholarship on Alvin York, was published more than two years before Mastriano sued Gregory. ECF 126-1, ¶ 32. Mastriano's proposed allegations about a 2023 investigation into his Ph.D. thesis and an alleged interview with Defendants Brown and Gregory in August 2023 are no fresher. ECF 126-1 ¶¶ 35–40, 52, 136. And there is no question Mastriano knew about them, because he included these allegations in his procedurally improper declaration opposing the motions to dismiss his original complaint. Compare ECF 126-1 ¶ 35–40, 52, 136, with ECF 110-1 ¶ 8–17.

Mastriano's motion thus fails because it does not explain why he did not "know[] or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the original complaint," including why he could not have known the alleged facts in May 2024. *Muller v. Culbertson*, 408 Fed. Appx. 194, 197 (10th Cir. 2011) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir.1993)).

---

[1] Although Defendants would be prejudiced if Mastriano were permitted to amend, *see infra* § IV, Mastriano's unexplained delay means that "prejudice to the opposing party need not also be shown." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

## II. Mastriano's Motion Is Procedurally Improper Because He Rehashes Arguments Opposing Defendants' Motions to Dismiss.

Mastriano also improperly seeks in the guise of a motion to amend to submit a sur-reply opposing Defendants' motions to dismiss, such that the Court should strike those additional arguments. *Isomedia, Inc. v. Spectrum Direct, Inc.*, No. C08-1733JLR, 2009 WL 10676390, at *2 n.1 (W.D. Wash. Mar. 26, 2009) (striking "improper additional argument on the motion to dismiss" included in a motion for leave to amend). Mastriano devotes little of his motion to explaining why amendment would cure the deficiencies Defendants identified in their motions to dismiss—which Mastriano should have addressed by amending as of right under Rule 15(a) over five months ago when the University Defendants filed the first motion to dismiss. ECF 12. Instead, he dedicates more effort to arguing the Court should not dismiss the original complaint, in an "improper attempt to file a sur-reply relative to the motions to dismiss." *Murillo v. Conagra Brands, Inc.*, No. 3:24 CV 883, 2024 WL 4544327, at *6 (N.D. Ohio Oct. 22, 2024). Because his motion fails to explain why the amendments would cure the complaint's many deficiencies, this Court should strike all arguments concerning the original complaint and deny the motion to amend.

## III. Mastriano's Proposed Amendments Are Futile.

The Court should also deny Mastriano's motion to amend because his amendments are futile insofar as "the complaint, as amended, would be subject to dismissal." *Lundahl*, 2011 WL 13185814, at *3. The amended complaint is nearly identical in substance to the original as to Mastriano's defamation, Sherman Act, and RICO claims, and, thus, ripe for

3

dismissal under Rule 12(b)(6) and the OCPA for the reasons Gregory gave in support of dismissal, which he incorporates by reference here. ECF 89, 111.

Mastriano's newly proposed false light invasion of privacy claim is also subject to OCPA dismissal, as it largely restates his defamation claim and fails for the same reasons. First, "essential to both a false light privacy claim and a defamation claim is … that 'the matter published concerning the plaintiff is not true.'" *Rinsley v. Brandt*, 700 F.2d 1304, 1307 (10th Cir. 1983) (quoting Restatement (Second) of Torts § 652E comment a, at 395). Yet the speech on which Mastriano bases the claims involves a non-actionable matter of academic debate, which as an expression of opinion cannot be false. *Id*. Indeed, "under the First Amendment there is no such thing as a false idea." *Id*. (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40 (1974)).

Second, Mastriano continues to fail to allege actual malice, the First Amendment guardrail for public debate that Oklahoma law expressly extends to public figures suing for false light. *Talley v. Time, Inc.*, 923 F.3d 878, 895 (10th Cir. 2019). His bald statement that the "Defendants," collectively, "knew and/or acted in reckless disregard as to the falsity of the publicized matters and the false light in which they placed Col. Mastriano," ECF 126-1 at 148, is a legal conclusion the Court need not credit. *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 116 (10th Cir. 2021). And the sole fact Mastriano musters to support actual malice for his false light and defamation claims—that the University of New Brunswick declined to act on Gregory's initial letter—is insufficient to "nudge[] [his] claim[] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That's because the University's alleged decision not to investigate issues

Gregory flagged in Mastriano's book in 2019 says nothing about the merits of Gregory's second letter, which identified two-hundred-plus erroneous citations in Mastriano's thesis. ECF 126-1 at 32. Nor does it say anything about Gregory's subjective mental state—the *sine qua non* of actual malice—when he wrote the letter.

Mastriano's false light claim is thus subject to dismissal under OCPA because, as with defamation, everything underlying the claim involves protected speech about a public official's book. *See* ECF 89 pp. 14–16. Tacking on a threadbare false light count cannot rescue the complaint, and the Court should deny leave to amend to add this futile claim.

## IV. Mastriano's Proposed Amendments Are Prejudicial.

While Defendant Gregory is not required to demonstrate prejudice for the Court to deny the current motion, Mastriano's "strategic gamesmanship" of seeking leave to amend after the parties fully briefed motions to dismiss is prejudicial. *Llacua v. Western Range Association*, 930 F.3d 1161, 1189 (10th Cir. 2019). As the Tenth Circuit has recognized, a defendant is prejudiced where the plaintiff, like Mastriano, attempts to make the complaint a moving target requiring multiple rounds of briefing. *Id.*

In *Llacua*, the Tenth Circuit affirmed the district court's denial of a motion by the plaintiff to file a third amended complaint because the plaintiff, like here, failed to explain his delay in amending. *Id.* The Tenth Circuit held permitting the amendments would be prejudicial due to "the significant expenditure of resources on the part of the defendants *and the judiciary* in responding to three previous iterations of the [plaintiffs'] complaint." *Id.* (italics in original). In a similar case, the district court denied a motion to amend, noting it would "not allow additional delay and prejudice to [defendant] in the form of litigating

5

another motion to dismiss …." *Paul v. Wyoming Auto Invs., LLC*, No. 19-CV-251-ABJ, 2020 WL 13048952, at *3 (D. Wyo. Aug. 24, 2020).

As these cases demonstrate, Defendants would suffer prejudice if the Court permits Mastriano to simply restart the motion to dismiss briefing based on amendments that cannot save his meritless complaint. Although this is Mastriano's first motion to amend, he had several opportunities to amend his complaint as of right, so his choice not to do so weighs against permitting amendments to simply drag out the litigation to prejudice the defendants. *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) (finding "Plaintiff's decisions, over and again, to stand by the sufficiency of her allegations despite numerous opportunities to amend her allegations 'as a matter of course' even when repeatedly pressed with the same arguments for dismissal" weighed against leave to amend). And Defendant Gregory would be especially prejudiced by extending this litigation because it is chilling his First Amendment right to share opinions about Mastriano's scholarship. This Court should therefore deny the request to amend.

## CONCLUSION

Oklahoma enacted the OCPA because of "an increasing tendency by parties with substantial resources to file meritless lawsuits against legitimate critics, with the intent to silence those critics by burdening them with the time, stress, and cost of a legal action." *Krimbill v. Talarico*, 2018 OK CIV APP 37, ¶ 7, 417 P.3d 1240, 1245 (Okla. Civ. App. 2017). Even after Defendant Gregory invoked the protections of the OCPA, Mastriano seeks this Court's permission to further exploit the legal process by introducing years-old facts and a claim that lacks merit. He fails to provide any justification for the significant

delay in these amendments, instead attempting to reargue the motion to dismiss under a pretext of seeking to amend. This Court should deny Mastriano's motion, grant Defendants' motions to dismiss, and affirm the First Amendment and OCPA do not permit such harassing claims that target good faith debate.

Respectfully Submitted,

/s/ Greg H. Greubel

SARA BERINHOUT*
MA Bar No. 703217
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015; CA Bar No. 343028; IA Bar No. AT00157474
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
sara.berinhout@thefire.org
greg.greubel@thefire.org

Robert D. Nelon, OBA #6610
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

* Admitted *Pro Hac Vice*

Date: January 27, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 27th day of January, 2025, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

*/s/ Greg H. Greubel*
Greg H. Greubel