## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO | |
| *PLAINTIFF*, | Case No.: 5:24-cv-00567-F |
| v. | Assigned to the Hon. Stephen P. Friot |
| JAMES GREGORY, III, *et al.*, | **CERTAIN DEFENDANTS'** |
| *DEFENDANTS.* | **OBJECTIONS AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

NOW COME Defendants the University of New Brunswick ("UNB," identified in the Complaint as "University of New Brunswick, Canada"), Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke (identified in the Complaint as Elizabeth Mancke), Janet Mullin, Angela Tozer, Margaret MacMillan, Robert Bothwell, and John Ferris (the "Moving Defendants"), and, for their opposition to the Motion to Extend Time to File Motion for Leave to Amend Complaint (the "Motion," Doc. # 126) filed by Douglas Mastriano ("Plaintiff"), state as follows:

## I.    Introduction and Overview of the Argument

This case is about a dispute over the credibility of Plaintiff's academic research that should be resolved by an educational committee.  Unfortunately, Plaintiff decided to file a lawsuit and thereby forced the defendants to incur the time, effort, and expense to file motions to dismiss.  Instead of dismissing his case or amending his vague and conclusory complaint (the "Complaint"), Plaintiff has stood on his allegations.

The Moving Defendants' motions to dismiss have been fully briefed for months. Presumably recognizing that the issues raised in the motions to dismiss are fatal to Plaintiff's claims, Plaintiff belatedly seeks leave to amend his Complaint. Amending Plaintiff's pleading now would be untimely, prejudicial, and futile. Accordingly, the Moving Defendants respectfully ask that the Motion be denied.

## II.    Procedural Background

Plaintiff filed this action on May 31, 2024. On August 6, 2024, Defendants UNB, Mazerolle, MaGee, Rendall, Brown, Brown, Dutcher, Kennedy, Morton, Sears, Windsor, Hunt-Kennedy, MacDonald, Mullaly, Todd, Corke, Huskins, the Estate of Elizabeth Mancke, and Tozer (the "University Defendants") filed a Motion to Dismiss. (Doc. # 12).

Rather than amending the Complaint, on September 13, 2024, Plaintiff elected to file an opposition brief. (Doc. # 81). In support of his opposition to the University Defendants' Motion to Dismiss, Plaintiff submitted a Declaration (Doc. # 81-2) containing new allegations that did not appear in the original Complaint, which Plaintiff suggested that the Court consider alongside the allegations of his original Complaint. (Doc. # 81 at ECF p. 26). Plaintiff's opposition also asked that Plaintiff be permitted to amend his pleading if the Court found any deficiencies in his pleading. (Doc. # 81 at ECF p. 42-43).

However, at the time he filed his opposition to the University Defendants' Motion to Dismiss on September 13, 2024, Plaintiff did not actually file a motion to amend his pleading. Opposing dismissal while adding a request to amend is not adequate to preserve a request for leave to amend the pleading. *Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, 79 F.4th 1209, 1230 (10th Cir. 2023). Accordingly,

the University Defendants were forced to continue incurring the time, effort, and expense of further briefing their Motion to Dismiss.  On September 27, 2024 (four months ago), the University Defendants filed a reply brief (Doc. # 94).

On August 30, 2024, Defendants MacMillan, Bothwell, and Ferris (the "Committee Defendants") filed their own Motion to Dismiss and Joinder to the Motion to Dismiss filed by the University Defendants. (Doc. # 66).  On September 16, 2024, Defendant Mullin filed her own Motion to Dismiss, Joinder to the Motion to Dismiss filed by the University Defendants, and Joinder to the Motion to Dismiss filed by the Committee Defendants. (Doc. # 85).  Plaintiff did not file any briefs in response to the Motions to Dismiss filed by the Committee Defendants or by Defendant Mullin.  Because they were not opposed, the Motions to Dismiss filed by the Committee Defendants and by Defendant Mullin may, in the discretion of the Court, be deemed confessed.  *See* LCvR7.1(g).

The other defendants also filed a motion to dismiss.  On September 19, 2024, Defendant Gregory filed a Motion to Dismiss (Doc. # 89), to which Plaintiff responded on November 15, 2024 (Doc. # 110).  In Plaintiff's Opposition to Defendant Gregory's Motion to Dismiss, Plaintiff requested that he receive leave to amend his pleading after receipt of all defendants' motions to dismiss to remedy any insufficiencies identified by those motions.  (Doc. # 110 at ECF pp. 19-21).  Plaintiff indicated that if he were permitted to amend his pleading, he would incorporate the Declaration previously filed with Plaintiff's opposition to the University Defendants' Motion to Dismiss.  (Doc. # 110 at ECF p. 20).

However, when he filed his opposition to Defendant Gregory's Motion to Dismiss on November 15, 2024, Plaintiff did not actually file a motion to amend his pleading.

3

Accordingly, Defendant Gregory was also forced to continue incurring the time, effort, and expense of filing a reply brief, which was filed on November 22, 2024 (Doc. # 111).

On October 16, 2024, Defendant Kuhn filed a Motion to Dismiss (Doc. # 105), to which Plaintiff responded on December 6, 2024 (Doc. # 120). Once again, in his opposition, Plaintiff requested that he receive leave to amend his pleading after receipt of all defendants' motions to dismiss to remedy any insufficiencies identified by those motions. (Doc. # 120 at ECF pp. 24-25). Once again, however, Plaintiff did not actually file a motion to amend. Accordingly, Defendant Kuhn was forced to incur the time, effort, and expense of filing a reply brief, which was filed on December 13, 2024 (Doc. # 123).[1]

On January 17, 2025, Plaintiff filed his motion for leave to amend his Complaint. (Doc. # 126).

## III.    The Court Should Not Permit Plaintiff To Amend His Pleading

Plaintiff devotes most of the instant Motion to re-arguing the pending Motions to Dismiss. According to Plaintiff, the original Complaint should not be dismissed, but to the extent there are any insufficiencies in the Complaint, the proposed Amended Complaint can remedy such insufficiencies. (Doc. # 126 at ECF p. 2). To the extent necessary, the Moving Defendants incorporate herein the arguments set forth in support of their Motions

---

[1] On December 4, 2024, Defendant National Research Council also filed a Motion to Dismiss. (Doc. # 119). However, on January 17, 2025, Plaintiff filed a notice of voluntary dismissal as to Defendant National Research Council. (Doc. # 127).

to Dismiss. (*See* Docs. # 12, 66, 85, and 94).[2]  The Moving Defendants also reserve their right to respond to the Amended Complaint, if the Court permits Plaintiff to file it.

However, the proper focus of the instant Motion is whether Plaintiff is entitled to amend his pleading under *Fed. R. Civ. P. 15(a)(2)*.  Fed. R. Civ. P. 15(a)(2) states that "[i]n all other cases [*i.e.*, cases in which amendment as a matter of course is not permitted], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  The Moving Defendants have not and do not consent to Plaintiff's late attempt to amend his Complaint. (Doc. # 126 at ECF p. 1).

Whether leave to amend the pleading should be granted is within the trial court's discretion.  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *see also Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023); *Leatherwood v. Rios*, 705 F. App'x 735, 739 (10th Cir. 2017).  District Courts "may withhold leave to amend only for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *United States ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (internal quotation marks omitted) (alteration in

---

[2] The University Defendants also incorporated by reference the arguments set forth in the Motion to Dismiss filed by Defendant Gregory.  (Doc. # 94 at ECF p. 8).  In this opposition to the instant Motion, the Moving Defendants likewise incorporate Defendant Gregory's arguments in support of his Motion to Dismiss (*see* Docs. # 89 and # 111) and join Defendant Gregory's arguments set forth in his separate opposition to Plaintiff's instant Motion (*see* Doc. # 129).

original) (citation omitted).  Plaintiff does not appear to dispute the applicable standard.  (*See* Doc. # 126 at ECF p. 13).  An amendment now would be untimely, unduly prejudicial, and futile.

### A.    An Amendment Would Be Unjust Due To Plaintiff's Undue Delay

The Court should deny leave to amend because of Plaintiff's undue delay in requesting leave to amend his Complaint.  Untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay.  *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011); *Shelton v. Sha Ent., LLC*, No. CIV-20-644-D, 2022 WL 543011, at *3 (W.D. Okla. Feb. 22, 2022).

Prejudice to the opposing party need <u>not</u> also be shown.  *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185; *see also Makeen Inv. Grp., LLC as trustee for Makeen Fam. Children's Tr. v. Colorado*, 825 F. App'x 565, 570 (10th Cir. 2020); *Hedger v. Kramer*, No. CIV-13-0654-HE, 2015 WL 13357593, at *4 (W.D. Okla. Sept. 24, 2015).

Here, Plaintiff was alerted to deficiencies in his Complaint no later than August 6, 2024, when the University Defendants filed their Motion to Dismiss.  (Doc. # 12).  Briefing on that Motion to Dismiss closed four months ago, on September 27, 2024.  (Doc. # 94).  Plaintiff *does not even attempt an explanation* for his months-long delay in seeking to amend the Complaint.  Instead, in the instant Motion, Plaintiff simply states "… there is no undue delay, as the Amended Complaint sets forth the proposed amendments and is attached hereto…" (Doc. # 126 at ECF p. 14).  Plaintiff's failure to provide any explanation for his delay in seeking leave to amend is a sufficient basis to <u>deny</u> the instant Motion.  *See Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015) (holding that

District Court did not abuse its discretion in denying motion for leave to amend pleading where plaintiff lacked any adequate explanation for delay in seeking permission to amend).

### B.    An Amendment Would Prejudice The Moving Defendants

Although the Moving Defendants do not need to prove prejudice, the Court could deny leave to amend for the additional reason that an amendment now would prejudice the Moving Defendants. Specifically, Plaintiff has known (or should have known) for months (or years) of the facts upon which the proposed amendment is based but failed to include them in the original Complaint. He also knew (or should have known) for months of potential deficiencies in the Complaint. Nevertheless, he still forced the Moving Defendants to incur further time, effort, and expense to fully brief their motions to dismiss. Plaintiff's decision to litigate in this manner has unfairly increased the cost of defending the case and also unfairly forced the Moving Defendants to try to hit a moving target.

"Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185; *see also Miller v. First United Bank & Tr. Co.*, No. CIV-22-185-F, 2022 WL 22401010, at *4 (W.D. Okla. Dec. 27, 2022) (Friot, J.), *aff'd*, No. 23-6050, 2024 WL 676857 (10th Cir. Feb. 20, 2024), and *aff'd*, No. 23-6050, 2024 WL 676857 (10th Cir. Feb. 20, 2024) (leave to amend was not appropriate where the plaintiffs were aware of allegations when they filed their prior pleading, but chose not to advance them until later).

In Plaintiff's proposed Amended Complaint, he adds a citation to several Exhibits that are incorporated into the pleading. (Doc. # 126-1 at ECF p. 10). The only new Exhibits

are Exhibits 5 and 6. Exhibit 5 is labelled "Articles Using Defendants' Defamation to Harm Plaintiff" and consists of a list of news articles. Almost all the articles were published in 2022 or 2023, and all but one is dated *before* Plaintiff filed his original Complaint on May 31, 2024. Exhibit 6 is labelled "Example of Gregory's Statements to Media" and consists of a single article dated October 24, 2022 – years *before* Plaintiff filed his original Complaint. Plaintiff refers to these Exhibits later in the proposed Amended Complaint. (Doc. # 126-1 at ECF pp. 13-17, 20, 22, & 39). Plaintiff provides no explanation why he could not have read (or did not read) these articles before he filed his Complaint or why he did not incorporate them into his original Complaint.

Moreover, nearly every other 'new' allegation in Plaintiff's proposed Amended Complaint previously appeared, in some form, in the Declaration that Plaintiff submitted in support of his opposition to the University Defendants' Motion to Dismiss, filed September 13, 2024. (Compare highlighted text on Doc. # 126-1 at ECF pp. 12, 20, 38 & 40 with Doc. # 81-2 at ECF pp. 2-4). Moreover, in almost all instances, Plaintiff sources these 'new' allegations to proposed Exhibits 5 and 6 – articles that were mostly published in 2022 or 2023. (Doc. # 126-1 at ECF pp. 12-15, 17, 20, 39; *see also* Doc. # 126-1 at ECF pp. 38 & 40 which include allegations that are sourced to Exhibit 5 elsewhere in the proposed Amended Complaint). Accordingly, Plaintiff knew of these 'new' allegations no later than September 13, 2024 (when he filed his Declaration) and more likely knew of them (or should have known of them) a year or two *before* he filed the original Complaint.

Additionally, Plaintiff also was clearly made aware months ago of potential deficiencies in his pleading. That is the only reasonable explanation for why Plaintiff

repeatedly suggested in his opposition briefs that he wished to have leave to file an amended pleading after all the motions to dismiss were filed. (*See* Doc. # 81 at ECF p. 42-43; Doc. # 110 at ECF pp. 19-21; Doc. # 120 at ECF pp. 24-25). However, the clear directive of the *Meitav* decision is that a plaintiff who knows of potential deficiencies in his pleading should timely move to amend, not force the defendants to incur the time, effort, and expense of going through a full round of briefing only for the plaintiff to try to hit the restart button at the very end. *See Meitav*, 79 F.4th at 1230.

In addition to unfairly increasing the cost of defending the case, forcing the defendants to go through a full round of briefing before the plaintiff hits the restart button also unfairly forces the defendants try to hit a moving target. Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, salvage a lost case by untimely suggestion of new theories of recovery, or present theories seriatim in an effort to avoid dismissal. *See Mengert v. United States*, 120 F.4th 696, 718 (10th Cir. 2024); *see also Minter v. Prime Equip. Co*., 451 F.3d 1196, 1206 (10th Cir. 2006); *Miller*, 2022 WL 22401010, at *4.

In summary, Plaintiff likely knew (or at least should have known) about many of the 'new' allegations *before* he filed his Complaint in May 2024, undoubtedly knew of many of the 'new' allegations when he opposed the University Defendants' Motion to Dismiss in September 2024, recognized potential deficiencies in his pleading at the same time, but he instead forced the Moving Defendants (and Defendants Gregory and Kuhn) to fully brief their Motions to Dismiss. The time, effort, and cost associated with those briefs

are entirely of Plaintiff's making.  It would severely prejudice the Moving Defendants if months of voluminous briefing were scrapped so that Plaintiff could restart his case now.

###    C.    An Amendment Would Be Futile

The Court should also deny leave to amend for the additional reason that an amendment would be futile.  This Court lacks subject matter jurisdiction over the Moving Defendants because: (1) UNB is an agency or instrumentality of a foreign state that is immune from the jurisdiction of this Court; and (2) the sovereign immunity extends to the individual Moving Defendants because they were sued in their official capacity, or, in the alternative, the claims against the individual Moving Defendants cannot go forward because they would impair or impede UNB's ability to protect its sovereign interests. (*See* Doc. # 12 at ECF pp. 14-18; Doc. # 66 at ECF pp. 5-11; Doc. # 85 at ECF pp. 5-10; Doc. # 94 at ECF pp. 9-15).  Plaintiff does not even attempt to address this issue in the instant Motion.  Proceeding is futile where Court has no subject matter jurisdiction.

This Court also lacks personal jurisdiction over the Moving Defendants.  (*See* Doc. # 12 at ECF pp. 23-31; Doc. # 66 at ECF p. 11; Doc. # 85 at ECF p. 11; Doc. # 94 at ECF pp. 17-23).  Plaintiff fails to address personal jurisdiction in the instant Motion.  Proceeding is also futile where the Court has no personal jurisdiction over the Moving Defendants.

Additionally, in the nearly eight months since the original Complaint was filed, the individual Moving Defendants have never been properly served.  (*See* Doc. # 12 at ECF p. 32-33; Doc. # 66 at ECF pp. at 11-12; Doc. # 85 at ECF pp. 11-12; Doc. # 94 at ECF pp. 23-24).  Proceeding against defendants who have never been properly served is futile.

Finally, this is a dispute over academic protocol that should have never been in court in the first place except that Plaintiff has inaccurately dressed up his allegations as an international racketeering and anti-trust conspiracy. *See Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994) ("Scientific controversies must be settled by the methods of science rather than by the methods of litigation"). Additionally, Plaintiff's Complaint is so vague and conclusory that providing Plaintiff with opportunity to amend his defective pleadings will not result in clarity but will only allow him to further "abuse the judicial process" by attempting to "prosecute an action that is frivolous [and] malicious." *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Meritless pleadings must not be allowed to serve as a vehicle to intimidate and harass. Plaintiff's dispute belongs in front of an academic committee in Canada, not the U.S. District Court.

## RELIEF REQUESTED

WHEREFORE, the Moving Defendants respectfully request that this Court enter an Order <u>denying</u> Plaintiff's Motion to Extend Time to File Motion for Leave to Amend Complaint (Doc. # 126).

Dated:  January 27, 2025

Respectfully submitted,

*/s/ William C. Swallow*

William C. Swallow (*PHV*, IL No. 6293910)          Don W. Danz
Michael H. Passman (*PHV*, IL No. 6297381)
Emily M. Vanderlaan (*PHV*, CO No. 55293)          McATEE & WOODS, P.C.
                                                     410 NW 13th Street
CLYDE & CO US LLP                                    Oklahoma City, OK 73103
30 S. Wacker Drive, Suite 2600                       T: (405) 232-5067
Chicago, Illinois 60606                              E: DonD@McAteeandWoods.com
T: (312) 635-7000
E: bill.swallow@clydeco.us
E: michael.passman@clydeco.us
E: emily.vanderlaan@clydeco.us

*Attorneys for the University of New Brunswick, Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, Angela Tozer, Margaret MacMillan, Robert Bothwell, John Ferris, and Janet Mullin.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 27th day of January, 2025, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

<div align="center" style="margin-left:50%">

*/s/ William C. Swallow*
William C. Swallow
*Admitted Pro Hac Vice*

</div>