## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-24-567-F |
| | ) |
| JAMES GREGORY, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT ROLAND KUHN'S OPPOSITION TO PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND THE COMPLAINT

Callan G. Stein (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
High Street Tower
125 High Street, 19th Floor
Boston, MA 02110
callan.stein@troutman.com

*- and -*

Matthew J. Lund (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
4000 Town Center, Suite 1800
Southfield, MI 48075
248.359.7300
matthew.lund@troutman.com

Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
T: (405) 235-5500
F: (405) 235-2875
Email: gdemilio@gablelaw.com

*- and -*

R. Trent Shores, OBA No. 19705
Barrett L. Powers, OBA No. 32485
**GABLEGOTWALS**
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495
Telephone (918) 595-4800
Facsimile (918) 595-4990
Email: tshores@gablelaw.com
       bpowers@gablelaw.com

*Attorneys for Defendant Roland Kuhn*

Defendant Roland Kuhn ("Dr. Kuhn"), by and through his attorneys, respectfully requests that this Court deny Plaintiff's Motion for Leave to Amend His Complaint. In support, Dr. Kuhn states as follows:

## I.    INTRODUCTION

The heart of this case is, was, and always has been an academic debate between two military historians: Plaintiff Douglas Mastriano and Defendant James Gregory. Plaintiff's original Complaint made that clear, as does his newly disclosed proposed Amended Complaint. Directly and exclusively from that academic debate arises this lawsuit, in which Plaintiff accuses twenty-seven (27) separate Defendants of at least nine (9) different supposed violations, including federal racketeering and violations of antitrust laws.

Dr. Roland Kuhn is one such Defendant who, despite not being involved in the central academic debate, has found himself caught up in Plaintiff's sprawling and, candidly, far overreaching allegations. In his already-filed Motion to Dismiss [Dkt. 105], Dr. Kuhn articulated to this Court in great detail the numerous reasons why it should dismiss Plaintiff's Complaint against him in its entirety, including on both procedural (lack of jurisdiction and insufficient service) and substantive (failure to state a claim) grounds. Plaintiff's present Motion for Leave to Amend and his proposed Amended Complaint attached thereto do nothing to change Dr. Kuhn's entitlement to dismissal. In fact, they do the opposite: they highlight the futility of Plaintiff's case against Dr. Kuhn and underscore why the Court is compelled to dismiss Dr. Kuhn from this case.

## II.    PROCEDURAL HISTORY

Nearly eight months ago, on May 31, 2024, Plaintiff initiated this lawsuit by filing

his original thirty-page, 130-paragraph Complaint against no fewer than twenty-seven Defendants. The Complaint described the dispute at the heart of the case: an academic debate between two military historians—Plaintiff and Defendant James Gregory—about the exploits of one Alvin York during World War I. Yet from this single academic dispute, Plaintiff asserted nine separate counts against the Defendants ranging from alleged federal racketeering violations to alleged Sherman Act antitrust violations to a number of alleged other common law claims. All of these claims were facially deficient as to many Defendants for myriad reasons, including and especially as to Dr. Kuhn.

On account of these obvious pleading deficiencies, Motions to Dismiss Plaintiff's original Complaint began pouring in from the various Defendants. Dr. Kuhn was amongst the chorus of Defendants who justifiably moved the Court to dismiss the Complaint. On October 16, 2024, Dr. Kuhn filed his Motion to Dismiss in which he raised both procedural arguments—*i.e.,* that the Court lacked jurisdiction over him, and that Plaintiff had not properly served the Complaint—and substantive arguments—that Plaintiff lacked standing to assert RICO and Sherman Act claims and failed to state any claim against Dr. Kuhn. *See generally* Dkt. 105.

In response, Plaintiff opted to file an Opposition. But in that Opposition, Plaintiff failed to respond to the majority of Dr. Kuhn's arguments. Instead, Plaintiff suggested to the Court that, in the event it agreed with Dr. Kuhn that any of the multitude of legal or pleading deficiencies warranted dismissal, he could cure such issues by amending his Complaint. Dkt. 120, at p. 15. Notably, however, despite acknowledging that such an amendment may be necessary, Plaintiff did *not* file any Motion for Leave to Amend at that

time.

Accordingly, Dr. Kuhn, like the other Defendants who moved to dismiss, had no choice but to incur the further expense of responding to Plaintiff's Opposition. *See generally* Dkt. 123. Dr. Kuhn filed his Reply brief on December 13, 2024. That was more than six weeks ago, with nary a word from Plaintiff about amending his Complaint coming in response. But recently, on January 17, 2025, more than *three months after* Dr. Kuhn (and other Defendants) filed his Motion to Dismiss, Plaintiff filed his Motion for Leave to Amend his Complaint. Plaintiff offers no reason why he was so dilatory in moving to amend his original Complaint, which is especially noteworthy given his acknowledgement (if not outright admission) in his Motion to Dismiss Opposition that such an amendment would likely be necessary.

But now that Plaintiff has served his proposed Amended Complaint, his motive for delaying the amendment is secondary to its substance (or lack thereof). Plaintiff has had more than *three months* to digest and refute Dr. Kuhn's Motion to Dismiss arguments. If he was able to offer up a pleading that is sufficient to state a claim against Dr. Kuhn, he had more than enough time to do so and he would have done so. But as discussed below, Plaintiff's proposed Amended Complaint still suffers from the same fatal pleading and legal deficiencies as to Dr. Kuhn as his original Complaint did, thereby making clear that Plaintiff cannot now, and never will be able to, state a claim against him. Plaintiff's proposed Amended Complaint thus confirms all of the reasons why this Court should grant Dr. Kuhn's Motion to Dismiss.

## III.    ARGUMENT[1]

### A.    PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS FUTILE; IT DOES NOT CURE ANY OF THE DEFICIENCIES THAT ENTITLE DR. KUHN TO DISMISSAL.

The Court should deny Plaintiff's Motion for Leave to Amend because it is futile. That is, even if the Court were to enter the proposed Amended Complaint Plaintiff offers, that proposed Amended Complaint does nothing to address, much less cure, the myriad legal and pleading deficiencies that apply to the original Complaint and which Dr. Kuhn describes in detail in his Motion to Dismiss. Even under the proposed Amended Complaint, the case against Dr. Kuhn would still be subject to dismissal for all of the same reasons. Such futility is, itself, grounds for denying Plaintiff's Motion for Leave to Amend. *See U.S. ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).

As a threshold matter, Plaintiff's proposed Amended Complaint does quite literally *nothing* to even attempt to address Dr. Kuhn's jurisdiction and service arguments. In his Motion to Dismiss, Dr. Kuhn explained in detail why this Court (i) has no personal jurisdiction over him, Dkt. 105, at p. 5; (ii) has no diversity jurisdiction, *id.* at pp. 6–10; (iii) has no federal question jurisdiction, *id.* at pp. 12–15; and why (iv) service on him has been insufficient, *id.* at pp. 16–17. Each of these arguments standing alone, let alone all together, warrants the Court dismissing Plaintiff's original Complaint against Dr. Kuhn, and all of them remain grounds for dismissing Plaintiff's proposed Amended Complaint.

---

[1] Dr. Kuhn incorporates by reference all arguments he asserts in his Motion to Dismiss [Dkt. 105] and his Reply thereto [Dkt. 123]. Dr. Kuhn also incorporates by reference the arguments made by Certain Defendants [Dkts. 12, 66, 89, 119, 129, 130].

Plaintiff's silence on these issues is deafening. Dr. Kuhn articulated these jurisdictional and service deficiencies in great detail several months ago. One can hardly imagine a clearer admission by a plaintiff that he cannot cure them than failing to even attempt to correct them before serving a proposed Amended Complaint. Yet that is precisely what Plaintiff has done here.

Moreover, putting aside Plaintiff's failure to address these dispositive jurisdictional and service issues, Plaintiff's proposed Amended Complaint likewise does not address or cure any of the substantive pleading issues Dr. Kuhn identified in his Motion to Dismiss. Plaintiff's original Complaint failed to state a claim against Dr. Kuhn and the proposed Amended Complaint is incapable of curing this because it contains *zero new allegations* as to Dr. Kuhn. By way of summary, in his Motion to Dismiss Dr. Kuhn detailed Plaintiff's failure to state any claim against him because:

- Plaintiff lacks standing to assert any RICO or Sherman Act claim because he has not, and cannot, allege injury to his business or property. Dkt. 105, at pp. 17–19.

- Plaintiff fails to state either of his RICO claims because he has not, and cannot, allege any racketeering activity let alone the required "pattern," and likewise does not, because he cannot, define a RICO "enterprise." *Id.* at pp. 19–24.

- Plaintiff fails to state a Sherman Act claim because he does not allege any anticompetitive or trade restraining conduct by Dr. Kuhn and, at most, alleges personal harm that does not constitute an "antitrust injury" compensable by the Sherman Act. *Id.* at pp. 24–27.

- Plaintiff's defamation claim should be dismissed pursuant to the OCPA (and Dr. Kuhn should be awarded his fees) because it is premised on Dr. Kuhn's exercise of his free speech rights. *Id.* at pp. 27–29.

- Plaintiff fails to state a defamation claim because his allegations are vague. *Id.* at pp. 29–30.

By not including *any* new allegations against Dr. Kuhn in the proposed Amended Complaint, Plaintiff, by definition, does not address *any* of these deficiencies.

The absence of any new allegations against Dr. Kuhn in the proposed Amended Complaint is striking. Plaintiff attempts to make new allegations against virtually all of the other Defendants, *see, e.g.,* Dkt. 126-1, at pp. 11 (Defendants Gregory and Brown), 12 (Defendants Mazerolle, MaGee, UNB, and Gregory), 13 (Defendants Brown and Mazerolle), 14 (Defendants UNB, the UNB Defendants, and Magee), 19 (Defendants Gregory and Brown), but he adds *nothing* new about Dr. Kuhn. In fact, the revisions in his proposed Amended Complaint only reference Dr. Kuhn twice. First, in proposed Paragraph 54 Plaintiff *removes* the allegation that Dr. Kuhn is a "member of a covered and culpable organization which sponsored publication of the said fraud on Col. Mastriano." Dkt. 126-1, at pp. 20–21. If anything, the *removal* of an allegation concerning Dr. Kuhn means the proposed Amended Complaint states even *less* of a claim against him that the original. Second, in proposed Paragraph 136 Plaintiff simply repeats an *existing* allegation that Dr. Kuhn published an article claiming Plaintiff's PhD was fraudulent. *Id.* at p. 37. This allegation, while false, is one that Plaintiff already included in his original Complaint, *see* Dkt. 1, ¶ 43. Repeating it again later in the proposed Amended Complaint does nothing to address Dr. Kuhn's substantive arguments in favor of dismissal.

The only other "new" reference to Dr. Kuhn in the proposed Amended Complaint is found in Plaintiff's new Count 10 for False Light Invasion of Privacy, which he proposes to add to this litigation and which he claims to bring against Dr. Kuhn (and others). Dkt. 126-1, ¶ 142. However, this claim is hardly "new." Plaintiff bases it on identical allegations

to his purported defamation claim, for which Dr. Kuhn has already articulated multiple reasons that compel dismissal. Indeed, legally the tort of False Light Invasion of Privacy "overlaps the more familiar [claim of] defamation," and where, as here, it is paired with a defamation claim it serves as an "alternative avenue for relief from a single wrongful occurrence." *Colbert v. World Pub. Co.*, 1987 OK 116, ¶ 7, 747 P.2d 286, 288. Thus, Plaintiff's amendment to add proposed Count 10, even if the Court accepts the amendment, would be subject to the exact same dismissal arguments as his Count 9 for Defamation.

Plaintiff's inability to offer an amended pleading that addresses his failure to state any claim against Dr. Kuhn looms particularly large here given Plaintiff's plea to the Court, in his Opposition to Dr. Kuhn's Motion to Dismiss, that if given an opportunity to amend he would cure any deficiencies the Court may find. Dkt. 120, at p. 15. Plaintiff's proposed Amended Complaint now confirms that, even if the Court gives him that opportunity to amend, he is unable to make *any* new allegations against Dr. Kuhn, let alone allegations that are sufficient to respond to Dr. Kuhn's numerous Motion to Dismiss arguments. This failure is tantamount to an admission by Plaintiff that he cannot do so now, or ever.

**B.     THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND ON ACCOUNT OF HIS UNDUE DELAY AND PREJUDICE TO DEFENDANTS.**

Even if the proposed Amended Complaint was not futile (which it is), there are additional reasons why the Court should exercise its discretion to deny Plaintiff's request for leave to amend. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Where, as here, the Plaintiff has engaged in undue delay, bad faith or dilatory motive, or the amendment would prejudice the nonmoving parties, the Court

can, and should, deny leave to amend. *Ritchie,* 558 F.3d at 1166.

Even standing alone, Plaintiff's undue delay in seeking leave to amend his Complaint warrants the Court denying his Motion. As discussed above, the chorus of Defendants who filed Motions to Dismiss—including Dr. Kuhn—put Plaintiff on notice of the myriad deficiencies with his original Complaint *more than five months ago*, starting in August 2024 when the University Defendants filed their Motion to Dismiss. *See generally* Dkt. 12. Plaintiff does not offer any explanation for his more-than-five-month delay in seeking leave to amend—nor could he given his choice to file Opposition briefs and goad Defendants into further motion practice. This failure, alone, warrants denial of his Motion. *See, e.g., Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015).

Moreover, while the Court need not find prejudice to Defendants, such prejudice supplies an additional basis, beyond Plaintiff's undue delay, on which the Court can and should deny Plaintiff's Motion. There is no question Plaintiff's dilatory tactics, if permitted, will cause prejudice to Dr. Kuhn and the other Defendants. Plaintiff has known for months that his original Complaint is deficient and even a cursory reading of the proposed Amended Complaint reveals he has known for even longer the new alleged "facts" he added to his proposed Amended Complaint.[2] Yet, Plaintiff chose to keep that information to himself, thereby forcing Defendants to incur significant expenses to brief their Motions to Dismiss and Replies thereto. This prejudice to Defendants warrants denial of Plaintiff's Motion. *See, e.g., Mengert v. United States*, 120 F.4th 696, 718 (10th Cir.

_____

[2] As discussed above, Plaintiff does not add *any* new facts with respect to Dr. Kuhn.

2024); *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1206 (10th Cir. 2006); *see also Miller*, 2022 WL 22401010, at *4.

## IV.    CONCLUSION

There was much wrong with Plaintiff's original Complaint and there is likewise much wrong with Plaintiff's Motion for Leave to Amend and his proposed Amended Complaint. Substantively, the proposed Amended Complaint does nothing to address any of the grounds Dr. Kuhn has already put forth that compel this Court to dismiss him from this case. Procedurally, Plaintiff's request is defective and should be denied for his undue delay of many months and for the prejudice it would cause Defendants. In short, Plaintiff's Motion for Leave to Amend is both futile and improper and, thus, should be denied. But even if the Court were to grant Plaintiff leave to amend, the Court should still grant Dr. Kuhn's Motion to Dismiss. It does not matter whether it is Plaintiff's original Complaint or his proposed Amended Complaint; under either pleading, dismissal of Dr. Kuhn is both warranted and necessary.

WHEREFORE, for the reasons stated above, this Court should deny Plaintiff's Motion for Leave to Amend his Complaint.

Dated:  January 27, 2025                    Respectfully submitted,


                                            */s/ Gerard M. D'Emilio*
                                            Gerard M. D'Emilio, OBA No. 33496
                                            **GABLEGOTWALS**
                                            BOK Park Plaza
                                            499 West Sheridan Avenue, Suite 2200
                                            Oklahoma City, OK 73102
                                            T: (405) 235-5500
                                            F: (405) 235-2875
                                            Email: gdemilio@gablelaw.com

                                            -and-

                                            R. Trent Shores, OBA No. 19705
                                            Barrett L. Powers, OBA No. 32485
                                            **GABLEGOTWALS**
                                            110 North Elgin Avenue, Suitte 200
                                            Tulsa, Oklahoma 74120-1495
                                            Telephone (918) 595-4800
                                            Facsimile (918) 595-4990
                                            Email: tshores@gablelaw.com
                                            bpowers@gablelaw.com

                                            -and-

                                            Callan G. Stein (SBN 670569)
                                            (*admitted pro hac vice*)
                                            **TROUTMAN PEPPER LOCKE LLP**
                                            High Street Tower
                                            125 High Street, 19th Floor
                                            Boston, MA 02110
                                            callan.stein@troutman.com

                                            -and-

                                            Matthew J. Lund (P48632)
                                            (*admitted pro hac vice*)
                                            **TROUTMAN PEPPER LOCKE LLP**
                                            4000 Town Center, Suite 1800
                                            Southfield, MI  48075
                                            248.359.7300

matthew.lund@troutman.com

**Attorneys for Defendant Roland Kuhn**

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

*/s/ Gerard M. D'Emilio*
Gerard M. D'Emilio