IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-24-567-F |
| JAMES GREGORY, III, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Several motions to dismiss the plaintiff's complaint are at issue. Doc. nos. 12, 66, 85, 89, and 105.

On January 17, 2025, plaintiff filed a motion for leave to amend his complaint. Doc. no. 126. As directed by the court (doc. no. 128), defendants have responded to plaintiff's motion, opposing the requested relief. Doc. nos. 129, 130, and 131. No reply has been permitted. Plaintiff's motion is therefore at issue.

I.

*Background*

Plaintiff commenced this action on May 31, 2024. In his complaint, plaintiff alleges he is a retired U.S. Army colonel, a recipient in 2013 of a Ph.D. in United States military history from the University of New Brunswick, Canada (UNB), a former Army War College professor, a published author of books on Sergeant Alvin York (Sgt. York) and World War I as fought in France, and a public speaker on military history. Plaintiff also alleges that he is a current State Senator for the Commonwealth of Pennsylvania's 33rd District. Further, he alleges that he was the 2022 Republican nominee for Pennsylvania governor, and, by his account, at least,

"was considered the frontrunner for the 2024 United States Senate seat." Doc. no. 1, at 5.

Plaintiff alleges claims against defendants for civil racketeering, anti-trust violations, fraud, aiding and abetting/breach of fiduciary duty, negligence, and defamation. He seeks monetary, declaratory, and injunctive relief. Defendants include UNB, UNB's president, vice-president, dean of graduate studies, and several UNB history professors, faculty members or instructors, the National Research Council of Canada and its research officer, members of an investigatory commission tasked with looking into plaintiff's Ph.D. work, and a graduate student and Ph.D. candidate at the University of Oklahoma.

In the complaint, plaintiff alleges that defendants engaged in a racketeering and anti-trust conspiracy to deprive him of his intangible property interests in his Ph.D., his books, his speaking engagements, and other professional opportunities. They also allegedly interfered with his campaigns for elected office.

Plaintiff specifically alleges that on or about July 11, 2022, UNB and its dean of graduate studies publicly released plaintiff's "embargoed" Ph.D. thesis. In or about 2022, James Gregory, the OU graduate student and Ph.D. candidate, allegedly made a false complaint to UNB seeking to "debunk" plaintiff's Ph.D. thesis. Plaintiff alleges that UNB and its president and vice-president made fraudulent statements to the press calling into question plaintiff's Ph.D. thesis and books, and then informed the world that they had opened an investigation with respect to Mr. Gregory's allegedly fraudulent complaint. Plaintiff alleges the investigation was opened in or about October 2022 at the height of his election campaign for Pennsylvania governor. Plaintiff alleges that Mr. Gregory, using plaintiff's Ph.D. thesis, also filed complaints with the University Press of Kentucky, plaintiff's publisher, which allegedly led to lost sales and a decision to scale back printing of plaintiff's books.

Plaintiff specifically alleges that in or about 2023, Mr. Gregory allegedly made fraudulent statements to the press about plaintiff's books and Ph.D. thesis, and allegedly filed additional fraudulent complaints with UNB, seeking to "steal" plaintiff's Ph.D., "devalue" and "steal" his market share, and place himself in the market limelight on the same historical matters, all the while Mr. Gregory was publishing a book on Sgt. York. In addition, plaintiff alleges that in 2023, the UNB professors, faculty members or instructors signed and publicly issued a letter defaming plaintiff. These attacks, plaintiff alleges, escalated while he was a likely candidate for the United States Senate.

Plaintiff also alleges that in 2023, Ronald Kuhn, a research officer with National Research Council of Canada, joined with Mr. Gregory in falsely claiming UNB awarded plaintiff a Ph.D. under "unusual circumstances" and falsely alleging impropriety to pressure UNB to reopen a "debunked" investigation into plaintiff's Ph.D. Plaintiff also alleges that in July 2023, Mr. Kuhn published an allegedly fraudulent article about plaintiff, and he used a two-day academic integrity program in June 2023 to "scheme" with UNB to "fraudulently reopen a closed investigation into plaintiff's Ph.D." *Id.* at 15. Further, plaintiff alleges that as of the filing of the complaint, "investigations" were pending before the UNB investigatory commission concerning Mr. Gregory's allegedly fraudulent allegations, once again threatening plaintiff's Ph.D.

On August 6, 2024, UNB and its administrators, professors, faculty, instructors filed a motion to dismiss plaintiff's complaint. Doc. no. 12. Later that month, on August 30, 2024, the members of the UNB "investigation committee" filed a motion to dismiss and a joinder to the UNB defendants' motion. Doc. no. 66. On September 16, 2024, a UNB professor, faculty member or instructor, who had recently been served, filed a motion to dismiss and a joinder to the previous dismissal motions filed. Doc. no. 85. A few days later, on September 19, 2024, Mr. Gregory

3

filed a motion to dismiss. Doc. no. 89. Almost a month later, on October 16, 2024, Mr. Kuhn filed a motion to dismiss. Doc. no. 105.

On December 4, 2024, nine days before Mr. Kuhn's dismissal motion came at issue, the National Research Council of Canada filed a motion to dismiss. Doc. no. 119. Plaintiff's deadline to file a response to that motion was extended until January 17, 2025. Doc. no. 122.

On January 17, 2025, plaintiff filed a notice of dismissal pursuant to Rule 41(a)(1)(i), Fed. R. Civ. P., dismissing the National Research Council of Canada as a defendant. Doc. no. 127. That same day, plaintiff filed his motion to amend, seeking leave to amend his complaint pursuant to Rule 15(a)(2), Fed. R. Civ. P.

The proposed amended complaint includes additional factual allegations to support plaintiff's claims, adds a claim of false light invasion of privacy, drops National Research Council of Canada as a defendant, and omits all allegations against that organization.

## II.

### *Leave to Amend*

Rule 15(a)(2), Fed. R. Civ. P., states that the "court should freely give leave [to amend] when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). *Id*. The grant or denial of an opportunity to amend is within the court's discretion. Foman, 371 U.S. at 182.

Defendants oppose plaintiff's request for leave to amend on the grounds of undue delay, prejudice, and futility. First, as to delay, defendants assert that plaintiff

4

was alerted to the deficiencies in his complaint after receipt of each motion to dismiss. Rather than amending his complaint after the filing of one or more motions, plaintiff responded in opposition to the motions, inappropriately adding allegations by way of a declaration or inappropriately requesting leave to amend if the court were to find any insufficiencies in his claims. Defendants point out that plaintiff has not provided any explanation for the delay in filing his motion to amend.

Next, with respect to prejudice, defendants contend that plaintiff has knew or should have known the facts upon which the proposed amended complaint is based at the time the complaint was filed. Defendants assert that plaintiff's decision not to file his motion before now has forced them to expend time and effort (and incur expense) in preparing and filing dismissal motions and replies. It also appears, defendants assert, that plaintiff is using Rule 15 to make his complaint a moving target requiring multiple rounds of briefing.

Lastly, as to futility, defendants contend that the proposed amended complaint will not cure any of the deficiencies identified in their motion papers. They incorporate the motion papers in their responses. Mr. Gregory and Mr. Kuhn also argue that the newly proposed false light invasion of privacy claim is subject to dismissal for the same reasons they have previously argued with respect to the defamation claim. The UNB defendants also argue that plaintiff's dispute is one over academic protocol which belongs in front of an academic committee in Canada, not this court.

Upon review, the court, in its discretion, concludes that leave to amend should be granted. Although plaintiff inappropriately requested leave to amend in his responses to the motions to dismiss, he corrected that error by filing his motion to amend. The court recognizes that the motion was filed after the current defendants' motions to dismiss were at issue, but at the time the motion to amend was filed, the motion to dismiss of National Research Council of Canada was not

5

yet at issue. The court concludes that the delay was not "undue" since all defendants' motions were not at issue. Further, when the motion to amend was filed, this court had not ruled on any of the motions to dismiss. It was waiting for all motions to dismiss to be fully briefed, to the end that it could resolve all issues in one comprehensive order. And despite defendants' arguments to the contrary, the court does not conclude that plaintiff is using Rule 15 to make his complaint a moving target. Lastly, and importantly, the court notes it has never set any deadline in this case for filing motions to amend.

The court is likewise not convinced that granting plaintiff's motion results in "undue prejudice" to defendants. The court recognizes that defendants have incurred costs in their attempt to challenge the original complaint. However, the court is confident that the time spent and expense incurred by defendants in connection with the motion work thus far will not go to waste. That work will be useful in challenging the amended complaint. Moreover, there is much more than a passing chance that if the court dismissed one or more claims as pled in the original complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., it would–consistent with the "freely give leave" mandate of Rule 15–grant plaintiff leave to amend the complaint to provide additional factual allegations in an attempt to cure any deficiencies in the original complaint. That is another reason for which the court cannot conclude that that the filing of the amended complaint will work an injustice. Koch v. Koch Industries, 127 F.R.D. 206, 209-10 (D. Kan. 1989) ("Any amendment invariably causes some practical prejudice, but leave to amend is not denied unless the amendment would work an injustice to the defendants.") (quotation marks and citation omitted).

Although the defendants have challenged the proposed amended complaint based on futility, and in so doing, have incorporated their motions to dismiss into their responses, the court concludes that the better course of action is to allow the

filing of plaintiff's amended complaint.  Defendants will have the opportunity to challenge the amended complaint by filing motions to dismiss, which will include all arguments and authorities in support of dismissal.  The court can decide all issues, including the legal sufficiency of the allegedly futile claims based on those motions.  And it is devoutly to be desired that it will turn out to be procedurally feasible to resolve all such matters in a single, consolidated order.

To conclude on this point, the court will observe that, especially in cases involving RICO claims (let alone antitrust claims), the Rule 1 goal of "just, speedy and inexpensive determination" of civil litigation can be served by permitting a plaintiff to try to shore up his case at an early stage so that, if there are fatal deficiencies, those matters can be adjudicated with finality at that early stage.  And it is also worth noting that ill-conceived attempts to prosecute RICO claims can have adverse consequences for both the pleader and his client, as some litigants and their counsel recently learned from Judge Scott Palk.  Clark v. Stockton, No. CIV-23-1147-SLP, 2024 WL 3258845, at *8 (W.D. Okla. June 12, 2024).  This is another reason to make sure that the pleader has had the opportunity–within the confines of Rule 11–to give it his best shot.

The court will direct plaintiff to file the amended complaint and the accompanying six exhibits no later than seven days from the date of this order.  The court will require all exhibits filed to be unredacted and unsealed.

The court notes that plaintiff's proposed amended complaint names Elizabeth Mancke in the caption and body of the pleading.  The record reflects that Ms. Mancke died in 2023, well before this action was filed, and "The Estate of Elizabeth Mancke was set up following her death."  Doc. no. 44-1.  The Estate is being overseen by Stephanie Pettigrew, who resides in Canada.  If plaintiff intends to pursue his claims against relating to Mancke, he will be required to name The Estate

of Elizabeth Mancke[1] in place of Elizabeth Mancke, to effect service of process upon the estate in accordance with Rule 4, Fed. R. Civ. P., and to file proof of service, within 45 days from the date of entry of this order.

### III.
### *Requested Relief Under Rule 12(b)(5)*

Although the court grants plaintiff leave to amend, the court notes that the dismissal motions of all individual defendants, except defendant James Gregory, include requests for dismissal under Rule 12(b)(5), Fed. R. Civ. P., complaining of insufficient service of process. *See*, doc. no. 12, ECF pp. 10, 23; doc. no. 66, ECF pp. 4, 11-12; doc. no. 85, ECF pp. 4, 11-12; and doc. no. 105, ECF pp. 23-24. In its discretion, the court will, in this order, address the motions to dismiss only to the extent they challenge service of process.

"A Rule 12(b)(5) motion 'challenges the mode or lack of delivery of a summons and complaint.'" Rudman v. Oklahoma ex rel. Board of Regents for the Regional University System of Oklahoma, Case No. CIV-22-0091-F, 2022 WL 17083406, at *2 (W.D. Okla. Nov. 18, 2022) (quoting Gallan v. Bloom Business Jets, LLC, 480 F.Supp.3d 1173, 1178 (D. Colo. 2020)). "When the sufficiency of process is challenged, the 'plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure.'" Gallan, 480 F.Supp.3d at 1178 (quoting Sarnella v. Kuhns, Civil Action No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018)) (alteration omitted).[2] If plaintiff fails to satisfy his burden the court has the

---

[1] The court need not, and does not, opine as to whether the actual proper party is the estate or a personal representative. That is for plaintiff to figure out. For brevity, the court will refer in this order to the Estate of Elizabeth Mancke.

[2] The procedural requirement of service of summons must be satisfied before the court may exercise personal jurisdiction over a defendant. Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. DE C.V., 970 F.3d 1269, 1292 (10th Cir. 2020).

option to dismiss the action or quash the process without dismissal. *See*, Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n. 2 (10th Cir. 1983); *see also*, 5B Federal Practice and Procedure § 1354 (4th ed.).

Rule 4(f), Fed. R. Civ. P., establishes the proper method of service on the individual defendants, who (save for James Gregory) all reside in Canada. It provides, in pertinent part, that unless federal law provides otherwise, an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" Rule 4(f)(1), Fed. R. Civ. P. (Hague Convention).

Plaintiff does not dispute that the United States and Canada are parties to the Hague Convention and that he was required to serve the individual defendants in compliance with it. Instead, he argues that he properly served the UNB individual defendants under Article 10 of the Hague Convention. Plaintiff asserts that Article 10 allows service of process "through the sending judicial documents by postal channels and such documents can be served by 'judicial officers, officials, or other competent persons' to individuals through "judicial officers, officials or other competent persons.'" Doc. no. 81, ECF p. 39 (quoting from Article 10 of the Hague Convention). According to plaintiff, service of the summonses on the individual defendants was proper because the summonses were "judicial documents that were served through the postal channels and were served to the Individual Defendants by licensed Canadian process servers with notary certification." *Id*., ECF pp. 39-40.

However, as pointed out by the UNB individual defendants in reply, doc. no. 94, ECF p. 24, plaintiff did not serve them by mail. Instead, he had the summonses delivered by a process server to Melissa Dawe, Chief of Staff to the Office of the President, or to Cathy Mahboob, Executive Assistant to the President, not to the UNB individual defendants personally. Doc. no. 8, Attachments 1-18; doc. no. 73.

9

And plaintiff has proffered no evidence that Ms. Dawe and Ms. Mahboob were agents for service of process on the UNB individual defendants. Indeed, the proofs of service indicate that Ms. Dawe and Ms. Mahboob were designated by law to accept service of process on behalf of UNB. *Id*.

The record also reflects that the summons for Mr. Kuhn was served on Mohammad Manum, Researcher Officer. Doc. no. 72. According to the proof of service, Mr. Manum was designated to accept service of process on behalf of the National Research Council of Canada. *Id*.

Plaintiff has plainly failed to satisfy his burden of demonstrating that he has complied with Article 10 of the Hague Convention with respect to each of the individual defendants. Article 10 states that "[p]rovided the State of designation does not object," the "Convention shall not interfere" with "the freedom to send judicial documents, by postal channels, directly to persons abroad," or with the freedom of certain individuals "to effect service of judicial documents directly" through "judicial officers, officials or other competent persons in the State of destination." 20 U.S.T. 361 (Article 10 (a)-(c)). Plaintiff has not cited any authority for the proposition that Article 10 permits service of process of the complaint and summons on someone other than the individual named defendant. Plaintiff cites Marcus Food Co. v. Dipanfilo, Case No. 09-1261-EFM, 2010 WL 3946314, at *4 (D. Kan. Oct. 5. 2010). There, the district court found effective service of process under Article 10(b) of the Hague Convention on an individual defendant who resided in Canada and who was served the summons and complaint by a process server. However, the individual was "personally served" with the summons and complaint by a process server at his address in Canada. *Id*. Here, none of the individual defendants were personally served by a process server. This, to state the obvious, is no mere formality.

In sum, the court concludes that plaintiff's service of process upon the individual defendants was invalid.[3]  Rather than dismissing the plaintiff's action against the individual defendants, the court will quash service of process upon the individual defendants.  Because the court is granting plaintiff leave to file an amended complaint, the court will require plaintiff to serve the individual defendants with the amended complaint and an alias summons in accordance with Rule 4(f), Fed. R. Civ. P.  Plaintiff will be required to serve the amended complaint and alias summons on all named individual defendants and to file, within 45 days of the date of entry of this order, proofs of service showing valid service of process on the individual defendants.

No defendant (including University of New Brunswick and James Gregory) will be required to answer or otherwise respond to the amended complaint until 21 days after the 45-day deadline.

IV.

*Conclusion*

Plaintiff's Motion for Leave to Amend Complaint (doc. no. 126) is accordingly **GRANTED**.  Plaintiff is **DIRECTED** to file his amended complaint **no later than seven days from the date of entry of this order**.  The six exhibits to be filed with the amended complaint shall not be redacted in any manner and they shall

---

[3] The court notes that in response to Mr. Kuhn's dismissal motion, plaintiff argues that Mr. Kuhn was sufficiently served with process because the filing of the complaint "was done through" the "Electronic Case Filing database (ECF)" and the "ECF system is an authorized system used by the Federal Judiciary system, and is accepted as sufficient service of process."  Doc. no. 120, ECF p. 16.  This argument is, in a word, preposterous.  It is rejected.  Although this case will soon land in the lap of another judge, it is safe to say that similar preposterous contentions, if made hereafter in this case, may have significant adverse consequences for Daniel Lewis Cox.  Making a complaint available via the court's electronic case filing system is not an authorized means of service of the original complaint.  The complaint (and summons) must be served in accordance with Rule 4, Fed. R. Civ. P.  Because Mr. Kuhn is a resident of Canada, the complaint and summons had to be served in accordance with Rule 4(f), Fed. R. Civ. P.

all be filed unsealed. The exhibits shall be clearly labeled with the appropriate exhibit number. Alphabetical or alpha-numeric designations for the exhibits are not permitted. If plaintiff intends to pursue his claims against Elizabeth Mancke, he shall name The Estate of Elizabeth Mancke in place of Elizabeth Mancke in the amended complaint. Plaintiff shall serve the amended complaint and alias summons on the estate in accordance with Rule 4, Fed. R. Civ. P., and file proof of service **no later than 45 days from the date of entry of this order** (45-day deadline).

Certain Defendants' Motion to Dismiss (doc. no. 12); Committee Defendants' Motion to Dismiss and Joinder to Certain Defendants' Motion to Dismiss (doc. no. 66); Janet Mullins' Motion to Dismiss, Joinder to Certain Defendants' Motion to Dismiss and Committee Defendants' Motion to Dismiss (doc. no. 85) and Defendant Roland Kuhn's Motion to Dismiss (doc. no. 105) are **GRANTED** solely to the extent that the service of process upon the individual defendants is **QUASHED**.

Plaintiff is **DIRECTED** to serve the amended complaint and an alias summons on all named individual defendants in accordance with Rule 4(f), Fed. R. Civ. P., and to file proofs of service **no later than 45 days from the date of entry of this order** (45-day deadline).

Upon plaintiff's filing of the amended complaint (within seven days of the date of entry of this order), defendants' motions to dismiss (doc. nos. 12, 66, 85, 89, and 105) will be stricken as moot.

Failure of plaintiff to serve the amended complaint and alias summons and to file a proof of service showing valid service on any individual defendant or the Estate of Elizabeth Mancke, if named as a defendant in the amended complaint, in compliance with the 45-day deadline, will result in an order that is just, **which may include dismissal** without prejudice of plaintiff's amended complaint as against the individual defendant or the estate.

No answer or other response to the amended complaint shall be required by any defendant, including the University of New Brunswick and James Gregory, **until 21 days** after the 45-day deadline.

DATED this 4th day of February, 2025.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0567p027.docx