IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-F |
| Plaintiff, | : | |
| v. | : | |
| James Gregory, III, *et al* | : | |
| Defendants. | : | |

**MOTION FOR EXTENSION OF TIME
TO SERVE INDIVIDUAL DEFENDANTS**

BEFORE THE HONORABLE BERNARD M. JONES, UNITED STATES DISTRICT JUDGE.

The Plaintiff, by and through his undersigned attorneys, hereby moves the Court for an extension of time to serve the individual defendants identified in the Court's Order (ECF 132), and says in support thereof:

1. The undersigned has repeatedly consented to defendants' requested extensions of time.

2. The Court in its order (ECF 132) denied certain motions to dismiss and struck the same as moot, but also granted certain individual defendants' motions insofar as it quashed prior service of process upon the individual Canadian defendants and ordered the new summons and the Amended Complaint to be served upon the same "and to file proofs of service no later than forty-five (45) days from the entry of this order (45-day

deadline)." The Order was entered on February 4, 2025, making the deadline for filing proofs of service on March 21, 2025.

3. The Court's order (ECF 132) requires, in part, Hague Convention service of process upon the individual Canadian defendants pursuant to Rule 4(f).

4. Upon diligent review of and submittal to the Hague Convention requirements, including initial payment of over $1400 just for delivery of the 6000+ pages in duplicate files via international requirements and duties to the Canadian Central Authorities for the Hague Convention service, plus related service of process fees paid to date, and potential additional fees of thousands of dollars, Canadian authorities have informed the undersigned that service of process is extremely backlogged in Canada for Hague Convention service, including a minimum of six weeks for initial attempts, and likely longer with additional attempts.  See, **Exhibit One.** However, in reality the Canadian Central authorities have further just informed the undersigned on the telephone (for both Ontario and New Brunswick defendants) that Canada Central Authorities are "presently backlogged for up to a year" in Ontario, and "for some service of process in New Brunswick possibly up to six months" or similar proffers, and that neither Hague Convention authority can guarantee service in a prompt manner of the individual defendants.

5. Furthermore, according to our private service of process investigators we have hired on the ground in Canada, probate court does not publicly list estates and a search must be done to locate the situs of the Estate of Elizabeth Mancke, a named defendant, which search has yet to determine where the estate is opened, and its situs for service of process.

6. On February 25, 2025 the undersigned e-mailed the defendants' counsel of record requesting consent for service waiver under Rule 4, or alternatively, their consent to an extension of time of at least three months for service of process beyond the court-ordered 45-days because of the likely lengthy Hague Convention process in Canada, and to date the undersigned has not received any replies from counsel.

7. It is necessary to have additional time to serve the individual defendants in order to comply with the Court's Order for the Hague Convention individual service of process. After receiving the Canadian Central Authorities phone call today, the time estimated for service of all individual Canadian defendants under the Hague Convention is a minimum of six months, with the possibility of up to a year.

8. No prejudice to any party will occur as dates for responses and replies to the complaint for other defendants have also been extended by consent and by this Court's order not requiring any responses until 21 days after proof

of service of process is filed after service on the individual Canadian defendants.

WHEREFORE the Plaintiff requests the Court GRANT his request for an extension of time to file proofs of service until on or before September 5, 2025.

                                        Respectfully submitted,
                                        THE COX LAW CENTER, LLC

                                        By: _____//s//_____
                                        Daniel L. Cox, Ok. Fed. Bar No. 2490
                                        Attorney for Plaintiff
                                        The Cox Law Center, LLC
                                        P.O. Box 545
                                        Emmitsburg, MD 21727
                                        Ph: 410-254-7000
                                        Fx: 410-254-7220
                                        E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

                                        _____/s/_____
                                        Daniel L. Cox