IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-F |
| Plaintiff, | : | |
| v. | : | |
| James Gregory, III, *et al* | : | |
| Defendants. | : | |

# SECOND MOTION FOR EXTENSION OF TIME TO SERVE INDIVIDUAL DEFENDANTS

BEFORE THE HONORABLE BERNARD M. JONES, UNITED STATES DISTRICT JUDGE.

The Plaintiff, by and through his undersigned attorneys, hereby moves the Court for an extension of time to serve the individual defendants identified in the Court's Order (ECF 132), and says in support thereof:

1. This Court in ECF 138 granted plaintiff's request to extend time to serve certain individual defendants pursuant to the Hague Convention to September 5, 2025.

2. Plaintiff has diligently sought to serve the certain individual defendants pursuant to the Hague Convention and has effected service to 16 defendants to date.

3. There are approximately eight (8) defendants remaining to be served, including, Matthew Sears, Drew Rendall, Angela Tozer, Erin Morton, Roland Kuhn, Robert Bothwell, Margaret MacMillan and John Ferris.

4. Plaintiff has received notice from the Calgary Hague Convention process service provider, the Sheriff, that John Ferris was initially unable to be served, and that service of process must now be renewed to attempt service again which Plaintiff is prepared to do.

5. Plaintiff has not yet received any formal update to service of process from the Hague Convention in Toronto regarding its service of Kuhn, Bothwell, and MacMillan after provision of the service documents pursuant to the Act.

6. Plaintiff has received an update from the Sheriff of New Brunswick effectuating Hague Convention service indicating that service of Sears, Rendall, Tozer and Morton have not yet been effectuated, and that except for Sears, will apparently require a private investigator to determine the whereabouts of Rendall, Tozer and Morton.

7. Plaintiff therefore respectfully moves the Court for additional time to serve the remaining defendants of 90 days.  It generally can take 45 days just for certain Canadian authorities to receive and process the international Hague Convention service of process files, and then another 45 days for locating the defendants and the attempts of service thereunder.

8. The undersigned has repeatedly consented to defendants' requested extensions of time.

9. On September 4, 2025 the undersigned again e-mailed the defendants' counsel of record requesting consent for service waiver under Rule 4, or

alternatively, their consent to an extension of time of at least three months for service of process from September 5, 2025 because of the likely lengthy Hague Convention process in Canada, and counsel for Roland Kuhn counsel for Sears, Rendall, Tozer and Morton have each responded with a declination for either an extension of time or a Rule 4 waiver.

10. It is necessary for Plaintiff to have additional time to serve the individual defendants in order to comply with this Court's Order for the Hague Convention individual service of process.

11. The first motion to extend time indicated to this Court that pursuant to a telephone call with Canadian authorities it was possible that Hague Convention service of process could take "up to a year." No defendant filed any objection to this possible timeline of Hague Convention service of process, nor has any defendant offered to waive service.

12. No prejudice to any party will occur as dates for responses and replies to the complaint for other defendants have also been extended by consent and by this Court's order not requiring any responses until 21 days after proof of service of process is filed after service on the individual Canadian defendants.

13. The present Order for defendants' to respond on or before the last defendant is served or no later than September 26, 2025 was contemplated by defendants' consent motion to clarify that they would not have to respond until all defendants were served. Therefore, Plaintiff requests the Court to

extend any response date pursuant to its order to 21 days after the last defendant is served.

WHEREFORE the Plaintiff requests the Court GRANT his request for an extension of time to file proofs of service until on or before December 5, 2025.

                                   Respectfully submitted,
                                   THE COX LAW CENTER, LLC

                                   By: _____//s//_____
                                   Daniel L. Cox, Ok. Fed. Bar No. 2490
                                   Attorney for Plaintiff
                                   The Cox Law Center, LLC
                                   P.O. Box 545
                                   Emmitsburg, MD 21727
                                   Ph: 410-254-7000
                                   Fx: 410-254-7220
                                   E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

                                   _____/s/_____
                                   Daniel L. Cox