IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO<br><br>*PLAINTIFF*,<br><br>v.<br><br>JAMES GREGORY, III, *et al.*,<br><br>*DEFENDANTS*. | Case No.: 5:24-cv-00567-J<br><br>Assigned to the Hon. Bernard Jones<br><br>**CERTAIN DEFENDANTS' OBJECTIONS AND OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO SERVE INDIVIDUAL DEFENDANTS** |

NOW COME Defendants the University of New Brunswick (identified in the Complaint as "University of New Brunswick, Canada," and referred to herein as "UNB"), Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke (identified in the Complaint as Elizabeth Mancke), Janet Mullin, Angela Tozer, Margaret MacMillan, Robert Bothwell, and John Ferris (the "Moving Defendants"), and, for their opposition to the Second Motion for Extension of Time to Serve Individual Defendants (the "Motion," Doc. # 143) filed by Douglas Mastriano ("Plaintiff"), state as follows:

I.  **Introduction and Overview of the Argument**

This case has been pending before the Court for more than a year and has not yet made it past the initial pleading phase. Despite this, Plaintiff now seeks to again significantly delay the legal proceedings *he initiated* by another ninety days—three

1

months—to complete service of his Amended Complaint. If Plaintiff's Motion is granted, this case will be a year and a half old before the Moving Defendants have an opportunity to have their defenses heard.

Plaintiff fails to show good cause for his extremely prolonged request. Plaintiff provides no explanation for why he took so long to initiate proper service. Plaintiff further fails to adequately explain why any further extension is warranted. Finally, Plaintiffs' continued delays of this lawsuit are severely prejudicial to the Moving Defendants, who have been forced to participate in over a year of litigation before their defenses can be heard. Accordingly, the Moving Defendants respectfully ask that the Motion be denied.

## II.     Procedural Background

On May 31, 2024, Plaintiff filed his Complaint. (Doc. #1). Plaintiff purported to serve the individual Moving Defendants—alleged to be residents of Canada—by delivering copies of the summons and Complaint to employees of UNB at UNB's administration building. (Doc. #8, 27-29, and 73). Plaintiff did not effectuate personal service as required under the Hague Convention and local law. (*See* Doc. # 132).

On August 6, 2024, Defendants UNB, Mazerolle, MaGee, Rendall, Brown, Brown, Dutcher, Kennedy, Morton, Sears, Windsor, Hunt-Kennedy, MacDonald, Mullaly, Todd, Corke, Huskins, the Estate of Elizabeth Mancke, and Tozer (the "University Defendants") filed a Motion to Dismiss, in relevant part, seeking to quash prior service of process. (Doc. # 12). On August 30, 2024, Defendants MacMillan, Bothwell, and Ferris (the "Committee Defendants") filed their own Motion to Dismiss and Joinder to the Motion to Dismiss filed by the University Defendants, raising a related request to quash service. (Doc. # 66). On

September 16, 2024, Defendant Mullin filed her own Motion to Dismiss, Joinder to the Motion to Dismiss filed by the University Defendants, and Joinder to the Motion to Dismiss filed by the Committee Defendants, also seeking to quash service. (Doc. # 85). In a similar fashion, on October 16, 2024, Defendant Kuhn filed a Motion to Dismiss, also making a request for service to be quashed. (Doc. # 105).

On January 17, 2025, Plaintiff filed his Motion for Leave to Amend his Complaint. (Doc. # 126). On February 4, 2025, the Court entered an Order in which it simultaneously granted Plaintiff's Motion to Amend and also granted the aforementioned Defendants' respective Motions to Dismiss as it pertained to the requests to quash purported service of the Complaint on individual Moving Defendants and on Defendant Kuhn. The Court ordered Plaintiff serve the individual Moving Defendants and Defendant Kuhn with the Amended Complaint and an alias summons in accordance with Fed. R. Civ. P. 4(f), given that these Defendants are alleged to be residents of Canada. The Court also ordered Plaintiff to complete this service and file the related proofs within forty-five days from the entry of the Order, making the deadline March 21, 2025. (Doc. #132).

On March 5, 2025, Plaintiff filed a Motion for Extension of Time to Serve Individual Defendants ("First Motion for Extension"). (Doc. #137). In his First Motion for Extension, Plaintiff requested an additional *one hundred and sixty-eight days* to complete service of the Amended Complaint on the above Defendants and file proofs of service. According to Plaintiff, Plaintiff was attempting service through the Canadian Central Authorities for the Hague Convention. (Doc # 137 at ECF p. 2). In support of the First Motion for Extension,

3

Plaintiff attached an email from Canadian authorities estimating that an initial service attempt would take six weeks. (Doc. # 137-1 at ECF p. 2).

On March 6, 2025, the Court granted Plaintiff's First Motion for Extension. The Court ordered that Plaintiff should serve the individual defendants and file his proofs of service on or before September 5, 2025. (Doc. # 138).

On September 4, 2025, Plaintiff filed proofs of service for some of the individual Canadian Defendants. These proofs purport to reflect service by the Deputy Sheriff in Fredericton, New Brunswick (*e.g.*, Doc. # 142-2 at ECF p. 2) or by a person who may be a private process server (*e.g.*, Doc. 142-8 at ECF p. 2). None of the proofs of service reflect service through the Canadian Central Authorities.

On September 5, 2025, Plaintiff filed this Motion seeking another three-month extension of time to serve the remaining Defendants. (Doc. # 143).

**III.    Legal Standard**

Under Rule 6(b)(1), a district court may extend a deadline for "good cause." The good-cause standard requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). That is to say, good cause requires the moving party to show the deadline "cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (brackets and internal quotation marks omitted).

"[E]nlargement of the time period is by no means a matter of right." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 n.10 (10th Cir. 2013) (quotation marks omitted). "The

4

lesson to the federal plaintiff's lawyer is not to take any chances." *Cox v. Sandia Corp.*, 941 F.2d 1124, 1126 (10th Cir. 1991) (quotation marks omitted) (finding no good cause under Fed. R. Civ. P. 4(j) for failure to effect service when counsel waited to hire a process server).

IV.   **Legal Argument**

   A. **Plaintiff Fails To Show Good Cause Warranting An Extension**

Plaintiff cannot explain why he failed to begin the process of properly effectuating service until over nine months after this action was filed and nearly seven months after the University Defendants' Motion to Dismiss identified the initial service as defective.

This action was filed on May 31, 2024. Plaintiff was made aware no later than August 6, 2024—when the University Defendants filed their Motion to Dismiss (Doc. # 12)—that his original purported service on the individual Canadian Defendants was ineffective. Instead of immediately attempting to effectuate proper service, Plaintiff opposed the University Defendants' Motion to Dismiss (Doc. #81) and also opposed Defendant Kuhn's Motion to Dismiss (Doc. #120). The initial purported service on the individual Canadian Defendants was quashed of February 4, 2025. The Canadian authorities apparently received copies of the service papers on March 5, 2025. (Doc. # 137-1 at ECF p. 2). On the same date, Plaintiff advised the Court he had retained a private process server. (Doc. # 137 at ECF p. 3).

Even now, months after the initial purported service was quashed, Plaintiff alleges that service of Defendants Rendall, Tozer, and Morton will "will apparently require a private investigator to determine the[ir] whereabouts." (Doc. 143 at ECF p. 2). Plaintiff provides no explanation why he did not hire a private investigator to locate these

5

defendants last August when the Defendants filed their Motion to Dismiss identifying the defective service, or back in February when service was quashed, or even in March when Plaintiff filed the First Motion for Extension. Instead, Plaintiff's own Motion indicates that he still has not hired an investigator.

Given this timeline, Plaintiff <u>cannot</u> show that the deadline "cannot be met despite [Plaintiff's] diligent efforts." *Gorsuch, Ltd., B.C.,* 771 F.3d at 1240. On the contrary, Plaintiff simply delayed hiring a private process server, delayed contacting the Canadian authorities, and delayed hiring an investigator. There is no good cause warranting a further extension. *Cox*, 941 F.2d at 1126 (finding no good cause under Fed. R. Civ. P. 4(j) for failure to effect service when counsel waited to hire a process server).

### B. Plaintiff Fails To Explain Why A Further Extension Is Warranted

Plaintiff's submissions suggest that he began the process of serving the individual Canadian Defendants through Canadian Central Authorities on or about March 5, 2025. In support of the First Motion for Extension dated March 5, 2025, Plaintiff attached an email from Canadian authorities estimating that an initial service attempt would take only six weeks. (Doc. # 137-1 at ECF p. 2). In the current Motion, Plaintiff states that "It generally can take 45 days just for certain Canadian authorities to receive and process the international Hague Convention service of process files, and then another 45 days for locating the defendants and the attempts of service thereunder." (Doc. # 143 at ECF p. 2).

Six weeks from March 5, 2025 ended on April 16, 2025. Ninety days from March 5, 2025 ended on June 3, 2025. It is now September 8, 2025. Even if an initial extension

6

of time was appropriate, Plaintiff's own submission indicates that service should have been effectuated already.[1]  No good cause exists for further extensions of time.

### C.  Further Delays Would Severely Prejudice The Defendants

The Moving Defendants have been forced to litigate this matter for well over a year. During that time, the Moving Defendants have collectively filed three Motions to Dismiss (Docs. # 12, 66, and 85) and a reply brief in support of the University Defendants' Motion to Dismiss (Doc. # 94).  If Plaintiff's instant Motion is granted, this case will be a year and a half old before the Moving Defendants have an opportunity to have their defenses heard.

## V.  Conclusion

Plaintiff has failed to demonstrate good cause to support his request for an extension of time to serve the remaining Defendants.  Plaintiff's own submission indicates that service should have already been effectuated.  Granting Plaintiff's Motion for Extension would be extremely prejudicial to the Moving Defendants, forcing them to continue to endure months of additional time and resources defending this case. For these reasons, the Moving Defendants respectfully request that Plaintiff's Motion for Extension be denied.

---

[1] Plaintiff also alleges, without citation, that representations have been made in telephone calls that service could take six months to a year. (Doc. # 143 at ECF p. 2).  Plaintiff does not identify when those representations were made or who made those representations, other than to identify the speaker(s) generally as "Canadian Central authorities." Telephone calls with unidentified individuals on an unidentified date are not a reasonable basis for noncompliance within the time specified as is required to show good cause justifying an extension of time.

## RELIEF REQUESTED

WHEREFORE, the Moving Defendants respectfully request that this Court enter an Order <u>denying</u> Plaintiff's Second Motion for Extension of Time to Serve Individual Defendants (Doc. # 143).

Dated: September 8, 2025

Respectfully submitted,

*/s/ William C. Swallow*

William C. Swallow (*PHV*, IL No. 6293910)
Michael H. Passman (*PHV*, IL No. 6297381)
Emily M. Vanderlaan (*PHV*, CO No. 55293)

CLYDE & CO US LLP
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
T: (312) 635-7000
E: bill.swallow@clydeco.us
E: michael.passman@clydeco.us
E: emily.vanderlaan@clydeco.us

Don W. Danz

McATEE & WOODS, P.C.
410 NW 13th Street
Oklahoma City, OK 73103
T: (405) 232-5067
E: DonD@McAteeandWoods.com

*Attorneys for the University of New Brunswick, Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, Angela Tozer, Margaret MacMillan, Robert Bothwell, John Ferris, and Janet Mullin.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 8th day of September, 2025, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

*/s/ William C. Swallow*
William C. Swallow
*Admitted Pro Hac Vice*
