## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

DOUGLAS MASTRIANO

       *PLAINTIFF*,

v.

James Gregory, III
1509 Vandivort Place
Edmond, OK 73034

And

Roland Kuhn, the National Research Council
of Canada, Paul Mazerolle, President and
Vice-Chancellor, University of New
Brunswick, Canada; David MaGee, Vice-
President, Research; Drew Rendall, Dean,
Graduate Studies; Jeff Brown; Cindy Brown;
Stephen Dutcher; Sean Kennedy; Erin
Morton; Mattew Sears; Lee Windsor; Stefanie
Hunt-Kennedy; Carolyn MacDonald; Sasha
Mullaly; Lisa Todd; Sarah-Jane Corke;
Bonnie Huskins; Elizabeth Mancke; Janet
Mullin; Angela Tozer; Margaret MacMillan;
Robert Bothwell; John Ferris;
    -  *each in his or her individual capacity*

And

University of New Brunswick, Canada,

And

John & Jane Doe

       *DEFENDANTS*.

Case No.: 5:24-cv-00567-J

Assigned to the Hon. Bernard M. Jones

**THE INDIVIDUAL UNIVERSITY
DEFENDANTS' REPLY BRIEF IN
SUPPORT OF THEIR MOTION
TO DISMISS THE AMENDED
COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................................... 1

II.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER UNB ........ 2

  A.  The Individual University Defendants Are Entitled To Immunity Because They Were Sued In Their Official Capacity .................................................... 2

  B.  In The Alternative, Suit Against The Individual University Defendants Cannot Go Forward Without UNB .......................................................................... 2

III.  THIS COURT LACKS PERSONAL JURISDICTION OVER UNB..................... 3

  A.  The Individual University Defendants Did Not Purposely Avail Themselves Of The Oklahoma Forum ................................................................................. 3

  B.  Plaintiff's RICO Claims Do Not Create Personal Jurisdiction ............................ 4

  C.  "Pendent Personal Jurisdiction" Does Not Create Personal Jurisdiction ............. 5

  D.  Exercising Jurisdiction Over The Individual University Defendants Does Not Comport With Fair Play And Substantial Justice ................................................. 6

IV.  CERTAIN DEFENDANTS HAVE STILL NOT BEEN SERVED .......................... 7

V.  PLAINTIFF FAILS TO STATE A CLAIM ............................................................. 8

  A.  Plaintiff Fails To Plead A Racketeering Claim ..................................................... 8

  B.  Plaintiff Fails To Plead A Sherman Act Claim ...................................................... 9

  C.  Plaintiff Fails To Plead A Fraud Claim ................................................................ 10

  D.  Plaintiff Fails To Plead An Aiding And Abetting Claim ...................................... 10

  E.  Plaintiff Fails To Plead A Breach Of Contract Claim ......................................... 11

  F.  Plaintiff Fails To Plead A Negligence Claim ....................................................... 11

  G.  Plaintiff Fails To Plead A Defamation Claim....................................................... 12

  H.  Plaintiff Fails To Plead A False Light Claim ....................................................... 13

VI.    PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HIS COMPLAINT OR CONDUCT JURISDICTIONAL DISCOVERY ............................................. 14

VII.    CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almeida v. BOKF*,
    NA, 471 F. Supp. 3d 1181 (N.D. Okla. 2020). ........................................................... 11

*Andrews v. Heaton*,
    483 F.3d 1070 (10th Cir. 2007) ................................................................................ 8

*Ashcroft v. Iqbal*,
    556 U.S.662 (2009) ................................................................................................ 13

*Barrett v. Tallon*,
    30 F.3d 1296 (10th Cir. 1994) ................................................................................ 10

*Breakthrough Mgmt. Grp. v. Chukchansi Gold Casino & Resort*,
    629 F.3d 1173 (10th Cir. 2010) .............................................................................. 15

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (19850 ............................................................................................... 4

*Bush v. Gore*,
    531 U.S. 98 (2000) ................................................................................................ 12

*Calder v. Jones*,
    465 U.S. 783 (1984) ................................................................................................ 5

*Cory v. Aztec Steel Bldg.*,
    Inc., 468 F.3d 1226 (10th Cir. 2006) ....................................................................... 4

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
    51 F.3 1063 (10th Cir 2008) ................................................................................... 6

*Gallucci v. Phillips & Jacobs, Inc.*,
    613 A.2d 294 (Pa. Super. Ct. 1992) ...................................................................... 13

*Hill v. Stowers*,
    680 S.E.2d 66 (W. Va. 2009) ................................................................................ 12

*HomeStake Prod. Co. v. Talon Petroleum Co.*,
    90 F.2d 1012 (10th Cir. 1990) ................................................................................. 6

*Jackson v. GreerWalker, LLP*,
    2018 WL 894873 (N.D. Okla. Feb. 14, 2018) ............................................................ 10

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
    213 F.3d 841 (5th Cir. 2000) ................................................................................. 14, 15

*Kleinknecht v. Gettysburg Coll.*,
    989 F.2d 1360 (3d Cir. 1993) ..................................................................................... 11

*Koch v. Koch Indus.*,
    203 F.3d 1202 (10th Cir. 2000) ................................................................................. 10

*Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems
Holdings, Inc.*,
    79 F.4th 1209 (10th Cir. 2023) ................................................................................... 14

*Melea, Ltd. v. Jawer SA*,
    511 F.3d 1060 (10th Cir. 2007) ................................................................................... 6

*Northcutt v. Fulton*,
    2020 WL 7380967 (W.D. Okla. Dec. 15, 2020) ............................................................ 3

*Phillips v. Calhoun*,
    956 F.2d 949 (10th Cir.1992) ..................................................................................... 9

*Roberts v. Wamser*,
    883 F.2d 617 (8th Cir. 1989) ..................................................................................... 12

*Rudman v. Oklahoma ex rel. Bd. of Regents for the Reg'l Univ. Sys. of
Oklahoma*,
    2022 WL 17083406 (W.D. Okla. Nov. 18, 2022) .......................................................... 7

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ..................................................................................................... 6

*Tal v. Hogan*,
    453 F.3d 1244 (10th Cir. 2006) ................................................................................ 8, 9

*Underwager v. Salter*,
    22 F.3d 730 (7th Cir. 1994) ......................................................................................... 1

*United States v. Botefuhr*,
    309 F.3d 1263 (10th Cir. 2002) ................................................................................... 5

*XMission, L.C. v. PureHealth Research*,
    105 F.4th 1300 (10th Cir. 2024) ................................................................................. 4

**Statutes**

42 Pa. C.S.A. § 5523(1) ................................................................................ 13

18 U.S.C. § 1961(1) ...................................................................................... 9

18 U.S.C. § 1962(d) ...................................................................................... 9

18 U.S.C. § 1965(b) ...................................................................................... 4

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 9 .................................................................................... 8, 10

Fed. R. Civ. P. 12 ........................................................................................ 7

In further support of their Motion to Dismiss (Doc. # 154) and in reply to the Plaintiff's Response Brief (Doc. # 160), Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, Janet Mullin, Angela Tozer, Margaret MacMillan, Robert Bothwell, and John Ferris (collectively, the "Individual University Defendants") state as follows:

## I.     <u>INTRODUCTION</u>

Nothing in Plaintiff's Response Brief changes the fact that this dispute is, at base, a dispute over the credibility of Plaintiff's academic research that should be resolved by an educational committee. *See Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994) ("Scientific controversies must be settled by the methods of science rather than by the methods of litigation"). Nothing in Plaintiff's Response Brief changes the fact that Plaintiff is suing the alleged employees and agents of an instrumentality of a foreign state that is immune from suit, and that immunity extends to the alleged employees and agents who are being sued in their official capacity. Nothing in Plaintiff's Response Brief changes the fact that this Court lacks personal jurisdiction over UNB because this dispute concerns claims against a Canadian university and Canadian individuals relating to an academic relationship formed in Canada, statements allegedly made in Canada, and an investigation allegedly taking place in Canada. Nothing in Plaintiff's Response Brief changes the fact that Plaintiff fails to state a legally cognizable claim. All of Plaintiff's claims should be dismissed *with prejudice*.

1

To avoid repetitious argument and in compliance with LCvR7.1(h), this Reply Brief focuses on the arguments raised in Plaintiff's Response Brief (Doc. # 160). However, in support of its Motion to Dismiss, UNB also incorporates by reference, and adopts to the extent they apply, the arguments in support of dismissal advanced by UNB, Defendant Gregory, and Defendant Kuhn.

## II.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER UNB

As discussed in Section III of UNB's Motion to Dismiss, and as adopted fully herein, UNB is immune from subject matter jurisdiction because UNB is an instrumentality of Canada and the Canadian Province of New Brunswick. (Doc. # 153 at ECF pp. 14-33). The Individual UNB Defendants also join and adopt the arguments on this point that are set forth in UNB's Reply Brief, including the arguments that no exceptions to immunity apply and immunity was never waived.

### A.    The Individual University Defendants Are Entitled To Immunity Because They Were Sued In Their Official Capacity

Plaintiff suggests without citation that the Individual University Defendants remain subject to suit because they were sued in their *personal capacity*. (Doc. # 160 at ECF p. 14). In fact, the Individual University Defendants are immune from suit because they are sued in their *official capacity*. (Doc. # 154 at ECF pp. 9-14).

### B.    In The Alternative, Suit Against The Individual University Defendants Cannot Go Forward Without UNB

Plaintiff does not address the Individual University Defendants alternative argument that the claims against the Individual University Defendants cannot go forward without UNB because UNB has an interest relating to the subject of the claims against the

Individual University Defendants, and disposing of those claims in UNB's absence may impair or impede UNB's ability to protect its interests. (Doc. # 154 at ECF pp. 14-16). Plaintiff has waived his opportunity to respond to that argument. *See Northcutt v. Fulton*, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument").

*        *        *

Because the Individual University Defendants have been sued in their official capacity as alleged employees and/or agents of an instrumentality of Canada and the Canadian Province of New Brunswick, this Court lacks subject matter jurisdiction over the claims against the Individual University Defendants, and those claims must be dismissed *with prejudice*. In the alternative, the claims against the Individual University Defendants must be dismissed *with prejudice* because the claims against the Individual University Defendants cannot go forward without UNB.

## III.    THIS COURT LACKS PERSONAL JURISDICTION OVER UNB

In his Response Brief, Plaintiff argues that the Individual University Defendants are subject to specific personal jurisdiction in Oklahoma. In fact, there is no basis for personal jurisdiction over the Individual University Defendants in Oklahoma.

### A.    The Individual University Defendants Did Not Purposely Avail Themselves Of The Oklahoma Forum

Plaintiff argues that personal jurisdiction in Oklahoma exists because the Individual University Defendants purposely availed themselves of the Oklahoma forum by directing communications to Mr. Gregory in Oklahoma. (Doc. # 160 at ECF pp. 18-19). However, a

defendant does not subject itself to jurisdiction in a forum simply because it worked in concert with another defendant having forum contacts; its own purposeful availment of the forum is required. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

In his Amended Complaint, Plaintiff complains of communications allegedly made by the Individual University Defendants from Canada to Pennsylvania, "to the press," "to the world," and "to the American press and social media to the world"—but not specifically to Oklahoma. (Doc. # 133 at ECF pp. 12, 14, 16; *see also* Doc. # 133-4 at ECF p. 2). There are no allegations that the Individual University Defendants acted with knowledge that the brunt of the alleged injury would be felt in Oklahoma—as required for specific jurisdiction under the "harmful effects test." *See XMission, L.C. v. PureHealth Research*, 105 F.4th 1300, 1309-10 (10th Cir. 2024). It is undisputed that Plaintiff lives in Pennsylvania.

**B.    Plaintiff's RICO Claims Do Not Create Personal Jurisdiction**

Plaintiff argues that specific personal jurisdiction in Oklahoma exists because his RICO claims independently confer personal jurisdiction. (Doc. # 160 at ECF pp. 17, 19-20). When required by the ends of justice, nationwide service of process in RICO actions can confer personal jurisdiction over a defendant *in any judicial district* as long as the defendant has minimum sufficient contacts with the U.S. 18 U.S.C. § 1965(b). However, none of the Individual University Defendants reside in a U.S. judicial district or were served in the United States. Therefore, RICO's nationwide service of process provision does not provide a basis for personal jurisdiction in this case. *See Cory v. Aztec Steel Bldg.*, Inc., 468 F.3d 1226, 1231 (10th Cir. 2006).

C.    **"Pendent Personal Jurisdiction" Does Not Create Personal Jurisdiction**

Plaintiff argues that even if the Court otherwise lacks personal jurisdiction over certain Individual University Defendants, the Court can exercise jurisdiction over all of the Defendants in connection with all claims arising from a common nucleus of fact. Plaintiff presumably intends to suggest that if another Defendant is subject to the jurisdiction of this Court, this Court can extend personal jurisdiction over the Individual University Defendants who are alleged to have acted in concert with any other Defendant. In support of this argument, Plaintiff invokes the doctrine of "pendent personal jurisdiction" and cites *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002).

In *Botefuhr*, the U.S. Court of Appeals for the 10th Circuit explained that "Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim."

The *Botefuhr* decision addresses a situation where the Court has an independent basis for jurisdiction over one claim but not another claim against *the same defendant*. Neither the doctrine of "pendent personal jurisdiction" nor the *Botefuhr* decision provide any basis for the Court to extend personal jurisdiction over a defendant simply because *a different defendant* happens to be subject to the Court's personal jurisdiction.

Instead, the U.S. Supreme Court has held that personal jurisdiction over multiple defendants must be assessed separately for each defendant. *Calder v. Jones*, 465 U.S. 783,

790 (1984); *see Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (the plaintiff has the burden of establishing that the personal jurisdiction requirements are met as to each defendant). This rule has been repeatedly affirmed by the U.S. Court of Appeals for the 10th Circuit. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071–72 (10th Cir. 2008) (personal jurisdiction must be established separately for each defendant, and one defendant's contacts cannot automatically supply the contacts necessary for another defendant's jurisdictional ties); *HomeStake Prod. Co. v. Talon Petroleum Co.*, 907 F.2d 1012, 1020 (10th Cir. 1990) (minimum contacts must be found as to each defendant).

In *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1070 (10th Cir. 2007), the U.S. Court of Appeals for the 10th Circuit held that the mere presence of one alleged co-conspirator in the forum did <u>not</u> automatically create personal jurisdiction over the other alleged co-conspirator. The *Melea* decision is on point: even if this Court has jurisdiction over Defendant Gregory, it does not have jurisdiction over the Individual University Defendants.

### D. Exercising Jurisdiction Over The Individual University Defendants Does Not Comport With Fair Play And Substantial Justice

Plaintiff argues that exercising jurisdiction over the Individual University Defendants in Oklahoma comports with fair play and substantial justice. (Doc. # 160 at ECF 21). On this point, to avoid repetitious argumentation, the Individual University Defendants join and adopt the arguments set forth in UNB's Reply Brief.

\* \* \*

6

For these reasons, and for the reasons stated in their original Motion and in UNB's Motion and Reply Brief, this Court lacks personal jurisdiction over the claims against the Individual University Defendants, and those claims must be dismissed *with prejudice*.

## IV.    <u>**CERTAIN DEFENDANTS HAVE STILL NOT BEEN SERVED**</u>

Even if subject matter jurisdiction exists and personal jurisdiction would otherwise exist, without proper service, the court lacks jurisdiction over the Individual University Defendants. *Rudman v. Oklahoma ex rel. Bd. of Regents for the Reg'l Univ. Sys. of Oklahoma*, 2022 WL 17083406, at *2 (W.D. Okla. Nov. 18, 2022) (citation omitted). Plaintiff admits that he has failed to serve several defendants. (Doc. 160 at ECF p. 27). The Court's docket indicates that Plaintiff has failed to file proof of service for Defendants Drew Rendall, Erin Morton, Margaret MacMillan, Robert Bothwell, and John Ferris.

Plaintiff argues that service of process has been waived because the unserved Defendants had actual notice of this suit and participated in this suit through counsel. In support of this argument, Plaintiff cites Fed. R. Civ. P. 12(h)(1). Contrary to Plaintiff's suggestion, that rule does <u>not</u> say that a defendant waives its 12(b)(5) defense by receiving actual notice of a suit and participating through counsel. Instead, that rule states that a defendant can waive Rule 12(b) defenses by failing to present them by motion. There is no question that all of the Individual University Defendants have preserved their Rule 12(b)(5) defense by presenting them by motion. (Doc. # 12 at ECF pp. 32-33; Doc. # 66 at ECF pp. 11-12; Doc. # 154 at ECF pp. 23-24).

Accordingly, the claims against these Defendants Drew Rendall, Erin Morton, Margaret MacMillan, Robert Bothwell, and John Ferris must be dismissed *with prejudice*

if Plaintiff does not serve these Defendants by December 5, 2025 – the deadline this Court has set for service of process. (Doc. # 155 at ECF p. 1).

## V.      PLAINTIFF FAILS TO STATE A CLAIM

### A.      Plaintiff Fails To Plead A Racketeering Claim

Plaintiff argues that he properly pleaded RICO claims against UNB and the Individual University Defendants. In support, Plaintiff argues, among other things, that "The Complaint alleges that UNB acted in concert with Gregory, other Individual University Defendants, and additional co-conspirators, to destroy Plaintiff's academic reputation through fraudulent means" and "The Complaint details how Defendants used interstate communications to transmit false academic charges, defamatory statements, and stolen intellectual property with the common purpose of destroying Plaintiff's business and political prospects." (Doc. # 159 at ECF p. 24 and 160 at ECF p. 22). Plaintiff cites <u>nothing</u> in support of these sweeping characterizations of his own pleading.

Plaintiff ignores that the *facts* alleging RICO violations must be pleaded with specificity to provide clear factual notice of the alleged basis for the claim. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); see also Fed. R. Civ. P. 9(b). In particular, a complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). Although the Amended Complaint references legal labels such as "wire fraud," "extortion," and "election interference" in passing, Plaintiff provides no factual detail supporting any of these claims. Plaintiff's Response Brief does not even attempt to identify the time, place, and contents

8

of the allegedly fraudulent activity. (*See* Doc. # 163 at ECF pp. 14-17). Instead, Plaintiff's claims center on university investigations, media criticism, and academic disputes—not qualifying predicate or overt acts of racketeering activity under 18 U.S.C. § 1961(1) or § 1962(d). This is not a racketeering case; this is a case about an academic dispute. Accordingly, Plaintiff's RICO allegations must be dismissed *with prejudice*.

### B.    Plaintiff Fails To Plead A Sherman Act Claim

The principal problem with Plaintiff's purported Sherman Act claim is that, to plead an antitrust injury, the "plaintiff must allege a business or property injury, an antitrust injury, as defined by the Sherman Act." *Tal*, 453 F.3d at 1257- 58 (internal quotation marks) (citation omitted). Thus, to have antitrust injury, a plaintiff must allege an injury to competition, not a generic injury to the plaintiff. *Id*. Plaintiff's claimed harm – lost book sales, halted publications, and reputational damage – relates solely to his personal business interests, not to any harm to market-wide competition. (Doc. # 133 at ECF pp. 27-30).

Plaintiff does not even attempt to address this issue in his Response Briefs. Instead, Plaintiff asserts that the Defendants in this action are a monopoly because they "collectively wielded control over the academic market for World War I research through UNB's institutional platform and access to international publishers." (Doc. # 160 at ECF p. 24). There are <u>no allegations</u> in the Complaint to support Plaintiff's assertion and Plaintiff <u>cites nothing</u> in support. The Court need not countenance this argument. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir.1992) ("[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a

lack of supporting authority or in the face of contrary authority, forfeits the point"). Plaintiff's Sherman Act claims must be dismissed *with prejudice*.

### C.    Plaintiff Fails To Plead A Fraud Claim

Common law fraud must be pleaded with particularity. *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994). This means that the pleading must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

In his Response Brief, Plaintiff argues that "The complaint identifies the 'who, what, when, where, and how' of each misrepresentation, satisfying Rule 9(b)." (Doc. # 160 at ECF p. 25). Plaintiff cites <u>nothing</u> in support. Plaintiff is incorrect; Plaintiff fails to plead with particularity facts to support a fraud claim. (Doc. # 154 at ECF pp. 28-29).

### D.    Plaintiff Fails To Plead An Aiding And Abetting Claim

In Count VI, Plaintiff seeks to plead a claim for "Aiding and Abetting Breach of Fiduciary Duty." (Doc. # 133 at ECF p. 32). Plaintiff cites *Jackson v. GreerWalker, LLP*, 2018 WL 894873, at *4 (N.D. Okla. Feb. 14, 2018) in support of his argument that "Oklahoma recognizes liability for aiding and abetting another's tortious conduct where the defendant gives substantial assistance or encouragement." (Doc. # 160 at ECF p. 25). However, Plaintiff ignores the very next sentence in the *Jackson* decision: "… the Oklahoma Supreme Court has never expressly recognized the tort of aiding and abetting a breach of fiduciary duty." *Jackson*, 2018 WL 894873, at *4. Plaintiff also ignores this Court's subsequent finding that "Oklahoma courts have imposed civil aiding-and-abetting liability in only a handful of contexts, so it seems doubtful that the Oklahoma Supreme

Court would expand the doctrine to cover aiding and abetting breach of fiduciary duty." *Almeida v. BOKF*, NA, 471 F. Supp. 3d 1181, 1198 (N.D. Okla. 2020).

Plaintiff also fails to respond to the alternative argument that, even if such a claim exists, Plaintiff failed to plead sufficient factual allegations to establish that either UNB or the Individual University Defendants: (1) had knowledge of a breach of fiduciary duty; and (2) gave substantial assistance or encouragement in allegedly breaching their fiduciary duties. (Doc. # 154 at ECF p. 30). For these reasons, Plaintiff fails to plead a claim for aiding and abetting breach of fiduciary duty.

### E.    Plaintiff Fails To Plead A Breach Of Contract Claim

Plaintiff cannot maintain a claim for breach of contract because he fails to identify in his Amended Complaint what contractual terms were supposedly breached and further fails to plead a price term for the alleged contract. (Doc. # 154 at ECF p. 31). In response, Plaintiff argues that the alleged contract "included an implied covenant of good faith and fair dealing," and that UNB breached that implied covenant (Doc. # 160 at pp. 25-26).

There are no allegations of an implied covenant of good faith and fair dealing anywhere in Plaintiff's Amended Complaint. (*See* Doc. # 133 at ECF pp. 34-35). Plaintiff has failed to plead a claim for breach of contract and cannot use his Response Brief to manufacture new contractual terms that are not pleaded in the Amended Complaint.

### F.    Plaintiff Fails To Plead A Negligence Claim

Plaintiff cites *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1367 (3d Cir. 1993) in support of his argument that UNB and the Individual University Defendants owe him a duty of reasonable care. (Doc. # 160 at ECF p. 26). In *Kleinknecht*, 989 F.2d at 1367, the

court recognized that a college owed a duty to a student athlete engaged in an athletic practice for a school-sponsored intercollegiate team. Plaintiff cites <u>nothing</u> recognizing an open-ended duty of care running from a university and its employees to someone who received a degree years earlier. No such authority exists.

### G.    Plaintiff Fails To Plead A Defamation Claim

According to Plaintiff, UNB and the Individual University Defendants made false statements with actual malice and an intent to destroy Plaintiff's reputation. (Doc. # 160 at ECF p. 27). However, this case is about an academic dispute. Academic researchers commonly disagree with each other, and call each other's opinions and conclusions into question, without actual malice. Plaintiff's defamation claim consists of vague and conclusory assertions without adequately identifying what was said, by whom, when, and how it was false. (Doc. # 154 at ECF pp. 32-34; *see also* Doc. # 163 at ECF pp. 8-12).

Additionally, in his Response Briefs, Plaintiff makes several references to his political campaigns and political prospects, and argues that, as a result of the Defendants' statements, Plaintiff was "politically harmed." (Doc. # 159 at ECF pp. 5-6, 14, 16, 21, 23, 24-25 and 28; Doc. # 160 at ECF pp. 10, 13, 17, 22 and 26-27). Courts do not recognize claims by unsuccessful candidates for damages based on political loss. *See Bush v. Gore*, 531 U.S. 98 (2000) (addressing constitutional review of vote-count procedures, not private damages for election loss); *see also Roberts v. Wamser*, 883 F.2d 617 (8th Cir. 1989) (holding that an unsuccessful candidate lacks standing to challenge election results simply because he lost, and cannot obtain monetary relief for the loss); *Hill v. Stowers*, 680 S.E.2d 66 (W. Va. 2009) (dismissing claim for monetary damages by losing candidate, noting that

a candidate "does not have a property right to win an election" and it would be contrary to public policy to allow a losing candidate to recover monetary damages from an opponent). Plaintiff has not identified a statutory basis for his claim, nor offered non-speculative proof that his election defeat was proximately caused by Defendants' alleged statements or actions. Accordingly, Plaintiff's claim for defamation, and any other claim arising from alleged political harm, is non-justiciable and should be dismissed *with prejudice*.[1]

### H.     Plaintiff Fails To Plead A False Light Claim

For the reasons discussed in the Individual University Defendants' Motion to Dismiss, Plaintiff fails to plead a false light invasion of privacy claim. (Doc. # 154 at ECF pp. 34-36). In response, Plaintiff asserts that "The Complaint adequately alleges breach of contract, false light invasion of privacy, and civil conspiracy. UNB violated its commitment to maintain the embargo on Plaintiff's dissertation and published false information portraying Plaintiff in a false light." (Doc. # 159 at ECF p. 29).

Plaintiff cites <u>nothing</u> in his Amended Complaint to support this conclusory statement. The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S.662, 663 (2009). Plaintiff's false light claim should be dismissed *with prejudice*.

---

[1] As discussed by Defendant Gregory, all or most of Plaintiff's defamation claim is also barred by the statute of limitations. (Doc. # 151 at ECF pp. 22-24 and Doc. # 163 at ECF pp. 12-14). The same statute of limitation applies in Pennsylvania. *See* 42 Pa. C.S.A. § 5523(1); *see Gallucci v. Phillips & Jacobs, Inc.*, 613 A.2d 294, 296 (Pa. Super. Ct. 1992).

## VI.    PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HIS COMPLAINT OR CONDUCT JURISDICTIONAL DISCOVERY

Plaintiff asks that if the Court finds any jurisdictional defects in his Amended Complaint, then Plaintiff requests permission to engage in jurisdictional discovery and leave to amend his pleading. (Doc. # 160 at ECF p. 28). Opposing dismissal while adding a request to amend is not adequate to preserve a request for leave to amend the pleading. *Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, 79 F.4th 1209, 1230 (10th Cir. 2023). This Court has already ruled that such a request is inappropriate. (Doc. # 132 at ECF p. 5).

The Individual University Defendants oppose Plaintiff's request for leave to amend his pleading for the same reasons set forth in Certain Defendants' Objections and Opposition to Plaintiff's Motion for Leave to Amend Complaint. (Doc. # 130). To avoid duplicative argumentation, the arguments set forth there are incorporated here.

Plaintiff's request to conduct discovery on jurisdictional issues should also be denied. Plaintiff was alerted to deficiencies in his Complaint no later than August 6, 2024, when the University Defendants filed their Motion to Dismiss the original Complaint. (Doc. # 12). Plaintiff has had ample time and opportunity to seek such discovery and to request leave to issue subpoenas but chose not to do so. Courts have repeatedly held that a plaintiff cannot delay and then request jurisdictional discovery after the opportunity to obtain such evidence has passed. *See, e.g., Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (plaintiff was not entitled to "unlimited jurisdictional discovery" where ample opportunity existed to gather evidence prior to motion to dismiss);

*see also Breakthrough Mgmt. Grp. v. Chukchansi Gold Casino & Resort,* 629 F.3d 1173, 1190 (10th Cir. 2010) (citing *Kelly* and denying late jurisdictional discovery).

Moreover, in *Breakthrough*, 629 F.3d at 1190-91, the U.S. Court of Appeals for the 10th Circuit held that the District Court did not abuse its discretion to deny jurisdictional discovery because, in part, the party seeking discovery did not identify what specific documents it would have sought in discovery and did not explain what value witness testimony would provide. Here, Plaintiff fails to identify what specific documents he would seek in discovery or what value witness testimony might provide. (Doc. # 160 at ECF pp. 28-29). The Individual University Defendants respectfully ask the Court to exercise its discretion to deny Plaintiff's belated and insufficiently supported request for discovery.

## VII.    <u>CONCLUSION</u>

The Individual University Defendants' respectfully request that their Motion to Dismiss be granted, the claims against it be dismissed *with prejudice*, and for such further relief this Court deems just and proper.

*** SIGNATURE BLOCK ON FOLLOWING PAGE ***

Dated: November 7, 2025

Respectfully submitted,

/s/ William C. Swallow

William C. Swallow (IL No. 6293910)          Don W. Danz
*Admitted Pro Hac Vice*                              McATEE & WOODS, P.C.
Michael H. Passman (IL No. 6297381)          410 NW 13th Street
*Admitted Pro Hac Vice*                              Oklahoma City, OK 73103
Emily M. Vanderlaan (CO No. 55293)          T: (405) 232-5067
*Admitted Pro Hac Vice*                              F: (405) 232-0009
CLYDE & CO US LLP                                E: DonD@McAteeandWoods.com
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
T: (312) 635-7000
E: bill.swallow@clydeco.us
E: michael.passman@clydeco.us
E: emily.vanderlaan@clydeco.us

*Attorneys for the Individual University Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 7th day of November 2025, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s/ William C. Swallow
William C. Swallow
*Admitted Pro Hac Vice*

16