IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-J |
| Plaintiff, | : | |
| v. | : | |
| James Gregory, III, *et al.* | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE CERTAIN DEFENDANTS BY ALTERNATIVE MEANS UNDER FED. R. CIV. P. 4(f)(2) and (3)**

Plaintiff Colonel Douglas Mastriano (Ret), by undersigned counsel, respectfully moves this Court for an order authorizing service of process on certain Defendants Roland Kuhn, Margaret MacMillan, Drew Rendall, Robert Bothwell, John Ferris, and Erin Morton, who each reside in Canada, by alternative means pursuant to Fed. R. Civ. P. 4(f)(2) and (3), and in support states:

**Defendants Have Been Provided Actual Notice and Alternative Service Comports with Due Process**

1. Plaintiff has expended thousands of dollars to date for skip-trace investigative and both private and Canadian government (Hague Conv. office) process service costs because certain Defendants declined Rule 4 waiver through their attorneys of record in this matter.

2. The certain Defendants appear to be avoiding service as detailed below.

1

3. Each defendant was originally served in July and/or August 2024 either in person or by service upon their employer and/or contractor University of New Brunswick (UNB) and National Research Council of Canada. See ECFs 8 (Drew Rendall, Erin Morton), 27-29 (Margaret MacMillan, Robert Bothwell, John Ferris), 72 (Roland Kuhn).

4. Some initial delays in service to some defendants occurred, including Mr. Kuhn, because of his personally e-mailing the undersigned's law firm indicating his counsel would respond to the served Pleadings and my request for a Rule 4 waiver, and then later his auto-response and his secretary indicated he was out of town for summer holiday. <u>Exhibit 1</u>; ECF 76. The Court thereafter granted good cause to proceed in the case. ECF 79.

5. All said certain defendants are represented by numerous U.S. – based counsel of record who have refused Rule 4 waiver of service.

6. Defendants by counsel then have repeatedly requested and received extensions of time to file responses to the Complaint and to file as oversized responses, further delaying the matter, while also graciously agreeing to requisite additional time for Plaintiff to respond to their oversized briefings. See, ECF 10, 66, 87, 95, 99.

7. Defendants then filed their motions, objecting to the service of process and the Court thereafter ordered additional service of process. ECF 132, 138.

8. Some of the Canadian Hague Convention offices for service of process indicated they handle only child trafficking and international abduction matters, and thus handed off the service of process to the local Sheriff or other contractor. The following is a summary of the renewed service of process of the certain six Defendants, *seriatim*:

9. Roland Kuhn:
    a. Mr. Kuhn was first served via his e-mail on July 2, 2024 *which he personally confirmed in writing to the undersigned to have received on July 5, 2024*. Exhibit 1.  Mr. Kuhn was again served with rejected/returned-unserved on October 5, 2025 by the Ministry of the Attorney General, Ontario, but the National Research Council of Canada security guard refused entrance to the Ontario government Hague service agent. Exhibit 2. The Ministry initially attributed the delay to staffing needs in their office. The same Hague Service provider (Ministry of Justice) is presently continuing to attempt to re-serve Mr. Kuhn with a renewed personal address and renewed payment. Additionally, Mr. Kuhn was attempted to be served by separate private service of process on October 29, 30 and 31, 2025, each of which was returned unserved. Exhibit 3.

10. Margaret MacMillan:
    a. Ms. MacMillan was first served on August 9, 2024 by a licensed Canadian private process company and return service was filed as indicated hereinabove. We activated service of the Amended Complaint and Exhibits and she is currently "in the que" to be served by the Ministry of Justice in Ontario, with promises on March 5, 2025 to serve within six weeks for an initial attempt, but which was never served as confirmed in writing. Exhibit 4. We renewed payment and renewed demands to the Ministry of Justice for service which has placed her again "in the que." In order to facilitate due process, we hired private process service again which attempted service at her home on October 28, 2025 and despite lights on in her home on the second floor, no one answered. Exhibit 5. She was again attempted to be served on October 29 and 30, which on the last attempt the neighbor indicated

3

the occupants had last been seen there a week before. We have additionally hired private investigators to obtain Prof. MacMillan's address in England, as she lists her residential college work there at least part time. We have also renewed payment and request for another service attempt of Ms. MacMillan at the University of Toronto by the Ministry of Justice.

11. Drew Rendall:
    a. Mr. Rendall was first served on July 30, 2024 and return service was filed as indicated hereinabove. On March 10, 2025 service of the Amended Complaint was attempted on Mr. Rendall by a licensed Canadian private process company and return service/unable to serve is provided herewith because she was told at the University of New Brunswick "he used to be a Dean at UNB but he resigned a couple years ago, they noted he still had a UNB email account and I sent him an email (copy attached). They believed he was in Calgary now. Exhibit 6. The undersigned thereafter had both the Sheriff of Calgary (the Hague Conv. Office for Alberta) and a licensed Canadian private process service company attempt service with both returned unserved, with the final attempt process server reporting: "I could hear noise coming from inside but I could not get anyone to answer." Exhibit 7. Mr. Rendall has had a new home address located by our investigators in Calgary and we are attempting service there at this time.

12. Robert Bothwell:
    a. Mr. Bothwell was first served on August 9, 2024 by a licensed Canadian private process company and return service was filed as indicated hereinabove. We activated service of the Amended Complaint and Exhibits and it was returned unserved by the Ministry of Justice on September 23, 2025 after one attempt to serve on September 22, 2025 where the secretary where Mr. Bothwell's official office is located indicated to the process server that he no longer enters his University office, turning away the Ministry of Justice official who did not attempt to serve the secretary. Exhibit 8. We then again engaged a licensed Canadian private process service company who attempted service on Mr. Bothwell at his home three times, unsuccessfully. Exhibit 9.
    We have renewed payment and request for another service attempt of Mr. Bothwell by the Ministry of Justice.

13. John Ferris:
    a. Mr. Ferris was first served on August 9, 2024 by a licensed Canadian private process company and return service was filed as indicated hereinabove.  Mr. Ferris was thereafter also served three times by the Sheriff of Calgary (Hague office), who left notes on his University office door, but received no cooperation or response. Exhibit 10. Mr. Ferris was then again served three times by the Sheriff of Calgary, for a renewed fee, and again no one accepted service nor was Prof. Ferris cooperative.  Id. We then again engaged a licensed Canadian private process service company who attempted service on Mr. Ferris at his home, unsuccessfully.  Exhibit 11. Our investigative service is attempting now to locate his updated new home address to serve him by the Sheriff of Calgary (Hague office) and/or private process.

14. Erin Morton:
    a. Ms. Morton was first served as a professor at UNB on July 30, 2024 and return service was filed as indicated hereinabove. After not again locating her at UNB in 2025 for reservice (Amended Complaint), our investigative licensed Canadian private process servers learned this year that Ms. Morton had moved to Halifax, Nova Scotia to teach at St. Francis Xavier University.  After confirming the same, we attempted to serve her there via the Hague Office, which forwarded it to the Attorney General of Nova Scotia. Exhibit 12.  The Attorney General's office indicated Ms. Morton is not be cooperative with the Sheriff serving her, providing him with non-compliance with arrangements made by telephone for service of process.  Exhibit 13.  The Attorney General is still attempting service.  We also hired licensed Canadian private process service, who three times attempted service only to be rebuffed as if she was ready to avoid service or advised that we were seeking to serve her at the new address which this Court issued Summons for in September 2025 once we learned of the new address.  Exhibit 14.  As she also has counsel of record we wonder why there is a clear avoidance of service of process.

15. There appears to be non-cooperation and an effort to avoid service of process by these six defendants even as their counsel of record opine about lack of service.  There has been no lack of due process or notice whatsoever.

16. Said certain Defendants' known employers and residences are as follows:

   a. Roland Kuhn, Employer(s): National Research Council of Canada, 1200 Montreal Road, Building M-58, Ottawa, Ontario K1A 0R6, and resides at 965 West St W Ottawa, ON K4C 1C6, Canada. E-mail: Roland.Kuhn@nrc-cnrc.gc.ca;

   b. Margaret MacMillan, Employer(s) University of Toronto: 2169 Dufferin St., Toronto, ON M6E 3R9, and resides at 2169 Dufferin Street, Toronto, ON M6E 3R9, Canada; and also teaches at St. Antony's College, University of Oxford, England, E-mail: margaret.macmillan@history.ox.ac.uk;

   c. Drew Rendall, Employer(s): ("retired" listed at UNB, Sir Howard Douglas Hall 320, current employer unknown); residence at 197 W Cranarch Landing SE, Calgary, AB T3M 0J1, (Confirmed on November 11, 2025). E-mail: d.rendall@unb.ca;

   d. Robert Bothwell, Employer(s): University of Toronto (retired), residence at 275 Bamburgh Circle Penthouse 09, Toronto, ON M1W 3X4, E-mail: bothwell@chass.utoronto.ca;

   e. John Ferris, Employer(s): University of Calgary, 2500 University Drive NW, Calgary, Alberta T2N 1N4 Canada; residence at 93 Macewan

Meadow Way NW, Calgary, AB T3K 3H9 Canada. E-mail: ferris@ucalgary.ca;

f. Erin Morton, Employer(s): St. Francis Xavier University, 4130 University Ave., Nicholson Tower, Room 305, Antigonish, Nova Scotia, B2G 2W5, Canada, residence at: being determined by investigator; E-mail: emorton@stfx.ca;

17. Each of the six certain remaining defendants have active e-mail accounts published by professional Universities and the National Research Council of Canada and which are available publicly on internationally published websites.

18. Canada is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. However, service under the Hague Convention in Canada requires processing through a provincial central authority, often entails significant delay, and is not mandatory under Rule 4(f).

19. Rule 4(f)(2) provides service is permissible "by a method that is reasonably calculated to give notice" and which may include "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," *Id.* at (f)(2)(C)(ii).

20. Rule 4(f)(3) provides that a foreign defendant may be served "by other means not prohibited by international agreement, as the court orders." Service under

Rule 4(f)(3) is neither a last resort nor conditioned on prior attempts at Hague service. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002).

21. Canada does not prohibit service by e-mail, electronic messaging, or international courier. Service by these means is consistent with due process and is reasonably calculated to provide actual notice.

WHEREFORE, Plaintiff Col. Douglas Mastriano respectfully requests that the Court grant leave to serve above stated Defendants by:

  - E-mail to the aforesaid electronic mail addresses and any additional private e-mail addresses for each defendant as may be located;

  - LinkedIn, WhatsApp, or other social media, as may be available;

  - International courier (FedEx/UPS) to the aforesaid business/employer addresses and to their home addresses, as may be found, with signature or deliver confirmation to at least the business address for each Defendant.

A proposed order and declaration in support are attached.

Dated: November 11, 2025 (Veteran's Day)

Respectfully submitted,

THE COX LAW CENTER, LLC
_____/s/_____
Daniel L. Cox, OKWD Bar 2490
Attorney for Plaintiff
The Cox Law Center, LLC
P.O. Box 545

8

        Emmitsburg, MD 21727
        Ph: 410-254-7000
        Fx: 410-254-7220
        E-mail:
        dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify on this 11th day of November, 2025, that a copy of the foregoing was served on counsel of record via CM/ECF.

        _____/s/_____
        Daniel L. Cox