## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

DOUGLAS MASTRIANO

*PLAINTIFF*,

v.

James Gregory, III
1509 Vandivort Place
Edmond, OK 73034

And

Roland Kuhn, the National Research Council
of Canada, Paul Mazerolle, President and
Vice-Chancellor, University of New
Brunswick, Canada; David MaGee, Vice-
President, Research; Drew Rendall, Dean,
Graduate Studies; Jeff Brown; Cindy Brown;
Stephen Dutcher; Sean Kennedy; Erin
Morton; Mattew Sears; Lee Windsor; Stefanie
Hunt-Kennedy; Carolyn MacDonald; Sasha
Mullaly; Lisa Todd; Sarah-Jane Corke;
Bonnie Huskins; Elizabeth Mancke; Janet
Mullin; Angela Tozer; Margaret MacMillan;
Robert Bothwell; John Ferris;
  -  *each in his or her individual capacity*

And

University of New Brunswick, Canada,

And

John & Jane Doe

      *DEFENDANTS*.

Case No.: 5:24-cv-00567-J

Assigned to the Hon. Bernard M. Jones

**CERTAIN DEFENDANTS'
OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SERVE
CERTAIN DEFENDANTS BY
ALTERNATIVE MEANS UNDER
FED. R. CIV. P. 4(f)(2) AND (3)**

NOW COME Defendants Drew Rendall, Erin Morton, Margaret MacMillan, Robert Bothwell, and John Ferris (collectively, the "Moving Defendants"), and, for their response and opposition to Plaintiff's Motion for Leave to Serve Certain Defendants By Alternative Means Under Fed. R. Civ. P. 4(f)(2) and (3) (the "Motion," Doc. # 167), state as follows:

## I.    The Factual Predicate For Plaintiff's Motion Is Inaccurate

In the Motion, Plaintiff asks the Court to grant leave to serve the Moving Defendants (and Defendant Kuhn) by alternative means, including e-mail, social media, and/or international courier. (Doc. # 167 at ECF p. 8). Plaintiff's Motion is predicated on the inaccurate assertion that Plaintiff previously served the Moving Defendants with the original Complaint, but the Moving Defendants "appear to be avoiding service" of the Amended Complaint (Doc. # 167 at ECF pp. 1-5). In fact, Plaintiff has never validly served the Moving Defendants as the previous service was quashed. (Order, Doc. # 132 at ECF p. 11). Plaintiff cites <u>nothing</u> to support his assertion that the Defendants "appear to be avoiding service[.]" The Moving Defendants have no duty to help Plaintiff serve them.

## II.    Plaintiff Is Not Entitled To Relief Under Fed. R. Civ. P. 4(f)(2)

In the Motion, Plaintiff argues that Fed. R. Civ. P. 4(f)(2) permits the alternative service methods he seeks to use. (Doc. 167 at ECF p. 7). However, by its express terms, Fed. R. Civ. P. 4(f)(2) applies only "if there is no internationally agreed [means of service], or if an international agreement allows but does not specify other means."

Here, Plaintiff concedes that Canada is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. (Doc. # 167 at ECF p. 7). Accordingly, Fed. R. Civ. P. 4(f)(2) does <u>not</u> govern service on the Moving Defendants.

1

Instead, as this Court has already held, Fed. Civ. P. 4(f)(1) and the Hague Convention procedures govern service on the Moving Defendants. (Order, Doc. # 132 at ECF p. 9). The Moving Defendants therefore respectfully request that the Court <u>deny</u> the relief that Plaintiff's requests under Fed. R. Civ. P. 4(f)(2).

## III.    Plaintiff Is Not Entitled To Relief Under Fed. R. Civ. P. 4(f)(3)

In the Motion, Plaintiff argues that Fed. R. Civ. P. 4(f)(3) permits the alternative service methods he seeks to use. (Doc. # 167 at ECF p. 7-8). Whether to allow alternative methods of service under Rule 4(f)(3) is committed to the <u>sound discretion</u> of the District Court. *Strange On Behalf of Strange v. Islamic Republic of Iran, Int. Section*, 964 F.3d 1190, 1194 (D.C. Cir. 2020); *see also Nat'l Cas. Ins. Co. v. W. Express, Inc.*, 2016 WL 9462338, at *1 (W.D. Okla. Sept. 21, 2016).

This Court has expressly held that service under Fed. R. Civ. P. 4(f)(3) is <u>not</u> limited to those circumstances where Plaintiff failed at effectuating service under Fed. R. Civ. P. 4(f)(1). *Aeronautical Title & Escrow Serv., LLC v. Shenzhen Zhongtian Hengye, Int'l Trade Co.*, 2023 WL 7196149, at *3 (W.D. Okla. Nov. 1, 2023). Instead, "[t]here is no hierarchy among the subsections in Rule 4(f)… [s]ervice under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.*; *see also Nat'l Cas. Co. v. W. Express, Inc.*, 2017 WL 2241536, at *2 (W.D. Okla. May 22, 2017) (a failed attempted under Rule 4(f)(1) is not necessary before a Plaintiff may resort to alternative methods of service).

In other words, Plaintiff could have asked for leave to use alternative methods of service under Fed. R. Civ. P. 4(f)(3) at any time, but inexplicably chose not to do so until now. This action was filed on May 31, 2024—almost a year and a half ago. (Doc. # 1).

Plaintiff has been aware of his failure to properly serve the Moving Defendants since at least August 6, 2024 (over a year ago), when the University Defendants (including Moving Defendants Drew Rendall and Erin Morton) filed their original Motion to Dismiss. (Doc. # 12 at ECF pp. 32-33). On February 4, 2025, over nine months ago, this Court quashed prior attempts to serve the Moving Defendant. (Order, Doc. # 132 at ECF p. 11).

Instead of asking for leave to use alternative methods of service under Fed. R. Civ. P. 4(f)(3) at any earlier date, Plaintiff instead forced the Moving Defendants to participate in over a year and a half of litigation and fully brief ***two*** separate Motions to Dismiss challenging to service of process. (*See* Doc. # 12 at ECF pp. 32-33 and Doc. # 154 at ECF pp. 23-24). In Plaintiff's Response to the currently pending Motion to Dismiss—filed just last month—Plaintiff continued to argue that prior "service of process was valid and effective." (Doc. # 160 at ECF p. 8; *see* also Doc. # 160 at ECF pp. 27-28). That forced the Moving Defendants to again challenge service of process in their Reply Brief. (Doc. # 166 at ECF pp. 13-14). Only after that did Plaintiff file the instant Motion (Doc. # 167).

Congress has instructed that the Federal Rules of Civil Procedure are to be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Permitting Plaintiff relief under Fed. R. Civ. P. 4(f)(3) at this late stage is not just, is not speedy, and is not inexpensive. On the contrary, such relief would severely prejudice the Moving Defendants who have been forced—twice—to fully brief whether service was effective under Fed. R. Civ. P. 4(f)(1), only for Plaintiff to immediately pivot to requesting leave to effectuate service under Fed. R. Civ. P. 4(f)(3). The Moving

3

Defendants therefore respectfully request that the Court <u>deny</u> the relief that Plaintiff's requests under Fed. R. Civ. P. 4(f)(3).

## IV.    <u>CONCLUSION</u>

The Moving Defendants respectfully request that Plaintiff's Motion for Leave to Serve Certain Defendants By Alternative Means Under Fed. R. Civ. P. 4(f)(2) and (3) be denied, and for such further relief this Court deems just and proper.

Dated: November 18, 2025

Respectfully submitted,

<u>/s/ William C. Swallow</u>

William C. Swallow (IL No. 6293910)          Don W. Danz
*Admitted Pro Hac Vice*                       McATEE & WOODS, P.C.
Michael H. Passman (IL No. 6297381)          410 NW 13th Street
*Admitted Pro Hac Vice*                       Oklahoma City, OK 73103
Emily M. Vanderlaan (CO No. 55293)           T: (405) 232-5067
*Admitted Pro Hac Vice*                       F: (405) 232-0009
CLYDE & CO US LLP                             E: DonD@McAteeandWoods.com
55 W. Monroe Street, Suite 3000
Chicago, Illinois 60603
T: (312) 635-7000
E: bill.swallow@clydeco.us
E: michael.passman@clydeco.us
E: emily.vanderlaan@clydeco.us

*Attorneys for Drew Rendall, Erin Morton, Margaret MacMillan, Robert Bothwell, and John Ferris*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 18th day of November 2025, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s/ William C. Swallow
William C. Swallow
*Admitted Pro Hac Vice*