UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-567-J |
| | ) |
| JAMES GREGORY, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ROLAND KUHN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO SERVE CERTAIN DEFENDANTS BY
<u>ALTERNATIVE MEANS UNDER FED. R. CIV. P.  4(f)(2) and (3)</u>**

Callan G. Stein (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
High Street Tower
125 High Street, 19th Floor
Boston, MA 02110
callan.stein@troutman.com

-and-

Matthew J. Lund (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
500 Woodward Ave., Suite 2800
Detroit, MI 48226
248.359.7300
matthew.lund@troutman.com

Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
T: (405) 235-5500
F: (405) 235-2875
Email: gdemilio@gablelaw.com

-and-

R. Trent Shores, OBA No. 19705
Barrett L. Powers, OBA No. 32485
**GABLEGOTWALS**
110 N. Elgin Ave., Ste. 200
Tulsa, Oklahoma 74120-1495
Telephone (918) 595-4800
Facsimile (918) 595-4990
Email: tshores@gablelaw.com
           bpowers@gablelaw.com

***Attorneys for Defendant Roland Kuhn***

I.     **INTRODUCTION**

Through his most recent motion, Plaintiff seeks an order, *inter alia*, allowing him to effect service upon Defendant Roland Kuhn ("Dr. Kuhn") by email, social media, or overnight courier (*e.g.*, FedEx or UPS). Doc. No. 167. Plaintiff has waited 17 months to make this request, and in that period, he has twice failed to meet the Court's extended service deadlines. He has advocated that his improper service was compliant (an argument the Court rejected), and he has asked that the Court essentially overlook his failures (an argument that is pending). On September 29, 2025, the Court extended Plaintiff's service deadline to December 5, 2025, with the warning that this extension is expected to be the last. It appears Plaintiff anticipates an inability to meet this final deadline and is asking the Court for a way around the order. For the reasons discussed below, the Court should deny Plaintiff's request for further accommodation and enforce its December 5, 2025, deadline.

II.     **ARGUMENT**

Plaintiff initiated this lawsuit in May 2024. In October 2024, Dr. Kuhn sought dismissal of Plaintiff's claims, in part because Plaintiff failed to properly effect service on him. At no time prior to the motion did Plaintiff seek alternative service. Instead, Plaintiff argued he served Dr. Kuhn through the Court's electronic filing system—an argument the Court rejected as "preposterous." Doc. No. 132 at 11 n.3. The Court, however, gave Plaintiff a second chance, allowing him 45 days to serve Dr. Kuhn and others, but expressly warning that a failure to meet the deadline "will result in an order that is just, **which may include dismissal** without prejudice of plaintiff's amended complaint as against the individual defendant or the estate." *Id.* at 11.

1

Thereafter, Plaintiff sought and received a further extension of time to serve Dr. Kuhn, and the Court granted him a third chance, allowing him until September 5, 2025, to effect service. Doc. Nos. 137 & 138. Plaintiff missed that deadline. In opposing Dr. Kuhn's Renewed Motion to Dismiss ("Renewed Motion"), Plaintiff essentially asked the Court to overlook his failures. Doc. No. 161 at 12–13. Upon missing the September 5, 2025, deadline, Plaintiff sought yet another extension, which this Court permitted, allowing Plaintiff until December 5, 2025, to serve his amended pleading. Doc. No. 155. In granting that extension, however, the Court expressly alerted Plaintiff that "[t]he Court does not anticipate granting any further extensions of time to serve." *Id*.

Plaintiff makes the present request for alternative service having twice failed to adhere to the Court's extended deadlines and having been twice warned by the Court that continued failures would have consequences. Plaintiff offers no reason for his delay in requesting alternate service. In the many months that have passed since Plaintiff could have made this request, Dr. Kuhn has incurred the cost of fully briefing two motions to dismiss, responding to a motion to amend, and addressing various procedural motions. Respectfully, the Court has been more than patient, and as a matter of equity alone, the time for Plaintiff's request for alternate service has passed.[1]

---

[1] "[T]he time allowed for foreign service is not unlimited." *MacGirvin v. Sook*, No. 08-2197-KHV, 2009 WL 424587, at *2 (D. Kan. Feb. 19, 2009); *see, e.g.*, *Briseno v. Mktg. & Mgmt. Sols., LLC*, No. 18-02482CM-JPO, 2020 WL 618577 (D. Kan. Feb. 10, 2020) (same); *see also Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (explaining that "[b]ecause district courts need to be able to control their dockets . . . the amount of time allowed for foreign service is not unlimited"); *Harris v. Orange S.A.*, 636 F. App'x 476, 485–86 (11th Cir. 2015) ("We thus join the majority of circuits to have considered the issue in holding that a plaintiff's complaint may be dismissed upon a

Moreover, Dr. Kuhn has engaged in no evasive conduct that could even fathomably be seen as occasioning a need for alternative service—a truth that is clear from the face of Plaintiff's motion. Dr. Kuhn cannot reasonably be deemed to have evaded service by exercising his right to decline waiver of service. Pl.'s Br. at 3. Nor can Dr. Kuhn reasonably be deemed to have evaded service because Plaintiff's process server was denied access to a government building by a security guard and was later unable to interface with Dr. Kuhn at a given address. *Id*.

In the context of the Court's prior warnings, and absent any evasive conduct whatsoever by Dr. Kuhn, the Court should exercise its discretion to deny Plaintiff's request. The need for that exercise of discretion is especially acute here, where the Plaintiff is seeking to ensnare Dr. Kuhn, an individual in Canada, into a sprawling and harassing lawsuit that would be adjudicated in a foreign forum more than 1,500 miles from his home.

Service rules are enacted, and court orders exist, for a reason. This Court has given Plaintiff until December 5, 2025, to properly serve Dr. Kuhn by proper means under Rule 4(f). Dr. Kuhn requests this Court enforce that order and deny Plaintiff's request for alternative service.

WHEREFORE, Defendant Roland Kuhn respectfully requests the Court deny Plaintiff's motion for leave to serve Dr. Kuhn by alternate means and grant such further relief as the Court deems appropriate.

---

showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant."). Here, Plaintiff has failed to exercise appropriate diligence in effectuating service on Dr. Kuhn, and that failure warrants both denial of Plaintiff's motion for leave to serve Dr. Kuhn by alternative means and dismissal of Plaintiff's lawsuit against him.

Dated: November 20, 2025

Respectfully submitted,

*/s/ Gerard M. D'Emilio*
Gerard M. D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
T: (405) 235-5500
F: (405) 235-2875
Email: gdemilio@gablelaw.com

-and-

R. Trent Shores, OBA No. 19705
Barrett L. Powers, OBA No. 32485
**GABLEGOTWALS**
110 N. Elgin Ave., Ste. 200
Tulsa, Oklahoma 74120-1495
Telephone (918) 595-4800
Facsimile (918) 595-4990
Email: tshores@gablelaw.com
bpowers@gablelaw.com

-and-

Callan G. Stein (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP** High Street Tower
125 High Street, 19th Floor
Boston, MA 02110
callan.stein@troutman.com

-and-

Matthew J. Lund (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
500 Woodward Avenue, Suite 2800 Detroit, MI 48226
248.359.7300
matthew.lund@troutman.com

**Attorneys for Defendant Roland Kuhn**

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

*/s/ Gerard M. D'Emilio*
Gerard M. D'Emilio