IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-J |
| Plaintiff, | : | |
| v. | : | |
| James Gregory, III, *et al.* | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SERVE CERTAIN DEFENDANTS BY ALTERNATIVE MEANS UNDER FED. R. CIV. P. 4(f)(2) and (3)**

Plaintiff Colonel Douglas Mastriano (Ret.), by undersigned counsel, respectfully submits this Reply in support of his Motion for Leave to Serve Certain Defendants by alternative means pursuant to Fed. R. Civ. P. 4(f)(2) and (3), and in response to Defendants' Oppositions (ECF 169 and 170) states:

**Introduction**

1. Defendants' Opposition seeks to obscure the essential facts. Plaintiff Col. Mastriano has spent thousands of dollars and over a year attempting to serve Defendants who refuse to cooperate with service, despite being represented by U.S. counsel who have actively participated in this litigation. Defendants' technical arguments cannot overcome the fundamental reality that they have actual notice of this lawsuit and are deliberately avoiding formal service while simultaneously litigating the merits.

1

2. Defendants claim that Plaintiff has never validly served the Moving Defendants. (Doc. # 169 at ECF p. 2). However, as detailed in Plaintiff's Motion and subsequent filings, each Defendant was initially served in July and/or August 2024. (ECFs 8, 27-29, 72). The Court subsequently ordered additional service, which Plaintiff has diligently attempted through both Hague Convention channels and private process servers. These efforts have been thwarted by Defendants, limiting service to repeated expensive Hague Convention permitted service by mails.

**Defendants' Factual Mischaracterizations**

3. Defendants assert there is no support to demonstrate they are avoiding service. Yet the factual evidence tells a completely different story.

4. Roland Kuhn personally acknowledged receipt of the Complaint by email on July 5, 2024, yet has made himself unavailable for formal service. ECF 167.

5. There were three attempts to serve Margaret MacMillan at her home, with lights visible but no answer, and a neighbor reporting the occupants had not been seen for a week. ECF 167, Ex. 5. Her office at St. Antony's College, Oxford University has now accepted by signature receipt our service of Margaret MacMillan at her office address in the United Kingdom. ECF 171.

6. Drew Rendall could not be located at his place of employment, with staff reporting that he "resigned a couple years ago" and relocated to Calgary.

Subsequent service attempts there proved ineffective, with his former employment in Calgary also reporting he had "resigned and moved to UNB" or similar averment. ECF 167, Exs. 6-7. Thereafter, he was served by mailing and certifying delivery to his last known home address by Federal Express *next day international air*. ECF 171.

7. Robert Bothwell's secretary informed process servers that Bothwell "no longer enters his University office" or similar averment, and three subsequent attempts at his last known home address were unsuccessful. ECF 167, Exs. 8-9.

8. Six attempts were made by the Sheriff of Calgary to serve John Ferris. The Sheriff left notes on Ferris' University office door, yet Ferris provided no cooperation or response. (ECF 167, Ex. 10-11). He was subsequently served by mailing via Federal Express *next day international air* with signature receipt accepted by a secretary/administration official at his official published offices. ECF 171.

9. Erin Morton has been non-cooperative with the Sheriff, refusing to comply with telephone arrangements for service. (ECF 167, Ex. 13). She was thus served via Federal Express *next day international air* to her official University office, which official/administrator signed receipt for the service. ECF 171.

3

10. This pattern of behavior demonstrates more than mere unavailability. This is evidence of deliberate evasions of service by individuals who undoubtedly have actual notice of this litigation, and who are crucial actors and defendants in the instant litigation.

**Defendant's Rule 4(f)(2) Argument Misconstrues the Law**

11. Defendants argue that Rule 4(f)(2) does not apply at present because Canada is a Hague Convention signatory. (Doc. # 169 at ECF pp. 2-3). This argument fundamentally misunderstands both the Rule and the Court's discretion.

12. Rule 4(f)(2) provides for service "if there is no internationally agreed means of service, or if an international agreement allows, but does not specify, other means." Fed. R. Civ. P. 4(f)(2).

13. The Hague Convention does not prohibit the methods Plaintiff seeks to employ, including email, social media, and international courier. Indeed, Canada does not prohibit service by these means, and courts routinely authorize such methods even in Hague Convention countries when traditional methods prove ineffective.

14. The fact that the Hague Convention provides one method of service does not preclude the Court from authorizing alternative methods when those traditional channels have proven ineffective. Rule 4(f)(2) is not subordinate to Rule 4(f)(1). Rather, it provides an additional avenue for service when appropriate.

**Plaintiff is Entitled to Relief Under Rule 4(f)(3)**

  **A. This Court Has Discretion to Authorize Alternative Service.**

15. Defendants concede that service under Rule 4(f)(3) is neither a last resort nor extraordinary relief. (Doc. # 169 at ECF p. 3). Indeed, this Court has expressly recognized that "there is no hierarchy among the subsections in Rule 4(f)" and that Plaintiff need not fail at Hague Convention service before seeking alternative methods. *Aeronautical Title & Escrow Serv., LLC v. Shenzhen Zhongtian Hengye, Int'l Trade Co.*, 2023 WL 7196149, at *6 (W.D. Okla. Nov. 1, 2023)(internal citations omitted).

16. Mail and E-mail service is permissible in this action. *Palzer v. Cox Okla. Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016) (citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010))("whether service was perfected is determined by Oklahoma state law). *Aeronautical Title & Escrow Serv., LLC* at *3 ("the state district court directed alternative service by email pursuant to Okla. Stat. tit. 12, § 2004(C)(6).").

17. Given this discretion, this Court should authorize alternative service because:

    a. Defendants have actual notice of this lawsuit;

    b. Traditional service methods have repeatedly failed;

    c. The proposed methods are reasonably calculated to provide notice and are expressly permitted under Rule 4 and Oklahoma statutes and case law;

    d. Plaintiff has acted diligently in seeking to serve defendants, including expending repeated and excess funds to do so because of Defendants' apparent alleged non-cooperation;

    e. The proposed methods do not violate any international agreement; and

    f. Defendants are represented by U.S. Counsel and are actively participating in this litigation.

**B. Defendants' Delay and Prejudice Arguments Lack Merit.**

18. Defendants argue that Plaintiff Col. Mastriano should have sought alternative service methods earlier, claiming they have been "forced" to participate in litigation and brief service issues. (Doc. # 169 at ECF pp. 3-4). This argument is disingenuous for several reasons.

19. First, Plaintiff diligently and immediately served all Defendants in 2024 and again properly attempted service of the Amended Complaint, exhibits and summons through Hague Convention channels after this Court's February 2025 Order. Those attempts have been ongoing, with repeated efforts as documented in the Motion. Plaintiff could not have anticipated that Defendants would actively avoid service at their public and professional offices and last

6

known home addresses, and by alternative means, all while simultaneously participating through counsel who disingenuously claim a lack of diligence in service attempts.

20. Further, Defendants have not been "forced" to do anything. They voluntarily appeared through counsel, filed lengthy motions to dismiss on both substantive and on service of process grounds, which were denied and stricken, and engaged in extensive briefing and filing once again of new motions to dismiss, all while evading formal service. If Defendants truly objected to defending this action without proper service, the appropriate response would have been to refuse to accept representation or to cooperate with service, not to litigate the merits forcing Plaintiff to brief responses to their lengthy motions all while simultaneously claiming lack of service and being required to seek to re-serve the same defendants in multiple countries including Canada, USA and the United Kingdom.

21. Any delay is attributable to Defendants' own conduct which has a record of filing both extensive briefing while filing a consent motion to extend time on several occasions. The undersigned has been helpful and cooperative with opposing counsel, agreeing to their own extensions in briefing deadlines each time they have requested the same. That good faith should not be counted against Plaintiff as his delay. As this Court recognized in its February Order,

7

good cause existed to proceed despite initial allegations by opposing counsel of service issues because Defendants, through their counsel, indicated they would respond to the served Pleadings. (ECF 79). Defendants cannot now claim prejudice from delays they themselves created and took as an apparent litigation advantage.

22. Finally, the Federal Rules of Civil Procedure exist to facilitate the resolution of disputes on the merits, not to provide a procedural shield for parties who have actual notice. ( Fed. R. Civ. P. 1, rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). Defendants' interpretation would allow them to evade this litigation indefinitely simply by refusing to answer their doors or enter their offices, despite having actual notice and being represented by counsel.

**C. The Proposed Service Methods Are Appropriate.**

23. The methods Plaintiff seeks to employ are precisely the types of modern communication tools that courts have recognized as "reasonably calculated to apprise interested parties" of pending litigation. R*io Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

24. Each Defendant maintains active email accounts published by professional institutions, business addresses where they are employed, known residential addresses, and professional social media or institutional profiles.

25. These are not mere speculative contact methods. They are the very means by which these Defendants conduct their professional lives and by which they hold out to the world they can readily be reached. Indeed, Mr. Kuhn has already demonstrated that email communications successfully provided notice and receipt, as he responded to Plaintiff's email within three days of its transmission confirming receipt and that he was hiring attorneys. (ECF 167, Ex. 1).

26. Moreover, service by international courier to business and residential addresses, with signature or delivery confirmation, satisfies both due process and the Hague Convention's permissive framework. Such service is routinely authorized and provides reliable proof of delivery.

**D. Grant of this Motion Best Serves the Interests of Justice.**

27. The alternative to granting this motion is to allow Defendants to continue evading service indefinitely, while continuing to participate in this litigation.

28. This result would waste additional thousands of dollars in futile service attempts, delay resolution of this case by months or years, reward Defendants'

evasive conduct, and undermine confidence in the judicial system's ability to resolve disputes fairly and efficiently.

29. Conversely, granting this Motion would ensure that all Defendants, who indisputably have actual notice, are formally served. This would allow this case to proceed to resolution on the merits, conserve judicial and party resources, and comport with due process.

30. The proposed methods are reasonably calculated to provide notice and vindicate the purpose of the Federal Rules, which is to secure the just, speedy, and inexpensive determination of this action.

**Conclusion**

31. Defendants do not dispute that they have actual notice of this lawsuit. They do not dispute that they are represented by U.S. counsel who have actively litigated this case. They do not dispute that Plaintiff has spent over a year and thousands of dollars attempting service through proper channels. Instead, they ask this Court to reward their evasive conduct by denying Plaintiff the ability to use the very methods of communication that Defendants themselves use daily in their professional lives.

32. The law does not require such an absurd result that Defendants request. Rule 4(f) provides the Court with discretion to authorize alternative service when, as here, traditional methods have proven ineffective despite diligent efforts, the

proposed methods are reasonably calculated to provide notice, and the defendants have actual knowledge of the litigation. The Court should exercise that discretion and grant Plaintiff's Motion.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to serve Defendants Roland Kuhn, Margaret MacMillan, Drew Rendall, Robert Bothwell, John Ferris, and Erin Morton by:

– E-mail to their professional and personal electronic mail addresses;

– LinkedIn, WhatsApp, or other social media, as available;

– International courier (FedEx/UPS) to their business and residential addresses, with signature or delivery confirmation;

– and for such other and further relief as the Court deems just and proper.

Dated: December 8, 2025

Respectfully submitted,

The Cox Law Center, LLC
_____/s/_____
Daniel L. Cox
OKWD Bar 2490
Attorney for Plaintiff
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727
Ph: 410-254-7000
Fx: 410-254-7220
E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify on this 8th day of December, 2025, that a copy of the foregoing was served on counsel of record via CM/ECF.

                                                _____/s/_____
                                                Daniel L. Cox
                                                OKWD Bar 2490
                                                Attorney for Plaintiff
                                                The Cox Law Center, LLC
                                                P.O. Box 545
                                                Emmitsburg, MD 21727
                                                Ph: 410-254-7000
                                                Fx: 410-254-7220
                                                E-mail: dcox@coxlawcenter.com