IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 5:24-cv-00567-J |
| | : | |
| | : | |
| James Gregory, III, *et al*. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND ATTACHED SUR-REPLY IN OPPOSITION TO DEFENDANT GREGORY'S MOTION TO DISMISS AND REPLY**

COMES NOW Plaintiff Douglas Mastriano, by and through counsel, and respectfully moves the Court for leave to file a sur-reply to Defendant James Gregory's Reply Brief in support of his Motion to Dismiss Counts One, Two, Three, Four, Nine, and Ten of Plaintiff's Amended Complaint. In support thereof, Plaintiff states as follows:

1. Local Rule 7.1 of the Western District of Oklahoma provides that supplemental briefs may be filed only with leave of court. See LCvR 7.1(c). Sur-replies are not permitted as of right.

2. Defendant Gregory filed a Reply on November 7, 2025 (ECF No. 163), which raises new arguments not contained in his original Motion to Dismiss (ECF No. 148). These new arguments include, but are not limited to:

a. Claiming Plaintiff has forfeited or abandoned his false-light invasion of privacy claim.

b. Alleging that Plaintiff invented factual allegations and quotes not in the Amended Complaint.

c. Arguing that statements made during the July–August 2023 radio broadcast are non-actionable opinion, including reliance on *Ayyadurai v. Floor64, Inc., Nicosia v. De Rooy,* and *Phantom Touring, Inc. v. Affiliated Publication*s, cases not cited in the Motion to Dismiss.

d. New statute-of-limitations arguments regarding "continuing publication" and relation-back doctrines.

e. New arguments regarding the sufficiency of Plaintiff's Declaration under the Oklahoma Citizens Participation Act ("OCPA").

f. New RICO enterprise, proximate cause, and injury arguments relying on cases such as *United States v. Turkette, Boyle v. United States, Trump v. Clinton,* and *Nunes v. Fusion GPS*.

g. New Sherman Act arguments asserting no actionable anti-competitive

conduct.

h. New argument that Plaintiff may not amend the complaint a second time under Rule 15(a) due to the Court's February 4, 2025 order.

3. Plaintiff's sur-reply is strictly limited to addressing these new arguments, and does not repeat substantive arguments already addressed in Plaintiff's Response in Opposition (ECF No. 151).

4. Granting leave will prevent prejudice to Plaintiff, who would otherwise be denied the opportunity to respond to arguments raised for the first time in Defendant's Reply. The sur-reply is narrowly tailored and will not unduly burden Defendant.

5. Plaintiff respectfully submits that justice requires permitting a sur-reply to ensure the Court has a complete record regarding new arguments raised in Defendant's Reply.

WHEREFORE, Plaintiff Douglas Mastriano respectfully requests that the Court:

1. Grant leave to file the attached sur-reply (Exhibit 1); and
2. Consider the sur-reply and its attachments in ruling on Defendant Gregory's Motion to Dismiss; and
3. Grant such other relief as the Court deems just and proper.

          Respectfully submitted,
          THE COX LAW CENTER, LLC

          By: _____//s//_____
          Daniel L. Cox, Ok. Fed. Bar No. 2490
          Attorney for Plaintiff
          P.O. Box 545
          Emmitsburg, MD 21727
          Ph: 410-254-7000
          E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

          _____/s/_____
          Daniel L. Cox