# Exhibit 1
# (Sur-Reply to Gregory)

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 5:24-cv-00567-J |
| | : | |
| James Gregory, III, *et al*. | : | |
| | : | |
| Defendants. | : | |

**SUR-REPLY IN OPPOSITION TO DEFENDANT
GREGORY'S MOTION TO DISMISS AND REPY**

**I. Introduction**

Defendant Gregory's Reply raises several arguments for the first time, including forfeiture of Plaintiff's false-light claim, new First Amendment and opinion-based defenses, new statute-of-limitations challenges, new OCPA arguments, and new RICO and Sherman Act theories. These arguments were not raised in the Motion to Dismiss and are requested to be addressed to prevent manifest injustice. Plaintiff attaches hereto in his Attachments 1 and 2, additional supportive information in response to Defendant Gregory's reply including a Civil RICO Case Statement and further supportive exhibits of predicate acts coordinated across wires by Defendants.

1

**II. Plaintiff States a Plausible False-Light Claim (Count 10) Under Oklahoma Law and Has Not Forfeited His False-Light Claim**

Defendant's claim that Plaintiff has abandoned or forfeited his false-light invasion of privacy claim is incorrect. Plaintiff incorporated by reference all prior pleadings.

Plaintiff further states in sur-reply that his False Light claim under Oklahoma law is well plead, has never been abandoned and was already briefed and approved contrary to the same or similar argument of Defendants for adding to the Amended Complaint in the Court's order granting the same.

A. The FAC Pleads Publicity Placing Plaintiff in a False Light

Plaintiff's FAC pleads a standalone claim for "False Light Invasion of Privacy — Oklahoma Common Law" as Count 10, incorporating prior allegations and exhibits. (FAC p. 38, ¶¶ 140–142).

The FAC further alleges that, from approximately 2022 through August 2023, Defendants made and disseminated "malicious, false and defamatory statements" through public channels (including media and social media), thereby giving publicity to matters that placed Plaintiff before the public in a false light. (FAC p. 38, ¶ 143; FAC p. 39, ¶ 145).

B. The FAC Pleads "Highly Offensive" False-Light Portrayal

The FAC expressly alleges the offensiveness element—i.e., that the false-light publicity "was highly offensive to a reasonable person," harming Plaintiff economically and non-economically and destroying his reputation such that "a reasonable person would be shocked in conscience and outrageously offended." (FAC p. 39, ¶ 145).

C. The FAC Pleads Knowledge or Reckless Disregard

The FAC also pleads the required state of mind: Defendants "knew and/or acted in reckless disregard as to the falsity of the publicized matters and the false light" in which they placed Plaintiff and "continue to do so today." (FAC p. 39, ¶ 146).

D. The FAC Pleads Resulting Harm

Finally, the FAC alleges that the false-light publications invaded Plaintiff's privacy and caused "great financial loss, emotional injuries and a loss of reputation," with extreme professional and personal damages. (FAC p. 39, ¶ 147).

E. Conclusion in Support of Plaintiff's False Light Claim.

Because the FAC pleads (1) publicity placing Plaintiff in a false light, (2) high offensiveness to a reasonable person, (3) knowledge/reckless disregard, and (4) resulting damages, Plaintiff has stated a plausible false-light claim and Count 10 should not be dismissed. (FAC pp. 38–39, ¶¶ 140–147).

## III. Radio Broadcast Statements Are Actionable and Not Mere Opinion.

Gregory's Reply pivots to an "opinion" defense and relies on authorities not cited in the Motion. At the pleading stage, however, Plaintiff alleges verifiable accusations of professional misconduct which is classic defamation-by-fact assertion.

Those accusations are not loose epithets; they are factual assertions capable of being proven true or false, particularly where the accusation is tethered to identifiable research, a dissertation, and institutional findings, at least twice submitted as formal complaints across the wires internationally in order to twice create investigations of Plaintiff's Ph.D., all while then being used by Defendants not to have mere "academic controversies" or debate, Gregory reply pg. 6 ¶ 2, but to misuse his accusations to prevent Plaintiff's election to state and federal office.

Gregory's new "opinion" pivot is improper and, in any event, fails under W.D. Okla. defamation law at the pleading stage. W.D. Okla. courts have cautioned that a reply brief may not expand a dispositive motion with new arguments *German v. Rhoades*, No. CIV-19-0751-F, __ (W.D. Okla., February 17, 2021)(Judge Friot)("no reply brief could have legitimately expanded the arguments … to include new arguments which were not made in the original motion.")(order discussing limits on reply-brief expansion).

4

And on the merits, W.D. Okla. recognizes the controlling fact/opinion principle that a defendant cannot avoid liability by labeling a factual charge as "opinion." In *Payne v. WS Services, LLC*, the court, relying on *Metcalf* and *Milkovich*, explained that while "pure opinion" is generally not actionable, a speaker cannot "immunize" an accusation of fact merely by prefacing it with "I think" or "in my opinion," because such phrasing can still imply false, defamatory facts. *Payne*, No. CIV-15-1061, Doc. 45 at 2–3 (W.D. Okla. July 18, 2016) (quoting *Milkovich* and reiterating that opinions stated "in the form of a factual imperative," or opinions implying "undisclosed defamatory and false facts," remain actionable).

Likewise, *Metcalf* (W.D. Okla.) holds that although "opinionative" statements not verifiable as true/false are generally nonactionable, an "opinion" is actionable where it functions as a factual imperative or implies undisclosed, defamatory false facts, and the First Amendment protects only statements that cannot reasonably be interpreted as stating actual facts. *Metcalf v. KFOR-TV, Inc.*, 828 F. Supp. 1515, 1529 (W.D. Okla. 1992).

Accordingly, where, as here, Plaintiff alleges verifiable accusations of professional misconduct (e.g., "fraud," dishonesty, and comparable allegations capable of being proven true or false), W.D. Okla. authority recognizes those are classic fact-assertion

5

defamation theories that are not defeated at Rule 12 by re-labeling them "opinion." *Payne*, Doc. 45 at 2–3; *Metcalf*, 828 F. Supp. at 1529.

Defendant's new argument that statements made on the July–August 2023 radio broadcasts are non-actionable opinion therefore misapplies the law. As alleged in the Amended Complaint, Defendant accused Plaintiff of "fraud" and academic dishonesty in verifiable contexts, made formal complaints seeking to cause him to lose his Ph.D., and then spread those lies to the world in order to harm his name, reputation, Ph.D. and elections. The cases cited by Defendant in the Reply (*Ayyadurai, Nicosia, Phantom Touring*) are distinguishable, and Defendant's reliance on them is improper at the motion to dismiss stage.

## IV. Statute-of-Limitations Arguments.

Defendant's new arguments regarding continuing publication and relation-back doctrines were not in the original Motion to Dismiss. Under Fed. R. Civ. P. 15(c)(1)(B), Plaintiff's claims relate back to the original filing, and the statute of limitations is properly satisfied.

## V. Oklahoma Citizens Participation Act ("OCPA").

Defendant argues for the first time that Plaintiff's Declaration is insufficient under OCPA. Plaintiff has provided detailed factual allegations specifying the date,

6

medium, content, and participants of the statements. This evidence satisfies OCPA's requirement for "clear and specific evidence." Additionally, the exhibits plainly demonstrate defamation and false light and additional transcripts of audio and news articles disseminated via the wires are attached hereto as **Attachment 1.**

**VI. RICO Arguments**.

Defendant raises new arguments regarding the existence of a RICO enterprise claiming that Plaintiff's *Opposition* failed to set them forth – but this is not the pleading standard; the Amended Complaint plainly sets forth detailed, proximate cause, and injury. Amend. Compl. ¶¶ 7-54. Defendants new arguments and citations to *Turkette, Boyle, Trump v. Clinton, and Nunes v. Fusion GPS* falsely arguing that the Amended Complaint has merely "conclusory" allegations. There is no "misuse" of civil RICO claims and Plaintiff has well plead both conspiracy and predicate acts. Amend. Compl. ¶¶ 7-54 ("[Gregory]…has had repeated and ongoing contacts with…Defendants advancing the RICO scheme and Sherman Act violations…" detailing approximately 54 paragraphs of specific predicate acts and conspiracy, and attaching demonstrative exhibits in support). Plaintiff attaches hereto a Civil RICO Case Statement further detailing and supporting the Amended Complaint's allegations. See **Attachment 2.**

Defendant's new and improper arguments that "[Colonel] Mastriano's invocation of RICO" was for "political gain" "meriting sanctions" like a case alleging "rigging the 2020 election" is false and outrageous. Gregory Reply, ECF 163 pg. 11, ¶ 3. Creating and causing not one, but *two* false academic "investigations" seeking to destroy Colonel Mastriano's Ph.D. on false accusations of professional misconduct in his research, and then coordinating with Defendants to spread that abroad during not one but *two* elections of Col. Mastriano, obtain a release of his embargoed thesis in order to defame, is actionable and in no way for political gain. Col. Mastriano's personal reputation regarding his Ph.D., career and personal integrity are everything to him. **"A man's good name and reputation is his most valuable personal and property right and one that no man may wrongfully injure or destroy without being held accountable therefor."** *Dusabek v. Martz*, 121 Okla. 241, 243 (Okla. 1926). There, World War One veteran Dusabek sued to defend his good name and military service from a published account stating and inferring he was not truly patriotic because he had not volunteered for service but instead was drafted, and therefore his "patriotism" was not "real patriotism." *Id.* at 242. The 1926 Oklahoma Supreme Court explained in upholding the trial court's judgment for plaintiff:

> If the article, when so considered, engenders in the mind of the reader a conclusion, impression, or opinion of the plaintiff that is defamatory, and as such tends to expose plaintiff to public hatred, contempt, obloquy, or tends to deprive him of public confidence or lower him in the opinion of men whose standard of opinion the court can properly

8

> recognize, or tends to induce them to entertain an ill opinion of him, it is libelous per se…**to say that one may injure another through insinuation or inference without being held accountable is to license the assassin of good names to do more effectively indirectly without risk that which he could do directly**.

*Id.* at 243 (emphasis added).

Here, Defendants directly used the wires, mails and economy to "assassinate" the good name of Col. Mastriano. Plaintiff has more than sufficiently stated a cause of action for civil RICO in the Amended Complaint, and its exhibits, and discovery – particularly of the e-mails and communications we know exist between Gregory and the UNB defendants, will further demonstrate the enterprise and predicate acts. Defendant's new arguments must be denied.

**VII. Sherman Act Arguments**.

Defendant's new argument that Plaintiff has failed to allege anti-competitive conduct or cognizable injury is without merit. The Amended Complaint alleges that Defendant's coordinated misconduct impacted Plaintiff's business and reputational interests, and that it drove down market opportunities by seeking to limit and exclude entirely his own commerce so that Gregory's market share would increase. Amend. Compl. ¶¶ 79-86 (e.g., "The harm has been inclusive of thousands of the general economies and substantial residents of states, colleges, universities and high schools, as well as book stores worldwide and in particular in the United States and Europe,

9

where Col. Mastriano's books and historical information has been in high demand since the 100th anniversary of the heroism of Sgt. Alvin York in 2018.").

The Amended Complaint's allegations, supported by affidavit, are sufficient to survive a motion to dismiss.

## VIII. Leave to Amend

Defendant's new assertion that Plaintiff may not amend again under Rule 15(a) misreads this Court's February 4, 2025 order, which indicated that in its discretion it may grant leave, particularly where no ruling on motions to dismiss had yet occurred and where no deadlines for motions to amend have been set. ECF 132, pages 5-6. Plaintiff is requesting, and is filing a separate motion in the alternative to his oppositions, seeking leave to amend any perceived deficiencies.

## IX. Conclusion.

For all the reasons stated, Defendant Gregory's Reply raises new arguments not previously addressed. Plaintiff respectfully requests that the Court consider this sur-reply in evaluating the Motion to Dismiss.

> Respectfully submitted,
> THE COX LAW CENTER, LLC
>
> By: _____//s//_____

10

Daniel L. Cox, Ok. Fed. Bar No. 2490  
Attorney for Plaintiff  
P.O. Box 545  
Emmitsburg, MD 21727  
Ph: 410-254-7000  
E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

                                      _____/s/_____  
                                      Daniel L. Cox