IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-J |
| Plaintiff, | : | |
| v. | : | |
| James Gregory, III, *et al*. | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (IN THE ALTERNATIVE)**

**I.     INTRODUCTION**

1. Plaintiff seeks leave, in the alternative to denial of the motions to dismiss, to amend his First Amended Complaint for the second time to cure any alleged deficiencies identified in pending motions to dismiss; to add critical factual allegations and evidentiary support that have come to light through Plaintiff's ongoing investigation; to add allegations concerning Defendants who cannot be properly served under current pleadings; and to further strengthen his claims with specific detail regarding the predicate acts, enterprise structure, market definition, and damages that Defendant Gregory contends are lacking.

2. The amendments are neither futile nor unduly delayed. Rather, they provide the factual specificity and legal precision necessary to withstand the

1

vigorous, but ultimately meritless, challenges posed by Defendants. Under the amendment standard of Rule 15(a)(2), this Court should grant Plaintiff's motion should it agree with Gregory as to any perceived deficiency.

3. Leave to amend should be freely granted unless there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204-05 (10th Cir. 2006).

## II. ARGUMENT

**The Amendments are Not Unduly Delayed and are Made in Good Faith.**

4. The proposed amendments are offered at an early stage of this litigation. No discovery has been initiated or completed, and it is well before trial. The case was filed on May 31, 2024, and Plaintiff filed his first amended complaint on February 8, 2025. This court granted Plaintiff leave to amend once before, recognizing the propriety of allowing plaintiffs to refine their pleadings in response to motions to dismiss.

5. Courts in this Circuit allow for secondary amendments, particularly where the defendant has challenged the sufficiency of the complaint, there is no unfairness or prejudice to the parties, and the Court has not yet ruled on the defendants' motions to dismiss. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Such is the case here.

6. Gregory's pending motion to dismiss challenges the factual specificity of Plaintiff's RICO allegations, the definition of the relevant antitrust market, and the sufficiency of Plaintiff's damages allegations. The second amended complaint directly responds to these challenges with additional information.

7. Far from undue delay, these amendments represent Plaintiff's diligent response to Defendants' challenges, and his good-faith effort to provide this Court with an updated, accurate, and complete factual record.

8. Plaintiff's amendments are made in good faith to strengthen his claims in response to Defendants' repeated challenges. Plaintiff has not engaged in dilatory tactics, gamesmanship, or delay. Rather, he has responded promptly to this Court's orders, complied with procedural requirements, engaged in ongoing factual investigation, and sought amendment as soon as necessary.

9. Plaintiff's previously amended complaint is demonstrative of good faith. The Court there approved the amendments and the approved Amended Complaint was thereafter filed even though the Defendants briefed oppositions in detail. The Defendants thereafter filed motions to dismiss again, essentially challenging the amended complaint a second time after their request to dismiss the Complaint was denied and the Amended Complaint permitted. The 10th Circuit has repeatedly allowed multiple amendments when they serve a legitimate purpose and do not cause delay. *Minter* at 1205.

10. Moreover, Plaintiff's first amended complaint added a single claim of false light invasion of privacy. This second amended complaint adds substantial factual details that apply to all claims, which respond directly to the alleged deficiencies by Gregory and other defendants. This is precisely the type of responsive pleading and zealous action that Rule 15 contemplates and encourages.

**The Second Amended Complaint Addresses New Factual Discrepancies.**

11. Plaintiff's second amended complaint raises new challenges regarding factual specificity and legal sufficiency that could not have been anticipated before Gregory's motion to dismiss was filed.

12. The Second Amended Complaint cures any alleged deficiencies Gregory raised regarding the defamation claims by identifying actionable false statements of fact and adequately alleging actual malice. It now includes additional specific quotations from Gregory's radio appearances, using the exact language in which he accused Plaintiff of "fraud" and "academic dishonesty." The pleading further provides the dates and times of the broadcasts, the names of Gregory's co-participants and media outlets, evidence demonstrating Gregory's knowledge of falsity and concrete economic damages with corresponding dollar amounts.

13. The Second Amended Complaint also addresses Gregory's arguments concerning the RICO claims by sufficiently alleging predicate acts and the existence of a RICO enterprise. It identifies specific mail and wire communications with their

dates, senders, recipients, and content, and it details the scheme to defraud by outlining the sequential, coordinated actions taken by Defendants. The pleading further describes the organizational structure of the enterprise, including the relationships among its participants, their common purpose, and the entity's continuity, and it sets out specific economic injuries quantified in dollar amounts with a clear causal connection to the predicate acts.

14.     Finally, the Second Amended Complaint remedies alleged deficiencies Gregory argues in the Sherman Act claims by further defining the relevant markets and demonstrating anti-competitive effects. It provides a precise product-market definition, WWI military history scholarship and related products, and a corresponding geographic market encompassing the United States and English-language markets worldwide. The complaint includes allegations of Defendants' market power and their ability to exclude Plaintiff from that market, alleges injury to competition rather than merely to Plaintiff's individual interests, and offers averment of reduced consumer choice and innovation within the relevant market.

15. These amendments cure any alleged deficiencies without fundamentally altering Plaintiff's claims. They demonstrate Plaintiff's ability and willingness to respond to legitimate challenges through proper amendment proceedings.

**Defendants Will Not Suffer Undue Prejudice.**

16. Granting leave to amend will not prejudice Defendants in any meaningful way. The case remains at an early stage at which no discovery has taken place, no scheduling order has been entered, and no trial date has been set. Allowing amendment simply enables the parties to proceed on what Defendants are averring is needed: a more complete set of allegations, while still giving Defendants every opportunity to challenge the Second Amended Complaint through motions and discovery.

17. The amendments do not add new causes of action, or new factual scenarios that would require Defendants to defend against entirely different allegations.

18. Further, the amendments benefit Defendants by providing them with even greater notice of the specific factual basis of Plaintiff's claims. Gregory argues in his own motion to dismiss that more factual specificity improves his ability to evaluate the merits and narrow the issues for trial. This amended complaint provides exactly that.

19. Any minor inconvenience Defendants may claim is far outweighed by the strong public interest in resolving disputes on the merits, not on pleading technicalities.

**The Amendments are Not Futile.**

20. Gregory will undoubtedly suggest that these proposed amendments are futile because his pending motion to dismiss should be granted. However, an amendment to a complaint is only futile if the proposed amended complaint "would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). However, on the other hand "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*, citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

21. Gregory's motion to dismiss raises legal questions such as whether Gregory's statements constitute actionable defamation rather than protected opinion, whether Plaintiff has adequately alleged a RICO enterprise, and whether the conduct alleged violates the Sherman Act and other arguments. These are fact-intensive inquiries that cannot be resolved at the motion to dismiss stage without the benefit of the detailed factual allegations contained in the Second Amended Complaint.

22. Second, even if Gregory's motion were to be granted, this ruling would demonstrate the need for amendment, not an amendment's futility. If the Court concludes that the First Amended Complaint lacks sufficient factual detail, the proper remedy is to allow Plaintiff to provide that detail through amendment, not to dismiss with prejudice.

23. Third, the Second Amended Complaint cures each of the deficiencies Gregory and Defendants allege. It sets out further concrete factual statements that are capable of being proven true or false, not mere expressions of opinion, and it further pleads actual malice by detailing Gregory's knowledge of falsity and reckless disregard for the truth. It further identifies the predicate acts with additional particularity pursuant to Rule 9(b) and describes the structure, purpose, and operations of the RICO enterprise. It further adds such particularity in a formal Civil RICO Case Statement as Exhibit 7, which while not required by this Court, is potentially useful in the instant case. The complaint also further defines the relevant antitrust market and alleges a resulting injury to competition, further identifying damages, while establishing proximate causation.

24. If these amendments are insufficient, Plaintiff submits that Defendants would then be attempting to convert Rule 12(b)(6) into an improper tool for summary judgment.

**The Amendments Address Defendants Who Cannot Be Properly Served.**

25. The second amended complaint adds critical allegations regarding several Defendants who, disputedly, claim to have not been properly served. Plaintiff has faced substantial difficulties in effecting service on these defendants because of their refusal to accept service while willfully claiming to refuse to allow their agents to accept service on their behalf at Defendants' publicly listed professional offices.

26. The amendments add specific factual allegations regarding these Defendants' participation in the alleged schemes, their knowledge and intent, and their coordination with other Defendants. These allegations are necessary and useful to further establish personal jurisdiction and to demonstrate that these Defendants are proper and necessary parties to this action.

27. Additionally, the amendments correctly identify and add allegations regarding Defendant Jeffrey Brown, who participated with Gregory in the defamatory radio broadcast. These amendments are necessary to cure this alleged pleading deficiency and to ensure that all responsible parties are properly before the Court.

**Justice Requires Amendment If Required.**

28. Rule 15(a)(2) of the Federal Rules of Civil Procedure commands that the "court should freely give leave when justice so requires." This language alone supports Plaintiff's amendment.

29. Justice warrants allowing amendment because Plaintiff has a meritorious case that should be resolved on its substance rather than dismissed on technical pleading grounds. The proposed amendments directly and specifically address the challenges raised by Defendants, reflecting Plaintiff's good faith and diligence. The amendment will neither delay proceedings nor disrupt the Court's

schedule, and the additional detail will promote judicial economy by supplying a more complete factual record and potentially narrowing the issues for trial.

30. Public interest favors adjudicating the allegations of defamation, racketeering, and antitrust violations on their merits, rather than foreclosing them prematurely. As a public figure who asserts substantial reputational and economic harm was caused him by Defendants, Plaintiff is entitled to his day in court on a properly pleaded complaint that fully presents the issues for judicial resolution.

31. This Court has already granted Plaintiff leave to amend once, recognizing the propriety of allowing parties to refine their pleadings. Denying leave now would be inconsistent with the earlier ruling and the strong federal policy favoring amendment.

## IV. CONCLUSION

32. For the foregoing reasons, Plaintiff Col. Douglas Mastriano respectfully requests that this Court grant him leave to file his Second Amended Complaint. The amendments are timely, made in good faith, cure alleged deficiencies, and will not prejudice Defendants. Justice requires that Plaintiff be permitted to proceed on a fully developed factual record.

Respectfully submitted,
The Cox Law Center, LLC

By: _____//s//_____
Daniel L. Cox, Ok. Fed. Bar No. 2490
Attorney for Plaintiff

P.O. Box 545  
Emmitsburg, MD 21727  
Ph: 410-254-7000  
E-mail: dcox@coxlawcenter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on counsel of record via CM/ECF.

_____/s/_____
Daniel L. Cox