THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES GREGORY III, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.:<br>5:24-cv-00567-F |

**DEFENDANT JAMES GREGORY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PLEADINGS**

    Plaintiff Douglas Mastriano's most recent attempt to prolong this unlawful Strategic Lawsuit Against Public Participation (SLAPP) against critics of his academic scholarship comes in the form of seeking yet another amendment to his complaint originally filed over eighteen months ago. Just like his previous request to amend from January 2025, ECF 126, Mastriano waited until the parties had fully briefed their motions to dismiss before seeking leave to amend to add what he claims (as before) are "critical factual allegations and evidentiary support that have come to light through Plaintiff's ongoing investigation," ECF 178-1 ¶ 1. Once again, Mastriano's proposed amendments add nothing new. Instead, they merely repeat the same conclusory allegations found in both the original and first amended complaints. The voluminous exhibits he now seeks to attach—including the entire printout of his personal Wikipedia page—were all available to him when he filed the original and

1

the first amended complaints. And Mastriano makes no attempt to justify the eighteen-month delay in seeking to amend his complaint.

Further amendment cannot save Mastriano's SLAPP from dismissal. His claims all depend on strained interpretations of law no court has ever adopted. The only thing that would result from granting Mastriano's motion—which will force a *third round of motions to dismiss*—is prejudice to Defendants and further clutter on the Court's docket, all while extending the chill on Defendants' First Amendment rights to opine about a government official's published scholarship.

At this point, Mastriano's motion simply underscores that he never intended his suit to succeed on the merits. There is no clearer indication of that than how, after receiving leave to amend his complaint the first time to add a claim for false light invasion of privacy—and after Defendant James Gregory Jr. drafted and filed a revised motion to dismiss to specifically address that claim—Mastriano never even mentioned it in opposing dismissal. *See* ECF 151 at 18-27; ECF 162. Even after Judge Friot warned Mastriano that his litigation tactics may warrant sanctions, Mastriano has persisted in a lawsuit designed to entangle critics in an exhausting and expensive legal battle to intimidate them into silence. *See Mastriano v. Gregory*, No. CIV-24-567-F, 2025 WL 392731, at *4 (W.D. Okla. Feb. 4, 2025).

Oklahoma enacted the Oklahoma Citizen Protection Act (OCPA) because of "an increasing tendency by parties with substantial resources to file meritless lawsuits against legitimate critics, with the intent to silence those critics by burdening them with the time, stress, and cost of a legal action." *Krimbill v. Talarico*, 2018 OK CIV APP 37, ¶ 7, 417

P.3d 1240, 1245 (Okla. Civ. App. 2017). That is what Mastriano has done here. Without this Court's intervention, Mastriano will continue engaging in legal tactics designed exclusively to prolong litigation and not only punish Defendants for exercising their First Amendment rights, but also chill anyone else who might otherwise criticize public officials and their writings.

Defendant Gregory thus respectfully asks this Court to deny Mastriano's second motion to amend, grant Defendants' motions to dismiss with prejudice, and affirm that the First Amendment and OCPA do not permit this abuse of our judicial system.

## I. Mastriano's Inexcusable Delay Alone Justifies Denying His Motion to Amend.

Denying Mastriano leave to further amend is proper given the Tenth Circuit "has often found untimeliness alone a sufficient reason to deny leave to amend." *Burke v. Holdman*, 750 F. App'x 616, 624 (10th Cir. 2018) (quoting *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (upholding denial of leave to amend on grounds of undue delay where amendment was sought one-and-a-half years after defendant's motion to dismiss)). *See also Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020) (holding unexplained delay alone justifies denying motion to amend); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("We have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'") (quoting *Frank v. U.S. West,* 3 F.3d 1357, 1365–66 (10th Cir. 1993)); *Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("unexplained delay alone justifies" denying motion to amend); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (confirming unexplained delay means "prejudice to the opposing party

3

need not also be shown" because it is sufficient to justify denial of motion to amend); *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987); *Chichakli v. Wyatt*, No. CIV-15-687-D, 2016 WL 4257562, at *2 (W.D. Okla. Aug. 12, 2016) (applying this principle to deny leave to amend).

      Just like in each of these cases, Mastriano fails to explain why he did not "know[] or should have known of the facts upon which the proposed amendment is based" or "fail[ed] to include them in the original complaint." *Muller v. Culbertson*, 408 Fed. App'x 194, 197 (10th Cir. 2011) (citing *Frank*, 3 F.3d at 1366). The reason Mastriano offers no explanation is because none exists: His proposed amendments offer no new information. They merely restate the same conclusory allegations found in his original and first amended complaints about events that occurred between 2019 and 2023. ECF 178-3 ¶¶ 52–66. For example, Mastriano alleged in both his original and amended complaint that Defendant Gregory sought to debunk Mastriano's scholarship in 2019 by filing a complaint with the University of New Brunswick about the scholarship's voluminous inaccuracies. ECF 1 ¶ 27; ECF 133 ¶ 24. To bolster his RICO claim, Mastriano now repackages the same allegation to include that Gregory's email to the University was sent "via interstate wire communications" and "transmitted … crossing state and international boundaries via wire facilities." Compare ECF 1 ¶ 27 and ECF 133 ¶ 24, with ECF 178-3 ¶ 53. Putting a different spin on a pre-existing allegation does not make it "new" or any less conclusory. Nor does it save Mastriano's RICO claim from dismissal for the multitude of reasons described in Gregory's motions to dismiss. ECF 148, 163.

4

The mass of exhibits Mastriano seeks to attach to a second amended complaint only highlights his inexcusable delay: Each was either already filed or publicly available at the times of his original and first amended complaints. Exhibits 1–6 of the proposed second amended complaint were included in the first amended complaint, ECF 133-1–6; Exhibits 7 and 8 are the same exhibits Mastriano sought—and was denied—leave to include with his proposed sur-reply, ECF 176-2 (Exhibit 8), ECF 176-3 (Exhibit 7); and Exhibit 8 includes Mastriano's complete Wikipedia page, ECF 176-2. Because Mastriano has no excuse for his delay, the Court should deny his motion for leave to amend.

## II. Mastriano's Proposed Amendments Are Futile.

The Court should deny Mastriano's second motion to amend for the independent reason that the proposed amendments do nothing to save his claims from dismissal. *See Chichakli*, 2016 WL 4257562, at *2. The substance of his second amended complaint is nearly identical to his originally pled defamation, Sherman Act, and RICO claims, and still subject to dismissal under Rule 12(b)(6) and the OCPA, for all the same reasons in Gregory's motions to dismiss. ECF 148, 163.

Mastriano's claims about unearthing new information to support his complaint are wildly exaggerated. For example, Mastriano claims to include "specific quotations from Gregory's radio appearances, using the exact language in which he accused Plaintiff of 'fraud' and 'academic dishonesty.'" ECF 178-1, ¶ 12. But the proposed second amended complaint merely repeats Mastriano's vague references to "multiple interviews" Gregory allegedly gave to unnamed "media outlets"—with no additional information regarding what precisely Gregory is alleged to have said or to whom. ECF 178-3, ¶ 63; *see Tannerite*

5

*Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 251 (2d Cir. 2017) (affirming vague allegations "do[es] not substitute for [the] specific allegation[s]" required by Fed. R. Civ. P. 8(a)(2)). And Mastriano supports these vague allegations by citing generally to Exhibit 8, which contains 120 pages—none of which include a transcript of Gregory's alleged interview. ECF 178-11. Mastriano labels the exhibit "transcripts and articles"—yet the "transcript" it contains is from a 2022 TikTok video by a man with no apparent connection to Gregory or this litigation. *Id.* at 1, 59–60.

None of Mastriano's proposed amendments help him overcome the First Amendment and OCPA's strong protections for speech on matters of public concern. *See* ECF 148, 163. In fact, Exhibit 8's inclusion of Mastriano's complete Wikipedia page solidifies this conclusion by reaffirming Mastriano is a *public figure* who must satisfy a heightened standard to support a defamation claim. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-280 (1964). As Defendants have explained, Mastriano's allegations do not come close to meeting this high bar, and the proposed second amended complaint contains nothing to address this deficiency. Accordingly, this Court should deny leave to amend because Mastriano's amendments are futile.

### III. Permitting Mastriano to Amend His Complaint a Second Time Would Prejudice Defendant Gregory.

While Defendant Gregory is not required to demonstrate prejudice for the Court to deny the current motion, Mastriano's "strategic gamesmanship" of seeking leave to amend after the parties fully briefed motions to dismiss for a second time is prejudicial. *Llacua v. Western Range Association*, 930 F.3d 1161, 1189 (10th Cir. 2019). As the Tenth Circuit

6

has recognized, a defendant is prejudiced where the plaintiff attempts to make the complaint a moving target requiring multiple rounds of briefing. *Id.* That is precisely what Mastriano is doing. And here, prolonging litigation would prejudice Defendant Gregory even further because it chills his First Amendment right to publicly opine on the merits of Mastriano's academic scholarship.

In *Llacua*, the Tenth Circuit affirmed the district court's denial of a motion by the plaintiff to file a third amended complaint because the plaintiff, like here, failed to explain his delay in amending. *Id.* The Tenth Circuit held that permitting the amendments would be prejudicial due to "the significant expenditure of resources on the part of the defendants *and the judiciary* in responding to three previous iterations of the [plaintiffs'] complaint." *Id.* at 1189-90 (italics in original). In a similar case, the district court denied a motion to amend, noting it would "not allow additional delay and prejudice to [defendant] in the form of litigating another motion to dismiss …." *Paul v. Wyoming Auto Invs., LLC*, No. 19-CV-251-ABJ, 2020 WL 13048952, at *3 (D. Wyo. Aug. 24, 2020).

As these cases demonstrate, Defendants will suffer prejudice if the Court permits Mastriano to compel yet a third round of motions to dismiss based on amendments that do nothing to advance his claims. This Court already gave Mastriano an opportunity to amend his complaint in response to the first round of motions to dismiss to add a claim for false light invasion of privacy. ECF 151 at 18-27. Yet Mastriano did not mention this new claim in his opposition to Gregory's revised motion to dismiss. ECF 162. The Tenth Circuit is not forgiving of plaintiffs who seek to exploit the courts to harass opposing parties, rather

7

than expeditiously seeking amendments in response to motions to dismiss. *See, e.g.*, *Hayes*, 264 F.3d at 1026; *Burke*, 750 F. App'x at 624.

This Court should therefore deny Mastriano's second request to amend.

## CONCLUSION

Even after Defendant Gregory invoked the protections of the OCPA in two motions to dismiss, Mastriano seeks this Court's permission to further extend the process by introducing years-old facts and another meritless claim premised on strained theories of law. And he provides no justification for the significant delay in these amendments. This Court should deny Mastriano's second motion to amend, grant Defendants' motions to dismiss with prejudice, and reject Mastriano's efforts to exploit the legal system to harass good faith critics of his published works.

Respectfully submitted,

*/s/ Greg H. Greubel*
SARA BERINHOUT*
MA Bar No. 703217
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015; CA Bar No. 343028; IA Bar No. AT00157474
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
sara.berinhout@thefire.org
greg.greubel@thefire.org

Robert D. Nelon, OBA #6610
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

* Admitted *Pro Hac Vice*                              Date: January 2, 2026

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 2nd day of January, 2026, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

*/s/ Greg H. Greubel*
Greg H. Greubel
