IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO<br><br>*PLAINTIFF*,<br><br>v.<br><br>JAMES GREGORY, III, *et al.*,<br><br>*DEFENDANTS*. | Case No.: 5:24-cv-00567-F<br><br>Assigned to the Hon. Stephen P. Friot<br><br>**CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER FRCP 15** |

NOW COME Defendants the University of New Brunswick ("UNB," identified in the Complaint as "University of New Brunswick, Canada"), Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke (identified in the Complaint as Elizabeth Mancke), Janet Mullin, Angela Tozer, Margaret MacMillan, Robert Bothwell, and John Ferris (the "Moving Defendants"), and, for their opposition to the Motion to for Leave to File Second Amended Complaint Under Fed. R. Civ. P. 15 (the "Motion," Doc. # 178) filed by Douglas Mastriano ("Plaintiff"), the Moving Defendants join Defendant James Gregory's Response in Opposition to Plaintiff's Motion to Amend Pleadings (Doc. # 179), and further state as follows:

**I.    Overview of the Argument**

This Motion is about a Plaintiff who: (1) is using a federal court to litigate an academic research dispute; (2) received but apparently squandered an earlier opportunity

1

to amend his pleading; and (3) forced defendants who have immunity and no connection to this forum to spend a year and a half briefing two rounds of motions to dismiss. After forcing the defendants to incur large amounts of time, effort, and expense, Plaintiff wants to deny the defendants their right to be heard on their defenses. Instead, Plaintiff wants a futile, untimely, and prejudicial third bite at the apple. The Motion should be denied.

## II.  Procedural Background

Plaintiff filed this action on May 31, 2024—over a year and a half ago. Unfortunately for the Court and for the defendants, Plaintiff has created an unusually long procedural history for an action that has not yet made it out of the pleadings stage.

### A.  The First Round Of Motions To Dismiss

On August 6, 2024, Defendants UNB, Mazerolle, MaGee, Rendall, Brown, Brown, Dutcher, Kennedy, Morton, Sears, Windsor, Hunt-Kennedy, MacDonald, Mullaly, Todd, Corke, Huskins, the Estate of Elizabeth Mancke, and Tozer (the "University Defendants") filed a Motion to Dismiss. (Doc. # 12). Instead of amending the Complaint, Plaintiff elected to file an opposition brief. (Doc. # 81). The University Defendants were forced to continue incurring the time, effort, and expense to file a reply brief (Doc. # 94).

On August 30, 2024, Defendants MacMillan, Bothwell, and Ferris (the "Committee Defendants") filed their own Motion to Dismiss and Joinder to the Motion to Dismiss filed by the University Defendants. (Doc. # 66). On September 16, 2024, Defendant Mullin filed her own Motion to Dismiss, Joinder to the Motion to Dismiss filed by the University Defendants, and Joinder to the Motion to Dismiss filed by the Committee Defendants. (Doc. # 85). Plaintiff did not file any briefs in response to these Motions to Dismiss.

2

The other defendants also filed Motions to Dismiss. Defendant Gregory filed a Motion to Dismiss, which Plaintiff opposed. (Doc. # 89 and Doc. # 110). Defendant Kuhn also filed a Motion to Dismiss, which Plaintiff also opposed. (Doc. # 105 and Doc. # 120).

### B.     Plaintiff's Motion For Leave To File The Amended Complaint

On January 17, 2025, Plaintiff filed his motion for leave to amend his Complaint. (Doc. # 126). On February 4, 2025, the Court: (1) exercised its discretion to permit Plaintiff to file an Amended Complaint; (2) granted in part the motions to dismiss insofar as service on all Canadian individual defendants was quashed and Plaintiff was ordered to effectuate proper service of process within 45 days; and (3) determined that the rest of the motions to dismiss would be moot when Plaintiff filed an Amended Complaint.  (Doc. # 132).

On February 8, 2025, Plaintiff filed his Amended Complaint. (Doc. # 133). On March 5, 2025, Plaintiff moved for an extension of time to serve individual defendants. (Doc. # 137). On March 6, 2025, the Court extended Plaintiff's time to serve individual defendants until September 5, 2025. (Doc. # 138). The Parties stipulated that the defendants would have until 21 days after September 5, 2025 to answer, move, or otherwise respond to the Plaintiff's Amended Complaint. (Doc. # 139). However, on September 5, 2025, Plaintiff moved for an additional extension of time to serve the individual defendants. (Doc. # 143). On September 29, 2025, the Court extended Plaintiff's time to serve the individual defendants until December 5, 2025. (Doc. # 155).

### C.     The Second Round Of Motions To Dismiss

In the meantime, the defendants were forced to incur the time, effort, and expense to move to dismiss the Amended Complaint. (Docs. # 151, 152, 153, and 154). Plaintiff

3

opposed the defendants' motions. (Docs. # 159, 160, 161, and 162). The defendants have also filed reply briefs. (Docs. # 163, 164, 165, and 166). On November 7, 2025, briefing closed on the motions to dismiss. The motions to dismiss are pending before the Court.

### D.     Four Additional Rounds Of Motion Practice

Since briefing concluded on the pending Motions to Dismiss, Plaintiff has continued to burden the Court and the defendants with *four* additional rounds of motion practice.

First, on November 11, 2025, Plaintiff moved for leave to serve certain defendants by alternative means. (Doc. # 167). Defendants Rendall, Morton, MacMillan, Bothwell, Ferris, and Kuhn opposed that motion. (Docs. # 169 and 170). Plaintiff filed a reply brief in support of his motion. (Doc. # 173). The Court has not yet ruled on this motion.

Second, on December 5, 2025, Plaintiff filed a "List of Returns of Service." (Doc. # 171). The "List of Returns of Service" contained legal arguments and a request for monetary relief that would normally be addressed by way of a motion. Accordingly, Defendants Rendall, Morton, MacMillan, Bothwell, Ferris, and Kuhn were forced to respond. (Docs. # 174 and 175). The Court has not yet ruled on this motion.

Third, on December 10, 2025, Plaintiff moved for leave to file a sur-reply in opposition to the pending motions to dismiss. (Doc. # 176). The Court denied Plaintiff's motion for leaving to file a sur-reply. (Doc. # 177).

Fourth, on December 12, 2025, Plaintiff filed the current Motion. (Doc. # 178).

### III.    Legal Standard

Whether leave to amend the pleading should be granted is within the District Court's discretion. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th

4

Cir. 1990); *see also Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023); *Leatherwood v. Rios*, 705 F. App'x 735, 739 (10th Cir. 2017). District Courts may withhold leave to amend for reasons that include futility, undue delay, and undue prejudice. *United States ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). Plaintiff does not dispute the applicable standard. (*See* Doc. # 178-1 at ECF p. 2).

As discussed below, the Motion should be denied because an amendment to the pleadings would be futile, untimely, and unduly prejudicial. The Moving Defendants do <u>not</u> need to prevail on all three of these arguments. Instead, each of these arguments is a separate valid basis for the Court to exercise its discretion to deny Plaintiff's Motion.

## IV.   An Amendment Would Be Futile

Courts may deny leave to amend if doing so would be futile. *Lee v. Poudre Sch. Dist. R-1*, 135 F.4th 924, 932 (10th Cir. 2025), *cert. denied,* No. 25-89, 2025 WL 2906469 (U.S. Oct. 14, 2025). A proposed amendment is futile if the pleading, as amended, would be subject to dismissal. *Id.*; *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). This Court does not permit futile amendments to pleadings. *See, e.g.*, *Har-Son Inc. v. Ortega*, 2017 WL 3616641, at *1 (W.D. Okla. Jan. 17, 2017) (denying motion to amend as futile); *Chichakli v. Wyatt*, 2016 WL 4257562, at *2-3 (W.D. Okla. Aug. 12, 2016) (same).

### A.   This Court Lacks Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over the Moving Defendants because foreign sovereign immunity applies to the claims against the Moving Defendants. (*See* Doc. # 153 at ECF pp. 14-33; Doc. # 154 at ECF pp. 9-16; Doc. # 165 at ECF pp. 7-18; Doc. # 166 at ECF pp. 8-9). Plaintiff does not even attempt to address this issue in the

Motion or in his supporting Memorandum. (*See* Doc. # 178 and Doc. # 178-1). Amending the pleading is futile because the Court has no subject matter jurisdiction over this case.

### B.   This Court Lacks Personal Jurisdiction

This Court also lacks personal jurisdiction over the Moving Defendants. (*See* Doc. # 153 at ECF p. 33-43; Doc. # 154 at ECF pp. at 16-22; Doc. # 165 at ECF pp. 18-21; Doc. # 166 at ECF pp. 9-13). In the Memorandum that Plaintiff submitted in support of his Motion, Plaintiff argues that he added "specific factual allegations" about the defendants that are "necessary and useful to further establish personal jurisdiction[.]" (Doc. # 178-1 at ECF p. 9). Plaintiff is presumably referring to the new allegations in Paragraph 52 to 62 of the proposed Second Amended Complaint, which refer to communications by the Moving Defendants, including communications with Defendant Gregory when Mr. Gregory was in Oklahoma. (*See* Doc. # 178-3 at ECF pp. 21-25 (red text)).

However, because Plaintiff lives in Pennsylvania, none of the new allegations suggest that the defendants acted with knowledge that the brunt of the injury would be felt in Oklahoma, as is required to establish "minimum contacts" under the "harmful effects test." *See XMission, L.C. v. PureHealth Research*, 105 F.4th 1300, 1309-10 (10th Cir. 2024). (*See* Doc. # 153 at ECF pp. 36-39 and Doc. # 154 at ECF pp. 18-19).

Even if the new allegations established "minimum contacts," exercising jurisdiction would offend traditional notions of fair play and substantial justice. (*See* Doc. # 153 at ECF pp. 39-43 and Doc. # 154 at ECF pp. 19-22). Amending the pleading is futile because the Court lacks personal jurisdiction over the Moving Defendants.

### C.   Certain Moving Defendants Have Never Been Properly Served

6

Defendants Robert Bothwell, John Ferris, Margaret MacMillan, Erin Morton, and Drew Rendall have never been properly served. (*See* Doc. # 154 at ECF pp. 23-24, Doc. # 166 at ECF pp. 13-14, and Doc. # 169 at ECF p. 2). In the Memorandum that Plaintiff submitted in support of his Motion, Plaintiff argues that his proposed Second Amended Complaint "adds critical allegations regarding several Defendants who, disputedly, claim to have not been properly served." (Doc. # 178-1 at ECF p. 8). However, there are <u>no new allegations</u> specific to Defendants Bothwell, Ferris, MacMillan, Morton, or Rendall. (*See* Doc. # 178-3). Amending the pleading is futile because the Court has no jurisdiction over defendants who have not been properly served. (*See* Doc. # 154 at ECF p. 23).

### D.   Plaintiff Still Fails To State A Claim

This case remains a dispute over historical research and academic protocol that should have never been in court in the first place. *See Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994) ("Scientific controversies must be settled by the methods of science rather than by the methods of litigation"). Additionally, Plaintiff's pleading is so vague and conclusory that providing Plaintiff with opportunity to amend his defective pleading will not result in clarity but will only allow him to further "abuse the judicial process" by attempting to "prosecute an action that is frivolous [and] malicious." *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Meritless pleadings must not be allowed to

serve as a vehicle to intimidate and harass. Plaintiff's dispute belongs in front of an academic committee in Canada, not the U.S. District Court.[1]

The new allegations in Plaintiff's proposed Second Amended Complaint remain just as conclusory as Plaintiff's prior allegations. Plaintiff's new allegations of racketeering (Counts One and Two) simply recite the elements of a racketeering claim without providing any of the specificity required by Fed. R. Civ. P. 9(b). (*See*, *e.g.*, Doc. # 154 at ECF pp. 25-26). *See Har-Son Inc. v. Ortega*, 2017 WL 3616641, at *1 (W.D. Okla. Jan. 17, 2017) (denying motion to amend where proposed amendment was futile because it failed to provide the specificity required by Fed. R. Civ. P. 9(b)).

Similarly, Plaintiff's new breach of contract allegations (Count Seven) recite the existence of a binding contract and Plaintiff's new negligence allegations (Count Eight) recite the existence of duty of care. (*See* Doc. # 178-3 at ECF pp. 46 & 49). In the same vein, Plaintiff adds the phrase "actual malice" to his defamation allegations (Count Nine). (*See* Doc. # 178-3 at ECF p. 53). The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S.662, 663 (2009).

Plaintiff's new allegations of anti-trust violations (Counts Three and Four) still fail to identify anyone other than Plaintiff himself who could have been injured by the defendants' alleged conduct. (*See* Doc. # 178-3 at ECF pp. 24-25 and 35-36). Rather than

---

[1] To avoid duplicating the arguments set forth in support of their Motions to Dismiss, the Moving Defendants focus here on specific arguments relevant to the current Motion. Nothing here is intended to as a waiver or abandonment of any argument in any other filing.

8

alleging an injury to competition, Plaintiff implies that the entire market for World War I military history products was harmed because he was personally harmed. (*See* Doc. # 178-3 at ECF p. 25 ("… the elimination of one established competitor has significant effects on the market"). However, to have antitrust injury, a plaintiff must allege an injury to competition, not a generic injury to the plaintiff. *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 477-78, 489 (1977). Plaintiff cannot meet that standard.

With respect to the new aiding and abetting allegations (Count Six), the new allegations cannot change the law: Oklahoma has never recognized a claim for aiding and abetting a breach of fiduciary duty. *Jackson v. GreerWalker*, LLP, 2018 WL 894873, at *4 (N.D. Okla. Feb. 14, 2018). With respect to allegation of fraud (Count Five), there are no new allegations except with respect to damages, and there are no substantive new allegations with respect to false light (Count Ten). (*See* Doc. # 178-3 at ECF pp. 40-42 and 54-56). Accordingly, those Counts should be dismissed for the reasons discussed in the Motions to Dismiss. (*See* Doc. # 154 at ECF pp. 28-29 and Doc. # 166 at ECF p. 16).

Finally, Plaintiff's proposes new allegations blaming the defendants for his election loss. (Doc. # 178-3 at ECF p. 25 (red text)). Courts do not recognize claims by unsuccessful candidates for damages based on political loss. *See*, *e.g.*, *Hill v. Stowers*, 680 S.E.2d 66, 76-77 (W. Va. 2009) (it would be contrary to public policy to allow a losing candidate to recover monetary damages from an opponent and it would be impossible to determine how voters would have voted in the absence of the opponent's alleged conduct) (*see also* Doc. # 166 at ECF pp. 18-19). Plaintiff should not be permitted to amend his pleadings to further pursue these futile claims for alleged political loss.

## V. An Amendment Would Be Unjust Due To Plaintiff's Undue Delay

The Court should deny leave to amend because of Plaintiff's undue delay in requesting leave to amend. Untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay. *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011); *Shelton v. Sha Ent., LLC*, 2022 WL 543011, at *3 (W.D. Okla. Feb. 22, 2022). Prejudice to the opposing party need not also be shown. *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185; *see also Makeen Inv. Grp., LLC as trustee for Makeen Fam. Children's Tr. v. Colorado*, 825 F. App'x 565, 570 (10th Cir. 2020); *Hedger v. Kramer*, 2015 WL 13357593, at *4 (W.D. Okla. Sept. 24, 2015).

Here, Plaintiff was alerted to deficiencies in his Complaint *over a year before Plaintiff's Motion was filed*, no later than August 6, 2024, when the University Defendants' first Motion to Dismiss was filed. (Doc. # 12). On September 26, 2025, *several months before Plaintiff's Motion was filed*, the Moving Defendants raised the same deficiencies in their second set of Motions to Dismiss. (Doc. # 153 and Doc. # 154). Even after the briefing on the Motions to dismiss was closed, Plaintiff initiated *three other rounds of motion practice* before filing this Motion. (Doc. # 167, Doc. # 171, and Doc. # 176).

In his Memorandum in support of his Motion, Plaintiff cites *Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir. 2006) in support of its argument that "The 10th Circuit has repeatedly allowed multiple amendments when they serve a legitimate purpose and do not cause delay." (Doc. # 178-1 at ECF p. 3). However, in *Minter*, the plaintiff was permitted to amend his pleading after learning new information in discovery. *Minter*, 451 F.3d at

10

1207. The *Minter* decision confirmed that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay. *Id*. at 1206.

In this case, Plaintiff has no adequate explanation for his delay in seeking the proposed amendments. None of the new allegations in the proposed Second Amended Complaint relate to anything that has occurred since Plaintiff filed this action. (*See* Doc. # 178-3). The exhibits submitted with the proposed Second Amended Complaint were also available before Plaintiff filed this action. For example, Plaintiff submits as exhibits publicly available news articles published in 2022 and 2023—before this action was filed (*See* Doc. # 178-5 and Doc. # 178-11). The Declaration that Plaintiff submits as an exhibit refers to events in 2019 to 2023—before this action was filed. (*See* Doc. # 178-8). Plaintiff's "Civil RICO Case Statement" submitted as an exhibit also refers to events in 2018 to 2024—almost entirely before this action was filed. (*See* Doc. # 178-10). There has been no discovery in this action where new information could have been discovered.

Plaintiff's failure to provide any explanation for his delay for why he waited over a year and a half to file a pleading with the proposed allegations and exhibits is itself a sufficient basis to <u>deny</u> the instant Motion. *See Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015) (District Court did not abuse its discretion in denying motion for leave to amend pleading where plaintiff lacked any adequate explanation for delay in seeking to amend); *see also Miller v. First United Bank & Tr. Co.*, 2022 WL 22401010, at *4 (W.D. Okla. Dec. 27, 2022), *aff'd*, No. 23-6050, 2024 WL 676857 (10th Cir. Feb. 20, 2024), and *aff'd*, No. 23-6050, 2024 WL 676857 (10th Cir. Feb. 20, 2024) (leave to amend

was not appropriate where the plaintiffs were aware of allegations when they filed their prior pleading, but chose not to advance them until later).

## VI. An Amendment Would Prejudice The Moving Defendants

Although the Moving Defendants do not need to prove prejudice, the Court should deny leave to amend for the additional reason that an amendment now would prejudice the Moving Defendants. Plaintiff has known for months (or years) of the facts upon which the proposed amendment is based, but he inexplicably failed to include them in the original Complaint or in the Amended Complaint. He also knew for over a year of potential deficiencies in his pleading. Nevertheless, he still forced the Moving Defendants to incur the time, effort, and expense to brief their Motions to Dismiss the Amended Complaint.

After the Motions to Dismiss were briefed, Plaintiff initiated *three other rounds of motion practice* before initiating a *fourth round of motion practice* by filing this Motion. In the space of two months, Plaintiff has told the Court that: (1) he needs to serve the defendants by alternative means (Doc # 167), but he also served the defendants correctly (Doc. # 171); and (2) he has adequately pleaded a claim (Doc. # 176 and Doc. # 176-1 at ECF pp. 3-11), but he also needs to amend his pleadings (Doc. # 176-1 at ECF p. 11 and Doc. # 178). The Moving Defendants have been forced to incur more time, efforts, and expense responding to these scattershot contradictions.

Courts will properly deny a motion to amend when the plaintiff is making the complaint a moving target, attempting to salvage a lost case by untimely suggestion of new theories of recovery, or presenting theories seriatim in an effort to avoid dismissal. *See Mengert v. United States*, 120 F.4th 696, 718 (10th Cir. 2024); *see also Minter v. Prime*

*Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *Miller*, 2022 WL 22401010, at *4. The time, effort, and expense associated with the two rounds of Motions to Dismiss are entirely of Plaintiff's making, as is the time, effort, and expense associated with the four additional rounds of motion practice that Plaintiff initiated after the Motions to Dismiss were briefed.

As the U.S. Court of Appeals for the 10th Circuit explained in *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1190-91 (10th Cir. 2019), the District Court acts within the bounds of its discretion to deny a motion to amend the pleadings when the plaintiff fails to offer a convincing explanation for delay, the delay is relatively lengthy, and the defendants and the court have already expended significant resources in responding to previous iterations of the plaintiff's pleading. The same concerns apply here: it would severely prejudice the Moving Defendants if the months of voluminous briefing generated in response to prior iterations of Plaintiff's claims were scrapped so that Plaintiff could restart his case now.

## VII.   Relief Requested

The Moving Defendants respectfully request that this Court enter an Order <u>denying</u> Plaintiff's Motion to for Leave to File Second Amended Complaint Under Fed. R. Civ. P. 15 (Doc. # 178), and entering any further relief this Court deems just and proper.

*** SIGNATURE BLOCK ON FOLLOWING PAGE ***

Dated: January 2, 2026

Respectfully submitted,

*/s/ William C. Swallow*

| | |
|---|---|
| William C. Swallow (*PHV*, IL No. 6293910) | Don W. Danz |
| Michael H. Passman (*PHV*, IL No. 6297381) | |
| Emily M. Vanderlaan (*PHV*, CO No. 55293) | McATEE & WOODS, P.C. |
| | 410 NW 13th Street |
| CLYDE & CO US LLP | Oklahoma City, OK 73103 |
| 30 S. Wacker Drive, Suite 2600 | T: (405) 232-5067 |
| Chicago, Illinois 60606 | E: DonD@McAteeandWoods.com |
| T: (312) 635-7000 | |
| E: bill.swallow@clydeco.us | |
| E: michael.passman@clydeco.us | |
| E: emily.vanderlaan@clydeco.us | |

*Attorneys for the University of New Brunswick, Paul Mazerolle, David MaGee, Drew Rendall, Jeff Brown, Cindy Brown, Stephen Dutcher, Sean Kennedy, Erin Morton, Matthew Sears, Lee Windsor, Stefanie Hunt-Kennedy, Carolyn MacDonald, Sasha Mullaly, Lisa Todd, Sarah-Jane Corke, Bonnie Huskins, the Estate of Elizabeth Mancke, Angela Tozer, Margaret MacMillan, Robert Bothwell, John Ferris, and Janet Mullin.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on this 2nd day of January, 2026, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

                                                       */s/ William C. Swallow*
                                                      William C. Swallow (admitted PHV)