IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| DOUGLAS MASTRIANO, <br>       Plaintiff, <br><br> v. <br><br> JAMES GREGORY, III, *et al.,* <br>       Defendants. | Case No. 5:24-cv-00567-J |

## PLAINTIFF'S REPLY TO DEFENDANT GREGORY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Douglas Mastriano, by undersigned counsel Daniel L. Cox, The Cox Law Center, LLC, respectfully replies to Defendant Gregory's Response in Opposition (Doc. 179) and states:

Plaintiff's motion for leave to file a second amended complaint (in the alternative) is a good faith response to Defendants' new attacks in his motions, and is not predicated upon nor supporting any delay. The only "delay" has been by Defendants that have sought to delay service of process in this matter. Plaintiff had sought Defendants' agreement to *not* delay the matter, which Rule 4 waiver of service and additional expedited service under Article 5 of the Hague Convention were rejected by Defendants even after initial service and entries of appearance of counsel, respectively, even while they knew that doing so would require months and

1

months of prolonged service procedures. Plaintiff had to proceed to repeated service of process that takes months and thousands of dollars to process, and thus prevents amendment and litigation during the said months while serving original and amended pleadings was accomplished. In fact, as University Defendants know this service of process is still ongoing because of Hague office "backlogs" and Canadian "postal strikes," and while some remain elusive to service all while litigating motions coordinating with Gregory who is claiming wrongly that Plaintiff is delaying the case.[1] Furthermore, the timing and coordination with the international defendants by Gregory demonstrates he is conscious of and supportive of the pleading stage timelines including Defendants' joint consent motion to extend pleading deadline response times about seven months, from February 2025 filing through September 2025, which this Court then granted.

Finally, there is no "unlawful SLAPP" purpose in this litigation and Gregory's citation to the Oklahoma Citizen Protection Act (OCPA)[2] and *Krimbill v. Talarico*[3] supports Plaintiff, not Defendants. Defendant Gregory again asserts with an unsupported citation that "Judge Friot warned Mastriano that his litigation tactics may warrant sanctions…" Defs. Response in Oppo. (ECF 179), pg. 2, ¶ 3, (citing "*Mastriano v. Gregory*, No. CIV-24-567-F, 2025 WL 392731, at *4 (W.D. Okla.

---

[1] ECF 167 (Plaintiff's Motion for Leave to Serve Certain Defendants by Alternative Means, and exhibits.
[2] 12 Okl. St. Ann. § 1430, OK ST T. 12 § 1430 (Westlaw 2025).
[3] 2018 Ok Civ App 37, ¶ 7, 417 P.3d 1240, 1245 (Okla. Civ. App. 2017).

Feb. 4, 2025)"[sic]). However, a plain reading of the said Order and page citation (ECF 132, pg. 4) shows no such statements by Judge Friot.  Defendant Gregory therefore misrepresents the Judge's Order before the Court. Such misrepresentation to the Court can be considered as Gregory's inappropriate and misguided attempt to bolster his baseless OCPA argument.

The Defendants' oppositions must be denied, and the case set in with a scheduling order.

I. **THE FRCP RULE 15 LIBERAL STANDARD CONTROLS; THIS CASE REMAINS AT THE PLEADING STAGE.**

Rule 15's liberal standard governs. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires." The Supreme Court has instructed that this mandate is to be heeded absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  None of the *Foman* circumstances apply here at all and leave to amend should not be denied.

This case remains at the pleading stage, no discovery has commenced, and no trial date or scheduling order has been entered. Defendants filed renewed motions to dismiss and reply briefs with additional arguments, and the proposed Second Amended Complaint is offered in good faith to cure the specific alleged pleading

3

deficiencies Defendants claim to have identified. Furthermore, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and the principle that the purpose of pleading is to facilitate a proper decision on the merits." ." *Foman* at 181-82, citing, *Conley* v. *Gibson*, 355 U.S. 41, 48 (1957).

Defendants' reliance on *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161 (10th Cir. 2009), does not compel a different result. In *Ritchie*, the Tenth Circuit affirmed denial of leave where the plaintiff sought amendment by adding parties "after the close of a long discovery period and after Lockheed had filed a motion for summary judgment" which reopening the discovery and adding a new defendant at that point would have prejudiced the defendant. *Id.* at 1166-67. By contrast, Plaintiff here has articulated a case-specific explanation for the timing of the amendment, discovery has yet to begin, no scheduling order has been issued, no jury trial date has yet been set in, and the proposed amendments are expressly directed at curing the alleged deficiencies raised by Defendants' pending Rule 12 motions. *Cf. Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250-51 (10th Cir. 2001) (holding motion for intervention timely under Rule 24(a)(2) of the Federal Rules of Civil Procedure because case was far from final disposition, no scheduling order had been issued, no trial date set, and no cut-off date for motions set). There is no prejudice to Defendants at this early stage of litigation.

Similarly, Defendants' pre-discovery futility arguments amount to merits-based challenges to the proposed Second Amended Complaint. Where a plaintiff seeks leave specifically to address the deficiencies raised in pending dismissal motions, such arguments by Defendant are more appropriately addressed by filing the requisite FRCP 12 Answer and defenses, not as a basis to deny leave to amend. *Foman* at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); FRCP 12(a)(1)(A), (b).

Accordingly, consistent with Rule 15's liberal standard and the guidance of *Foman* and *Ritchie* leave to amend should be granted.

## II. DEFENDANT'S "UNTIMELINESS ALONE" ARGUMENT IGNORES THE ACTUAL RECORD AND PLAINTIFF'S STATED BASIS FOR AMENDMENT.

Gregory relies on cases suggesting "untimeliness alone" can justify denial of leave where delay is unexplained. Here, the Court is well apprised of why the case has proceeded slowly – because the Defendants jointly requested an approximate seven month delay to any responses after successfully requesting re-service of process of the Summons and Pleadings via a lengthy formal Hague Convention service of process that takes months to complete. Additionally, the case is still at the pleading stage, and amendment was prompted by Defendants' renewed Rule 12 motions and replies. This is not a circumstance where amendment would disrupt or

reopen discovery or a trial setting. *Ritchie* at 1166. Plaintiff affirmatively represented there has been no discovery and no trial date set.

### III. NO PREJUDICE EXISTS WHERE THE LITIGATION IS STILL IN THE PLEADING PHASE.

Gregory contends that a further amendment would force "a third round of motions to dismiss," which he claims is prejudicial. However, Defendants will not suffer undue prejudice because the matter remains in the pleading stage and Defendants will have a full opportunity to respond via appropriate motions and discovery. *Id.*; *Cf. Utah Ass'n of Counties*, 255 F.3d at 1250-51.

### IV. "FUTILITY" IS NOT A BASIS TO DENY LEAVE WHERE THE PROPOSED AMENDMENT ADDRESSES THE PLEADING-DEFICIENCY CHALLENGES.

Gregory asserts futility and argues the proposed amendments "do nothing" to cure deficiencies. Defs. Response (ECF 179) 5, ¶ 2. Plaintiff's Motion states the opposite: the Second Amended Complaint directly addresses Defendants' challenges, adds factual detail, and cures each of the alleged deficiencies claimed by Defendant Gregory. Contrary to Defendant's spurious argument these proposed amendments are factual and true and are not "wildly exaggerated". *Id.* at 5 ¶ 3. At a minimum, where the amendment is offered to respond to the pleading attacks raised, leave should be granted so claims are resolved on their merits on the operative pleading. *Foman,* 371 U.S. at 181-82, citing, *Conley* v. *Gibson*, 355 U.S. 41, 48 (1957).

## V.     OCPA DOES NOT PREVENT AMENDMENT.

Defendant Gregory asserts that the Oklahoma Citizen Protection Act (OCPA) prevents amendment and litigation on the merits, asserting that Col. Mastriano's complaint is "meritless" and merely against a "legitimate critic[]" Gregory, citing in support to *Krimbill v. Talarico*, 2018 Ok. Civ. App. 37, ¶ 7, 417 P.3d 1240, 1245 (Okla. Civ. App. 2017).  However, *Krimbill* <u>denied</u> dismissal of a complaint under similar arguments to those of Defendants', and stands instead in direct support of Col. Mastriano's case proceeding to discovery and trial.

In *Krimbill*, the court held that the Defendant has the burden to show how OCPA applies at all, and that there are no disputed questions of fact, and that no exception applies.  *Id.* at 30-32, 34, 37-44.  For instance, under the "commercial exception" where facts are plead showing the Defendant and Plaintiff are "in the same business" or statements made by Defendant libeling Plaintiff relate to "promoting business aims" the court should not act as fact-finder.  *Id.* at 44.  Here, Defendant has failed to show *any* application of OCPA in preventing this action and thus the Court need not reach the question of whether any exceptions apply. Defendant himself sets forth repeated and lengthy unsworn disputations of fact. *See, e.g.*, ECF 179 at 5-6.

Furthermore, whether Defendants' libel of Plaintiff are mere protected "opinion" and not statements of fact and actions that are reviewable, the court in

7

*Krimbill* found "no provision in the Act for some form of "partial dismissal" at a pre-answer stage." *Id.* at 71.

It is therefore axiomatic that the Defendant has not met his burden regarding his argument that his defamatory statements and actions were "mere opinion" *Id.*, more less not exempt under the Commercial or other exception.

The OCPA expressly stands for the right of Plaintiff to bring his case. "We…note…the OCPA's stated legislative purpose is [for]… *protecting* 'the rights of a person to file meritorious lawsuits for demonstrable injury.' 12 O.S. Supp. 2014 § 1430"; *Krimbill* at 30. Contrary to Defendant's goading attempts, *Krimbill* was clear that under the OCPA a court "may not weigh and decide truly disputed questions of fact as 'defenses'." *Id.* at 32.

Plaintiff has a right to bring his case and Defendant's oppositions must be denied.

## VI.   CONCLUSION.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave (in the alternative) to file the Second Amended Complaint.

Date: January 22, 2026

Respectfully Submitted,

_____/s/__Daniel L. Cox_____

>Daniel L. Cox, WDOK Bar No. 2490
>The Cox Law Center, LLC
>PO Box 545
>Emmitsburg, MD, 21727
>(p) 410-254-7000
>(e) dcox@coxlawcenter.com
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd of January 2026, a copy of the foregoing Plaintiff's Reply to Defendant Gregory's Response was delivered to all counsel of record via this Court's ECF system.

>_/s/_
>Daniel L. Cox