IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO, | ) |
| Plaintiff, | ) Case No. 5:24-cv-00567-J |
| v. | ) |
| JAMES GREGORY, III, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT KUHN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Douglas Mastriano ("Plaintiff"), by counsel, respectfully replies to Defendant Roland Kuhn's Response in Opposition (ECF 181) and states as follows:

**I. This Case Remains at the Pleading Stage, per Rule 15's Governing Standard.**

Defendant Kuhn argues that leave to amend (in the alternative) should be denied because Plaintiff has previously amended once and because Kuhn has incurred costs briefing motions to dismiss. However, Rule 15(a)(2) provides that leave to amend should be "freely give[n] … when justice so requires," and *Foman v. Davis* holds it as a "mandate…to be heeded," with its denial being appropriate only in limited circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's Motion explains that this case remains in its early stages, that no discovery has

1

commenced, and that no trial date or scheduling order has been entered. (ECF 178, ¶¶ 6–7). Plaintiff further explained that the need for amendment became apparent only after Defendants filed renewed motions to dismiss and replies, and that the proposed amendments are offered in good faith to cure the alleged pleading deficiencies asserted by Defendants. (*Id.* at ¶¶ 7–8).

## II.  *Foman* and *Ritchie* do not Support Denial of Leave in this Case.

Kuhn cites *Foman v. Davis* and *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161 (10th Cir. 2009), for the proposition that leave may be denied based on undue delay, repeated failure to cure deficiencies, undue prejudice, or futility. (ECF 181, ¶¶ 4–5). Those cases do not compel denial here.

In *Foman*, the Supreme Court made clear that denial of leave requires a showing of factors such as "undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice … or futility." 371 U.S. at 182. None of those circumstances exists here. Plaintiff has articulated a case-specific and reasonable explanation for the timing of the amendment, and the amendment is directed at curing the precise alleged deficiencies raised in Defendants' Rule 12 motions. (ECF 178, ¶¶ 6–8).

Likewise, *Ritchie* involved a substantially different procedural posture, where the plaintiff sought to amend after conclusion of discovery and after having already failed to cure deficiencies despite prior opportunities. 558 F.3d at 1165–67. The

Tenth Circuit emphasized that the plaintiff in *Ritchie* offered no adequate explanation for delay and that amendment would have been futile. Id. at 1166–67. Here, by contrast, Plaintiff has explained the timing, the case has not progressed beyond the pleading stage, and the proposed Second Amended Complaint is expressly addressing the alleged deficiencies identified in Defendants' briefing. (ECF 178, ¶¶ 6–9).

### III.  Ordinary Litigation Expense does not Constitute Prejudice.

Kuhn asserts prejudice based on having filed motions to dismiss and incurred litigation costs. (ECF 181, ¶ 5). But the Tenth Circuit has consistently held that the need to respond to an amended pleading or to file renewed motion practice does not constitute prejudice, particularly where no scheduling order is yet issued, no discovery has occurred and no trial date has been set. See *Ritchie*, 558 F.3d at 1166 (prejudice requires more than having to defend the lawsuit). Plaintiff's Motion expressly states that Defendants will not suffer undue prejudice because the matter remains at the pleading stage and Defendants will have a full opportunity to respond to the operative complaint. (ECF 178, ¶¶ 8–9).

The legal procedure in this case thus far, contrary to the claims of Defendants, has been proper, and in pursuit of justice.

### IV.  Kuhn Makes No Kuhn-Specific Showing of Futility.

Kuhn does not provide a claim-specific futility analysis directed to the proposed Second Amended Complaint. Instead, he largely relies on procedural history and incorporates by reference other defendants' arguments. (ECF 181, ¶¶ 3, 6). Plaintiff's Motion explains that the proposed amendments add factual detail and are not futile, and that they directly address the challenges raised in Defendants' pending motions to dismiss. (ECF 178, ¶¶ 5–6, 8). To the extent Kuhn wishes to raise futility or merits-based arguments, those arguments are more appropriately addressed in the context of a motion directed at the operative pleading or his Answer and defenses, rather than as a basis to deny leave under Rule 15.

## V. Conclusion.

For the foregoing reasons, and consistent with the liberal amendment standard articulated in *Foman* and applied by the Tenth Circuit, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave (in the alternative) to file the Second Amended Complaint (ECF 178).

Date: January 22, 2026

                                             Respectfully Submitted,

                                             /s/ *Daniel L. Cox*  
                                             Daniel L. Cox, WDOK Bar No. 2490  
                                             The Cox Law Center, LLC  
                                             PO Box 545  
                                             Emmitsburg, MD, 21727  
                                             (p) 410-254-7000  
                                             (e) dcox@coxlawcenter.com  
                                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd of January 2026, a copy of the foregoing Plaintiff's Reply to Defendant Kuhn's Response was delivered to all counsel of record via this Court's ECF system.

>                    */s/*
> Daniel L. Cox