IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS MASTRIANO,<br>　　　　Plaintiff,<br><br>v.<br><br>JAMES GREGORY, III, *et al.,*<br>　　　　Defendants. | Case No. 5:24-cv-00567-J |

**PLAINTIFF'S REPLY TO CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Douglas Mastriano, by counsel Daniel L. Cox, The Cox Law Center, LLC, respectfully replies to Certain Defendants' Opposition (Doc. 180) and states:

**I.　CERTAIN DEFENDANTS' OPPOSITION IS PRIMARILY A MERITS BRIEF AND DOES NOT OVERCOME RULE 15's LIBERAL STANDARD.**

Rule 15's liberal standard governs. None of the *Foman* factors justify denial of leave. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires." The Supreme Court has instructed that this mandate is to be heeded absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of those circumstances are present here. Plaintiff has explained that this case remains at the pleading stage, that no discovery has commenced, and that no trial date or scheduling order has been entered. (ECF 178 at 6–7). Defendants filed renewed motions to dismiss and reply briefs, and the proposed Second Amended Complaint is offered in good faith to cure the specific alleged pleading deficiencies Defendants identified. (*Id.* at 7–8).

Defendants' reliance on *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161 (10th Cir. 2009), does not compel a different result. In *Ritchie*, the Tenth Circuit affirmed denial of leave where the plaintiff sought amendment after lengthy discovery had closed, offered no adequate explanation for delay, and failed to demonstrate that amendment would cure the deficiencies alleged in Defendants' Summary Judgment motion. *Id.* at 1165–67. By contrast, Plaintiff here has articulated a case-specific explanation for the timing of the amendment, there is not even a scheduling order in place yet, there is no discovery permitted and trial is not yet scheduled, and the proposed amendments are expressly directed at curing the alleged deficiencies raised in Defendants' pending Rule 12 motions to dismiss. EFC 178 at 5–9.

Defendants' futility arguments amount to merits-based challenges to the proposed Second Amended Complaint. Where a plaintiff seeks leave specifically to address the deficiencies raised in pending dismissal motions, such arguments are

more appropriately addressed through Defendants' Answer and defenses directed at the operative pleading, not as a basis to deny leave to amend. *Foman*, 371 U.S. at 182.

Accordingly, consistent with Rule 15's liberal standard and the guidance of *Foman* and *Ritchie*, leave to amend should be granted.

## II. THE "UNDUE DELAY" ARGUMENT IS REBUTTED BY THE PROCEDURAL POSTURE AND THE STATED REASON FOR AMENDMENT.

Defendants claim the lack of discovery in this action means Plaintiff may not amend, and the many "months" of this case suggest denial of amendment, yet the lack of discovery and delay is entirely charged to their benefit and request for Hague Convention service of process. ECF 180 at 11. Plaintiff's Motion expressly explains the timing: the need to amend became apparent after Defendants' motion-to-dismiss briefing and replies, and the case remains at an early stage. The absence of discovery is not a reason to deny leave; rather, it underscores that amendment will not disrupt case management and will not prejudice Defendants. *Foman* at 182; *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250-51 (10th Cir. 2001).

## III. JURISDICTIONAL AND IMMUNITY ARGUMENTS DO NOT REQUIRE DENIAL OF LEAVE, AND CAN BE ADDRESSED ON THE OPERATIVE PLEADING.

Certain Defendants argue the Court lacks subject-matter jurisdiction due to foreign sovereign immunity and also lacks personal jurisdiction. They also

acknowledge Plaintiff's Motion asserts that Plaintiff added jurisdictional allegations (and they point to allegations in ¶¶ 52–62 of the proposed Second Amended Complaint). Those issues—immunity, personal jurisdiction, service—are more appropriately tested against the operative pleading after amendment, particularly where Plaintiff is seeking leave specifically to address the alleged deficiencies identified in Defendants' motion practice.

IV. **CLAIM-SPECIFIC "FUTILITY" ARGUMENTS SHOULD BE ADDRESSED THROUGH RULE 12 PRACTICE ON THE PROPOSED OPERATIVE COMPLAINT.**

Certain Defendants contend amendment would be futile because (among other things) Oklahoma does not recognize certain theories, and they challenge various claims on substantive and jurisdictional grounds including a factual argument that this matter "belongs in front of an academic committee in Canada, not the U.S. District Court." ECF 180 at 8. Yet this argument is facts-driven and attempts to obfuscate not only the well-pleaded outrageous actions and false statements against Col. Mastriano by the University Defendants which no academic committee has jurisdiction over, but also the joining in with Gregory in Oklahoma to destroy: Plaintiff's reputation, commercial interests including book sales and speaking engagements, his Ph.D. through multiple false complaints then maliciously released to media and the release of his embargoed Thesis, and joint interference in his elections by foreign and domestic actors. Plaintiff's Motion explains that the

proposed amendments add factual detail, respond to Defendants' challenges, and are not futile. Any merits-based disputes are best addressed through the ordinary motion-to-dismiss framework directed at the Second Amended Complaint, rather than foreclosing amendment where Plaintiff seeks leave to cure the very defects alleged.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave (in the alternative) to file the Second Amended Complaint.

Date: January 22, 2026

Respectfully Submitted,

_____/s/_ Daniel L. Cox_____
Daniel L. Cox, WDOK Bar No. 2490
The Cox Law Center, LLC
PO Box 545
Emmitsburg, MD, 21727
(p) 410-254-7000
(e) dcox@coxlawcenter.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd of January 2026, a copy of the foregoing Plaintiff's Reply to Certain Defendant's Response was delivered to all counsel of record via this Court's ECF system.

_____/s/_____
Daniel L. Cox