**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DOUGLAS MASTRIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-567-J |
| ) | |
| JAMES GREGORY, III, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

In its February 4, 2025 Order, the Court concluded that Plaintiff's service of process upon the individual defendants was invalid and required Plaintiff to serve the individual defendants with the amended complaint and alias summons in accordance with Fed. R. Civ. P. 4(f) and file proofs of service showing valid service of process on the individual defendants by March 21, 2025. *See* February 4, 2025 Order [Doc. No. 132] at 11. The Court twice extended this deadline, ultimately resulting in a deadline of December 5, 2025 to serve the individual defendants. *See* March 6, 2025 Order [Doc. No. 138] and September 29, 2025 Order [Doc. No. 155]. On November 11, 2025, Plaintiff filed a Motion for Leave to Serve Certain Defendants by Alternative Means under Fed. R. Civ. P. 4(f)(2) and (3) [Doc. No. 167], to which Defendants Drew Rendall, Erin Morton, Margaret MacMillan, Robert Bothwell, John Ferris, and Roland Kuhn (Objecting Defendants) filed responses in opposition, and Plaintiff filed a reply.

Federal Rule of Civil Procedure 4(f) provides:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:
> 
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those

>   authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>   (2)  if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>   (A)  as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>   (B)  as the foreign authority directs in response to a letter rogatory or letter of request; or
>>   (C)  unless prohibited by the foreign country's law, by:
>>>   (i)  delivering a copy of the summons and of the complaint to the individual personally; or
>>>   (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>   (3)  by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Numerous district courts within the Tenth Circuit have found that service by email is permitted under Rule 4(f)(3).  *See Katsel v. Alibaba Grp. Holding Ltd.*, Civil Action No. 25-cv-00699-STV, 2025 WL 2480703, at *2-3 (D. Colo. Aug. 27, 2025); *Wiresprout, LLC v. Zhan*, Case No. 2:24-cv-00925, 2025 WL 777215, at *2 (D. Utah March 11, 2025); *Aeronautical Title and Escrow Serv., LLC v. Shenzhen Zhongtian Hengye, Int'l Trade Co., Ltd.*, Case No. CIV-23-756-SLP, 2023 WL 7196149, at *3 (W.D. Okla. Nov. 1, 2023).  Under the facts and circumstances of this case, the Court finds these decisions persuasive and concludes that service on Objecting Defendants by email does not offend constitutional notions of due process.

Objecting Defendants also assert that Plaintiff's delay in requesting alternative service until fifteen days before his deadline to serve Objecting Defendants warrants denial of Plaintiff's motion.  Because Objecting Defendants are all represented by counsel who have made filings on their behalf, because they have been aware of this case for some time, and because the Court is

only granting a short extension of the deadline to serve Objecting Defendants, the Court finds that Objecting Defendants are not prejudiced and denial of Plaintiff's motion is not warranted.

Accordingly, the Court GRANTS Plaintiff's Motion for Leave to Serve Certain Defendants by Alternative Means Under Fed. R. Civ. P. 4(f)(2) and (3) [Doc. No. 167] and EXTENDS the deadline to serve Objecting Defendants to March 2, 2026.  Plaintiff is authorized to serve Defendants Drew Rendall, Erin Morton, Margaret MacMillan, Robert Bothwell, John Ferris, and Roland Kuhn as follows:  (1) by emailing the summons, the Second Amended Complaint, and a copy of this Order to Objecting Defendants three times per week for three consecutive weeks (unless a written response is received acknowledging receipt of service); (2) the subject line of each email shall include "Service of Federal Court Summons and Second Amended Complaint as Ordered by the United States District Court for the Western District of Oklahoma"; and (3) upon completion of these steps, Plaintiff shall file a declaration or proof of compliance with the Court's order once service is complete.

IT IS SO ORDERED this 4th day of February, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE