## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Douglas Mastriano | : | CIVIL NO. 5:24-cv-00567-F |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| James Gregory, III, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GREGORY'S MOTION TO DISMISS COUNTS ONE, TWO, THREE, FOUR, NINE, AND TEN, AND BRIEF IN SUPPORT

NOW COMES Plaintiff DOUGLAS MASTRIANO, by and through his attorney, Daniel L. Cox, The Cox Law Center, LLC, and opposes Defendant JAMES GREGORY III's motion to dismiss and brief in support, filing this Response in Opposition and Brief in Support, requesting denial of Defendant's motion.

**The Cox Law Center, LLC**

By:

_____//s//_____
Daniel L. Cox, OKWD Bar 2490
Attorney for Plaintiff
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727
Ph: 410-254-7000
Fx: 410-254-7220
E-mail: dcox@coxlawcenter.com

1

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................7

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...........................9

STANDARD OF REVIEW...........................................................................10

ARGUMENT ...........................................................................................11

    I. The Second Amended Complaint Satisfies the Applicable Pleading Standards. ............................................................................................... 11

    II. Counts Nine and Ten State Claims for Defamation and False Light. .......... 12

        A. Gregory's accusations are pleaded as actionable assertions of fact, not protected opinion…………………………………………12

        B. The SAC plausibly alleges actual malice……………………………..14

        C. The statute of limitations does not warrant dismissal of the entire defamation count…………………………………………………15

        D. Gregory's 'already public' argument misunderstands false light law….16

        E. Even assuming the OCPA applies, it does not compel dismissal of Counts Nine and Ten……………………………………………..19

    III. Counts One and Two Adequately Plead Civil RICO. .......................... .....20

        A. The SAC pleads the alleged wire and mail fraud predicates with sufficient particularity for this stage………………………………20

B. The SAC plausibly alleges an enterprise and a pattern……………….21

C. The SAC alleges concrete business or property injury……………….22

D. The RICO conspiracy claim is likewise adequately pleaded at this stage…………………………………………………………………..22

IV. Counts Three and Four Adequately Plead Sherman Act Claims……………23

A. Count Three adequately pleads an unreasonable restraint on trade……………………………………………………………………23

B. Count Four's tying theory is adequately pleaded…………………….24

V. The OCPA Does Not Compel Dismissal or Sanctions. …………………….25

CONCLUSION ……………………………………………………......………………27

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..........................................................10

*Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*,

956 F.3d 1228, 1237-38 (10th Cir. 2020) ..........................................................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ...................................10

*Boyle v. United States*, 556 U.S. 938, 946 (2009) ..............................................21, 22

*Buccaneer Energy (USA) Inc. v. Gunnison Energy Corp.*,

846 F.3d 1297, 1310 (10th Cir. 2017) ...................................................................24

*Campfield v. State Farm Mut. Auto. Ins. Co.*,

532 F.3d 1111, 1118-19 (10th Cir. 2008) ............................................................24

*Colbert v. World Publ'g Co.*, 1987 OK 116, paras. 1, 7, 15,

747 P.2d 286, 287, 289-91 ....................................................................................19

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,

504 U.S. 451, 461-65 (1992) .................................................................................25

*George v. Urban Settlement Servs.*, 833 F.3d 1242, 1248, 1256

(10th Cir. 2016) .....................................................................................................22

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974)………………………12

*Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 13-14 (1970) ....................14

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,

491 U.S. 657, 688, 692 (1989) ........................................................16

*Khalik v. United Air Lines*, 671 F.3d 1188, 1190-93 (10th Cir. 2012) ...................10

*Krimbill v. Talarico*, 2018 OK CIV APP 37, paras. 9, 17, 19, 21,

417 P.3d 1240, 1246-48 ...........................................................12, 19, 20, 27

*Los Lobos Renewable Power, LLC v. Americulture, Inc.*,

885 F.3d 659, 671-73 (10th Cir. 2018) .................................................12

*McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 709-10 (10th Cir. 2012),

abrogated on other grounds by *United States ex rel. Reed v. KeyPoint Gov't Sols.,*

923 F.3d 729 (10th Cir. 2019) ........................................................17

*McCormack v. Okla. Publ'g Co.*, 1980 OK 98, paras. 9, 12-13, 18,

613 P.2d 737, 740-42 ..................................................................18

*McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 954-55 (10th Cir. 1989) ...........17

Milkovich v. Lorain J. Co., 497 U.S. 1, 18-21 (1990) ...............................13

*Mitchell v. Griffin Television, L.L.C.,* 2002 OK CIV APP 115, paras. 7, 12-15,

60 P.3d 1058, 1061-63 ..............................................................14, 18

*New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964) .......................12

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*,

720 F.3d 490, 496-98 (2d Cir. 2013) ..................................................15

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-49 (10th Cir. 2008) .......................10

*Rinsley v. Brandt*, 700 F.2d 1304, 1307-08 (10th Cir. 1983) .........................15

*St. Amant v. Thompson*, 390 U.S. 727, 731-32 (1968) ..............................................16

*Tal v. Hogan*, 453 F.3d 1244, 1263-66 (10th Cir. 2006) .............................11, 15, 21

*Talley v. Time, Inc.*, 923 F.3d 878, 893-94 (10th Cir. 2019) ............................16, 17

*United States v. Alvarez*, 567 U.S. 709, 717, 723 (2012) .................................12, 21

**Statutes and Rules**

12 O.S. §§ 1430, 1434, 1438 ..............................................................19, 26

15 U.S.C. § 1 (Sherman Act) ...................................................................23

18 U.S.C. §§ 1962(c), 1962(d), 1964(c) (Civil RICO).............................................20

Fed. R. Civ. P. 8(a), 9(b), 12(b)(6), 15(c)(1)(B) .............................................7, 10-12

**INTRODUCTION**

Defendant James Gregory III ("Gregory") moves for the third time to dismiss Plaintiff Douglas Mastriano's claims, recycling the same arguments this Court has not previously accepted, namely counts One, Two, Three, Four, Nine, and Ten of the Second Amended Complaint ('SAC') under Rule 12(b)(6) and the Oklahoma Citizens Participation Act ('OCPA'). The motion should be denied. Col. Mastriano does not sue Gregory for mere disagreement among historians. He alleges that Gregory repeatedly accused him of 'fabricating sources,' committing 'fraud,' and 'lying about documents'; repeated those accusations to the University of New Brunswick ('UNB'), to the press, to a publisher, and to radio audiences; and did so as a market competitor and an adversary during a political campaign timed and coordinated to inflict professional, commercial, and electoral harm. The allegations must be taken as true.

Gregory's motion asks the Court to resolve truth, context, motive, and causation in his favor. Rule 12(b)(6) does not permit that. The Court's task is only to decide whether the SAC plausibly alleges actionable false statements, actual malice, timely publication or relation back, a viable false-light theory, and federal claims that are adequately pleaded at this stage. It does.

Count One supplies the Court's federal-question jurisdiction, and Count Ten is independently before the Court under supplemental jurisdiction. Dismissal of neither, nor of the other counts, are warranted.

The core allegations are clear and straightforward. At the time when he was advancing his own competing book as part of his Oklahoma PhD program, where he was seeking acclaim and market share, Defendant Gregory repeatedly filed knowingly false academic fraud complaints against Col. Mastriano using email wires, media channels, and coordinated contacts with the University of New Brunswick ("UNB") to destroy Col. Mastriano's reputation, career, and economic livelihood. Col. Mastriano is a competing WWI historian, sitting Pennsylvania State Senator, and nationally recognized public figure. Gregory's conduct and actions plausibly support the alleged claims under civil RICO, the Sherman Act, Oklahoma defamation law, and Oklahoma false light law.

Gregory's principal arguments are not statutorily protected in any capacity. The accusations that a named historian is a "Fraud," "fabricated sources" and is "lying about documents" is not the type of academic opinion protected under the laws of this country. Coordinated interstate wire campaigns of knowingly false fraud allegations are mail and wire fraud predicates under RICO. Using fraudulent means to drive a rival from a defined market violates the Sherman Act. Finally, the Oklahoma Citizen's Participation Act ("OCPA") shields legitimate speech, not

calculated campaigns of maliciousness repeated after their own prior dismissal by UNB.

The Court should deny the motion in its entirety.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Douglas Mastriano is a military historian, published author, retired Army officer, and public official. The SAC alleges that beginning in 2019 Gregory initiated a multi-year campaign accusing Mastriano of academic fraud and fabrication in connection with Mastriano's work on Sergeant Alvin York. SAC paras. 22-24, 31, 33-39.

The SAC further alleges that Gregory sent emails from Oklahoma to UNB in May and June 2019 accusing Mastriano of 'fabricated sources' and 'academic fraud'; renewed those accusations in January 2022; sought release and use of Mastriano's embargoed dissertation; and then repeated the same fraud narrative to journalists, a publisher, and radio audiences in October 2022 and again in 2023. SAC paras. 24, 31, 39-52, 69, 76-80, 84, 91, 186, 200-202.

The SAC alleges concrete economic harm resulting from that campaign, including reduced printing and interrupted second editions by the University of Kentucky Press, cancelled speaking engagements, lost consulting and documentary work, and foreclosed teaching opportunities. SAC paras. 69, 84, 102-110.

9

Plaintiff filed the original complaint on May 31, 2024. The amended pleadings did not introduce a brand-new Gregory publication theory; they amplified the same alleged Gregory-led campaign by adding dates, quotations, outlets, and media context. Gregory now again seeks dismissal of the federal RICO and Sherman Act counts and the Oklahoma defamation and false-light counts, ECF No. 194, and his third motion should also be denied.

## STANDARD OF REVIEW

To survive Rule 12(b)(6), a complaint need only contain enough factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed evidence; the complaint need only give fair notice and permit a reasonable inference of liability. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In applying that standard, the Court must accept well-pleaded facts as true, draw reasonable inferences in the plaintiff's favor, and disregard only legal conclusions unsupported by factual allegations. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-93 (10th Cir. 2012). The Tenth Circuit has stressed that Rule 8 requires a complaint to make clear the grounds on which the plaintiff is entitled to relief, but it remains 'the minimal standard of notice pleading' articulated in *Twombly* and *Iqbal. Robbins v. Oklahoma*, 519 F.3d 1242, 1247-49 (10th Cir. 2008).

And on a motion to dismiss, the Court may not weigh evidence or decide the truth or falsity of an adequately pleaded complaint. *Tal v. Hogan*, 453 F.3d 1244, 1265-66 (10th Cir. 2006). Gregory's motion repeatedly asks the Court to do precisely that; the Court should decline the invitation.

**ARGUMENT**

## I. THE SECOND AMENDED COMPLAINT SATISFIES THE APPLICABLE PLEADING STANDARDS.

Gregory invokes several legal standards at once: Fed. R. Civ. P. 8, Fed. R. Civ. P. 9(b), the OCPA, and the First Amendment. None warrants dismissal. The SAC pleads enough factual detail to satisfy Rule 8; where fraud-based predicate acts are alleged, it pleads the 'who, what, when, where, and how' required by Rule 9(b); and even assuming the OCPA applies in federal court, the SAC states a prima facie case with the 'clear and specific evidence' Oklahoma law requires.

Under Fed. R. Civ. P. 9(b), a plaintiff must plead the circumstances constituting fraud with particularity, but '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.' Fed. R. Civ. P. 9(b). The Tenth Circuit describes the required circumstances as the 'time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.' *Tal*, 453 F.3d at 1263 (cleaned up). The SAC satisfies that

standard by identifying specific interstate communications, speakers, recipients, dates, and consequences.

The OCPA does not alter the result. Even assuming it applies in federal court - an issue the Tenth Circuit has left open as to Oklahoma's statute, compare *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 671-73 (10th Cir. 2018), with *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1237-38 (10th Cir. 2020) - Gregory still loses. Oklahoma's own courts explain that the movant bears the initial burden under section 1434(B); that 'clear and specific evidence' means a prima facie showing, not trial-proof; and that the Act 'does not impose an elevated evidentiary standard or categorically reject circumstantial evidence.' *Krimbill v. Talarico*, 2018 OK CIV APP 37, paras. 9, 17, 417 P.3d 1240, 1246-48. *Krimbill* also makes clear that disputed questions of material fact are not to be resolved in an OCPA dismissal proceeding. *Id*. para. 21, 417 P.3d at 1248.

Finally, the First Amendment does not do the work Gregory assigns to it. The Constitution does not immunize knowingly or recklessly false statements in defamation, nor fraudulent speech used to induce harmful action by third parties. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *United States v. Alvarez*, 567 U.S. 709, 717, 723 (2012). The Constitution does not protect false statements of fact, and there is no constitutional value in them. *Gertz v. Robert*

*Welch, Inc.*, 418 U.S. 323, 339-40 (1974). Where a statement is sufficiently factual to be proved true or false, and the speaker knows it is false, or acts with reckless disregard for its truth, the First Amendment provides no protection. *Sullivan*, at 279-80. Further, defamatory false statements of fact about a public figure made with knowledge of falsity or reckless disregard for truth are actionable, and receive no constitutional protection either. *Sullivan*, at 279-80; *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990).

Gregory's motion therefore fails under every standard he invokes. The motion must be denied.

## II. COUNTS NINE AND TEN STATE CLAIMS FOR DEFAMATION AND FALSE LIGHT.

### A. Gregory's accusations are pleaded as actionable assertions of fact, not protected opinion.

The centerpiece of Gregory's motion is that his statements were mere academic opinion. The Supreme Court rejected any such 'wholesale defamation exemption for anything that might be labeled opinion.' *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990). Statements remain actionable when they imply an assertion of objective fact. As *Milkovich* explained, if a speaker says 'In my opinion John Jones is a liar,' he implies a knowledge of facts leading to that conclusion. *Id.* at 18-19. That is this case, with the instant case having even more outrageous statements alleged by Gregory. The SAC alleges that Gregory said Mastriano 'lied

about documents,' 'fabricated sources,' and committed 'fraud.' Those are plainly verifiable accusations of dishonest conduct, not mere taste or interpretation.  This is further demonstrated by Gregory's own averments that he repeatedly made complaints against Col. Mastriano's work with *both* his publisher and against his UNB PhD, and on the public airways during his political campaigns, all alleging dishonest conduct and a direct attack on Col. Mastriano's character. Gregory's MTD, pg. 2; also, at pg. 12, Gregory citing Judge Posner of the Seventh Circuit, 75 F. 3d 490, 497 (2d Cir. 2013).  These outrageous actions of Gregory are not mere matters of opinion as he now claims.

Gregory's reliance on *Greenbelt* is misplaced. There, the term 'blackmail' was held to be 'no more than rhetorical hyperbole, a vigorous epithet' in the rough-and-tumble of a local zoning dispute. *Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14 (1970). Here, by contrast, Gregory is alleged to have presented himself as a historian with identified documentary findings, to have spoken to journalists and radio audiences in that capacity, and to have accused Mastriano of intentional academic deceit. In that setting, a reasonable listener would understand Gregory to be asserting verifiable facts, not indulging in loose metaphor.

*Mitchell v. Griffin Television, L.L.C.*, is especially instructive. There, the Oklahoma Court of Civil Appeals held that statements accusing a veterinarian of masking a horse's injury and misrepresenting facts in a federal complaint were

14

actionable because they did not 'truly and fairly report' the underlying source and could be found false and defamatory. 2002 OK CIV APP 115, paras. 12-15, 60 P.3d 1058, 1062-63. The same is true here. The SAC alleges that Gregory recast disputed historical citations as deliberate fabrication and lying and then repeated that accusation as fact to outside audiences.

*Rinsley* does not require dismissal. *Rinsley* was a summary-judgment decision on a developed record in which the Tenth Circuit concluded the challenged passages were either true, too slight to be actionable, or evaluative criticism in context. *Rinsley v. Brandt*, 700 F.2d 1304, 1307-08 (10th Cir. 1983). This case is at the pleading stage, where the Court may not resolve truth or context in Gregory's favor. *Tal*, 453 F.3d at 1265-66.

Nor do *ONY, Dilworth, or Turkish Coalition* compel dismissal. *ONY* involved peer-reviewed scientific conclusions accompanied by disclosed data and methodological limitations. 720 F.3d 490, 496-98 (2d Cir. 2013). *Dilworth* involved a book criticizing 'mathematical cranks' - the Seventh Circuit stressed that the dispute was about ideas and methods, not accusations of concrete dishonest acts. 75 F.3d 307, 310 (7th Cir. 1996). And *Turkish Coalition* recognized that differing views of source credibility in history may be opinion, but it did not hold that a scholar may publicly accuse a named rival of fabrication and lying without consequence. Gregory's alleged statements cross the line those cases preserve.

**B. The SAC plausibly alleges actual malice.**

Mastriano is a public figure, so actual malice applies. The SAC adequately pleads it. Oklahoma and federal law define actual malice as publication with knowledge of falsity or reckless disregard for truth. *Sullivan*, 376 U.S. at 279-80. Reckless disregard exists when the speaker in fact 'entertained serious doubts as to the truth of his publication.' *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). And 'purposeful avoidance of the truth' is probative of actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989).

The SAC pleads more than labels. It alleges Gregory had long familiarity with the same body of historical materials; that he persisted in accusing Mastriano of fraud and fabrication despite prior institutional handling of the matter; that he sought release and use of the embargoed dissertation to fuel the campaign; and that he republished the accusations during politically salient moments to maximize damage. Those facts permit the reasonable inference that Gregory was not merely mistaken but acted with knowledge of falsity or reckless disregard.

Gregory's reliance on *Roberts* and *Talley* does not change the result. In *Roberts*, the Oklahoma Court of Civil Appeals concluded the plaintiffs offered no facts showing the challenged speaker acted with actual malice. 537 P.3d 147, 151-52 (Okla. Civ. App. 2023). Here, the SAC alleges specific circumstances - repetition, timing, motive, and use of contrary or unresolved institutional material - that support

16

that inference. *Talley* likewise arose on summary judgment, not a motion to dismiss. 923 F.3d 878, 893-94 (10th Cir. 2019). It does not require a plaintiff to prove actual malice in the complaint.

## C. The statute of limitations does not warrant dismissal of the defamation count.

Plaintiff's original complaint was filed on May 31, 2024. The amended pleadings did not invent a new Gregory publication campaign; they amplified the same alleged campaign by adding quotations, dates, and media context.

Rule 15(c)(1)(B) permits relation back when an amendment arises out of the same 'conduct, transaction, or occurrence' set out or attempted to be set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Gregory relies on *McBride, Deghand, Rickman,* and *McGeorge* to argue that each allegedly defamatory statement is a wholly discrete occurrence and that no relation back is possible. Those cases are distinguishable. *McBride* and *McGeorge* involved situations in which the original pleading gave no fair notice of the later-identified defamatory communications. *McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 709-10 (10th Cir. 2012); *McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 954-55 (10th Cir. 1989). Here, by contrast, Gregory has been on notice from the outset that plaintiff's defamation theory concerns Gregory's repeated fraud accusations in a coordinated publication campaign. The later pleadings add detail to that same campaign.

17

Additionally, the Court should further reject Gregory's effort to dismiss the entire count because it is indisputable that ongoing and later republications and later-described statements remain actionable when timely-related. Oklahoma recognizes that publication date matters, and later publications can constitute new actionable events. See *Thacker v. Cowling*, 2020 OK CIV APP 39, para. 11, 473 P.3d 518, 522. Dismissal of the defamation count would be both unwarranted and improper.

## D. Gregory's 'already public' argument misunderstands false light law.

False light is not the tort of public disclosure of private facts. It is the tort of publicly placing a person before the public in a false light. Oklahoma adopted Restatement section 652E in McCormack. *McCormack v. Okla. Publ'g Co.*, 1980 OK 98, paras. 9, 12-13, 613 P.2d 737, 740-41. As McCormack put it, in false light 'a false impression relayed to the public, is' the gravamen. *Id*. para. 13, 613 P.2d at 741. Mitchell states the elements plainly: publicity placing the plaintiff in a false light that would be highly offensive, with knowledge or reckless disregard as to falsity. *Mitchell*, 2002 OK CIV APP 115, para. 7, 60 P.3d at 1061.

Gregory's argument that false light fails because Mastriano's scholarship was public confuses this tort with the private-facts branch of invasion of privacy. McCormack's discussion of public records addressed that separate branch. 1980 OK 98, para. 18, 613 P.2d at 742. Plaintiff does not allege Gregory merely publicized already-public facts. Plaintiff alleges Gregory used those materials to cast him

falsely as a fraud and liar. That is a classic false-light theory, not a barred private-facts claim.

*Colbert* confirms that false light remains available where the plaintiff is publicly portrayed in a manner that creates a false impression, and that Oklahoma applies a two-year limitations period to that tort. *Colbert v. World Publ'g Co.*, 1987 OK 116, paras. 1, 7, 15, 747 P.2d 286, 287, 289-91. Count Ten is therefore adequately pleaded and timely and Defendant's motion should be denied.

**E. Even assuming the OCPA applies, it does not compel dismissal of Counts Nine and Ten.**

The Court need not decide whether the OCPA applies in federal court because Gregory loses under both Rule 12(b)(6) and the OCPA's own standard. If the OCPA applies, Gregory must first show the challenged claims are based on protected activity; the burden then shifts to plaintiff to show by clear and specific evidence a prima facie case; and any valid defense must be shown by a preponderance. 12 O.S. section 1434(B)-(D); *Krimbill*, 2018 OK CIV APP 37, para. 9, 417 P.3d at 1246.

Plaintiff has met that burden. *Krimbill* holds that the Act 'does not impose an elevated evidentiary standard or categorically reject circumstantial evidence' and that the pleadings may be considered. *Id.* paras. 17, 19, 417 P.3d at 1248. Here, the SAC identifies the statements, outlets, dates, recipients, factual falsity, and facts

supporting actual malice. That is enough to make a prima facie showing under the OCPA.

Gregory's reliance on *KLX* and *Craig* does not compel dismissal. Those cases recognize that Oklahoma federal courts have applied the OCPA in some circumstances; they do not hold that demonstrably false or malicious speech must be dismissed whenever the Act is invoked. See *KLX Energy Servs., LLC v. Magnesium Mach., LLC*, 521 F. Supp. 3d 1124, 1131 (W.D. Okla. 2021). And because material fact disputes remain, and *Krimbill* teaches that such disputes are not to be resolved in an OCPA dismissal proceeding.

## III. COUNTS ONE AND TWO ADEQUATELY PLEAD CIVIL RICO AT THIS STAGE.

### A. The SAC pleads the alleged wire and mail fraud predicates with sufficient particularity for this stage.

Count One does not depend on the proposition that all false speech is automatically mail or wire fraud. Plaintiff does not need to overclaim. The point is narrower: the SAC alleges that Gregory used identified interstate communications to make knowing misrepresentations as part of a scheme to deprive plaintiff of money and property interests - book revenues, speaking income, consulting work, teaching opportunities, and market standing. At the pleading stage, that is enough to allege a scheme to defraud by wires for purposes of a civil RICO claim.

*Tal* controls the pleading question. Rule 9(b) requires the who, what, when, where, and how. *Tal*, 453 F.3d at 1263. The SAC supplies that by identifying the content of the fraud accusations, the interstate routes and recipients, the dates or date ranges, the University and media context, and the resulting economic harm. Gregory's motion responds by disputing the legal characterization of those communications and by invoking *United States v. Alvarez*. But *Alvarez* does not immunize fraudulent speech; it distinguishes protected falsehoods from false statements used to secure material gain or inflict legally cognizable property harm through deceit. *Alvarez*, 567 U.S. at 723.

Nor does *Hall v. Bellmon* require dismissal. Hall merely holds to the general standard of rejecting conclusory allegations unsupported by facts. 935 F.2d 1106, 1110 (10th Cir. 1991). The SAC is not conclusory. It alleges concrete communications, recipients, content, timing, and injury.

## B. The SAC plausibly alleges an enterprise and a pattern.

Gregory's 'conflicting interests' argument misreads *Boyle*. An association-in-fact enterprise needs only three structural features: 'a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.' *Boyle v. United States*, 556 U.S. 938, 946 (2009). It does not require a formal hierarchy or identical motives among participants.

The SAC plausibly alleges those features. It alleges a common purpose - discrediting Mastriano's scholarship and diminishing his market and political standing; relationships - repeated coordination among Gregory, UNB actors, media outlets, and other defendants; and longevity - a course of conduct running from 2019 through 2024. Gregory's suggestion that UNB could not share any relevant purpose because criticism of Mastriano might reflect poorly on the University is a competing merits inference, not a basis for dismissal.

The SAC also alleges pattern. The communications are related in subject, method, and purpose, and they span multiple years. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985), and *Boyle* are adequately met by Mastriano and as such do not require more at this stage.

## C. The SAC alleges concrete business or property injury.

Gregory next argues the injuries are too speculative. But the SAC alleges more than abstract reputational harm. It alleges reduced print runs, disrupted second editions, cancelled speaking engagements, lost consulting and documentary work, and foreclosed teaching opportunities. Those are classic injuries to business or property. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1256 (10th Cir. 2016).

Gregory's motion demands a level of quantification the Rules do not impose at pleading. *George* requires factual allegations describing injury; it does not require final damages proof in the complaint. The SAC identifies specific categories of

economic harm and connects them to the alleged campaign. That is enough at this stage.

**D. The RICO conspiracy claim is likewise adequately pleaded at this stage.**

Section 1962(d) requires allegations that Gregory knowingly agreed that the enterprise's affairs would be conducted through a pattern of racketeering activity. The SAC plausibly alleges that agreement through Gregory's repeated complaints, use of the embargoed dissertation, coordination with media and co-defendants, and participation in publications timed to maximize harm.

Gregory's motion stresses that he did not sign the faculty letter. Even if true, that is not dispositive nor is it relevant since Mastriano never alleged he did. The RICO conspiracy claim does not rise or fall on a single letter. It rests on the broader alleged course of coordinated conduct. Gregory's reliance on *United States v. Harris*, 695 F.3d 1125, 1131 (10th Cir. 2012), does not help him because the SAC alleges facts from which agreement and participation may reasonably be inferred.

**IV. COUNTS THREE AND FOUR ADEQUATELY PLEAD SHERMAN ACT CLAIMS AT THIS STAGE.**

**A. Count Three adequately pleads an unreasonable restraint on trade at this stage.**

Gregory argues plaintiff alleges only harm to himself and not to competition. The SAC alleges more. It identifies a relevant market for WWI military-history books, lectures, consulting, and related media products, and it alleges reduced

output, diminished consumer choice, and the use of institutional mechanisms to suppress a competitor's work. At the pleading stage, market definition need only be plausible, not proven. *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1118-19 (10th Cir. 2008). Here, it is not only plausible, it is admitted by Gregory in his motion. Gregory MTD, pg. 2, (quoting verbatim: "For years, some historians argued Sgt. York's role in the German soldiers' capture was exaggerated. Defendant James Gregory is one of those historians.  In his **critically acclaimed 2022 book**, *Unraveling the Myth of Sgt. Alvin York: The Other Sixteen,* Gregory describes the soldiers…largely absent from the historical account Mastriano and others popularized…**Gregory [then] reported… 'inaccuracies' to Mastriano's publisher** and the University of New Brunswick in 2021 and 2022…[and] [w]hen Mastriano ran for governor…**Gregory opined** that Mastriano's…inaccuracies suggest **academic fraud**")(bold emphasis added).

*Buccaneer Energy* emphasizes that antitrust law protects competition in general, not merely competitors. 846 F.3d 1297, 1310 (10th Cir. 2017). Plaintiff agrees. That is why the SAC alleges diminished availability of Mastriano's books and related work to consumers, reduced print runs, curtailed second editions, and market foreclosure through institutionalized falsehood. Gregory's premise - that all criticism among historians necessarily promotes competition - begs the merits question. Truthful criticism may do so. A coordinated deception campaign may not

because it is, as here, aimed at excluding a rival from the market such that consumers are prevented from competing works in the marketplace.  Plaintiff has adequately alleged this diminished competition.

**B. Count Four's tying theory is adequately pleaded.**

Count Four is adequately pleaded. The SAC does not merely allege that Gregory's book and Mastriano's book are 'two products.' It alleges that Gregory and others leveraged access to an institutional complaint and credentialing mechanism - the effective tying product - to coerce the market to reject Mastriano's scholarly products and related services - the tied products. Discovery is required and will so demonstrate such market coercion admitted by the Defendant in his own pleading.

Gregory's authorities do not permit, more less mandate, dismissal. *Abraham v. Intermountain Health Care Inc.*, 461 F.3d 1249, 1263-65 (10th Cir. 2006), and *Chase Mfg., Inc. v. Johns Manville Corp.*, 84 F.4th 1157, 1179-80 (10th Cir. 2023), address coercion, separate products, and economic power. Plaintiff's point is that the SAC plausibly alleges coercive leveraging of institutional authority to foreclose a competitor's products and services. *Eastman Kodak* recognizes that market power can arise from control over a bottleneck, not merely from direct price-setting. 504 U.S. 451, 461-65 (1992). Here, both should apply because attacking publishing runs is in practice and result, both coercive control and a diminished pricing as the book

25

market heard of Gregory's false attacks of "fraud" regarding Mastriano's books and his PhD.

The Sherman Act claim is adequately pleaded at this stage, and discovery is necessitated.

## V. THE OCPA DOES NOT COMPEL DISMISSAL OR SANCTIONS.

Gregory's request for dismissal, fees, and sanctions under the OCPA should be denied. Even assuming the Act applies in federal court, plaintiff has stated meritorious claims for demonstrable injury. Section 1438 therefore does not entitle Gregory to fees or sanctions.

The current Oklahoma statute does not require plaintiff to disprove both improper purpose and frivolousness. Under 12 O.S. section 1438, fees and sanctions become relevant only if the Court orders dismissal under the OCPA, and even then the statute now provides that the Court 'shall award' costs, fees, and expenses 'as justice and equity may require,' while sanctions remain discretionary and tailored to deterrence. 12 O.S. section 1438(A). The responding party may recover fees only if the OCPA motion itself is frivolous or solely intended to delay. *Id.* section 1438(B). Gregory therefore is not entitled to sanctions simply because he invoked the OCPA.

Nor is this lawsuit a SLAPP in any meaningful sense. Plaintiff alleges a coordinated campaign of knowingly false accusations, not protected petitioning alone. Oklahoma enacted the OCPA both to protect speech and to protect 'the rights

of a person to file meritorious lawsuits for demonstrable injury.' *Krimbill*, 2018 OK CIV APP 37, para. 6, 417 P.3d at 1245. This suit falls completely on the latter side of that line. Defendant's motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant Gregory's Motion to Dismiss Counts One, Two, Three, Four, Nine, and Ten should be denied in its entirety. If the Court concludes that any count would benefit from additional precision, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice and will further supplement as the Court requires.

Respectfully submitted,
/s/ Daniel L. Cox
Daniel L. Cox, OKWD Bar 2490
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727
Ph: 410-254-7000
Fx: 410-254-7220
dcox@coxlawcenter.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March 2026, a copy of the foregoing was served on counsel of record via CM/ECF.

/s/ Daniel L. Cox
Daniel L. Cox
Attorney for Plaintiff

27