**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DOUGLAS MASTRIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-567-J |
| | ) | |
| JAMES GREGORY, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is Defendant Roland Kuhn's (Kuhn) Motion to Dismiss Second Amended Complaint [Doc. No. 197]. Plaintiff has filed his response, and Kuhn has filed a reply.

## I.   <u>Background</u>

Plaintiff filed this case on May 31, 2024, alleging claims for civil racketeering, anti-trust violations, fraud, aiding and abetting/breach of fiduciary duty, negligence, and defamation. On February 8, 2025, Plaintiff filed an amended complaint, and on February 10, 2026, Plaintiff filed a second amended complaint (SAC). According to Plaintiff:

> This is an action for damages arising from Defendants' coordinated efforts of fraud, defamation, and anti-competitive conduct designed to destroy Plaintiff's academic reputation, eliminate him as a competitor in the market for World War I military history and scholarship, and interfere with his political campaigns for public office.

SAC at 2.

In the SAC, Plaintiff alleges he is a retired United States Army colonel, a recipient in 2013 of a Ph.D. in United States military history from the University of New Brunswick (UNB), a former Army War College professor, a published author of books on Sergeant Alvin York (Sgt. York) and World War I as fought in France, and a public speaker on military history. Plaintiff

also alleges he is a current state senator for the Commonwealth of Pennsylvania's 33rd District, was the 2022 Republican nominee for Pennsylvania governor, and according to Plaintiff, "was considered the frontrunner for the 2024 U.S. Senate seat." SAC at 6. Plaintiff asserts claims against Kuhn, UNB, UNB's president, vice-president/director of research, dean of graduate studies, and several UNB history professors, faculty members and instructors; the National Research Council of Canada (NRC); and James Gregory III (Gregory), a graduate student and Ph.D. candidate at the University of Oklahoma.

Kuhn, a research officer at the NRC, is a Canadian citizen who resides in Ottawa, in the province of Ontario, Canada. Kuhn presented a case study at the University of Manitoba's 2023 Canadian Symposium on Academic Integrity. The symposium was held at the Winnipeg campus of the University of Manitoba, and according to Kuhn was attended by approximately 130 people and was not broadcast or recorded for broader public distribution. *See* Declaration of Kuhn [Doc. No. 197-1] at ¶ 10. In his case study presentation, Kuhn addressed the manner by which UNB handled issues related to requests for Plaintiff's dissertation. The abstract that Kuhn submitted to speak at the symposium was made publicly available by the University of Calgary in July 2023 through its journal, *Canadian Perspectives on Academic Integrity*, an online journal developed to give Canadian practitioners and researchers of academic integrity a space to share experiences and expertise.

Plaintiff asserts six claims against Kuhn – four based on violations of federal law and two based on violations of state law. Specifically, counts one and two allege violations of the Civil Racketeering Influenced and Corrupt Organizations Act (RICO), counts three and four allege violations of the Sherman Anti-Trust Act, count nine alleges state law defamation, and count ten

alleges state law false light invasion of privacy.  Kuhn now moves, pursuant to Federal Rule of Civil Procedure 12(b)(2),(6), to dismiss Plaintiff's claims against him.[1]

## II.    **Personal Jurisdiction**

Kuhn contends the claims against him should be dismissed because this Court lacks personal jurisdiction over him.  Plaintiff bears the burden of establishing personal jurisdiction.  *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).  However, when a motion to dismiss is decided at the preliminary stage based upon the complaint and affidavits, a plaintiff need only make a prima facie showing of personal jurisdiction.  *See id.* at 1070.  In determining whether Plaintiff has made a prima facie showing, the Court resolves all factual disputes in favor of Plaintiff.  *See id.*

### A.    **State law claims**

"A federal court may not exercise personal jurisdiction over an out-of-state defendant unless (1) an applicable statute authorizes service of process on that defendant and (2) the exercise of statutory jurisdiction comports with constitutional due process."  *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020).  "Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry."  *Intercom, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

The Tenth Circuit has held:

> For a court to exercise jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice.  That is, the contacts with the forum State must be such that the defendant should

---

[1] Because the Court concludes that it does not have personal jurisdiction over Kuhn, it need not address Kuhn's arguments based upon Rule 12(b)(6).

reasonably anticipate being haled into court there.  Personal jurisdiction can be acquired through either general jurisdiction or specific jurisdiction.  A person is subject to general jurisdiction within a State if its contacts with the State are so continuous and systematic that the person is essentially at home in the State.    In that circumstance, the state courts may exercise jurisdiction over the person for any lawsuit.

Specific jurisdiction, by contrast, allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State.  Specific jurisdiction . . . is premised on something of a *quid pro quo*:  in exchange for benefiting from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts. . . .

Specific jurisdiction is proper if (1) the out-of-state defendant purposefully directed its activities at residents of the forum State, and (2) the plaintiff's alleged injuries arise out of or relate to those activities.  The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum.

*XMission*, 955 F.3d at 839-40 (internal quotations and citations omitted).

Having reviewed the parties' submissions, the Court concludes that it does not have personal jurisdiction over Kuhn with respect to Plaintiff's state law claims.  Kuhn resides in Ottawa, Ontario and is a citizen of Canada.  Plaintiff has not shown that Kuhn has any contacts with Oklahoma, let alone any contacts that are so continuous and systematic that he is essentially at home in Oklahoma.  Further, Plaintiff has made no showing that Kuhn purposefully directed his activities at residents of Oklahoma, and the SAC contains no facts indicating that Kuhn's abstract and his case study presentation in Canada were directed at any resident of Oklahoma or that any alleged injury occurred in Oklahoma.  Additionally, Plaintiff, who claims to have been injured by Kuhn, appears to have been a resident of Pennsylvania during the time of the events at issue in this case, and, thus, any alleged injuries would have occurred in Pennsylvania.

**B.**  **Sherman Act claims**

The Sherman Act does not contain a nationwide service-of-process provision; therefore, this Court must look to Oklahoma's long-arm statute to determine whether it has personal jurisdiction over Kuhn in relation to Plaintiff's Sherman Act claims. *See Courboin v. Scott*, 596 F. App'x 729, 732 (11th Cir. 2014). As set forth in the previous section, this Court does not have personal jurisdiction over Kuhn under Oklahoma's long-arm statute; therefore, it also does not have personal jurisdiction over Kuhn with respect to Plaintiff's Sherman Act claims.

**C.**  **RICO claims**

The Tenth Circuit has held that RICO "authorizes nationwide service of process on non-resident defendants only if it is shown that the ends of justice require that other parties residing in any other district be brought before the court." *Hart v. Salois*, 605 F. App'x 694, 699 (10th Cir. 2015) (internal quotations omitted). "[T]he 'ends of justice' is a flexible concept uniquely tailored to the facts of each case." *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1232 (10th Cir. 2006). Having reviewed the parties' submissions, the Court concludes that the ends of justice do not warrant exercising jurisdiction over Kuhn. Only one defendant resides in Oklahoma;[2] the majority of defendants reside in Canada; Plaintiff resides in Pennsylvania, and the majority of witnesses and evidence is located outside Oklahoma. Further, as set forth in the Court's analysis regarding Plaintiff's state law claims, exercising jurisdiction over Kuhn would not comport with due process. The Court, therefore, finds it does not have personal jurisdiction over Kuhn with respect to Plaintiff's RICO claims.

---

[2] It is unclear whether Defendant James Gregory, III still resides in Oklahoma.

## IV.    <u>Conclusion</u>

Accordingly, the Court GRANTS Kuhn's Motion to Dismiss Second Amended Complaint [Doc. No. 197] and DISMISSES Plaintiff's claims against Kuhn for lack of personal jurisdiction.

IT IS SO ORDERED this 16th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE