**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DOUGLAS MASTRIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-567-J |
| | ) | |
| JAMES GREGORY, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendant James Gregory's (Gregory) Motion to Dismiss Counts One, Two, Three, Four, Nine, and Ten [Doc. No. 194]. Plaintiff has filed his response, and Gregory has filed a reply.

## I. Background

Plaintiff filed his original complaint (Complaint) on May 31, 2024, alleging claims for civil racketeering, anti-trust violations, fraud, aiding and abetting/breach of fiduciary duty, negligence, and defamation. On February 8, 2025, Plaintiff filed an amended complaint, and on February 10, 2026, Plaintiff filed a second amended complaint (SAC). According to Plaintiff:

> This is an action for damages arising from Defendants' coordinated efforts of fraud, defamation, and anti-competitive conduct designed to destroy Plaintiff's academic reputation, eliminate him as a competitor in the market for World War I military history and scholarship, and interfere with his political campaigns for public office.

SAC at 2.

In the SAC, Plaintiff alleges he is a retired United States Army colonel, a recipient in 2013 of a Ph.D. in United States military history from the University of New Brunswick (UNB), a former Army War College professor, a published author of books on Sergeant Alvin York (Sgt.

York) and World War I as fought in France, and a public speaker on military history. Plaintiff also alleges he is a current state senator for the Commonwealth of Pennsylvania's 33rd District, was the 2022 Republican nominee for Pennsylvania governor, and according to Plaintiff, "was considered the frontrunner for the 2024 U.S. Senate seat." SAC at 6. Plaintiff asserts claims against Roland Kuhn, UNB, UNB's president, vice-president/director of research, dean of graduate studies, and several UNB history professors, faculty members and instructors; the National Research Council of Canada; and Gregory.

Gregory was a graduate student and Ph.D. candidate at the University of Oklahoma. Gregory is one of several historians who assert that Sgt. York's role in the capture of German soldiers was exaggerated, in direct contrast to Plaintiff's position regarding Sgt. York's role. Gregory has written a book, *Unraveling the Myth of Sgt. Alvin York: The Other Sixteen*, describing the soldiers who fought alongside Sgt. York but whose contributions are largely absent from the historical account Plaintiff and others popularized. While conducting his research, Gregory identified what he believed were numerous errors in Plaintiff's scholarship and reported 213 alleged inaccuracies to Plaintiff's publisher and UNB in 2021 and 2022. When Plaintiff ran for governor of Pennsylvania in 2022, the media covered Gregory's reports of inaccuracies and his opinion that the large number of inaccuracies suggest academic fraud.

Plaintiff asserts six claims against Gregory – four based on violations of federal law and two based on violations of state law. Specifically, counts one and two allege violations of the Civil Racketeering Influenced and Corrupt Organizations Act (RICO), counts three and four allege violations of the Sherman Anti-Trust Act, count nine alleges state law defamation, and count ten alleges state law false light invasion of privacy. Gregory now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claims against him.

## II. Standard for Dismissal under Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the non-moving party. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 662, 678 (2009) (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 11182, 1186 (10th Cir. 2007) (internal quotations and citation omitted).

## III. Analysis

### A. RICO claims

In Counts One and Two, Plaintiff alleges RICO violations based upon Gregory's complaints regarding errors in Plaintiff's PhD dissertation, UNB's release and investigation of Plaintiff's embargoed dissertation during the time Plaintiff was running for election for governor of Pennsylvania, Defendants' discussions and criticism of Plaintiff's dissertation to the press, and Gregory's contact with the publisher of Plaintiff's books questioning Plaintiff's research and thesis. "To state a RICO claim, a plaintiff must allege that the defendant violated the substantive RICO statute, 18 U.S.C. § 1962, by setting forth four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256-57 (10th Cir. 2003) (internal quotations and citation omitted). The Supreme Court has defined an enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009). "Under this test, a

group must have [1] a purpose, [2] relationships among those associated with the enterprise, and [3] longevity sufficient to permit these associates to pursue the enterprise's purpose." *United States v. Hutchinson*, 573 F.3d 1011, 1021 (10th Cir. 2009) (quoting *Boyle*, 556 U.S. at 946).

Having carefully reviewed the SAC, the Court concludes Plaintiff has not alleged sufficient facts showing the existence of an enterprise among Gregory and his co-defendants. Specifically, the Court finds Plaintiff has failed to allege sufficient facts showing the existence of a common purpose among Gregory and the UNB Defendants. In fact, based upon the facts set forth in the SAC, the interests of Gregory and the UNB Defendants regarding Plaintiff's dissertation and PhD actually conflict. As alleged in the SAC, Gregory has criticized Plaintiff's research in support of his dissertation for years; this is the same research UNB accepted in granting Plaintiff his PhD. Gregory's criticism of Plaintiff's scholarship, thus, also impugns UNB's doctoral policies and procedures.

Plaintiff's RICO claims against Gregory are, therefore, dismissed.

**B. Sherman Act claims**

**1. Unreasonable restraint on trade regarding PhD**

In Count Three, Plaintiff alleges a Sherman Anti-Trust Act violation. Specifically, Plaintiff alleges that Defendants "conspired to restrain trade and commerce internationally and interstate by joining with James Gregory III to accept his complaints against Col. Mastriano's PhD and thesis, and books, all in exchange for Mr. Gregory's similar-topic book and speaking engagements would benefit and that UNB's economic opportunities would advance in the face of smears of one of its students, Col. Mastriano." SAC at ¶ 101.[1] In order to state a claim under Section 1 of the

[1] The Court is perplexed how criticisms levied against the PhD Plaintiff obtained at UNB would advance UNB's economic opportunities.

Sherman Act, a plaintiff must plead the following three elements: "(1) a contract, combination, or conspiracy among two or more independent actors; (2) that unreasonably restrains trade; and (3) is in, or substantially affects, interstate commerce." *Budicak, Inc. v. Lansing Trade Grp., LLC*, 452 F. Supp. 3d 1029, 1052 (D. Kan. 2020). "To carry its initial burden, a plaintiff cannot simply show that the challenged action adversely affected [its] business. Instead, because the antitrust laws are concerned with effects on consumers rather than competitors, the plaintiff must show an adverse effect on competition in general." *Buccaneer Energy (USA) Inc. v. Gunnison Energy Corp.*, 846 F.3d 1297, 1310 (10th Cir. 2017) (internal quotations and citations omitted).

Having carefully reviewed the SAC, the Court concludes that Plaintiff has not alleged sufficient facts showing an adverse effect on competition in general. Plaintiff's allegations solely focus on the harm to his own business interests. Plaintiff's Sherman Act claim for unreasonable restraint on trade regarding PhD is, therefore, dismissed.

**2. Unlawful tying of PhD to elections and book sales**

In Count Four, Plaintiff alleges a Sherman Anti-Trust Act violation. Specifically, Plaintiff alleges:

> 118. Defendants have illegally tied Gregory's conflicted and compromised complaints against Col. Mastriano's PhD to a widespread attack on his intangible voting rights and property interests including his elections and campaigns to public office and the publication of his books on Sgt. Alvin York and the WWI conflict in France.
>
> 119. Defendants have further tied these complaints to a widespread effort to prevent fair market opportunities with his earned PhD by making maliciously false accusations against Col. Mastriano regarding academic dishonesty, political viewpoints falsely imputed to him, and even malicious lies of violence.
>
> 120. The purpose and effect of this conspiracy to violate the Sherman Anti-Trust Act is to prevent Col. Mastriano from offering different story accounts and history regarding the heroism of Sgt. Alvin York and his miraculous victories on the battlefields of France.

> * * *
>
> 124. The illegal tying of the conflicted Gregory's complaints with the Defendants concerted actions to harm Col. Mastriano in his business and personal property substantially affects interstate and foreign commerce in the tied market. Thousands of schools, universities and students, as well as historians and the general public, are being impacted by the actions of Defendants unlawful anticompetitive tying actions in this market.
>
> * * *
>
> 129. Defendants have thus engaged in a *per se* illegal tying arrangement; the Court does not need to assess the anticompetitive effects of Defendant Gregory's product and conduct and Defendants' conduct in general or the purported justifications for the same. Alternatively only, even if Defendants' conduct does not constitute a *per se* illegal tie, an analysis of Defendants' tying arraignment demonstrates that it violates the rule of reason and is illegal.

SAC at ¶¶ 118-120, 124, 129.

The Tenth Circuit has defined a "tying arrangement" for purposes of the Sherman Act as "an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (tied) product, or at least agrees that he will not purchase that product from another supplier." *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 886 (10th Cir. 1997). A tying arrangement is generally illegal under § 1 of the Sherman Act if a party can show the following: "(1) two separate products or services are involved; (2) the sale or agreement to sell one product or service is conditioned on the purchase of another; (3) the seller has sufficient economic power in the tying product market to enable it to restrain trade in the tied product market; and (4) a not insubstantial amount of interstate commerce in the tied product is affected." *Id.*

Having carefully reviewed the SAC, the Court concludes Plaintiff has not alleged any facts showing the existence of a tying arrangement. Specifically, the Court finds Plaintiff has failed to allege any facts showing the sale or agreement to purchase one product is conditioned on the

purchase of another product. Plaintiff's Sherman Act claim for unlawful tying of PhD to elections and book sales is, therefore, dismissed.

**C. Defamation claim**

In Count Nine, Plaintiff alleges a defamation claim. Gregory asserts the one year statute of limitations for defamation claims set forth in Okla. Stat. tit. 12, § 95(A)(1) bars this claim. Plaintiff contends this claim is timely.

Plaintiff's original complaint was filed on May 31, 2024. The defamation claim asserted in that complaint was specifically based on what Plaintiff refers to as the UNB Defamation Letter.[2] Gregory is not a signatory of this letter and is not mentioned within this letter. The defamation claim asserted in Plaintiff's Amended Complaint, filed on February 8, 2025, added allegations regarding defamatory statements Gregory allegedly made during a radio appearance and other alleged defamatory public statements Gregory made during 2022 to August 2023. These same allegations are included in the SAC. Under Oklahoma's one year statute of limitations, Plaintiff had until August 2024, at the latest, to bring a defamation claim in relation to these alleged defamatory statements. Because Plaintiff did not bring his claim in relation to these statements until February 8, 2025, the Court finds this claim is time-barred. Accordingly, Plaintiff's defamation claim against Gregory is, therefore, dismissed.

**D. False light claim**

In Count Ten, Plaintiff alleges a false light claim. To state a claim for false light invasion of privacy, a plaintiff must allege:

> (1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to

[2] The UNB Defamation Letter is dated April 26, 2023 and is signed by various members of the UNB faculty within the Department of History.

> a reasonable person, and (3) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Civ. App. 2002). Presuming all of Plaintiff's factual allegations are true and construing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has set forth sufficient allegations to state a false light claim. The Court further finds Plaintiff's claims are not premised entirely on Gregory's academic opinions. Finally, the Court finds Plaintiff has sufficiently pled actual malice in relation to his false light claim. Accordingly, Plaintiff's false light claim will not be dismissed.

## IV. **Conclusion**

Accordingly, the Court GRANTS IN PART and DENIES IN PART Gregory's Motion to Dismiss Counts One, Two, Three, Four, Nine, and Ten [Doc. No. 194] as follows: the Court GRANTS the motion to dismiss as to Counts One, Two, Three, Four, and Nine and DENIES the motion to dismiss as to Count Ten.

IT IS SO ORDERED this 23rd day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE