**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DOUGLAS MASTRIANO,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES GREGORY III, *et al*.,<br><br>*Defendants*. | **CIVIL ACTION NO.: 5:24-cv-00567-J** |

**DEFENDANT JAMES GREGORY'S MOTION FOR PARTIAL RECONSIDERATION AND/OR CLARIFICATION**

GREG HAROLD GREUBEL*
PA Bar No. 321130
HANNAH M. ABBOTT*
PA Bar No. 337123
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
greg.greubel@fire.org
hannah.abbott@fire.org
* Admitted *Pro Hac Vice*

ROBERT D. NELON, OBA #6610
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

## TABLE OF CONTENTS


INTRODUCTION ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 3

I. Reconsideration Is Warranted to Address the OCPA's Application to Mastriano's State Law Claims ..... 3

II. Reconsideration Is Warranted to Address Whether Mastriano's False Light Claim Adequately Alleges a False Statement of Fact. ..... 6

III. In the Alternative, the Court Should Clarify and Limit Mastriano's False Light Claim ..... 9

CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Cases**

*Anagnost v. Tomecek*,
390 P.3d 707 (Okla. 2017) ........................................................................4, 5

*Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*,
956 F.3d 1228 (10th Cir. 2020)..........................................................................5

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
861 F.3d 1081 (10th Cir. 2017)......................................................................8, 9

*Craig PC Sales & Serv., LLC v. CDW Gov't, LLC*,
2018 WL 4861522 (W.D. Okla. Apr. 30, 2018) ..............................................3, 4

*Duane & Virginia Lanier Tr. v. SandRidge Mississippian Tr. I*,
2025 WL 2626129 (W.D. Okla. Sept. 11, 2025) .............................................2, 3

*Eateries, Inc. v. J.R. Simplot Co.*,
346 F.3d 1225 (10th Cir. 2003)..........................................................................5

*Fye v. Okla. Corp. Comm'n*,
516 F.3d 1217 (10th Cir. 2008)..........................................................................2

*KLX Energy Servs., LLC v. Magnesium Mach., LLC*,
521 F. Supp. 3d 1124 (W.D. Okla. 2021) ..........................................................3

*Lichfield v. Kubler*,
183 F.4th 1248 (10th Cir. 2026)....................................................................7, 8

*Magnusson v. New York Times Co.*,
98 P.3d 1070 (Okla. 2004) ................................................................................7

*Naylor Farms, Inc. v. Anadarko OGC Co.*,
2011 WL 7053791 (W.D. Okla. Sept. 14, 2011) ................................................2

*Rinsley v. Brandt*,
700 F.2d 1304 (10th Cir. 1983)..........................................................................7

*Russell v. Driscoll*,
157 F.4th 1348 (10th Cir. 2025)........................................................................5

*Servants of Paraclete v. Does*,
204 F.3d 1005 (10th Cir. 2000) .......... 2

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) .......... 4

*Wishon v. Okla. Dep't of Pub. Safety*,
2023 WL 8681198 (W.D. Okla. Dec. 15, 2023) .......... 2

**Statutes**

28 U.S.C. § 1332 .......... 4

Okla. Stat. tit. 12, § 1438 .......... 4, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 1, 2, 3, 6, 9, 12

Fed. R. Civ. P. 54(b) .......... 1, 10

## INTRODUCTION

On September 23, after dismissing the claims against all other defendants, this Court dismissed all but one claim Plaintiff Doug Mastriano asserted against Defendant James Gregory, leaving false light invasion of privacy as the sole remaining claim. Gregory respectfully moves under Fed. R. Civ. P. 54(b) for partial reconsideration of three issues to aid the just and efficient resolution of this case.

*First*, Gregory requests the Court address the application of the Oklahoma Citizen Protection Act ("OCPA") and award him attorneys' fees and sanctions. Because the Court dismissed Count Nine (defamation) with prejudice, and Mastriano has waived any argument that the OCPA does not apply in federal court, Gregory is entitled to his attorneys' fees associated with defending against this claim. And because the circumstances of this case warrant further deterrence, the Court should also sanction Mastriano for bringing this SLAPP, as is provided by the OCPA.

*Second*, Gregory requests the Court reconsider its ruling that Mastriano's false light claim survives Gregory's motion to dismiss. Because Mastriano does not premise his false light claim on an adequately pleaded, actionable statement of fact, it should be dismissed under Rule 12(b)(6) and the OCPA. The Court concluded that the false light claim did not rest "entirely" on Gregory's opinion that Mastriano's errors constituted academic fraud, but that nonactionable opinion is the only timely statement the Second Amended Complaint ("SAC") alleges was false.

*Third*, and in the alternative, Gregory requests the Court reconsider its order as necessary to clarify the allegations on which Mastriano's false light claim may proceed.

While the Court's order of September 23 concluded the allegations in the SAC stated a claim for false light, an order more fully setting out which allegations those are—out of what is now a 54-page, 203-paragraph pleading accompanied by nearly 200 pages of exhibits—would assist the parties by narrowing the issues for discovery and any further proceedings.

For these reasons, Gregory respectfully requests that the Court award him fees on Count Nine under the OCPA, impose OCPA deterrence sanctions on Mastriano, and reconsider its ruling on Count Ten by dismissing it under Rule 12(b)(6) and the OCPA, or, in the alternative, clarify the statements on which Count Ten may proceed so that discovery is confined to them.

## LEGAL STANDARD

Where a party seeks reconsideration of a non-final order, "the Court has plenary power to revisit and amend the interlocutory order as justice requires." *Wishon v. Okla. Dep't of Pub. Safety*, 2023 WL 8681198, at *1 (W.D. Okla. Dec. 15, 2023) (citing *Naylor Farms, Inc. v. Anadarko OGC Co*., 2011 WL 7053791, at *1 (W.D. Okla. Sept. 14, 2011)). Reconsideration may be "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Courts have broad discretion to consider any appropriate grounds, as a decision on such a motion "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)." *Duane & Virginia Lanier Tr. v. SandRidge Mississippian Tr. I*, 2025 WL 2626129, at *3 (W.D. Okla. Sept. 11, 2025) (quoting *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217,

1223 n.2 (10th Cir. 2008)). District courts have commonly held that "reconsideration of a nonfinal order should be granted 'as justice requires.'" *Id.* (citation omitted) (collecting cases).

## ARGUMENT

### I. Reconsideration Is Warranted to Address the OCPA's Application to Mastriano's State Law Claims.

Because the OCPA affects substantive rights, it applies to state-law claims like Mastriano's when brought in federal court under diversity jurisdiction. *Craig PC Sales & Serv., LLC v. CDW Gov't, LLC*, 2018 WL 4861522, at *13–15 (W.D. Okla. Apr. 30, 2018). In its order, the Court dismissed Mastriano's defamation claim under Rule 12(b)(6), holding the SAC did not relate back to the filing date of the original complaint and that Mastriano's defamation claim, based on statements made no later than 2023, was therefore barred by Oklahoma's one-year statute of limitations. Order at 7. But Gregory also moved to dismiss the state-law claims under the OCPA, which Oklahoma enacted to deter meritless claims like this one. ECF No. 194 ("Mot.") at 10, 17–19, 30; *see also* ECF No. 205 ("Reply") at 1, 11.

Because the Court's order did not address the OCPA, Gregory asks the Court to reconsider by applying the OCPA's substantive remedies. "Rule 12(b)(6) rulings do not moot [a] motion to the extent it is brought under the OCPA," *KLX Energy Servs., LLC v. Magnesium Mach., LLC*, 521 F. Supp. 3d 1124, 1130 n.4 (W.D. Okla. 2021), as Gregory's was. The OCPA's fee-shifting provision recognizes that dismissal alone does not fully remedy the First Amendment injury suffered by a speaker forced to defend himself against

a claim brought for the purpose of chilling his speech, and thus awards a successful movant attorneys' fees as a form of damages. *Anagnost v. Tomecek*, 390 P.3d 707, 712 (Okla. 2017); Okla. Stat. tit. 12, § 1438. Principles of comity, as well as the important constitutional interests at stake, favor giving effect to the Oklahoma legislature's intent and applying its substantive remedies here.

With Mastriano's federal causes of action dismissed, this Court retains jurisdiction to hear his state law claims under 28 U.S.C. § 1332, the diversity jurisdiction statute, because the parties are citizens of different states—Pennsylvania and Louisiana—and Mastriano claims over $75,000 in damages. Accordingly, state substantive law applies to his defamation and false light claims. And under the Tenth Circuit's *Erie* framework, which follows Justice Stevens's concurrence in *Shady Grove*, the OCPA is substantive. *Craig PC Sales & Serv.*, 2018 WL 4861522, at *15. In this Circuit, application of state substantive law under *Erie* "turns on whether the state law actually is part of a State's framework of substantive rights or remedies," and here, the Oklahoma Supreme Court has described the OCPA's fee-shifting scheme as an "enlargement of substantive rights." *Id.* (first quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 419 (2010) (Stevens, J., concurring), and then quoting *Anagnost*, 390 P.3d at 712).

Much like the statute of limitations limits the window of time to bring a claim, so too does the OCPA limit when and how a plaintiff may recover for a speech-based tort. As Judge Friot reasoned in *Craig*, the OCPA "serv[es] to limit the scope of [a] claim" arising out of a defendant's speech and when successfully invoked, "effectively provides immunity from suit." *Id.* (first quoting *Shady Grove Orthopedic Assocs., P.A*, 559 U.S. at

420, and then quoting *Anagnost*, 390 P.3d at 712). Here, both the OCPA's speech-protections and the one-year statute of limitations on defamation work in tandem to provide a "complete bar" to Mastriano's claim and a corresponding remedy for Gregory. *Anagnost*, 390 P.3d at 712.

Mastriano resisted application of the OCPA on the merits but articulated no serious argument that it does not apply in federal court beyond noting that the Tenth Circuit has left the question open. ECF No. 199 ("Opp.") at 12 (citing *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1237–38 (10th Cir. 2020)). Pointing out the absence of binding precedent on an issue is not the same as developing an argument. The Tenth Circuit has been clear that a "party forfeits an issue it does not support with legal authority or argument." *Russell v. Driscoll*, 157 F.4th 1348, 1353 (10th Cir. 2025) (quoting *Eateries, Inc. v. J.R. Simplot Co*., 346 F.3d 1225, 1232 (10th Cir. 2003)). Gregory has raised this defense in every motion to dismiss he has filed in this case, *see* ECF No. 89 at 14–16, ECF No. 151 at 17–19, ECF No. 194 at 17–19, providing Mastriano numerous opportunities to stake out his position if he disagreed, *see* Opp. at 7. He has not taken them. To the contrary, he has consistently accepted the OCPA's application and argued only that he has satisfied its requirements. In fact, in moving for leave to file a second amended complaint, Mastriano invoked the OCPA, arguing that it affirmatively *supports* his right to bring this case. ECF No. 182 at 8.

Thus, the OCPA applies, and on a successful motion to dismiss, it requires that a court "shall award … [c]ourt costs, reasonable attorney fees and other expenses incurred in defending against the legal action as justice and equity may require," in addition to

"[s]anctions … sufficient to deter" the plaintiff from bringing any further such actions. Okla. Stat. tit. 12, § 1438(A). Because Gregory invoked the OCPA and succeeded in getting the defamation claim dismissed, he is entitled to damages in the form of attorneys' fees, and Mastriano should be assessed sanctions to deter future litigation aimed at punishing protected expression.

The deterrent effect of OCPA sanctions is particularly needed here. When academic scholars disagree, their differences must be settled by academic methods, not the courts. For over five years, Mastriano has had the option to meet Gregory's criticism in the marketplace of ideas. Instead, he has wrongly enlisted the courts to silence Gregory's academic criticism. This is precisely the conduct the OCPA is intended to deter. After two years of this, the Court should award Gregory attorneys' fees for Count Nine and sanction Mastriano under the OCPA.

## II. Reconsideration Is Warranted to Address Whether Mastriano's False Light Claim Adequately Alleges a False Statement of Fact.

Good cause also exists for the Court to reconsider its determination that Mastriano stated a claim for false light and, in turn, to dismiss that claim under Fed. R. Civ. P. 12(b)(6) and the OCPA. In its dismissal order, the Court concluded Mastriano had alleged sufficient facts to state a false light claim which was "not premised entirely on Gregory's academic opinions." Order at 8. But the Court's order also established it was Gregory's "*opinion* that the large number of inaccuracies [in Mastriano's work] suggest[ed] academic fraud," as he reported to UNB. *Id.* at 2 (emphasis added). Mastriano may find this opinion unfair, but he

cannot state a claim for false light without identifying a provably false statement of fact in Gregory's criticism, and he has not.

Mastriano has every right to publicly insist otherwise, just as any man is entitled to proclaim his innocence against accusations that his mistakes were not really mistakes. But to bring this dispute to court, the First Amendment and Oklahoma tort law require him to meet a higher bar. Statements of opinion cannot form the basis of a defamation or false light claim in the absence of any false and defamatory facts. *See, e.g.*, *Lichfield v. Kubler*, 183 F.4th 1248, 1264–65 (10th Cir. 2026); *Magnusson v. New York Times Co.*, 98 P.3d 1070, 1075–77 (Okla. 2004) (claims based on "nonactionable, 'judgmental statements'" that are "opinionative but not factual in nature" may be dismissed as a matter of law). Rather, a claim for false light requires a plaintiff to adequately allege a statement asserting or implying objective facts, as well as the falsity of those facts. *Rinsley v. Brandt*, 700 F.2d 1304, 1307, 1309 (10th Cir. 1983); *see* Mot. at 11.

Examining the specific allegations within the statute of limitations makes clear that the only possible premise for Mastriano's false light claim is Gregory's "denouncement of him personally and of his historical work as a 'fraud'" in 2023 statements to reporters. SAC ¶ 51; *see also id.* ¶ 63 (referencing unspecified 2023 interviews with "media outlets in which he repeated his false allegations that Plaintiff had committed academic fraud"). Mastriano repeatedly confirms as much in his filings in this case. In opposing Gregory's motion to dismiss the SAC, Mastriano complained chiefly of a "fraud narrative" Gregory offered to journalists. Opp. at 9. He objected that Gregory "recast disputed historical citations as deliberate fabrication and lying." *Id.* at 15; *see also id.* at 18–19 ("Plaintiff

alleges Gregory … cast him falsely as a fraud and a liar.”). And he took exception to Gregory’s accusations of “dishonest conduct” and his “direct attack on … Mastriano’s character,” but ultimately pointed to nothing a listener might reasonably understand as verifiable fact rather than an opinion. *Id.* at 14.

Whether Mastriano’s “character” is one of honesty and integrity is not a question courts can answer, either in the affirmative or the negative. *See Lichfield*, 183 F.4th at 1267–68. As the Tenth Circuit recently reaffirmed, accusations of “‘lying’ … appl[y] to a ‘spectrum of untruths’” and are not actionable when they clearly reflect the speaker’s subjective judgment. *Id.* at 1268 (quoting *Brokers’ Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1136 n.92 (10th Cir. 2017)) (documentary filmmaker’s references to people the plaintiff “conned” and “all the crimes he’s gotten away with” were nonactionable opinion protected by the First Amendment).[1] Gregory’s views of Mastriano’s integrity as a scholar are his opinion, drawn from historical sources and material publicly available to anyone. *See, e.g.*, Mot. at 3–6. He has no special insight into Mastriano’s research process at a Canadian university in 2013, and no reasonable audience would believe otherwise. The grievance that animates Mastriano’s complaint is that, unlike UNB, Gregory does not believe that his mistakes were “mere honest error.” SAC ¶ 31. The First Amendment does not permit Mastriano to sue Gregory for simply sharing that opinion.

[1] The panel opinion in *Lichfield* issued on July 27, 2026, several months after briefing on Gregory’s motion to dismiss was completed.

Mastriano's repeated refrain of claiming Gregory made "false allegations" about him and his scholarship is a legal conclusion that cannot save his claim from dismissal. Courts must distinguish "well-pleaded *facts* … from conclusory allegations," and "a defamation complaint cannot couch allegations of falsity in vague, conclusory terms." *Brokers' Choice of Am., Inc.*, 861 F.3d at 1105. The same holds true for false light. The plaintiff must be able to answer one threshold question: *What did he say about you that was false?* His answer cannot be, simply, "everything."

Mastriano may find Gregory's accusations unfair, and he may continue to profess his innocence and good intent. But his obligation before this Court was to allege a provably false assertion of fact in Gregory's criticism, and he has not done so. Accordingly, the Court should dismiss his false light claim under Fed. R. Civ. P. 12(b)(6) and the OCPA.

## III. In the Alternative, the Court Should Clarify and Limit Mastriano's False Light Claim.

Because the false light claim is facially deficient, Rule 12(b)(6) requires dismissal, and the OCPA requires an award of attorneys' fees and deterrence sanctions, for all the reasons set out in Section I with respect to the already-dismissed defamation claim. At the same time, reconsideration is never mandatory, and the Court's discretion to manage its own interlocutory orders is broad. To that end, should this Court find dismissal of Mastriano's false light claim not warranted on reconsideration, Gregory asks this Court, in the alternative, to clarify the substance of the non-opinion, factual assertions on which Mastriano's false light claim rests, and whether the two-year statute of limitations for false light requires excluding any allegations predating February 8, 2023.

Rule 54(b) permits the Court to refine its interlocutory rulings, and Gregory respectfully submits that additional guidance is appropriate here and asks the Court to exercise its discretion to do so. An order clarifying and delineating the outer limits of the false light claim that remains would benefit both parties as well as the Court by narrowing the factual issues in dispute for discovery and future dispositive motions.

After two rounds of amendments, the SAC covers more than five years' worth of alleged statements attributed to Gregory alone, with the majority falling well outside Oklahoma's two-year statute of limitations for false light. Mastriano's habit of shotgun pleading and his page-length paragraphs make isolating the allegations supporting his false light claim a particular challenge, and he provides few clues to help. Just consider Count Ten: brought against all 26 defendants, it incorporates "each and every allegation" of the preceding 194 paragraphs, SAC ¶ 195, as well as all 193 pages of the eight exhibits attached, SAC ¶ 197. Its allegations stretch "[f]rom on or about 2022 to August 2023," and aside from one specific allegation of "a Harrisburg, Pennsylvania radio appearance by Jeff Brown and James Gregory III [sic]," the "numerous and repeated public statements" for which Mastriano seeks recovery are contextualized only by vague references to "social media," "university and history conferences regarding [Gregory's] book," "newspaper interviews," and communications with Mastriano's publisher at the University of Kentucky. *Id.* ¶ 198.

Mastriano's opposition to Gregory's motion to dismiss is equally opaque. The quoted language it provides—though unaccompanied by paragraph citations—appears to paraphrase the statements in ¶ 31 of the SAC; *see* Opp. at 13–14. But those statements are

from October 2022, in an interview published during Mastriano's gubernatorial campaign. The Court agreed that these allegations did not relate back to the original filing date of the complaint in its dismissal of Count Nine; following the same reasoning, the two-year statute of limitations for false light requires exclusion of any allegations dating earlier than February 8, 2023. Order at 7; Mot. at 16 n.10.

The Court's order on Count Ten does not mention the statute of limitations. But the SAC and Mastriano's opposition make clear his false light claim rests in large part on these statements from 2022 and earlier. While the Court could not have dismissed Count Ten as entirely time-barred, neither is it entirely timely.[2] Resolving this ambiguity by an order clarifying whether these 2022 statements remain at issue in this case would ensure that the parties do not expend time and effort investigating irrelevant issues in discovery or take up the Court's time briefing motions on an already-decided question.

Similarly, as discussed in more detail *supra*, the Court's order permitted the false light claim to go forward because its "claims are not premised *entirely* on Gregory's academic opinions," Order at 8 (emphasis added), but the Court declined to accept Mastriano's argument that his claims are not premised at *all* on Gregory's protected opinion. Because Mastriano's allegations include few direct quotes from Gregory's statements, typically opting instead to describe their content more generally, *see, e.g.*, SAC ¶¶ 41, 51,61, 63, 186, 198–99, further clarification from the Court would greatly aid the parties in identifying the allegedly false factual assertions underlying the claim and the

---

[2] It *is* subject to dismissal in full for the reasons stated *supra* in Section II, however.

factual allegations supporting actual malice, again helping to concentrate and narrow the issues for discovery and dispositive motions. As plaintiff, Mastriano will ultimately bear the burden of proving Gregory's statements false, while the truth provides Gregory a complete defense to liability. Knowing which facts each party must prove or disprove will be key to their respective strategies going forward.

## CONCLUSION

For the foregoing reasons, Gregory respectfully asks this Court to reconsider its order as to Count Ten and issue a further order either dismissing this last claim under Fed. R. Civ. P. 12(b)(6) and the OCPA or clarifying the specific statements that remain at issue as the parties enter discovery, and grant Gregory's attorneys' fees and sanctions under the OCPA as appropriate.

Respectfully submitted,

*/s/ Hannah M. Abbott*
GREG HAROLD GREUBEL*
PA Bar No. 321130; NJ Bar No. 171622015; CA Bar No. 343028; IA Bar No. 201452
HANNAH M. ABBOTT*
PA Bar No. 337123; CA Bar No. 360626

Robert D. Nelon, OBA #6610
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
hannah.abbott@fire.org
greg.greubel@fire.org

* Admitted *Pro Hac Vice*