**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DOUGLAS MASTRIANO,<br>Plaintiff, | : | |
| | : | |
| v. | : | Case No. **5:24-cv-00567-J** |
| | : | |
| JAMES GREGORY, JR, et al.,<br>Defendants. | : | JURY TRIAL DEMANDED |

**PLAINTIFF DOUGLAS MASTRIANO'S RESPONSE IN OPPOSITION TO DEFENDANT JAMES GREGORY'S MOTION FOR PARTIAL RECONSIDERATION AND/OR CLARIFICATION AND BRIEF IN SUPPORT**

/s/_*Daniel L. Cox*_____________________
Daniel L. Cox
U.S. Western District of Oklahoma Bar No. 2490
THE COX LAW CENTER, LLC
P.O. Box 545
Emmitsburg, Maryland 21727
Telephone: 410-254-7000
Facsimile: 410-254-7220
dcox@coxlawcenter.com
Counsel for Plaintiff Douglas Mastriano

# TABLE OF CONTENTS

Introduction ........ 1

Relevant record ........ 3

I. The Court should retain its ruling under Rule 54(b) ........ 4

II. Count Ten alleges an actionable and timely factual false portrayal ........ 5

III. Gregory has not established OCPA waiver or entitlement to fees and sanctions ...... 11

A. No established waiver ........ 11

B. Federal applicability remains disputed ........ 13

C. No automatic fee entitlement ........ 15

D. Sanctions lack an established predicate ........ 17

IV. Clarification should not become partial summary judgment or an evidence exclusion order ........ 18

Conclusion ........ 21

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015) .......... 14

*Anagnost v. Tomecek*, 2017 OK 7, 390 P.3d 707 .......... 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 6, 11

*Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228 (10th Cir. 2020) .......... 2, 11-14

*Brokers' Choice of America, Inc. v. NBC Univ., Inc.*, 861 F.3d 1081 (10th Cir. 2017) .......... 9

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .......... 17-18

*Colbert v. World Publishing Co.*, 1987 OK 116, 747 P.2d 286 .......... 19

*Craig PC Sales & Service, LLC v. CDW Government, LLC*, No. CIV-17-003-F, 2018 WL 4861522 (W.D. Okla. Apr. 30, 2018) .......... 14

*Curtis Publishing Co.* v. *Butts*, 388 U.S. 130, 153 (1967) .......... 10

*Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225 (10th Cir. 2003) .......... 12

*Fye v. Oklahoma Corp. Commission*, 516 F.3d 1217 (10th Cir. 2008) .......... 4

*Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657 (1989) .......... 10

*Herbert v. Lando*, 441 U.S. 153 (1979) .......... 20

*Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90 (1991) .......... 13

*Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019) .......... 14

**TABLE OF AUTHORITIES continued**

**Cases continued**

*KLX Energy Services, LLC v. Magnesium Machine, LLC*, 521 F. Supp. 3d 1124 (W.D. Okla. 2021) .... 14, 16

*Krimbill v. Talarico*, 2018 OK CIV APP 37, 417 P.3d 1240 (2018) .... 20

*Lichfield v. Kubler*, 183 F.4th 1248 (10th Cir. 2026) .... 4, 8, 12

*Magnusson v. New York Times Co.*, 2004 OK 53, 98 P.3d 1070 .... 5, 9

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) .... 5, 7

*Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058 (Okla. Civ. App. 2002) .... 5-6

*Richison v. Ernest Group, Inc.*, 634 F.3d 1123 (10th Cir. 2011) .... 11

*Rinsley v. Brandt*, 700 F.2d 1304 (10th Cir. 1983) .... 9

*Russell v. Driscoll*, 157 F.4th 1348 (10th Cir. 2025) .... 12

*Servants of the Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000) .... 4

*Shady Grove Ortho. Assoc., P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010) .... 14

*St. Amant v. Thompson*, 390 U.S. 727 (1968) .... 10

*Tawose v. Winton*, 2026 U.S. Dist. LEXIS 168351 * at 14-16 n.5 (W.D. Okla., 2026) .. 16

*Westwin Elements, Inc. v. CVMR Corp.*, 2025 WL 3473300 (W.D. Okla., 2025) .... 15

*Woodmont Corp. v. Rockwood Ctr. P'ship*, 811 F. Supp. 1478, 1481-83 (1993) .... 10

## TABLE OF AUTHORITIES continued

### Statutes and rules

28 U.S.C. § 2072(b) .......... 13-14

Okla. Stat. tit. 12, § 1430(B) .......... 17

Okla. Stat. tit. 12, § 1434(C)-(D) .......... 13, 15

Okla. Stat. tit. 12, § 1435(A)-(B) .......... 20

Okla. Stat. tit. 12, § 1438(A) .......... 15-17

Fed. R. Civ. P. 8, 8(d)(2)-(3) .......... 11, 13

Fed. R. Civ. P. 9(b) .......... 11

Fed. R. Civ. P. 11(c)(2) .......... 17

Fed. R. Civ. P. 12, 12(b)(6), 12(d) .......... 1, 3, 11, 13-16, 18, 21

Fed. R. Civ. P. 26(b)(1), 26(c)(1) .......... 18-19

Fed. R. Civ. P. 52(a)(3) .......... 18

Fed. R. Civ. P. 54(b), 54(d)(2) .......... 4, 12, 17

Fed. R. Civ. P. 56, 56(d) .......... 11, 13-14, 19, 21

Fed. R. Civ. P. 59(e) .......... 4

Fed. R. Civ. P. 60(b) .......... 4

**Introduction**

Plaintiff Douglas Mastriano respectfully requests that the Court deny Defendant James Gregory's Motion for Partial Reconsideration and/or Clarification, ECF No. 217. On September 23, 2026, the Court applied Rule 12(b)(6), dismissed five counts against Gregory, and expressly sustained Count Ten for false light invasion of privacy. The Court found that Mastriano adequately alleged that tort, that his claim was not premised entirely on Gregory's academic opinions, and that he sufficiently pleaded actual malice. ECF No. 212 at 7-8. Gregory's motion does not establish that those determinations were erroneous.

The motion rests on two unwarranted substitutions. First, it substitutes an abstract debate about a self-proclaimed historian's character for the concrete accusations identified in the complaint and its incorporated exhibits: that Mastriano deliberately fabricated support for his historical work, materially and deceptively altered documentary material, and knowingly misrepresented sources. Second, it substitutes dismissal of a defamation count on limitations grounds for the separate adjudication required before fees and sanctions may be considered under the Oklahoma Citizens Participation Act (OCPA). Neither substitution follows from the Court's order.

The timely allegations are not confined to a bare epithet. The SAC identifies Gregory's May-July 2023 media interviews and July-August 2023 Harrisburg radio statements. SAC ¶¶ 51, 63, 198-201. Incorporated Exhibit 8 includes a July 28, 2023 publication reporting particular allegations about removed photograph identifiers, substituted captions, and citations said not to support Mastriano's claims. Whether those allegations convey a materially false account of what Mastriano actually did is different

from whether Gregory considers his scholarship persuasive. The Court properly allowed that distinction to be tested through litigation.

Gregory's assertion of waiver is likewise overstated and inaccurate. His own motion acknowledges that Mastriano cited *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1237-38 (10th Cir. 2020), concerning the unresolved federal applicability of the OCPA. Mot. at 5. An allegedly underdeveloped objection and an argument that a claim survives the statute do not, without more, establish an intentional surrender of the right to contest statutory fee liability. At every point in this litigation Mastriano has opposed Gregory’s frivolous requests for attorney’s fees and sanctions. Nor does invoking the Act's protection of meritorious lawsuits establish assent to any procedural feature and punitive consequence Gregory now seeks.

Mastriano recognizes the substantial constitutional protection afforded academic criticism and speech about public officials, but the OCPA does not turn this principle into a sword by which Gregory may destroy by falsity and highly offensive false portrayal the good name of an American citizen and veteran. The surviving claim includes material falsity, a highly offensive false portrayal, and knowledge of falsity or reckless disregard. Those requirements protect Gregory's legitimate speech. They also preserve a remedy for actionable factual falsehoods. The proper course is to retain the September 23 ruling, reject the requested fees and sanctions, and proceed with Count Ten.

**Relevant record**

The operative order identifies February 8, 2025, as the filing date of the first amended complaint and February 10, 2026, as the filing date of the SAC. ECF No. 212 at

1. Gregory identifies the SAC as ECF No. 188. ECF No. 194 at 1. This response cites the SAC by paragraph and its exhibits by exhibit number. References to the reconsideration motion use its printed brief pages; references to orders use their numbered pages.

The SAC alleges an initial university review that rejected Gregory's accusations, later renewed complaints, and subsequent public accusations of academic dishonesty. SAC ¶¶ 26, 29-31, 41, 51, 59-63. Paragraph 31 identifies the alleged factual content of accusations about fabrication, source manipulation, and lying about documents. Paragraphs 51 and 63 identify later 2023 publications of the fraud accusations. Count Ten incorporates the preceding allegations and exhibits and alleges public dissemination, a highly offensive false portrayal, knowing or reckless falsity, and resulting injury. *Id.* ¶¶ 195-203.

The earlier dismissals of other defendants do not adjudicate the truth of Gregory's accusations. Kuhn and the individual university defendants were dismissed for lack of personal jurisdiction; the Court expressly declined to reach their Rule 12(b)(6) grounds. ECF No. 207 at 3 n.1, 6; ECF No. 211 at 3 n.3, 6. UNB was dismissed for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act. ECF No. 210 at 8. Those jurisdictional dispositions cannot substitute for a merits determination in Gregory's favor.

As to Gregory, the Court dismissed the RICO and antitrust counts for failures to plead the required enterprise, competitive harm, and tying arrangement. ECF No. 212 at 3-7. It dismissed Count Nine because the defamation allegations first asserted on February 8, 2025 fell outside the one-year period. *Id.* at 7. It then separately sustained

Count Ten, including its factual and actual-malice allegations. *Id*. at 7-8. This response defends that disposition; it does not request reinstatement of the dismissed counts.

**I. The Court should retain its ruling under Rule 54(b)**

Rule 54(b) authorizes revision of an interlocutory order before final judgment. The Court's discretion is broader than the standards governing Rules 59(e) and 60(b). *Fye v. Oklahoma Corp. Commission*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008). But authority to reconsider does not create an entitlement to a different result. *Fye* itself affirmed denial of reconsideration where fairness and efficient adjudication supported leaving the prior ruling in place. *Id*. at 1224.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), identifies misapprehended facts or law, previously unavailable evidence, and correction of clear error as familiar reasons to reconsider, while cautioning against simply repeating previously available arguments. Those considerations guide the exercise of discretion here; Plaintiff does not suggest they restrict Rule 54(b) as rigidly as a postjudgment motion.

Gregory supplies no new evidence. His principal factual premise remains that all actionable allegations collapse into protected opinion. The Court already rejected that premise. ECF No. 212 at 8. *Lichfield v. Kubler*, 183 F.4th 1248 (10th Cir. 2026), postdates the original briefing but predates the September order. Its reasoning merits consideration, but, as explained below, it preserves the distinction between evaluative opinion and verifiable factual accusations. It does not require dismissal of this complaint

or establish OCPA fee entitlement. Reconsideration would therefore repeat the original dispute without demonstrating a reason to reverse the result.

**II. Count Ten alleges an actionable and timely factual false portrayal**

**A. The governing law protects opinion while preserving claims based on false factual implications**

Oklahoma requires publicity placing the plaintiff in a highly offensive false light and knowledge of, or reckless disregard for, the falsity of the publicized matter and resulting portrayal. *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Civ. App. 2002). The Court recited and applied that test. ECF No. 212 at 7-8. Constitutional limits on liability remain fully applicable; merely describing criticism as offensive or malicious would not suffice.

But labeling an accusation an opinion does not resolve whether it conveys verifiable facts. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-21 (1990), rejects an all-purpose opinion exemption and explains that even a statement framed as an opinion may imply a false factual assertion. Its discussion of accusations of lying directly answers Gregory's categorical treatment of that word. The question is the reasonable meaning in context, including whether the speaker asserts conduct that can be proved or disproved, not whether the sentence includes a judgmental label. *Id.*

Oklahoma follows that contextual approach. *Magnusson v. New York Times Co.*, 2004 OK 53, ¶¶ 11-16, 98 P.3d 1070, protects evaluative criticism grounded in the disclosed circumstances, but requires examination of phrasing, context, medium, and implied factual premises. And *Mitchell* rejected an opinion defense where the asserted

connection between a professional and particular misconduct could be tested for truth. 60 P.3d at 1065-66, ¶ 32. Academic subject matter does not eliminate that inquiry.

At this stage, the issue is whether the alleged facts plausibly support relief, with reasonable inferences drawn for Mastriano. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue is not whether Gregory can eventually establish truth or show that a particular challenged statement is protected when examined against a developed record.

**B. The 2023 allegations identify concrete accusations about documents and research conduct**

Gregory argues that the only timely accusation is an abstract assessment of Mastriano's integrity. Mot. at 7-9. The complaint and incorporated materials provide a more specific account. Paragraph 63 alleges that Gregory repeated the academic-fraud accusations in interviews between May and July 2023 and expressly incorporates Exhibit 8. Paragraph 51 identifies the July-August 2023 Harrisburg radio appearance; paragraph 198 identifies that appearance and Gregory's other public statements as part of Count Ten.

Exhibit 8 includes Robby Brod's July 28, 2023 WITF article, *A Canadian university's deadline on its investigation into Doug Mastriano's doctoral thesis has passed. Here's what we know*. The first article page reports allegations in Gregory's report that an Army photograph number had been removed and a caption from another photograph substituted, and that citations failed to support the claimed propositions. The third article page again attributes the cropping-and-substitution contention to Gregory's

report. SAC Ex. 8, July 28, 2023 WITF article at 1, 3 (PDF pp. 2, 4 of the supplied exhibit).

The seventh article page reports Gregory's assertion that corrections themselves qualified as academic fraud under UNB's bylaws; it sets out the university's definition referring to falsification and knowing submission of false academic material. *Id*. at 7 (PDF p. 8). Read with the allegations of deliberate fabrication in paragraph 31 and the repeated public accusations alleged in paragraphs 51 and 63, these materials identify the challenged implication: Mastriano knowingly falsified documentary support for his work. That implication concerns identifiable acts, not an unmeasurable general standard of personal virtue.

Whether an identifier was removed, whether one caption was substituted for another, what a cited source contains, and whether Mastriano knowingly fabricated support can be investigated through the documents and testimony. Those are matters capable of verification even though historians may reasonably disagree about the conclusions the sources support. Calling a particular reading unpersuasive is protected criticism. Falsely representing that an author knowingly manufactured documentary fabrications presents a different question under *Milkovich*, 497 U.S. at 18-21 ("As Judge Friendly aptly stated: "[It] would be destructive of the law of libel if a writer could escape liability for accusations of [defamatory conduct] simply by using, explicitly or implicitly, the words 'I think.'")(internal citation omitted).

Plaintiff's answer to Gregory's demand to identify what was false is therefore specific: the alleged portrayal that he knowingly fabricated or manipulated sources and

documentary support, as communicated in the identified 2023 publications. SAC ¶¶ 31, 51, 59, 63, 198-201; Ex. 8, July 28, 2023 article at 1, 3, 7. The allegation is not that every criticism of his research is false. Nor does acknowledging a correctable error concede deliberate fabrication. Proof of an isolated error and proof of knowing scholarly dishonesty are not interchangeable.

The exhibit must of course be considered as a whole. It presents Gregory's charges as allegations, includes Mastriano's responses, and reports that UNB permitted a corrigendum. The publication identifies the accusations attributed to Gregory and supplies their context. His responsibility for the challenged communications, their reasonable meaning, their material falsity, and his state of mind remain matters to prove.

**C. Gregory's cited decisions require contextual analysis rather than categorical dismissal**

*Lichfield* reaffirmed that opinion has no blanket constitutional exemption, applied a contextual analysis, and protected broad evaluative accusations in the particular documentary before it. 183 F.4th at 1264-68. Its discussion of lying and criminality concerned amorphous accusations untethered to particular criminal acts. *Id.* at 1268. Here, the pleaded accusations are tied to particular documentary alterations and source representations. That distinction, rather than the mere appearance of words such as fraud or lying, controls the analysis.

Gregory's argument that no audience would think he had access to Mastriano's research process, Mot. at 8, also overlooks the asserted basis of the statements. He presented accusations as the product of a documented comparison of sources,

photographs, citations, and academic requirements. The identified publication attributes those specific contentions to his report. A reasonable audience could understand that presentation to assert researched facts about what Mastriano did. The absence of eyewitness access to a research process does not turn every assertion about it into unverifiable opinion.

*Magnusson* likewise does not establish automatic immunity for accusations of professional wrongdoing. The court there emphasized that the plaintiff did not dispute the accuracy of the reporting of the patients' complaints and that the challenged evaluations rested on their disclosed experiences. 2004 OK 53, ¶¶ 13-16. Mastriano disputes the truth of the alleged fabrication narrative itself. The source-specific accusations and their context must be evaluated before the same result can be assumed.

*Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05, 1136 n.92 (10th Cir. 2017), properly requires factual allegations of falsity and recognizes that accusations of lying can sometimes be rhetorical hyperbole. It does not hold that every accusation of deliberate dishonesty is protected. The proper response to its pleading requirement is to examine the particular documentary accusations, their alleged falsity, and the incorporated publications identified above. Nor does an exhibit's account of a disputed accusation establish that accusation's truth merely because the plaintiff attached the publication he challenges.

Finally, *Rinsley v. Brandt*, 700 F.2d 1304, 1307-10 (10th Cir. 1983), addressed false light on a summary judgment record and examined the challenged statements and their context. It does not impose a rule that criticism contained in a scholarly or public-

interest publication is categorically beyond judicial scrutiny. It was furthermore questioned as bad law after *Milkovich* in *Woodmont Corp. v. Rockwood Ctr. P'ship*, 811 F. Supp. 1478, 1481-83 *, 21 Media L. Rep. 1177 (1993).

The motion should be denied.

**D. Actual malice is adequately alleged and remains subject to proof**

The Court expressly found actual malice sufficiently pleaded. ECF No. 212 at 8. Mastriano does not equate political hostility, commercial rivalry, or failure to investigate with the constitutional standard. The required showing concerns subjective awareness of probable falsity or serious doubts about truth. *St. Amant v. Thompson*, 390 U.S. 727, 731-33 (1968)(citing Justice Harlan, in *Curtis Publishing Co*. v. *Butts*, 388 U.S. 130, 153 (1967). While an unreasonable failure to investigate is insufficient by itself, a purposeful avoidance of contrary evidence may support actual malice. *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688, 692 (1989).

The SAC goes beyond alleging dislike. It identifies the prior rejection of the accusations, renewed allegations on substantially the same grounds, the disputed documentary assertions, and Gregory's alleged knowing repetition of the fabrication accusations in the 2023 interviews. SAC ¶¶ 26, 29-31, 41, 51, 59-63, 188-89, 195-201. The factual theory is that a researcher who had examined the underlying material deliberately recast disputed citations and correctable errors as knowing falsification and fraud despite the contrary information identified in the pleading. The Court found that theory adequately pleaded.

The prior university disposition is probative as to the actions of Gregory, and it establishes the inquiry as to the falsity of his criticisms or Gregory's understanding of his own accusations considering the university's rulings. It is relevant to the pleaded sequence and notice, to be assessed with the sources and communications. Plaintiff has well pleaded his complaint and the matter has been litigated substantively. At the pleading stage, Rule 9(b) permits knowledge and other mental conditions to be alleged generally, subject to the factual plausibility required by *Iqbal*, 556 U.S. at 686-87. Gregory has not shown why the Court must reverse its application of that standard.

## III. Gregory has not established OCPA waiver or entitlement to fees and sanctions

### A. The waiver assertion does not establish intentional surrender or foreclose this Court's review

At no time has Plaintiff waived or surrendered his complaint but has fought for his right to proceed for now over two years in the face of burdensome and repetitive motion practice. Gregory cannot now seek advantage over Plaintiff after being an instrumental part of who has dragged out this litigation. Gregory acknowledges that Mastriano cited *Barnett* on the OCPA's unresolved application in federal court, but now speciously argues that the objection was insufficiently developed and therefore waived. Mot. at 5. The distinction matters. Intentional abandonment constitutes waiver; failure adequately to raise a theory at worst generally constitutes forfeiture. *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). Neither apply here. Gregory's dissatisfaction with the depth of an argument does not itself establish an affirmative relinquishment; in

fact, it proves the opposite – that Plaintiff has neither abandoned nor relinquished his claim.

Nor does addressing a statute's merits concede that it validly governs a federal proceeding. Alternative legal positions are permitted. Fed. R. Civ. P. 8(d)(2)-(3). The same is true of invoking the OCPA's stated protection of meritorious lawsuits: explaining why the Act's purpose does not support dismissal is not an invitation to replace federal procedure or award statutory sanctions. Gregory points to ECF No. 182 at 8, Mot. at 5, but does not identify an express request that the Court override Rules 12 and 56 or impose fee liability as the governing federal rule. He cannot because he has not done so, nor does he have any basis to do so. Instead, he attempts this improper back-door attack on Plaintiff's valid claim.

The appellate decisions he cites do not compel a default ruling here. *Russell v. Driscoll*, 157 F.4th 1348, 1353 (10th Cir. 2025), and *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003), concern the forfeiture of inadequately developed arguments on appeal. This matter, however, remains before the United States District Court, where no final judgment has been entered. The Court is considering a request to reconsider its own prior ruling and a request for statutory relief that it has not awarded. Those decisions do not require the Court to treat the self-serving, alleged briefing deficiency as dispositive under Fed. R. Civ. P. 54(b). The Court retains discretion and authority under its order and the interests of justice indicate that a scheduling order, not a dismissal, is appropriate in this matter.

*Lichfield*'s invited-error analysis and holding does not in any way establish that Mastriano gave up his right to challenge whether Oklahoma's anti-SLAPP law applies here. In *Lichfield*, the plaintiff asked the judge to apply Utah's anti-SLAPP law. After losing, he appealed and argued that the judge should not have applied that law. The appeals court rejected that argument because the judge had followed the approach the plaintiff himself requested. 183 F.4th at 1269. Here, by contrast, Mastriano questioned whether Oklahoma's law applies in federal court, and this Court has not expressly applied it or awarded fees or sanctions under it. Gregory has therefore not shown that Mastriano is trying to undo a ruling that Mastriano himself asked the Court to make.

Even if the Court finds the earlier federal-applicability argument insufficiently developed, it should consider that legal question now before imposing any fee or sanctions. Rule 54(b) permits that consideration, and Gregory has briefed the issue himself. Once a claim or issue is properly before a court, the court retains authority to identify and apply the governing law beyond the parties' particular legal theories. *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99 (1991). Plaintiff therefore again expressly contests application of the OCPA's conflicting dismissal mechanism and any fee or sanctions award.

**B. Barnett requires a federal rules analysis that state substantive labels cannot replace**

*Barnett* left the OCPA's federal applicability unresolved and questioned whether its dismissal mechanism could coexist with the Federal Rules. 956 F.3d at 1237-38 ("More closely in point is the persuasive reasoning of the D.C. Circuit in an opinion by

then-Judge Kavanaugh holding that the District of Columbia anti-SLAPP statute could not apply in federal district court.”).

It required attention to the Rules Enabling Act if the state and federal standards differ and recognized that Justice Stevens's *Shady Grove* analysis governs in this circuit. *Id.* at 1238 n.5. Gregory's citation to *Barnett* as a mere absence of precedent understates its actual reasoning, including finding persuasive now-Justice Kavanaugh’s reasoning in the D.C. Circuit denying the applicability of the D.C. anti-SLAPP statute in federal court.

Rules 8, 12, and 56 govern the sufficiency of a federal complaint and the conditions for terminating a claim before trial. Section 1434(C), by contrast, requires clear and specific evidence establishing a prima facie case; section 1434(D) addresses proof of a defense by a preponderance. To the extent Gregory invokes that framework to demand evidentiary proof beyond Rule 12 or to terminate a claim that satisfies the federal standards, the provisions answer the same procedural question differently. See *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 398 (2010); *id.* at 421-24 (Stevens, J., concurring in part and concurring in the judgment); 28 U.S.C. § 2072(b).

Persuasive circuit authority rejects analogous attempts to supplement federal dismissal standards with state anti-SLAPP requirements. *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1333-37 (D.C. Cir. 2015); *Klocke v. Watson*, 936 F.3d 240, 245-49 (5th Cir. 2019). While these decisions concern other state anti-SLAPP statutes, their significance is that a state's speech-protective objective does not itself resolve the federal

rules conflict. *Barnett* specifically considered the *Abbas* reasoning pertinent. 956 F.3d at 1237-38.

The approach of *Craig PC Sales & Service, LLC v. CDW Government, LLC*, No. CIV-17-003-F, 2018 WL 4861522, at *15 (W.D. Okla. Apr. 30, 2018), as described and reaffirmed in *KLX Energy Services, LLC v. Magnesium Machine, LLC*, 521 F. Supp. 3d 1124, 1130-31 (W.D. Okla. 2021) is both dissimilar and non-binding here. That approach reasons that federal procedure would abridge the Act's fee and immunity rights. The response is that a conditional remedy does not automatically transform an across-the-board evidentiary dismissal mechanism into an element of the underlying tort. Rules 12 and 56 leave the tort's substantive elements intact while governing when a federal court may terminate litigation. Whether that distinction satisfies Justice Stevens's test must be analyzed, not assumed away. Rules 12 and 56 govern when this Court may dismiss Plaintiff's claim, without changing what Oklahoma law requires him to prove.

Furthermore, neither district-court decision binds this Court. More recently, *Westwin Elements, Inc. v. CVMR Corp.*, No. CIV-25-19-D, 2025 WL 3473300, at *3 n.3 (W.D. Okla. Dec. 3, 2025), expressly questioned whether the OCPA is sufficiently intertwined with a substantive and well-defined state right or remedy and declined to decide applicability after dismissal under Rule 12(b)(6).

*Anagnost v. Tomecek*, 2017 OK 7, ¶¶ 16-17, 390 P.3d 707, explains that the OCPA affects substantive rights for Oklahoma retroactivity purposes, including by creating a defense. It does not decide the separate federal question whether applying a valid Federal Rule would impermissibly alter a state substantive right. The federal

inquiry cannot be completed simply by repeating the state-law label. Nor may the conditional fee provision be detached from the qualifying statutory dismissal on which its text depends.

**C. A limitations dismissal does not automatically satisfy section 1438**

Section 1438(A) conditions its remedies on a court's dismissal of a legal action under the OCPA. It does not say that merely including an OCPA citation in a motion transforms every favorable Rule 12 ruling into an OCPA disposition. The September order resolved Count Nine on limitations grounds and denied dismissal of Count Ten. ECF No. 212 at 7-8. It did not expressly grant an OCPA dismissal, make the Act's required determinations, or award its remedies, nor should it do so.

The point is that the statute’s predicates cannot be assumed from the existence of a Rule 12 limitations ruling. Plaintiff opposes their addition.

Even Gregory's own *KLX* authority defeats his claim of automatic entitlement. That decision, after a Rule 12 ruling, 521 F. Supp. 3d at 1130 n.4, deferred any decision of fees after a partial dismissal. It expressly left unresolved questions concerning partial relief, justice and equity, and timing, and explained why it would decline an immediate award on the assumptions it considered. *Id.* at 1134-35. A potential future issue for consideration in that matter is not an adjudicated entitlement to fees or sanctions either then and more less in the instant matter.

An even more recent decision in this district makes the same practical point. In *Tawose v. Winton*, 2026 U.S. Dist. LEXIS 168351 * at 14-16 n.5 (W.D. Okla. July 29, 2026), No. CIV-25-1421-R, ECF No. 71, the court considered *KLX*, declined to reach the

OCPA arguments after Rule 12 dismissal, and explained that it would decline fees at that juncture where the OCPA motions achieved no additional relief. That persuasive decision directly refutes the suggestion that local authority requires the award Gregory demands now.

If the Court concludes any OCPA fee issue remains open, it should deny the present demand for an award. Neither the current motion nor the September order provides a basis to charge Mastriano for any defense expense in this action. See Fed. R. Civ. P. 54(d)(2)(B)-(C); Okla. Stat. tit. 12, § 1438(A)(1).

**D. The request to punish Mastriano lacks an established statutory predicate**

The OCPA protects participation in public debate while also protecting meritorious litigation for demonstrable injury. Okla. Stat. tit. 12, § 1430(B). Gregory invokes only the first half of that balance when he argues that academics must resolve every dispute outside court. Mot. at 6. A suit challenging knowingly false factual allegations is not rendered sanctionable merely because the parties are scholars, one is a public official, or the criticism concerns a public subject.

The statute's sanctions consequence and deterrence measure have conditions that the Legislature has dictated to be met. Here, those conditions have not been established. Gregory's disagreement with the Court's decision to allow Count Ten supplies no substitute. Gregory repeatedly self-describing the litigation as a “SLAPP” does not decide whether the asserted accusations were protected opinion, materially false factual representations, or knowingly or recklessly disseminated falsehoods about Mastriano. In this, Gregory wishes to destroy Mastriano’s reputation by falsity, while then seeking to

impugn him for objecting to such malicious reputational destruction. Such an evil the law does not contemplate.

In essence, Gregory continues his defamation of Col. Mastriano by repeatedly and unilaterally asserting demands for sanctions against him for the false accusation of seeking to “silence” Gregory by Mastriano objecting in this Court to his own character assassination by Gregory. Notably, Gregory does not invoke federal sanctions powers, which have their own requirements, because he could not do so. A party's Rule 11 request must be made separately and satisfy the safe-harbor procedure; inherent-power sanctions require the appropriate bad-faith determination and due process. Fed. R. Civ. P. 11(c)(2); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 50 (1991). Gregory cannot reach this standard. A limitations ruling and dismissal of other legal theories do not themselves establish that pursuing the claim the Court sustained constitutes bad-faith in any way, more less for Gregory painting Col. Mastriano, a decorated military officer and history PhD, in the gross and malicious false light he has put him in. The Court should again reject the requested punishment, and if it continues, to so permit leave for Mastriano to pursue Rule 11 sanctions against Gregory for his continued and repeated behavior.

## IV. Clarification should not become partial summary judgment or an evidence exclusion order

### A. The order already explains why Count Ten survives

The Court identified the governing elements and found sufficient factual allegations, actionable matter beyond pure academic opinion, and adequately pleaded actual malice. ECF No. 212 at 7-8. Rule 52(a)(3) generally does not require findings and

conclusions when deciding a Rule 12 motion. The order not producing a catalog of every potential statement is incongruous with the law and rules, and therefore does not create a defect requiring reconsideration.

Gregory also reads too much into the phrase that the claims are not premised entirely on academic opinion. Mot. at 11. That language explains why a categorical opinion defense failed. It does not identify a particular allegation as adjudicated protected speech or hold that every disputed statement not expressly discussed is excluded. Likewise, the background description of Gregory's opinion, ECF No. 212 at 2, cannot displace the express operative conclusion at page eight.

The SAC paragraphs and incorporated July 2023 publication identified in this response provide a concrete basis for the surviving claim. Discovery can identify and establish the communications made, their recipients and context, the source material, and Gregory's knowledge. If a particular discovery request imposes an undue burden, Rule 26(c)(1) supplies the remedy. A clarification order should not prejudge factual matters.

**B. Timely 2023 publications independently support the claim and earlier events remain relevant**

Oklahoma's false light limitation period is two years, even though defamation has a shorter period. *Colbert v. World Publishing Co.*, 1987 OK 116, ¶¶ 6-9, 747 P.2d 286. The distinct limitations periods are therefore a reason to analyze Count Ten separately, not a reason to equate it with the dismissed defamation count.

For present purposes, even accepting Gregory's proposed February 8, 2023 cutoff, the May-July 2023 interviews, July 28, 2023 publication, and July-August 2023 radio

allegations fall within two years of the first amended complaint. SAC ¶¶ 51, 63, 198; Ex. 8, July 28, 2023 article. Gregory himself acknowledges that Count Ten could not have been dismissed as entirely time-barred. Mot. at 11. The Court need not decide the timeliness of every older publication to deny his renewed request to dismiss the entire claim.

Nor would a cutoff for recovering on an earlier publication justify excluding earlier events from discovery or proof concerning a timely one. The original complaints, earlier statements, university responses, corrections, and sources may bear directly on what Gregory meant and knew when he spoke in 2023. Rule 26(b)(1) makes relevance and proportionality, rather than a categorical publication-date embargo, the governing inquiry. *Herbert v. Lando*, 441 U.S. 153, 169-75 (1979), rejects an absolute First Amendment barrier to inquiry into editorial knowledge relevant to actual malice.

**C. Any further procedural direction should preserve the surviving claim**

Any direction to further particularize pleading matters should preserve Count Ten. It should not convert a request for clarification into a requirement that Plaintiff prove his case before discovery.

If the Court elects to undertake a separate OCPA determination which *Krimbill* has indicated would be a “procedure unprecedented in Oklahoma law”, *Krimbill v. Talarico*, 2018 OK CIV APP 37, ¶¶ 18-21, 417 P.3d 1240 (2018), Plaintiff in that case alternatively requests consideration of the pleadings and supporting declaration as section 1435(A) requires, and specified limited discovery under section 1435(B) concerning the 2023 communications, their source material, and Gregory's knowledge. See SAC Ex. 5,

Mastriano Declaration ¶¶ 5, 7-8, 12, 16. *Krimbill* explains that pleadings must be considered and that disputed material facts cannot be resolved in an OCPA dismissal proceeding. The identified publications, declaration, and factual allegations must be evaluated under the actual statutory test if the Court reaches it, rather than treated as nonexistent because Gregory calls them opinion.

If matters outside the permitted pleading record would lead the Court to consider summary judgment, Rule 12(d) requires a reasonable opportunity to present pertinent material. Plaintiff requests that opportunity, including an opportunity to support any necessary Rule 56(d) request with a declaration identifying the specific unavailable evidence. That conditional alternative supplies no reason to overturn the present Rule 12 ruling.

**Conclusion**

The Court should deny ECF No. 217 in its entirety, retain the September 23, 2026 denial of Gregory's motion to dismiss Count Ten, and deny the requested attorneys' fees and sanctions. Gregory has not established that the surviving claim consists only of protected opinion, that Mastriano intentionally surrendered his federal-procedure objection, or that the limitations ruling automatically triggers OCPA remedies.

Alternatively, any "clarification" should preserve the timely 2023 false light claim and provide relevant, proportionate discovery. Mastriano should be permitted to prove the claim this Court has already held sufficient.

Respectfully submitted,
/s/ *Daniel L. Cox*

Daniel L. Cox
U.S. Western Dist. of Oklahoma Bar No. 2490
THE COX LAW CENTER, LLC
P.O. Box 545
Emmitsburg, Maryland 21727
Telephone: 410-254-7000
Facsimile: 410-254-7220
dcox@coxlawcenter.com
Counsel for Plaintiff Douglas Mastriano

**CERTIFICATE OF SERVICE**

I certify that on __November 9, 2026__, 2026, the foregoing response and brief was filed through the Court's CM/ECF system, which provided notice and electronic service to all counsel of record registered to receive electronic notice in this action.

_/s/ *Daniel L. Cox*_________________
Daniel L. Cox